# U.S. District Court
## U.S. District Court for the Northern District of Oklahoma (Tulsa)
## CIVIL DOCKET FOR CASE #: <u>4:25−cv−00286−CVE−MTS</u>

| | |
|---|---|
| Stephens v. State of Oklahoma et al | Date Filed: 06/06/2025 |
| Assigned to: Judge Claire V Eagan | Date Terminated: 01/22/2026 |
| Referred to: Magistrate Judge Mark T Steele | Jury Demand: None |
| Related Cases: 4:22−cv−00480−CVE−JFJ | Nature of Suit: 530 Habeas Corpus (General) |
| 4:23−cv−00553−GKF−SH | Jurisdiction: Federal Question |
| 4:24−cv−00216−JDR−CDL | |
| 4:24−cv−00259−GKF−MTS | |
| 4:25−cv−00322−SEH−CDL | |

Case in other court: Circuit Court of Oregon, 15−DR−18623

Tenth Circuit, 24−05138

Tenth Circuit, 25−02063

10th Circuit, 26−05040 (#12)

Supreme Court of OK, CI−120847

Tulsa County District Court, CJ−23−01901

Tulsa County District Court, CV−24−01311

Supreme Court of OK, DF−120612

Supreme Court of OK, DF−120848

Supreme Court of OK, DF−120849

Supreme Court of OK, DF−121149

Supreme Court of OK, DF−121254

Supreme Court of OK, DF−121581

Supreme Court of OK, DF122022

Tulsa County District Court, FD−15−02228

Tulsa County District Court, JD−21−00270

Supreme Court of OK, MA−121255

Supreme Court of OK, MA−122445

Supreme Court of OK, MA−122859

Tulsa County District Court, PO−21−03843

Tulsa County District Court, PO−21−04059

Supreme Court of OK, PR−121200

Cause: 28:2241 Petition for Writ of Habeas Corpus

**Petitioner**

| | | |
|---|---|---|
| **Linh Tran Stephens** | represented by | **Linh Tran Stephens** |
| | | 235 TOM STEWART RD |
| | | NEWBERRY, SC 29108 |
| | | 817−631−3223 |
| | | PRO SE |

V.

**Respondent**

**State of Oklahoma**
*and its divisions and*
*employees/successors*

**Respondent**

| | | |
|---|---|---|
| **Oklahoma Department of Human Services**<br>*(OKDHS) and its divisions and its*<br>*employees/successors* | represented by | **John K.F. Langford**<br>John Langford<br>Oklahoma Department of Human Services<br>P.O. Box 25352<br>Oklahoma City, OK 73125−0000<br>405−521−3638<br>Email: john.langford@okdhs.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Respondent**

**Bridget O'brien**
*in her individual capacity and in official*
*capacity as OKDHS caseworker*
*also known as*
Bridget Kay Menser

**Respondent**

**April Seibert**
*in her individual capacity and in the*
*official capacity as Special Judge of Tulsa*
*County District Court, Docket C*

**Respondent**

**Rodney Sparkman**
*in his indicidual capacity andin the*
*official capacity as Special Judge of Tulsa*
*County District Court; Docket C*

**Respondent**

**Todd Chesbro**
*in his idividual capacity and in official*
*capacity as Special Judge of Tulsa County*
*District Court, Docket C*

**Respondent**

**Jeffrey Cartmell**
*in his individual capacity and in official*
*capacity as DIRECTOR OF OKDHS*
*since 2024 replacing DEBORAH*

*SHROPSHIRE*

**<u>Respondent</u>**

**Gentner Drummond**
*in his individual capacity and in official capacity as OKLAHOMA ATTORNEY GENERAL since 2023*
*also known as*
Gentner Frederick Drummond

**<u>Respondent</u>**

**John Kevin Stitt**
*in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA*
*also known as*
J Kevin Stitt

**<u>Respondent</u>**

**Oklahoma Child Protective Services**
*(CPS)*

**<u>Respondent</u>**

**Oklahoma Child Support Services**
*(CSS)*

**<u>Respondent</u>**

**Tulsa County District Court**
*and its divisions (Family Court, Juvenile Court, Civil Court, Small Claim Court Division) and its employees/successors*

**<u>Respondent</u>**

**Oklahoma Attorney General Office**
*(OAG)*

**<u>Respondent</u>**

**Oklahoma Secretary of State**
*(SOS)*

**<u>Respondent</u>**

**Oklahoma State Governor's Office**

**<u>Respondent</u>**

**Adam Sylvester Stephens**
*es−husband of Linh Tran Stephen whose divorce was finalized on State of Oregon January 08, 2016*

**Respondent**

**Does**
*#1−99 known but unidentified STATE OF*
*OKLAHOMA's employees*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/06/2025 | 1 | CIVIL COVER SHEET by Linh Tran Stephens (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 06/06/2025 | 2 | PETITION for Writ of Habeas Corpus – 2241 by Linh Tran Stephens (With attachments) (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 06/06/2025 | 3 | FILING FEES Paid in Full by Linh Tran Stephens (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 06/06/2025 | 4 | MOTION to obtain electronic case filing rights for non−attorneys by Linh Tran Stephens (cjb, Dpty Clk) (Entered: 06/10/2025) |
| 07/07/2025 | 5 | SUMMONS Issued by Court Clerk as to Jeffrey Cartmell, Todd Chesbro, Gentner Drummond, Bridget O'brien, Oklahoma Attorney General Office, Oklahoma Child Protective Services, Oklahoma Child Support Services, Oklahoma Department of Human Services, Oklahoma Secretary of State, Oklahoma State Governor's Office, April Seibert, Rodney Sparkman, State of Oklahoma, Adam Sylvester Stephens, John Kevin Stitt, Tulsa County District Court (dla, Dpty Clk) (Entered: 07/08/2025) |
| 08/05/2025 | 6 | ATTORNEY APPEARANCE by John K.F. Langford on behalf of Oklahoma Department of Human Services [Note: Attorney John K.F. Langford added to party Oklahoma Department of Human Services(pty:res).] (Langford, John) (Entered: 08/05/2025) |
| 08/05/2025 | 7 | MOTION to Dismiss for Failure to State a Claim , MOTION to Dismiss for Lack of Jurisdiction by Oklahoma Department of Human Services (Langford, John) (Entered: 08/05/2025) |
| 08/26/2025 | 8 | AFFIDAVIT/CERTIFICATE/PROOF/RETURN of Service by Linh Tran Stephens (atn, Dpty Clk) (Entered: 08/26/2025) |
| 01/22/2026 | 9 | ORDER by Judge Claire V Eagan − *The petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2) is dismissed without prejudice for lack of subject matter jurisdiction, and a certificate of appealability is denied. This is a final order terminating this action and a separate judgment of dismissal shall be entered herewith. Ms. Stephens's motion to obtain electronic case filing rights for non−attorneys (Dkt. # 4) and the motion to dismiss filed by respondent Oklahoma Department of Human Services (Dkt. # 7) are dismissed as moot.* ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 4 Motion for Miscellaneous Relief; finding as moot 7 Motion to Dismiss for Failure to State a Claim; finding as moot 7 Motion to Dismiss for Lack of Jurisdiction (RGG, Chambers) (Entered: 01/22/2026) |
| 01/22/2026 | 10 | JUDGMENT by Judge Claire V Eagan *(JUDGMENT OF DISMISSAL)*, entering judgment in favor of respondents against petitioner (terminates case) (Re: 9 Order,,,, Denying Certificate of Appealability,,,, Ruling on Petition for Writ of Habeas Corpus (2241/2254),,,, Ruling on Motion for Miscellaneous Relief,,,, Ruling on Motion to Dismiss for Failure to State a Claim,,,, Ruling on Motion to Dismiss for Lack of |

| | | |
|---|---|---|
| | | Jurisdiction,,, ) (RGG, Chambers) (Entered: 01/22/2026) |
| 01/22/2026 | | ***Civil Case Terminated (see document number 10 ) (atn, Dpty Clk) (Entered: 01/23/2026) |
| 03/09/2026 | 11 | MAIL to Linh Tran Stephens Returned – address has been changed to address unknown. (Re: 10 Judgment,, Entering Judgment,,, 9 Order,,,, Denying Certificate of Appealability,,,, Ruling on Petition for Writ of Habeas Corpus (2241/2254),,,, Ruling on Motion for Miscellaneous Relief,,,, Ruling on Motion to Dismiss for Failure to State a Claim,,,, Ruling on Motion to Dismiss for Lack of Jurisdiction,,, ) (mm, Dpty Clk) (Entered: 03/10/2026) |
| 04/09/2026 | 12 | NOTICE OF APPEAL to Circuit Court (Re: 10 Judgment,, Entering Judgment,,, 9 Order,,,, Denying Certificate of Appealability,,,, Ruling on Petition for Writ of Habeas Corpus (2241/2254),,,, Ruling on Motion for Miscellaneous Relief,,,, Ruling on Motion to Dismiss for Failure to State a Claim,,,, Ruling on Motion to Dismiss for Lack of Jurisdiction,,, ) by Linh Tran Stephens (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/09/2026 | 13 | MOTION to reopen the time to appeal , MOTION for relief from judgment under Rule 60 by Linh Tran Stephens (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/10/2026 | 14 | PRELIMINARY RECORD Sent to Circuit Court (Re: 12 Notice of Appeal to Circuit Court, ) (With attachments) (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/10/2026 | | ***Remark: *mailed appeal packet to Linh Tran Stephens at PO BOX 80112 CHARLESTON, SC 29416 on 4/10/2026. Petitioners address updated using address provided in notice of appeal.* (Re: 12 Notice of Appeal to Circuit Court, ) by Linh Tran Stephens (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/10/2026 | 15 | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 26–5040 (#12) (Re: 12 Notice of Appeal to Circuit Court, ) (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/10/2026 | 16 | ORDER from Circuit Court *abating case. Reason for abatement: DCt Motion. When the dispositive order is entered by the district court the clerk of the district court is directed to supplement the preliminary record in accordance with 10th Cir. R. 3.2(B).* (Re: 12 Notice of Appeal to Circuit Court, ) (cjm, Dpty Clk) (Entered: 04/10/2026) |
| 04/10/2026 | 18 | Amended NOTICE OF APPEAL to Circuit Court (Re: 10 Judgment,, Entering Judgment,,, 9 Order,,,, Denying Certificate of Appealability,,,, Ruling on Petition for Writ of Habeas Corpus (2241/2254),,,, Ruling on Motion for Miscellaneous Relief,,,, Ruling on Motion to Dismiss for Failure to State a Claim,,,, Ruling on Motion to Dismiss for Lack of Jurisdiction,,, 12 Notice of Appeal to Circuit Court, ) by Linh Tran Stephens (mm, Dpty Clk) (Main Document 18 replaced on 4/14/2026 to correct PDF) (mm, Dpty Clk). (Entered: 04/14/2026) |
| 04/10/2026 | 19 | Amended MOTION to reopen time to appeal , MOTION for Relief *from judgment under Rule 60* by Linh Tran Stephens (mm, Dpty Clk) Modified on 4/14/2026 to add amended to text (mm, Dpty Clk). (Main Document 19 replaced on 4/14/2026 to correct PDF) (mm, Dpty Clk). (Entered: 04/14/2026) |
| 04/13/2026 | 17 | ***Remark: *Received from petitioner duplicate of amended filing previously submitted to pro se email intake box on April 10, 2026* (mm, Dpty Clk) (Entered: 04/14/2026) |
| 04/15/2026 | 20 | PRELIMINARY RECORD Sent to Circuit Court (Re: 18 Notice of Appeal to Circuit Court,, ) (mm, Dpty Clk) (Additional attachment(s) added on 4/15/2026: # 1 ROA) |

| | | |
|---|---|---|
| | | (mm, Dpty Clk). (Entered: 04/15/2026) |
| 05/15/2026 | 22 | MOTION for Leave to Appeal in Forma Pauperis (Re: 18 Notice of Appeal to Circuit Court,, ) by Linh Tran Stephens (alg, Dpty Clk) (Entered: 05/18/2026) |
| 05/18/2026 | 21 | ORDER by Judge Claire V Eagan − *Petitioner Linh Tran Stephens's amended two−part motion (Dkt. # 19) is granted in part, as to the motion to reopen time to appeal under Federal Rule of Appellate Procedure 4(a)(6), and denied in part, as to the motion for relief from judgment under Federal Rule of Civil Procedure 60. Stephens's original two−part motion (Dkt. # 13) is denied as moot. The period to file an appeal is reopened for fourteen days from the date of this order and the amended notice of appeal (Dkt. # 18) is deemed timely. The Clerk of Court shall send, electronically, a copy of this order to the United States Court of Appeals for the Tenth Circuit, regarding Case No. 26−5040.* ; directing court clerk to take action; denying 13 Motion for Miscellaneous Relief; denying 13 Motion for Miscellaneous Relief; granting in part and denying in part 19 Motion for Miscellaneous Relief; granting in part and denying in part 19 Motion for Relief (Re: 15 Appeal Number Information from Circuit Court, 18 Notice of Appeal to Circuit Court,, 13 MOTION to reopen the time to appeal MOTION for relief from judgment under Rule 60 , 19 MOTION to reopen time to appeal MOTION for Relief *from judgment under Rule 60* ) (RGG, Chambers) (Entered: 05/18/2026) |
| 05/19/2026 | 23 | ORDER by Judge Claire V Eagan − *Petitioner's motion for leave to appeal in forma pauperis (Dkt. # 22) is denied. On or before June 18, 2026, petitioner shall either (1) pay the $605 appellate docketing and filing fees to the Clerk of Court for the district court or (2) file a motion for leave to appeal in forma pauperis in the United States Court of Appeals for the Tenth Circuit, in accordance with Federal Rule of Appellate Procedure 24(a)(5). The Clerk of Court shall send, electronically, a copy of this order to the United States Court of Appeals for the Tenth Circuit, regarding Case No. 26−5040.* ; directing court clerk to take action; denying 22 Motion for Leave to Appeal in Forma Pauperis (Re: 15 Appeal Number Information from Circuit Court, 21 Order,,,,,, Directing Court Clerk to Take Action,,,,,,,,,,,, Ruling on Motion for Miscellaneous Relief,,,,,,,,,,,,,,,, Ruling on Motion for Relief,,,,, 22 MOTION for Leave to Appeal in Forma Pauperis ) (RGG, Chambers) (Entered: 05/19/2026) |
| 05/19/2026 | | ***Remark: *order #23 emailed to the United States Court of Appeals for the Tenth Circuit CA10_Team2@ca10.uscourts.gov* (Re: 23 Order,,,,,,,,,, Directing Court Clerk to Take Action,,,,, Ruling on Motion to Appeal in Forma Pauperis,,,, ) (mm, Dpty Clk) (Entered: 05/19/2026) |

# FILED

JUN 06 2025

**PARTIES for Habeas Corpus for G.L.Stephens**

0) *Plaintiff:* **Linh Tran Stephens**, sui juris
Rural Free Delivery, Non-Domestic 00000,
℅ 1964 Ashley River Rd Ste B Unit 80112,
Charleston, South Carolina [zip exempt,near 29407] without U.S. Washington, D.C.
Phone: 817-631-3223 (donotcall.gov)

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

25 CV - 286 CVE - MTS

*Defendants:*

0) **STATE OF OKLAHOMA and its divisions and employees/successors;**
1) **OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) and its divisions and its employees/successors;**
2) Bridget O'brien a/k/a **BRIDGET O'BRIEN** or BRIDGET KAY MENSER, in her individual capacity and in official capacity as OKDHS caseworker;
3) April Seibert a/k/a **APRIL SEIBERT**, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court, Docket C;
4) Rodney Sparkman a/k/a **RODNEY SPARKMAN**, in his individual capacity and in official capacity as Special Judge of Tulsa County District Court, Docket C;
5) Todd Chesbro a/k/a **TODD CHESBRO**, in his individual capacity and in official capacity as Special Judge of Tulsa County District Court, Docket C;
6) Jeffrey Cartmell, a/k/a **JEFFREY CARTMELL** in his individual capacity and in official capacity as DIRECTOR OF OKDHS since 2024 replacing DEBORAH SHROPSHIRE
7) Gentner Drummond, a/k/a **GENTNER FREDERICK DRUMMOND** in his individual capacity and in official capacity as OKLAHOMA ATTORNEY GENERAL since 2023;
8) John Kevin Stitt, a/k/a, **J. KEVIN STITT**, in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA;
9) **OKLAHOMA CHILD PROTECTIVE SERVICES (CPS);**
10) **OKLAHOMA CHILD SUPPORT SERVICES (CSS)**
11) **TULSA COUNTY DISTRICT COURT and its divisions** (Family Court, Juvenile Court, Civil Court, Small Claim Court Division) **and its employees/successors**
12) **OKLAHOMA ATTORNEY GENERAL OFFICE (OAG);**
13) **OKLAHOMA SECRETARY OF STATE (SOS);**
14) **OKLAHOMA STATE GOVERNOR'S OFFICE;**
15) **ADAM SYLVESTER STEPHENS**, ex-husband of Linh Tran Stephen whose divorce was finalized in State of Oregon January 08, 2016
16) **DOES #1-99** known but unidentified STATE OF OKLAHOMA's employees,

- *Defendants # 1, 8, 13, and all defendants except # 16 :*
Oklahoma Attorney General Gentner Drummond for STATE OF OKLAHOMA and all its employees/ successors
313 NE 21st Street
Oklahoma City, OK 73105
- *Defendants # 2, 3, 7, 10, 11, 17*
**Oklahoma Department of Human Services and its divisions CPS and CSS**, Director Jerrey Cartmell and Deborah Shropshire, Bridget O'brien, 2400 N. Lincoln Blvd.
Oklahoma City, OK 73105
- *Defendant # 11*
Child Support Services (CSS)
PO Box 248822
Oklahoma City, OK 73124
- *Defendant # 12, 4, 5, 6*
**Tulsa County District Court and all its divisions:**
ATTN: Clerk's Office, Presiding Judge, and Board of County Commissioners, Judges of docket C April Seibert, Rodney Sparkman, Todd Chesbro, 500 S. Denver Avenue
Tulsa, OK 74103
- *Defendant # 14*
Service of Process Division, **Oklahoma Secretary of State**
2300 N Lincoln Blvd, Suite 101
Oklahoma City, OK 73105-4897
- *Defendant # 9, 15*
Office of the Governor, ATTN: J. Kevin Stitt
Oklahoma State Capitol
2300 N. Lincoln Blvd., Suite 212
Oklahoma City, OK 73105
- *Defendant # 16*
Adam Sylvester Stephens (return address to ADA advocate Carol who serviced Adam)
7508 Ross Rd, Apt 5303, Del Valle, TX 78617
- CC:**The Board of County Commissioners**
Tulsa County Headquarters
218 W. 6th St., Tulsa, OK 74119-1004

Fee Paid
Summons

007

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (OKND 2241 Mod 07-2019)

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

| | |
|---|---|
| Linh Tran Stephens, sui juris, a woman breathing with a living soul and the Holy Spirit, owner of biological offspring G.L.Stephens<br><br>*Petitioner*<br><br>v.<br><br>STATE OF OKLAHOMA, OKLAHOMA DEPARTMENT OF HUMAN SERVICES, BRIDGET O'BRIEN, APRIL SEIBERT, ET. AL.<br>*Respondent*<br>*(name of warden or authorized person having custody of petitioner)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. _____<br>*(Supplied by Clerk of Court)* |

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:   Linh Tran Stephens, on behalf of my biological female offspring G.L.Stephens

    (b) Other names you have used: _____

2.  Place of confinement:

    (a) Name of institution:   OKDHS and ADAM SYLVESTER STEPHENS

    (b) Address:   Unsure _____

    (c) Your identification number: _____

3.  Are you currently being held on orders by:

    ☐ Federal authorities    ☒ State authorities    ☐ Other - explain: _____

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)

    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:

        (a) Name and location of court that sentenced you: _____

        (b) Docket number of criminal case: _____

        (c) Date of sentencing: _____

    ☐ Being held on an immigration charge

    ☒ Other *(explain)*:  Petitioner is owner of biological property female offspring seeking habeas relief of her female offspring G.L.Stephens who was and stil is unlawfully restrained under void custody-modification orders entered without jurisdiction in Oklahoma state court

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:

    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (OKND 2241 Mod 07-2019)

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☒ Other *(explain)*:    all orders entered by Tulsa County District Court and all of its divisions since DEC 03, 2021

6.    Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court:    TULSA COUNTY COURT, OKDHS, CPS, CSS, OAH

   (b) Docket number, case number, or opinion number:    FD-2015-2228, JD-2021-270
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   all of the decisions since DEC 03, 2021

   (d) Date of the decision or action:    02/07/2024, 02/20/2024 and 05/02/2025, and all orders since 12/03/2021

**Your Earlier Challenges of the Decision or Action**

7.    **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☒ Yes            ☐ No
   (a) If "Yes," provide:
      (1) Name of the authority, agency, or court:    APPEAL BOARD OF OKDHS, STATE DISTRICT COURT OF TULSA COUNTY
      (2) Date of filing:   see attached (too many)
      (3) Docket number, case number, or opinion number:    see attached (too many)
      (4) Result:    denied
      (5) Date of result:    see attached (too many)
      (6) Issues raised:    see attached (too many)

   (b) If you answered "No," explain why you did not appeal:

8.    **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☒ Yes            ☐ No

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (OKND 2241 Mod 07-2019)

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:   COURT OF CIVIL APPEAL, OKLAHOMA SUPREME COURT

(2) Date of filing:   see attached (too many)

(3) Docket number, case number, or opinion number:   see attached (too many)

(4) Result:   denied

(5) Date of result:   see attached (too many)

(6) Issues raised:   see attached (too many)

(b) If you answered "No," explain why you did not file a second appeal:

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☒ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:   UNITED STATES SUPREME COURT

(2) Date of filing:   07/2024 and 05/2025

(3) Docket number, case number, or opinion number:

(4) Result:   "missed the deadline"

(5) Date of result:   05/05/2025

(6) Issues raised:   see Exhibits in filing, also see attached

(b) If you answered "No," explain why you did not file a third appeal:

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☐ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☐ No

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (OKND 2241 Mod 07-2019)

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

_____

_____

_____

_____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes          ☒ No

If "Yes," provide:

(a) Date you were taken into immigration custody: _____

(b) Date of the removal or reinstatement order: _____

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes          ☐ No

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (OKND 2241 Mod 07-2019)

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (OKND 2241 Mod 07-2019)

## Grounds for Your Challenge in This Petition

13.   State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**   Unlawful Seizure of Child Without Warrant or Exigent Circumstances (4th Amendment)

(a) Supporting facts *(Be brief.  Do not cite cases or law.)*:

DEC 03, 2021, OKDHS CPS seized my biological property female offspring G.L.Stephens from private school without a warrant and without exigent/emergent circumstances by a felon. No evidence of imminent danger. I had protective order (PO-2021-3843) that she obtained against her father Adam; she was 8.5 y/o can speak for self and she wanted to speak directly to judge but court actors won't let her. Seizure of offspring occurred without proper notice nor opportunity to respond to false allegations

(b)  Did you present Ground One in all appeals that were available to you?
☒  Yes           ☐  No

**GROUND TWO:**   Violation of Due Process Rights in Child Removal Proceedings

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

Lack of any evidentiary hearing, and without joining indispensable parties at protective order and DHS Secret hearings 12/08/2021. OKDHS did not have adjudication hearing, forensic interview of child, Hearsays by convicted felon whose words are not to be believed per law were taken as absolute truth, while expert witnesses like physicians, advanced nurse practitioner, primary care physician, child psychologists, whistleblower in OKDHS, reliable mother, grandparents, church deacons, etc, were all ignored by Respondents

(b)  Did you present Ground Two in all appeals that were available to you?
☒  Yes           ☐  No

**GROUND THREE:**   Placement with Documented Child Abuser

H

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

G.L.Stephens was placed in the custody of her father, Adam Sylvester Stephens, despite his documented history of child abuse substantiated by both Oregon DHS (involving his 15-year-old daughter) and Oklahoma DHS whistleblower Maria Chico. OKDHS supervisors Leah Sukovaty and Shasta Miller deliberately truncated official reports documenting this abuse history. This placement created an immediate and ongoing risk to G.L.S' safety. Court excluded evidence of Adam's abuse hx

(b)  Did you present Ground Three in all appeals that were available to you?
☒  Yes           ☐  No

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (OKND 2241 Mod 07-2019)

**GROUND FOUR:**    Disregard of Valid Oregon Custody Decree. SEE ATTACHED FILING FOR MORE

(a)  Supporting facts *(Be brief. Do not cite cases or law.)*:
Oklahoma courts failed to honor a valid and binding Oregon divorce decree dated January 8, 2016, which established "50/50 joint legal and physical custody" of G.L.Stephens with "unhampered access to child for both parties." The decree also established "Jeep and Trailer in lieu of child support."
By disregarding this valid Oregon judgment and creating a contradictory custody arrangement without proper jurisdiction, Oklahoma violated this agreement. No proper jurisdiction existed under the Uniform Child Custody Jurisdiction and Enforcement Act to modify the Oregon decree.

(b)  Did you present Ground Four in all appeals that were available to you?
☐  Yes          ☐  No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:    N/A

## Request for Relief

15.  State exactly what you want the court to do:      Issue a Writ of Habeas Corpus ordering the immediate release of G.L.Stephens from Adam Sylvester Stephens' custody and restore custody to me, her biological owner/mother; Declare all custody, support, and enforcement orders, contempt orders, conviction or sentencing orders as they were all procured without jurisdiction, due process, or lawful adjudication; Issue a Permanent Restraining Order enjoining Defendants from enforcing these void orders; Order disclosure of unaltered reports
documenting Adam Stephens' history of child abuse;
Return my passport and freedom to travel internationally and locally;
Recall false and malicious warrants for arrest of a corporation with name similar to mine;
Return my retirements including rolled over 401(k) with interested;
Remove all liens against properties of my landlord or anything assumed to be mine;
Unfreeze all my bank accounts;
Stop all garnishments;
Stop all predatory debt collection practices by CSS and its extensions/partners;
Prohibit retaliation against me for protected federal advocacy;
grant remote hearing access pursuant to my ADA rights;
Provide written findings of fact and conclusions of law; and
Grant such additional relief as justice requires to remedy these constitutional violations.

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system with the correct postage attached:

N/A

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:        06/05/2025

_without prejudice_
_linh-tran: stephens/Agent_

unit⁺ 8011²

1964 Ashley River Rd ⁴B
Charleston, SC [29407]
817.631.3223

Signature of Petitioner

South Carolina

N/A

Signature of Attorney or other authorized person, if any

### Notary as JURAT CERTIFICATE

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF SHERBURNE )

On this 05th day of June, 2025 before me, Melissa K. Vagle, a Notary Public, personally appeared a living woman Linh Tran Stephens ( the Authorized Representative and Beneficiary for Legal Fiction LINH TRAN STEPHENS©® ), who electronically (remotely) proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph(s) on the instrument the woman executed, the instrument.

i certify under PENALTY OF PERJURY under the lawful laws of Minnesota State and that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Melissa K. Vagle_

Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

Notary Public's Commission Expires: 01/31/2028

Tulsa District County Court of Oklahoma cases No. FD-2015-2228 docket C & F
https://tinyurl.com/4cdv5u56 ; jail David L Moss inmate ID# 1282383 (DLM#)for debtor
imprisonment with inability to pay [unconstitutional] for 2 months since 02/07/2024;
*Nonjurisdictional* OAH No.: 23-00313-73, *Fraudulent and nonjurisdictional* OK IV-D FGN:
000948641001; CPS Case 20652909, CPS referral # 2078246 & 2200561 against Adam for
child abuses among many other CPS referrals by nonparties since 2017 against **Adam** while
false # 2195835 against Linh; truthful PO-2021-3843 child against Adam,
frauds-upon-the-court **JD-2021-270**, Adam impeached for perjury PO-2021-4059, his two false
VPOs dismissed per CM-2022-285, CM-2022-157;

APPEALS all denied: DF-120612→CI-120847&DF-120848&DF-120849,
DF-121149→PR-121200 & MA-121255; DF-121254; **DF-122022** (debtor prison 2 month
despite inability to pay); **CV-2024-1311** (401k retirement/bank theft appeal); **MA-122445**
(mandamus for recusal of judges); **GJ-2024-1**, DF-121851 appeal for CJ-2023-1901 (breach of
contract); DHS Claims # 2520034513 started 10/04/2024, denial letter dated 12/17/2024
received 01/06/2025; **MA-122859** (mandamus for OSBI investigation per House of
Representative but denied because of inability to pay filing fees);

Federal lawsuits: Stephens vs. Sparkman et. al, case No. **22-CV-0480-CVE-JFJ** filed in 2022;
Stephens vs. Seibert et. al, **23-CV-553-GKF-SH** 12/21/2023; Stephens v. Child Support
Services of Oklahoma Department of Human Services et. el., **24-CV-216-JDR-CDL**
05/08/2024 appealed 10th circuit **Case No. 25-5063 PENDING STILL BY TODAY
05/05/2025**; Stephens v. Erica Parks and Dale Warner et. al. **24-CV-259-GKF-MTS**
06/03/2024 → United States Court of Appeals for the Tenth Circuit, Stephens v. Parks, et al.,
Appellate Case: 24-5138, filed 11/26/2024;

All appeals consistently raise constitutional violations including: due process denials,
discrimination based on national origin, debtor's prison implementation, double jeopardy,
invalid exercise of jurisdiction, and fraud upon the court by state actors, misconducts, etc.

016

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**Habeas Corpus Petition for G.L.Stephens and Civil Action Case No. 25-_____**
Article iii judge assigned: _____
as plaintiff permanently objected to any magistrates, clerks, and any other alternatives deviating from article iii constitutional judges under common law

0) **Linh Tran Stephens**, sui juris, a woman breathing with a living soul and the Holy Spirit of YAHUAH, the one-and-only Authorized Representative and Beneficiary of LINH TRAN STEPHENS®, the only rightful owner of her biological property female offspring G.L.Stephens, is a private individual with inherent sovereign rights,
  *Plaintiff,*          vs.
1) **STATE OF OKLAHOMA and its divisions and employees/successors;**
2) **OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) and its divisions and its employees/successors;**
3) Bridget O'brien a/k/a **BRIDGET O'BRIEN** or BRIDGET KAY MENSER, in her individual capacity and in official capacity as OKDHS caseworker;
4) April Seibert a/k/a **APRIL SEIBERT**, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court, Docket C;
5) Rodney Sparkman a/k/a **RODNEY SPARKMAN**, in his individual capacity and in official capacity as Special Judge of Tulsa County District Court, Docket C;
6) Todd Chesbro a/k/a **TODD CHESBRO**, in his individual capacity and in official capacity as Special Judge of Tulsa County District Court, Docket C;
7) Jeffrey Cartmell, a/k/a **JEFFREY CARTMELL** in his individual capacity and in official capacity as DIRECTOR OF OKDHS since 2024 replacing DEBORAH SHROPSHIRE
8) Gentner Drummond, a/k/a **GENTNER FREDERICK DRUMMOND** in his individual capacity and in official capacity as OKLAHOMA ATTORNEY GENERAL since 2023;
9) John Kevin Stitt, a/k/a, **J. KEVIN STITT**, in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA;
10) **OKLAHOMA CHILD PROTECTIVE SERVICES (CPS);**
11) **OKLAHOMA CHILD SUPPORT SERVICES (CSS)**
12) **TULSA COUNTY DISTRICT COURT and its divisions** (Family Court, Juvenile Court, Civil Court, Small Claim Court Division) **and its employees/successors**
13) **OKLAHOMA ATTORNEY GENERAL OFFICE (OAG);**
14) **OKLAHOMA SECRETARY OF STATE (SOS);**
15) **OKLAHOMA STATE GOVERNOR'S OFFICE;**
16) **ADAM SYLVESTER STEPHENS**, ex-husband of Linh Tran Stephen whose divorce was finalized in State of Oregon January 08, 2016
17) **DOES #1-99** known but unidentified STATE OF OKLAHOMA's employees,
  *Defendants*

---

## HYBRID EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS FOR G.L.STEPHENS PURSUANT TO 28 U.S.C. § 2241, 28 U.S.C. § 1651, 12 O.S. § 1331, AND FOR INJUNCTIVE AND DECLARATORY RELIEF UNDER 42 U.S.C. § 1983 WITH REQUEST FOR PERMANENT RESTRAINING ORDER

---

**Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce; Silence or NonResponse is Tacit Acquiescence/Agreement/Dishonor;**

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................2

I. INTRODUCTION AND SUMMARY OF ACTION..................................................3

II. JURISDICTION & VENUE.......................................................................................4

III. JUSTICIABILITY DOCTRINES INAPPLICABLE.............................................5

IV. LEGAL STANDARD................................................................................................7

V. CERTIFICATION UNDER FRCP 65(B)(1)(B).......................................................9

VI. PARTIES.................................................................................................................10

VII. STANDING AND NEXT FRIEND CAPACITY.................................................23

VIII. PRELIMINARY STATEMENT..........................................................................27

IX. REQUEST FOR REMOTE HEARINGS..............................................................28

X. REQUEST FOR EXPEDITED DISCOVERY AND PRESERVATION OF EVIDENCE.......30

XI. STATEMENT OF FACTS Sworn Affidavit of Truth..........................................30

XII. LEGAL CLAIMS FOR RELIEF.........................................................................64

    CAUSE OF ACTION I: PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2241, 28 U.S.C. § 1651, and 12 O.S. § 1331)
(Unlawful Detention of biological property (female offspring) G.L.Stephens in Violation of Constitutional Rights)
All Defendants........................................................................................................64

    CAUSE OF ACTION II: VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) AND DEPRIVATION OF RIGHTS UNDER COLOR OF LAW (18 U.S.C. § 242)......................68

    CAUSE OF ACTION III: JUDICIAL DECEPTION AND INTERFERENCE WITH FAMILIAL ASSOCIATION (42 U.S.C. § 1983)
All Defendants........................................................................................................71

    CAUSE OF ACTION IV: FALSE ARREST AND JUDICIAL DECEPTION (42 U.S.C. § 1983)
All Defendants........................................................................................................72

    CAUSE OF ACTION V: MALICIOUS PROSECUTION (42 U.S.C. § 1983)......................73

    CAUSE OF ACTION VI: FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)
All Defendants........................................................................................................74

    CAUSE OF ACTION VII: DISCRIMINATION BASED ON NATIONAL ORIGIN, GENDER, RELIGION, ADA RIGHTS, AND OTHER RIGHTS
All Defendants........................................................................................................76

    CAUSE OF ACTION VIII: FRAUD UPON THE COURT
All Defendants........................................................................................................77

    CAUSE OF ACTION IX: ONGOING HARASSMENT AND DENIAL OF RIGHTS
All Defendants........................................................................................................78

CAUSE OF ACTION X: CIVIL CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1985(3)
All Defendants.................................................................................................... 79
CAUSE OF ACTION XI: DECLARATORY RELIEF UNDER 28 U.S.C. §§ 2201-2202 (Voidness of State Custody Orders, Structural Denial of Due Process)
All Defendants.................................................................................................... 80
CAUSE OF ACTION XII: VIOLATION OF FULL FAITH AND CREDIT CLAUSE (U.S. CONST. ART. IV, § 1)................................................................................ 82
CAUSE OF ACTION XIII: MONELL LIABILITY FOR UNCONSTITUTIONAL CUSTOMS, POLICIES, AND PRACTICES (42 U.S.C. § 1983)........................... 85
CAUSE OF ACTION XIV: VIOLATION OF THE UNCONSTITUTIONAL CONDITIONS DOCTRINE................................................................................ 87
CAUSE OF ACTION XV: VIOLATION OF FEDERAL PROTECTION OF CHILDREN AGAINST SEXUAL EXPLOITATION ACT (18 U.S.C. §§ 2251-2260A)............ 90
CAUSE OF ACTION XVI: VIOLATION OF RIGHT TO TRAVEL (U.S. CONST. AMEND. XIV)......................................................................................................... 92
CAUSE OF ACTION XVII: VIOLATION OF THE TAKINGS CLAUSE (U.S. CONST. AMEND. V)........................................................................................... 94
CAUSE OF ACTION XVIII: VIOLATION OF ETHICAL STANDARDS AND CONFLICT OF INTEREST REGULATIONS (28 C.F.R. § 45.2)............................. 96
XIII. REQUEST FOR EXPEDITED CONSIDERATION...........................................99
XIV. PRAYER FOR RELIEF................................................................................. 100
XV. DEMAND FOR JURY TRIAL......................................................................... 102

# I. INTRODUCTION AND SUMMARY OF ACTION

COME NOW I, Affiant, named linh-tran: stephens (also known as "Linh Tran Stephens", "Plaintiff", "Appellant", "Mother", or "Linh" herein), one of the sovereign People (as seen in Oklahoma Constitution Article 2 Section 1) republican in form, Sui Juris–I am NOT the en legis, legal fiction, trust, corporation, sole proprietor "LINH TRAN STEPHENS©®", a "pro se", "person", "pauper", "indigent", "slave", "public servant", "government employee", "ward of State", nor a "U.S. citizen", "minor" in your dictionary, but Ii am a stateless private individual, a sentient and moral living breathing woman with a living soul and the Holy Spirit of YAHUAH--do properly service to all opposing parties this affidavit, in this court of civilian Public Record, to make this EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS

pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 1651 (the All Writs Act), and 12 O.S. § 1331, combined with a request for Injunctive and Declaratory Relief under 42 U.S.C. § 1983, is hereby submitted against all Defendants, including but not limited to STATE OF OKLAHOMA, OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS), OKLAHOMA CHILD PROTECTIVE SERVICES (CPS), OKLAHOMA CHILD SUPPORT SERVICES (CSS), TULSA COUNTY DISTRICT COURT, and their respective previous, current, and future employees, divisions, agencies, partners, contractors, and successors, etc. Plaintiff seeks the immediate release of G.L.Stephens from the unsafe and unlawful sole custody of Adam Sylvester Stephens and of fraudulent SSA Title IV (social security act title four grant is fraudulent because this family does NOT meet any criteria for SSA title IV) , which was obtained through frauds-upon-the-court (for which there is no statute of limitations), and whose paternity of G.L.Stephens is contested repeatedly but ignored by OKDHS. Plaintiff further seeks injunctive and declaratory relief under 42 U.S.C. § 1983 to address the ongoing violations of the Fourteenth Amendment rights of both Plaintiff and G.L.Stephens. Additionally, Plaintiff requests a Permanent Restraining Order enjoining all Defendants from enforcing the constitutionally void orders issued in Tulsa District Court Case No. FD-2015-2228, asserting that said orders constitute acts of kidnapping and conspiracy perpetrated under color of law in violation of clearly established federal rights. In support thereof, Plaintiff states:

## II. JURISDICTION & VENUE

This Court has jurisdiction over this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241(a), 28 U.S.C. § 1651 (the All Writs Act), and 12 O.S. § 1331, as Plaintiff's female offspring, G.L.Stephens, is detained after seizure without a warrant against the will of herself and the biological owner/Trustee (biological flesh and blood and alive mother) under void state court

orders violating the Fourteenth Amendment, within this Court's territorial jurisdiction. Jurisdiction over the 42 U.S.C. § 1983 claim is proper under 28 U.S.C. §§ 1331 and 1343(a)(3), based on deprivations of due process and familial association by state actors/employees/representatives. This Court has jurisdiction under 28 U.S.C. § 1331, as this matter arises under the Constitution, laws, and treaties of the United States of America. The Plaintiff invokes this Court's inherent authority to issue a writ of habeas corpus to secure the welfare of her biological property/beneficiary(female offspring), G.L.Stephens, and restore her to her lawful custodial parent/Trustee. This Court also has jurisdiction under **28 U.S. Code § 1332 – Diversity of Citizenship**, or Amount in Controversy over $75,000;

Venue is appropriate under 28 U.S.C. § 1391(b)(1) and (2), as the events occurred in Oklahoma, and majority of Defendants reside or resided within the Northern District of Oklahoma–except Adam Sylvester Stephens was, by court order in January 2024 issued by April Seibert (an employee of the State of Oklahoma and representative of judicial system), directed Adam to relocate the child to State of Texas far away from Plaintiff/Mother. This order was issued without proper jurisdiction and resulted in the concealment of the child from Plaintiff.

Plaintiff has exhausted available state remedies, including filing multiple motions to challenge the validity of the underlying orders, all of which have been summarily denied without factual statement of facts and without lawful conclusions of law addressing the substantive constitutional claims, rendering further state court proceedings futile.

## III. JUSTICIABILITY DOCTRINES INAPPLICABLE

The **Rooker-Feldman doctrine** does not bar federal review in this case because Plaintiff challenges not the outcome of a valid judgment but the ongoing enforcement of void orders entered entirely without jurisdiction. The Tenth Circuit has made clear that Rooker-Feldman does

not apply where, as here, Plaintiff alleged independent constitutional violations by state actors/employees/representatives under color of law, not mere legal error. *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237-38 (10th Cir. 2006).

**Younger abstention** is equally inapplicable. Federal courts may NOT abstain where the state forum is procedurally or structurally incapable of providing adequate relief, where bad faith or retaliatory motives infect the proceedings, or where extraordinary circumstances exist. *Phelps v. Hamilton*, 59 F.3d 1058, 1065 (10th Cir. 1995). The record here reflects all three exceptions. The Oklahoma judiciary has systematically denied Plaintiff access to meaningful review of her constitutional claims.

The domestic relations exception does NOT deprive this Federal Court of jurisdiction. That doctrine applies only to cases involving divorce, alimony, or child custody disputes between private parties that seek federal adjudication of traditional family law matters. It does not extend to federal constitutional claims against state actors who operate outside the bounds of lawful jurisdiction or who engage in systemic misconduct under color of law. Here, no proper paternity proceeding was ever commenced in a court with jurisdiction despite it being demanded numerous times through written and filed civilian public filings. Furthermore, the biological property (female offspring) G.L.Stephens was not included as a party in any adjudicative proceedings. Allegations of "Mother waiving all her rights" asserted by court officials, which contradict the Mother's sworn testimony and written affidavit, are in violation of due process. This action does not concern a domestic relations dispute, but rather a constitutional violation involving the unlawful seizure, detention, and restraint of a biological property (female offspring). Said actions were executed pursuant to duplicated and voided state court orders issued by the State of Oklahoma, which superseded the original order of the State of Oregon of

022

joint legal 50/50 custody order and "Jeep and Trailer in lieu of child support for G.L.Stephens" **(see Exhibit #1 for its relevant pages)**. Furthermore, the State of Oklahoma's orders were procured through fraudulent means and enforced without adherence to due process. These actions occurred despite numerous written demands from the House of Representatives of Oklahoma x 2 and District Attorney Adam Panter advocating for the release of G.L.Stephens to me/Plaintiff who is the fit, loving, and safe parent (See **Exhibit #2**). Plaintiff repeatedly asserted a refusal to contract with the State of Oklahoma, rejection of all offers and deals, and a demand for the State to refrain from interacting with her and her children. Furthermore, Plaintiff explicitly declared not being a U.S. citizen nor a citizen of the State of Oklahoma but a citizen of the country of Viet Nam in South Asia continent (not in Washington D.C.), and subsequently clarified her status as a stateless traveler domiciled in the Republic of South Carolina. As the Tenth Circuit has made clear, "Federal courts retain authority to adjudicate cases raising constitutional violations, even if the underlying facts relate to domestic relations." *Vaughan v. Smithson*, 883 F.2d 63, 64 (10th Cir. 1989). This case squarely falls within that exception to the exception.

Plaintiff does NOT seek to relitigate a custody matter. She seeks redress for a federal due process crisis: the unlawful seizure of her biological property i.e. female biological offspring through fraudulent orders and frauds-upon-the-courts by state actors and its employees, enforced by officials without lawful authority, and preserved through a coordinated campaign of obstruction, retaliations, and abuse. These are precisely the circumstances where federal intervention is NOT only appropriate but it is constitutional required.

**IV. LEGAL STANDARD**

This Court's jurisdiction to grant a Writ of Habeas Corpus under 28 U.S.C. § 2241 is a cornerstone of federal authority to redress unconstitutional detentions by state actors, particularly where, as here, a minor child, G.L.Stephens, is unlawfully restrained under void state court orders procured through fraud and enforced without jurisdiction. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Unlike typical custody disputes, this case involves a state-sanctioned kidnapping under color of law, rendering habeas relief appropriate when state remedies are exhausted or demonstrably futile. *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 511-12 (1982). The Oklahoma Supreme Court's dismissal of all writs of mandamus, writs of inhibitions, recusal of nonjurisdictional special judges, and its refusal to reverse modification of custody and child support orders without corrective action confirms the collapse of impartial state adjudication, vesting this Court with the solemn duty to restore constitutional order.

For claims under 42 U.S.C. § 1983, this Court may grant injunctive and declaratory relief against ongoing violations of federal rights by state officials acting under color of law, unshielded by immunity when acting in clear absence of jurisdiction. *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). The continuing enforcement of constitutionally void orders constitutes an ongoing violation of clearly established federal rights. Such ongoing conduct justifies prospective relief where each day of enforcement inflicts new harm. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

A permanent restraining order under FRCP 65(b) requires: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm absent relief; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction serves the public interest. *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001). Plaintiff easily

satisfies this standard, as the continued enforcement of void custody orders and child support orders—entered without jurisdiction or due process—causes ongoing and irreparable injury by unlawfully severing her relationship with G.L.Stephens, a harm no legitimate state interest can justify. See also *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The continued enforcement of void orders causes irreparable injury each day by severing the mother-child relationship without lawful justification. The equities and public interest overwhelmingly favor intervention, as no legitimate state interest can justify the ongoing enforcement of judicial orders that violate the sanctity of the parent-child bond. See *Santosky v. Kramer*, 455 U.S. 745, 753 (1982); *Troxel v. Granville*, 530 U.S. 57, 65-66 (2000).

Plaintiff respectfully requests that this Court take judicial notice under Federal Rule of Evidence 201 of *Stephens v. Child Support Services of Oklahoma Department of Human Services et al., 24-CV-216-JDR-CDL*, currently pending before this same District, which involves some overlapping parties, factual allegations, and systemic misconduct within the Oklahoma judiciary. The constitutional violations at issue here—rooted in the same pattern of fraud, abuse of process, and obstruction—require coordinated review and urgent relief to vindicate the Fourteenth Amendment and prevent further irreparable harm.

## V. CERTIFICATION UNDER FRCP 65(B)(1)(B)

The Plaintiff hereby certifies that from November 2022 to the present date, numerous advance notices have been duly provided to both the Office of the U.S. Attorney General and the Office of the Oklahoma Attorney General. As all Defendants are current state officials, or in the case of *Traskos*, a federal employee, the Plaintiff has formally informed them of the emergency relief being sought, inclusive of this application for an Emergent PRO, injunctive relief, and declaratory judgment.

As of the time of this filing, no confirmation or response has been received but simply just ongoing retaliation by the very state actors named in this action. As in *Dees v. Hood et al.*, where this issue remains unaddressed despite multiple contesting/objecting/protesting filings, Exhusband and STATE OF OKLAHOMA previously filed criminal charges "Violation of Protective Order" against Plaintiff for "calling 911". Accordingly, Plaintiff certifies that she made more than good faith efforts to provide notices where practicable. However, in light of the Defendants' failure to respond, the ongoing pattern of retaliation and obstruction, and the immediate risk of irreparable harm, emergency relief without further notice is warranted under Rule 6s(b)(1)(B).

## VI. PARTIES

0. Plaintiff **Linh Tran Stephens**, sui juris, a woman breathing with a living soul and the Holy Spirit of YAHUAH, the one-and-only Authorized Representative and Beneficiary of LINH TRAN STEPHENS®, is the biological owner/mother of female biological offspring G.L.Stephens, appearing as her next friend to vindicate their Fourteenth Amendment rights. Plaintiff is a naturalized American who retains her Vietnamese citizenship (again, she is not a "U.S. citizen") and domiciles in South Carolina since April 2024 (more than a year ago) and traveled through Oklahoma from August 2015 to March 2024. Plaintiff Linh Tran Stephens is an honorably discharged U.S. Navy Medical Corps veteran who served America country faithfully for five years and was honorably discharged to become a civilian on 01 AUG 2025, followed by dedicated service to veterans at the Veterans Affairs and to indigenous communities at Cherokee Nation clinic and was laid off (not fired) in September 2020. She has consistently demonstrated her commitment to caring for vulnerable populations as a healthcare provider. As a devoted Christian mother, she has made significant sacrifices for

her daughter's well-being, including providing her ex-husband with substantial properties fully loaded "Jeep and trailer in lieu of child support" during their divorce settlement in January 2016 in state of Oregon to ensure G.L.Stephens's stability and happiness. Despite being law-abiding sentient being with clean hands and pure heart, with no criminal history, Plaintiff has been subjected to egregious constitutional violations, including the unlawful seizure of her daughter without due process, fabricated allegations that were never substantiated, denial of her rights to familial association, and retaliatory actions when she attempted to assert her legal rights. Her pleas for justice have been systematically ignored by state courts, which have refused to consider substantial evidence of her fitness as a parent and the documented concerns regarding her ex-husband's history of child-abuse and pet-abuse. Throughout this ordeal, Plaintiff has exhausted all available remedies within the state court system while maintaining her dignity, faith, and unwavering commitment to her daughter's welfare. She seeks not only to be reunited with her child but also to ensure that similar constitutional violations do not continue to affect other families. The extraordinary circumstances of this case warrant the intervention of this Court to remedy the ongoing irreparable harm being inflicted upon both Plaintiff and her daughter through the enforcement of facially void orders obtained through fraud upon the court and maintained through the systemic violation of clearly established constitutional rights. Plaintiff is a stateless traveler, as defined by Honorable Mr. Justice MILLER in the Slaughter-House cases, 83 US 36 (1873).

1. Defendant **STATE OF OKLAHOMA**, through its judicial and executive officers, has enforced and continues to enforce void custody orders that unconstitutionally separate G.L.Stephens from her biological owner/mother. The State, acting through its various

departments and agencies, has systematically violated clearly established constitutional rights by seizing and continuing to detain G.L.Stephens without due process, proper jurisdiction, or factual basis. The State has established and maintained policies, practices, and customs that permit the unlawful separation of children from fit parents without adequate procedural safeguards, resulting in the ongoing violation of fundamental familial rights protected by the First and Fourteenth Amendments. Despite numerous notices, appeals, and judicial filings demonstrating these violations, the State has persisted in enforcing constitutionally void orders and has failed to implement corrective measures to prevent similar violations.

2. Defendant **OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS)** is the state agency responsible for child welfare services in Oklahoma, operating through its division Oklahoma Child Protective Services (CPS) and Oklahoma Child Support Services (CSS). OKDHS orchestrated the unlawful removal of G.L.Stephens from Plaintiff's protective custody on December 3, 2021, without a warrant, without exigent circumstances, and without joining indispensable parties. OKDHS employees deliberately concealed evidence of abuse by Adam Sylvester Stephens, including the truncation of official reports, while simultaneously fabricating allegations against Plaintiff. The department has systematically failed to follow its own protocols for investigating abuse, ignored evidence presented by Plaintiff, refused to conduct forensic interviews of G.L.Stephens, denied kinship placement despite an extensive list of available relatives, and made no efforts toward reunification. OKDHS has established a pattern and practice of violating clearly established constitutional rights through policy directives that incentivize the removal of children from fit parents without adequate procedural protections.

3. Defendant **Bridget O'Brien a/k/a BRIDGET O'BRIEN or BRIDGET KAY MENSER**, in her individual capacity and in official capacity as OKDHS caseworker, perpetuated unsubstantiated allegations that led to the unlawful seizure of G.L.Stephens and has continued to participate in the enforcement of void orders. Evidence indicates she has a criminal history, including a felony conviction in Tulsa County case # CF-1999-2911 for selling alcohol to minors. O'Brien deliberately misrepresented statements made by G.L.Stephens during interviews, falsely claiming the child feared her mother when G.L.Stephens had actually disclosed abuse by her father. She refused to document or accept evidence of abuse presented by Plaintiff, declined to interview witnesses who could corroborate Plaintiff's claims, and failed to follow standard DHS protocols for investigating child abuse allegations. When confronted with evidence contradicting her allegations, O'Brien altered her claims multiple times, ultimately declaring "I KNOW YOU'RE GUILTY JUST BY LOOKING AT YOU!" under oath and on transcript (this transcript is in court filings and can be made available upon request to Plaintiff by this Court and by the jurors) without reviewing any devices or evidence. Her fabricated allegations and procedural violations directly led to G.L.Stephens's removal from her mother's protective custody and placement with a documented child abuser, acting in clear violation of established constitutional rights and professional standards.

4. Defendant **April Seibert a/k/a APRIL SEIBERT**, in her individual capacity and in official capacity as Special Judge of Tulsa County District Court, Docket C, is a state actor who presided over custody proceedings concerning G.L.Stephens. Evidence indicates Special Judge Seibert exceeded her judicial authority by making unauthorized mental health diagnoses against Plaintiff, overruling testimony from qualified mental health experts,

---

systematically excluding crucial expert witnesses who submitted notarized affidavits supporting Plaintiff's case, and imposing unconstitutional punitive actions amounting to cruel and unusual punishment including: (1) prohibiting all phone/video and physical contact between Plaintiff and her daughter under threat of imprisonment; (2) imposing restrictive and financially burdensome visitation conditions requiring $150/hour payments; (3) denying Plaintiff's American Disability Act accommodations by requiring sensitive diagnoses to be stated aloud in open court; and (4) retaliating against Plaintiff for asserting constitutional rights. Special Judge Seibert acted without proper jurisdiction and in clear absence of authority when modifying custody from 50/50 to zero contact, operating outside the bounds of judicial immunity when knowingly violating clearly established constitutional rights.

5. Defendant **Rodney Sparkman a/k/a RODNEY SPARKMAN**, in his individual capacity and in official capacity as Special Judge of Tulsa County District Court, Docket C, is a state actor who presided over critical hearings related to G.L.Stephens's custody. Evidence indicates that Special Judge Sparkman previously worked for DHS for decades and failed to disclose this significant conflict of interest when ruling on matters involving OKDHS. On December 17, 2021, Special Judge Sparkman signed an ex parte Emergency Custody Order without any argument, evidence, reliable witnesses, or cross-examination presented, and without a jury trial as demanded by Plaintiff. This order facilitated the continued separation of G.L.Stephens from her mother despite the absence of proper jurisdiction, due process, or factual basis. Special Judge Sparkman systematically excluded exculpatory evidence, including documentation of Adam Sylvester Stephens' history of child abuse, while accepting unsubstantiated allegations against Plaintiff without proper evidentiary standards. By acting without jurisdiction and in clear violation of established constitutional protections for

parental rights, Special Judge Sparkman exceeded the bounds of judicial immunity and directly contributed to the ongoing constitutional violations against Plaintiff and G.L.Stephens. His actions reflect a pattern of procedural irregularities that have prevented meaningful review of Plaintiff's constitutional claims and perpetuated the unlawful detention of G.L.Stephens in violation of clearly established rights.

6. Defendant **Todd Chesbro a/k/a TODD CHESBRO**, in his individual capacity and in official capacity as Special Judge of Tulsa County District Court, Docket C, is a state actor who participated in judicial proceedings related to G.L.Stephens' custody matter. As successor or concurrent judge with Special Judge Seibert on Docket C, Special Judge Chesbro continued to enforce unconstitutional orders, ignored evidence of child abuse by Adam Sylvester Stephens, disregarded Plaintiff's objections to jurisdiction, and participated in the systemic denial of due process. By enforcing void orders issued without proper jurisdiction and continuing the unlawful detention of G.L.Stephens, Special Judge Chesbro acted outside the bounds of judicial immunity when knowingly perpetuating constitutional violations despite Plaintiff's repeated notices, objections, and appeals. His actions contributed to the ongoing separation of G.L.Stephens from her biological mother without lawful justification and in violation of clearly established constitutional rights.

7. Defendant **Jeffrey Cartmell, a/k/a JEFFREY CARTMELL** in his individual capacity and in official capacity as Director of OKDHS since August 28, 2024 replacing Deborah Shropshire, a/k/a DEBORAH SHROPSHIRE, is the highest administrative official responsible for overseeing all operations, policies, and practices of the Oklahoma Department of Human Services, including its Child Protective Services and Child Support Services divisions. As the current Director, Defendant Cartmell bears ultimate responsibility

for ensuring the agency's compliance with constitutional requirements, federal and state laws, and professional standards in child welfare cases. Upon assuming office, Defendant Cartmell was provided with multiple communications, affidavits, and formal notices regarding the ongoing constitutional violations in Plaintiff's case, including evidence that OKDHS employees had deliberately truncated reports documenting Adam Sylvester Stephens' history of child abuse, yet he has taken no corrective action and has continued the policies and practices of his predecessor. In his individual capacity, Defendant Cartmell has demonstrated deliberate indifference to clearly established constitutional rights by maintaining policies and practices that incentivize the removal of children without adequate due process and by failing to discipline employees who fabricated allegations or concealed exculpatory evidence. His continued authorization of OKDHS resources to enforce facially void orders despite notice of their constitutional infirmities directly contributes to the ongoing deprivation of Plaintiff's fundamental rights. Despite having the authority and obligation to remedy these violations upon taking office, Defendant Cartmell has instead chosen to perpetuate the unlawful separation of G.L.Stephens from her mother and the enforcement of void custody and support orders in violation of clearly established law. PREVIOUSLY in his place was Defendant **Deborah Shropshire, M.D.**, in her individual capacity and in official capacity as Director of OKDHS since her appointment, is the highest administrative official responsible for overseeing all operations, policies, and practices of the Oklahoma Department of Human Services, including its Child Protective Services and Child Support Services divisions. As Director, Dr. Shropshire bears ultimate responsibility for ensuring the agency's compliance with constitutional requirements, federal and state laws, and professional standards in child welfare cases. Despite her professional background as a physician, Dr. Shropshire has failed

to implement adequate safeguards to prevent the unconstitutional removal of children from fit parents, ignored documented evidence of procedural violations within her agency, and permitted the continued enforcement of void orders separating G.L.Stephens from her mother. Dr. Shropshire received multiple communications, affidavits, and formal notices regarding the constitutional violations in Plaintiff's case, including evidence that OKDHS employees had deliberately truncated reports documenting Adam Sylvester Stephens' history of child abuse, yet took no corrective action. In her individual capacity, Dr. Shropshire demonstrated deliberate indifference to clearly established constitutional rights by maintaining policies and practices that incentivize the removal of children without adequate due process and by failing to discipline employees who fabricated allegations or concealed exculpatory evidence. Her continued authorization of OKDHS resources to enforce facially void orders despite notice of their constitutional infirmities directly contributes to the ongoing deprivation of Plaintiff's fundamental rights.

8. Defendant **Gentner Drummond, a/k/a GENTNER FREDERICK DRUMMOND** in his individual capacity and in official capacity as OKLAHOMA ATTORNEY GENERAL since 2023, is the chief legal officer for the State of Oklahoma with supervisory authority over legal matters involving state agencies, including OKDHS and its divisions. As Attorney General, Defendant Drummond bears responsibility for ensuring state agencies operate within constitutional boundaries and comply with federal and state law. Despite receiving numerous communications, affidavits, and formal notices regarding the unconstitutional actions taken against Plaintiff and her daughter, Defendant Drummond failed to investigate or intervene to remedy the ongoing constitutional violations. He further directed his office to defend and perpetuate the unlawful actions of state actors rather than fulfilling his oath to

uphold the Constitution. In his individual capacity, Defendant Drummond had knowledge of the constitutional violations occurring in Plaintiff's case yet chose to ratify and facilitate these violations through deliberate inaction and continued legal support for unconstitutional practices.

9. Defendant **John Kevin Stitt, a/k/a, J. KEVIN STITT**, in his individual capacity and in official capacity as GOVERNOR OF OKLAHOMA, is the chief executive officer of the State of Oklahoma with ultimate supervisory authority over all executive branch agencies, including OKDHS, CPS, and CSS. As Governor, Defendant Stitt establishes policies, appoints directors, and bears responsibility for ensuring state agencies comply with constitutional requirements in their operations. Despite receiving multiple communications, legislative inquiries, and formal notices regarding the systemic constitutional violations in Plaintiff's case and others similarly situated, Defendant Stitt failed to exercise his executive authority to investigate, remedy, or prevent continued violations. He continued to approve funding and support for agencies engaged in unconstitutional practices while ignoring documented evidence of widespread due process violations. In his individual capacity, Defendant Stitt had actual knowledge of the constitutional violations occurring within agencies under his supervision yet chose to permit these violations to continue unabated, demonstrating deliberate indifference to clearly established constitutional rights.

10. Defendant **OKLAHOMA CHILD PROTECTIVE SERVICES (CPS)** is a division of OKDHS that effectuated the unlawful removal of G.L.Stephens from Plaintiff's custody on December 3, 2021. The Defendant seized Plaintiff's biological property without a warrant and in the absence of exigent circumstances, despite the offspring's well-being and safety while under Plaintiff's protective custody and child's own protective order against her

034

biological father, Adam Sylvester Stephens. Furthermore, the Defendant persists in enforcing custody orders deemed void due to a lack of jurisdiction. The Defendant lacked proper standing in contract and commercial law, as all alleged signatures were forged, photoshopped, or waived without informed consent. The Mother never granted full power of attorney over herself or her children to any party nor any state actors ever.

11. Defendant **OKLAHOMA CHILD SUPPORT SERVICES (CSS)** is a division of OKDHS that has pursued punitive enforcement actions against Plaintiff for alleged child support arrearages, despite the existence of a binding Oregon decree that specifically established "Jeep and Trailer in lieu of child support" and despite Plaintiff's documented financial indigency. CSS has instituted unconstitutional collection practices including imprisonment for debt, passport seizure preventing international travel, improper garnishment of retirement accounts (including Rolled Over 401(k)) established during a subsequent marriage, and other coercive measures without affording due process protections. CSS has enforced duplicated and void child support orders that violate judicial estoppel, res judicata, and other established legal principles, and has continued these enforcement actions despite Plaintiff's repeated objections, appeals, and proof of financial hardship. These actions constitute a violation of clearly established constitutional prohibitions against debtors' prisons and the right to travel, as well as violations of federal law regarding the protection of retirement accounts.

12. **TULSA COUNTY DISTRICT COURT** and its divisions (Family Court, Juvenile Court, Civil Court, Small Claim Court Division) and its employees are state actors who have systematically facilitated the constitutional violations against Plaintiff and G.L.Stephens. The Court has repeatedly enforced void orders, denied Plaintiff's constitutional right to due process, refused to acknowledge valid jurisdictional challenges, sealed evidence unfavorable

to the state's position, obstructed meaningful review of constitutional claims, and facilitated the unlawful separation of Plaintiff from her biological property after their unwarranted seizure of her biological property. Court employees have consistently disregarded evidence of abuse by Adam Sylvester Stephens while accepting unsubstantiated allegations against Plaintiff without proper evidentiary hearings. The Court has further violated Plaintiff's rights by denying her in forma pauperis status despite documented financial hardship, preventing access to court records and transcripts necessary for meaningful appellate review, and imposing punitive financial barriers to justice. Through these actions, the Court has established a pattern and practice of constitutional violations that continue to deprive Plaintiff of her fundamental rights.

13. Defendant **OKLAHOMA ATTORNEY GENERAL OFFICE (OAG)** is the state agency responsible for providing legal representation to the State of Oklahoma and its agencies, including OKDHS, CPS, and CSS. The OAG has facilitated the ongoing constitutional violations by providing legal support and representation to state actors engaged in unlawful conduct, despite receiving notice of these violations. The OAG has defended demonstrably void orders in state court proceedings, opposed Plaintiff's efforts to obtain relief through proper legal channels, and contributed to the systemic obstruction of justice that has prevented meaningful review of Plaintiff's constitutional claims. Despite its obligation to uphold the law and protect citizens from constitutional violations, the OAG has instead used its resources and authority to perpetuate and defend the unlawful actions of other state defendants.

14. Defendant **OKLAHOMA SECRETARY OF STATE**, in their individual capacity and in official capacity as the chief authenticating officer for the State of Oklahoma, is responsible

for maintaining all official records, authenticating documents, and overseeing the registration of corporations, limited liability companies, and other business entities within the state. The Secretary of State bears responsibility for maintaining the corporate registrations that establish the legal fiction entities operating as courts, agencies, and government departments which have engaged in constitutional violations against Plaintiff. Despite receiving proper notices, affidavits, and legal documentation from Plaintiff challenging the jurisdiction and authority of these entities, the Secretary of State has failed to take appropriate action to ensure these entities operate within their lawful bounds. The Secretary has continued to authenticate documents, orders, and warrants issued without proper jurisdiction or constitutional authority, thereby facilitating the ongoing constitutional violations against Plaintiff and her daughter. The Secretary of State has knowledge of the commercial nature of court proceedings under the Court Registry Investment System (CRIS) yet continues to authenticate and legitimize void orders that violate Plaintiff's fundamental rights. By refusing to acknowledge Plaintiff's properly filed notices and declarations regarding her status as a living woman with a soul, separate from the legal fiction LINH TRAN STEPHENS®, the Secretary of State has contributed to the systemic deprivation of rights by maintaining the administrative infrastructure that enables these constitutional violations to continue unchecked.

15. Defendant **OKLAHOMA STATE GOVERNOR'S OFFICE** is the executive branch agency with ultimate supervisory authority over all state agencies, including OKDHS, CPS, and CSS. The Governor's Office establishes policies, procedures, and directives that guide the operation of these agencies, and bears responsibility for ensuring constitutional compliance. Despite receiving multiple notices, legislative inquiries, and documented evidence of

truncated from official reports by a DHS supervisor Leah Sukovaty and Shasta Miller in an apparent attempt to conceal Adam Sylvester Stephens' history of child abuse.

## VII. STANDING AND NEXT FRIEND CAPACITY

15. Plaintiff brings this action as the biological owner (mother) and lawful custodian of G.L.Stephens, a minor child unlawfully restrained under color of law by Defendants. Plaintiff has never had her parental rights terminated through any lawful judicial proceeding, has never been adjudicated unfit by any court of competent jurisdiction, and retains all constitutionally protected interests in the care, custody, and control of her child. The Supreme Court has long recognized that the "liberty" protected by the Due Process Clause includes the right of parents to "establish a home and bring up children" and "to control the education of their own." *Meyer v. Nebraska*, 262 U.S. 390, 399, 401 (1923); *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (recognizing parental rights as "perhaps the oldest of the fundamental liberty interests recognized by this Court").

16. As such, Plaintiff proceeds as G.L.Stephens's next friend, authorized under *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990), which permits a competent adult to litigate on behalf of a minor who is unable to pursue relief independently and where the next friend is "truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate." The Supreme Court in *Whitmore* established a two-part test for next friend standing: (1) providing an adequate explanation why the real party in interest cannot appear on their own behalf, and (2) demonstrating that the next friend is "truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate." Id. at 163-64. Both elements are satisfied here, as G.L.Stephens is a minor child lacking legal capacity to bring suit independently, and Plaintiff, as the biological mother who has demonstrated ongoing dedication to her child's

038

welfare, is unquestionably committed to G.L.Stephens's best interests. See also *T.W. v. Brophy*, 124 F.3d 893, 897 (7th Cir. 1997) (recognizing natural parents' presumptive qualification to represent their children's interests).

17. The contention that only Bar Association members may bring habeas corpus petitions on behalf of children is demonstrably incorrect and constitutionally unsound. The Supreme Court in *M.L.B. v. S.L.J.*, 519 U.S. 102, 116-17 (1996), explicitly recognized that the right to maintain the parent-child relationship cannot be conditioned on one's ability to retain counsel, holding that "the interest of parents in their relationship with their children is sufficiently fundamental to come within the finite class of liberty interests protected by the Fourteenth Amendment." This constitutional protection would be rendered meaningless if parents were categorically barred from seeking habeas relief for their unlawfully detained children merely because they proceed without attorney representation.

18. Furthermore, 28 U.S.C. § 2242 explicitly provides that an application for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his [or her] behalf." The statute imposes no requirement that the person acting on behalf of the detained individual be a licensed attorney. As the Supreme Court noted in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers." This principle applies with even greater force to parents seeking to vindicate the liberty interests of their unlawfully detained children.

19. In *Whitmore*, the Supreme Court traced the history of "next friend" standing back to English common law, noting that it has been "long accepted" that "next friends" may appear in court on behalf of detained prisoners who are unable to seek relief themselves. 495 U.S. at 162.

Notably, the Court placed no attorney requirement on this historical practice. The Ninth Circuit in *Coalition of Clergy v. Bush*, 310 F.3d 1153, 1159 (9th Cir. 2002), while addressing next friend standing requirements, emphasized that "there are no federal cases requiring next friends to be attorneys," directly contradicting any contention that BAR membership is a prerequisite for filing habeas petitions on behalf of another.

20. The Federal Rules of Civil Procedure recognize that parents may represent their minor children's interests in federal court without attorney representation. Fed. R. Civ. P. 17(c)(1) provides that "a general guardian, a committee, a conservator, or a like fiduciary" may sue on behalf of a minor. The Supreme Court has recognized that parents naturally fall within this category. *Cf. Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 15 (2004) (recognizing that parents generally have standing to sue on behalf of their minor children).

21. Moreover, in *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 513-14 (1982), while addressing the availability of federal habeas corpus to challenge state child custody determinations, the Court acknowledged that parents have standing to pursue such claims, stating only that "federal habeas has never been available to challenge parental rights or child custody" without imposing any requirement that such challenges must be brought by licensed attorneys. The Court's analysis focused on the nature of the claims, not the professional status of the person bringing them.

22. In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the Supreme Court emphasized that habeas corpus is fundamentally a remedy for unlawful restraint of liberty, regardless of who brings the petition. The Court has consistently focused on the liberty interest at stake rather than the identity or professional credentials of the Plaintiff. This aligns with the fundamental purpose of the Great Writ—to provide an effective remedy against unlawful

detention—which would be frustrated by imposing artificial barriers like mandatory attorney representation.

23. Finally, the Supreme Court's decision in *Turner v. Rogers*, 564 U.S. 431, 448 (2011), recognized that in certain civil proceedings—specifically including those that might result in deprivation of liberty—due process does not categorically require representation by counsel. If individuals may represent themselves in proceedings where their own liberty is at stake, it would be illogical and unjust to prohibit parents from seeking habeas relief for their children without attorney representation.

24. Plaintiff is also the attorney-in-fact for G.L.Stephens pursuant to inherent parental authority recognized in *Wisconsin v. Yoder*, 406 U.S. 205, 232 (1972) (acknowledging "the fundamental interest of parents in the religious upbringing of their children" and broader decision-making authority). Plaintiff satisfies all standing requirements under Article III as articulated in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) and reaffirmed in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021): (1) she has suffered a concrete, particularized injury in fact through the unlawful seizure and continued detention of her child; (2) this harm is directly traceable to Defendants' actions undertaken under color of law; and (3) the requested relief—immediate return of G.L.Stephens to her lawful custodian—will unquestionably redress that injury.

25. The Third Circuit in *B.S. v. Somerset County*, 704 F.3d 250, 259-60 (3d Cir. 2013), explicitly recognized that "a parent deprived of custody of his or her child is clearly injured by the interference with the parent's right to the companionship, care, custody, and management of their children," thereby establishing an injury-in-fact for standing purposes. See also *Duchesne v. Sugarman*, 566 F.2d 817, 825 (2d Cir. 1977) (holding that "the right of the

family to remain together without the coercive interference of the awesome power of the state" is a fundamental liberty interest protected by the Fourteenth Amendment).

26. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus may be made by the person detained or "by someone acting on his behalf," further establishing statutory authority for Plaintiff's capacity to bring this action as next friend. The "constitutional imperative to preserve familial bonds" recognized in *Santosky v. Kramer*, 455 U.S. 745, 753 (1982), provides additional foundation for Plaintiff's standing in this proceeding.

## VIII. PRELIMINARY STATEMENT

27. This case represents an extraordinary miscarriage of justice that strikes at the heart of our constitutional order. Plaintiff Linh Tran Stephens, an honorably discharged U.S. Navy veteran and devoted mother, seeks emergency relief from this Court to remedy the unlawful seizure and continuing detention of her daughter, G.L.Stephens, by state actors operating without lawful jurisdiction and in flagrant violation of clearly established constitutional rights.

28. On December 3, 2021, without a warrant, without exigent circumstances, and without due process, Oklahoma Child Protective Services seized G.L.Stephens from her private school and placed her in the sole custody of Adam Sylvester Stephens—a man with a documented history of child abuse substantiated by both Oregon and Oklahoma authorities. This extraordinary state action occurred despite the existence of a valid Oregon custody decree establishing 50/50 joint custody, and despite the availability of extensive evidence demonstrating that G.L.Stephens was safe in her mother's care.

29. In the years since this unlawful seizure, Oklahoma officials have systematically obstructed Plaintiff's access to meaningful judicial review, sealed exculpatory evidence, concealed

documentation of Adam Sylvester Stephens' history of child abuse, and repeatedly retaliated against Plaintiff for asserting her constitutional rights. The state has fabricated a series of unfounded allegations to justify its actions, while simultaneously blocking Plaintiff's access to court records, denying her the opportunity to present contrary evidence, and ignoring the testimony of qualified experts who have affirmed her fitness as a parent.

30. This case transcends a mere custody dispute between private parties. It represents a systemic failure of the Oklahoma judiciary to protect the fundamental constitutional rights of both parent and child against arbitrary state action. The Fourteenth Amendment's due process guarantees and the sanctity of the parent-child relationship—repeatedly affirmed by the Supreme Court as "perhaps the oldest of the fundamental liberty interests recognized"—have been sacrificed on the altar of administrative convenience and institutional self-protection.

31. Every day that G.L.Stephens remains separated from her fit and loving mother under these constitutionally void orders represents a continuing violation of federal rights that inflicts irreparable harm on both mother and child. The integrity of our constitutional system demands immediate judicial intervention to halt this ongoing deprivation of liberty and to restore G.L.Stephens to her rightful custodian.

32. This petition invokes this Court's solemn responsibility to serve as the guardian of constitutional rights when state processes have failed. As the Supreme Court recognized in *Ex parte Young*, federal courts have not only the authority but the duty to intervene when state officials act in violation of the Constitution. That duty is especially compelling when, as here, the state's actions sever the sacred bond between parent and child without lawful justification.

## IX. REQUEST FOR REMOTE HEARINGS

33. Plaintiff, a disabled litigant proceeding sui juris, respectfully requests that this Court order that all hearings possible in this matter be conducted remotely, pursuant to her rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

34. Plaintiff has been repeatedly affirmed as financially indigent by the Oklahoma Supreme Court (case # DF-120849) and the Federal Courts, and subsists on zero income. Due to her limited financial means and the physical burden of interstate travel from South Carolina to Oklahoma, she cannot feasibly attend in-person hearings in the Northern District of Oklahoma without undue hardship. See *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004); *Boddie v. Connecticut*, 401 U.S. 371, 380-81 (1971). FRCP 43(a) permits testimony and participation via contemporaneous transmission "for good cause in compelling circumstances and with appropriate safeguards." Plaintiff satisfies this standard. See *Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d 1185, 1195-96 (10th Cir. 2007).

35. Moreover, given that Plaintiff now resides in South Carolina and the disputed custody and paternity orders concern a child unlawfully seized from her in Oklahoma without jurisdiction, forcing physical attendance would only exacerbate the deprivation of her constitutional rights. Previous courts have already violated Plaintiff's ADA rights by denying her reasonable accommodations despite formal requests, and Special Judge April Seibert specifically required Plaintiff to disclose her private medical diagnoses in open court rather than respecting her privacy rights.

36. In light of the above and the financial and physical constraints imposed by her limited resources and geographic distance, Plaintiff respectfully requests an immediate order permitting remote participation in all future proceedings in this case.

## X. REQUEST FOR EXPEDITED DISCOVERY AND PRESERVATION OF EVIDENCE

37. Pursuant to FRCP 26(d), 26(f), 34, and 65 and this Court's inherent equitable authority to prevent irreparable harm and preserve the integrity of judicial proceedings, Plaintiff respectfully requests that the Court enter an order authorizing narrowly tailored expedited discovery and directing the immediate preservation of all relevant documents, communications, and electronically stored information (ESI) in the possession, custody, or control of Defendants and their affiliated agencies.

38. Expedited discovery is appropriate where good cause exists, particularly when preliminary injunctive relief is sought or where there is a demonstrable risk of spoliation, concealment, or irreparable evidentiary harm. The Tenth Circuit has recognized that district courts may permit discovery before the Rule 26(f) conference upon a showing of need, reasonableness, and proportionality. See *Bustos v. United States*, 257 F. App'x 171, 174 (10th Cir. 2007); see also *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676-77 (D. Colo. 2002).

39. This case presents compelling circumstances warranting expedited discovery, as evidence already exists that Oklahoma officials have truncated, altered, and concealed critical documents—particularly those documenting Adam Sylvester Stephens' history of child abuse. Plaintiff seeks immediate production of unaltered records and communications related to the seizure of G.L.Stephens and subsequent custody proceedings, which are necessary to prevent continued irreparable harm and to support her request for emergency injunctive relief.

## XI. STATEMENT OF FACTS *Sworn Affidavit of Truth*

republic South Carolina }      *Notice to Agent is Notice to Principal, Notice to Principal is Notice*
                  }ss  *to Agent, Notice applies to all successors and assigns; Affidavit is a*
county Charleston    }      *Form of Evidence; Unrebutted Affidavit Stands as Truth in*
                           *Commerce; Silence or NonResponse is Tacit*
                           *Acquiescence/Agreement/Dishonor;*

i, linh-tran: stephens, being of sound mind and competent to make this verification, do hereby

solemnly affirm and declare as follows:

**CONCISE SUMMARY**:

18. i am the flesh and blood natural living woman breathing with a soul and a Holy Spirit and my name is Linh Tran Stephens; i have served honorably in the U.S. Navy Medical Corps for five years then became a civilian, followed by two years serving the Veterans Affairs and two years serving Indian Health Services at Cherokee Nation clinic followed by being laid off during pandemic 09/2020 then small business owner, dedicating my life to the service and protection of our nation and defending the United States Constitution. Obeying my religious beliefs as a Christian, i granted my ex-husband, Adam Sylvester Stephens, 50/50 custody of our daughter, G.L.Stephens, without demanding child support during our finalized divorce in State of Oregon in January 2016; as part of this agreement, despite earning $80,000 a year or so, i also provided Adam with a fully loaded Jeep Wrangler and a trailer in lieu of child support, prioritizing the young woman G.L.Stephens' stability and happiness. This agreement was duly autographed in the presence of public notaries and was finalized by a district court judge without any objections from either party.

19. Horrifically, on December 03, 2021, young woman G.L.Stephens (8.5 years old) was forcibly kidnapped from my safe, protective custody (case # PO-2021-3843 against Adam) by Oklahoma Child Protective Services ("*CPS*") without a warrant, without criminal charges, documented evidence, or credible witnesses against me then inexplicably awarded emergency sole custody to Adam, a known and documented child abuser. CPS deprived

kinship placement despite having a comprehensive seven-page list of safe, fit, available, and willing family members and close family friends in Oklahoma, Texas, and Oregon. There were no efforts made by CPS for reunification even now. False allegations of "child pornography, therefore mental injury" were levied against me still despite absence of any criminal charges and despite my innocence was confirmed by forensic analysis and testimonies by the reputable individuals such as private investigator David Ballard, child psychologist Jim Lovett's, OKLAHOMA DHS child investigator OKDHS whistleblower Maria Chico, 30+ year experience child psychologist Jim Lovett, 20+ year school director Jayme Wingo-Martin and 20+ year school teacher Susie Panzer, medical providers Jeri Townsend, Moris Laca, Helen Johnson church's family, grandma and great aunt. Adam's prior termination of parental rights by the Oregon DHS for his personal 15-year-old daughter, Ariel Stephens (a fact known to all Oklahoma courts and readily available), and her subsequent court-ordered name change, social security number change, and date of birth change for Ariel, and the mysterious disappearance of her mother years ago are deeply troubling facts that have been consistently ignored by the court actors. Furthermore, Special Judge April Seibert systematically excluded crucial expert witnesses who had submitted notarized affidavits supporting my case against DHS and my long-divorced exhusband Adam, which all were filed onto courts but unlawfully sealed and ignored by judges and appeal courts. This includes the reports by my primary care medical doctors (Jeremy Ransdell, D.O.) and my Guardian ad Litem ("GAL") Valeria Blackstock. Special Judge Seibert and OKDHS CPS also immediately removed a reliable witness, Heather Collins, from the stand after Ms. Collins sworn in and offered valid proofs and first hand witness testimony against the same unreliable and child-abusive GAL, Stephen E. Hale, who

---

recommended her daughter be cruelly isolated with a five-time substantiated child-sexual abuser via forensic exam reports by child experts and by same OKDHS CPS. My daughter G.L.Stephens was subpoenaed numerous times to speak in courts but was never allowed in.

20. Meanwhile, Special Judge April Seibert and dishonest, child abusive GAL Stephen E. Hale exceeded their judicial authority by making defamatory and invalid mental health diagnoses and child-abuse determinations against me while simultaneously overruling truthful testimony from qualified mental health experts who are not connected to the court and overruled my objections or my questioning of the court's jurisdiction/authority without any lawful justification nor valid contracts between us. The judge improperly assumed the role of mental health expert and child expert, making clinical determinations outside her judicial capacity and without supporting expert testimony and biasedly against me, while biasedly ignoring condemning testimonies and evidence against Adam, my long divorced exhuband. The nonjurisdictional Oklahoman judge modified Oregon's finalized custody from 50/50 to zero contact with the child ever—unless I pay $150/hour for therapeutic supervised visits with her chosen therapist (she denied three therapists of my choice, also denied option with Jim Lovett—child's previous and available therapist) that i did not consent to and objected repeatedly and appealed higher up—I have exhausted all state remedies without any justice, repentance, nor remedy. She unlawfully terminated my fundamental parental right to access my biological property with zero spect of evidence and zero first hand witnesses and zero demanded jury trial of my peers, depriving me of any custody or meaningful contact with my daughter; her decision cited "contempt of court" based on my compliance with a court-ordered psychological evaluation from a board-certified physician (MD/DO) INSTEAD OF going to the court's preferred non-clinical Ph.D. psychologist who has

financial connections to the court systems charging $2,500 that i don't have.

21. The court's final decision 2.5 years later on February 20th, 2024, which granted finalized sole custody to Adam and allowed him to relocate with my offspring permanently to Texas (again overruling my objections and my valid justifications that any other ethical judge would agree with me), posed serious ethical questions, especially given Adam's documented history of abuse towards children and pets on top of his history of documented visual and audible hallucinations and seizures, and terminated parental rights court orders and a permanent protective order from female children aged fifteen and his strangulation of pets.

22. Special Judge April Seibert and OKDHS employees without my consent nor valid contracts continued to impose a series of unconstitutional punitive actions amounting to cruel and unusual punishment:

(1) Prohibited all phone/video and physical contact with my daughter under threat of imprisonment, overruling my repeated objections;

(2) Imprisoned me for two months due to inability to pay court-ordered child support of court-inflated, court-fabricated after unlawfully imputed-income calculations to alleged debt of $2,360.24/month to the State of Oklahoma despite my submitted unrebutted IRS records and accountants' records proving my documented financial hardship and despite my assignment of indigent attorney and despite affirmation of financial indigency by Oklahoma Supreme Court case # DF-120849 with clear and convincing proofs; this is cruel and usual punishment for nonviolent crime of owing alleged "debt" that was not validated but was fraudulent to unjustly enrich the State and OKDHS.

(3) Authorized DHS CSS to seize my U.S. passport, preventing me from visiting terminally ill relatives overseas, deprivation of freedom to travel without any jury trial as i demanded;

049

(4) My 401k retirement, earned during my second marriage, was illegally seized without a warrant or any spousal consent; our $64,445.92 was taken against both owners' objections for alleged child support owed to my ex-husband Adam from my first marriage, despite the ERISA fund having been established two years AFTER my finalized divorce to Adam and was earned during another marriage (nonparty did NOT give consent to garnishment of his marital asset either and neither did i).

(5) Blocked my medical license renewal after DHS union lawyer on medical board State Board of Osteopathic Examiners (OSBOE) publicly reprimanded me (despite no complaint from any patients nor citizens) and forwarded that to National Practitioner Data Bank ("NPDB"), forcing closure of my private practice and ending life-long career of medicine after 14 years of expertise experience in high risk patients yet extremely high praises and no malpractice lawsuits;

(6) Placed liens on my landlord's rental residence for alleged attorney fees owed by ex-husband Adam to Mr. Gilbert Pilkington Jr.--an attorney i have never hired nor ever agreed to pay to, is a clear injustice and legal abuse especially when i have been forced to self-represent throughout these proceedings when English is my second language and my exhusband is American born here and fourteen years older than me he can represent himself fine in his relitigation of our finalized divorce he did not have to hire an attorney; this caused unnecessary stress in my relationship with my current husband of eight year marriage and with his landlord; the fact that i had court-appointed attorney provided at no cost to me (being financially indigent) during contempts of court hearings for child support showed that i should NOT pay legal fees for myself nor for anyone else and especially not for the prosecutors;

(7) For the past three years, i have been denied the ability to choose a therapist or supervisor for visitation. i have been restricted to only 30 hours of visitation with my daughter due to the court-appointed therapist, Amanda Hall (HALL'S ANCHOR OF HOPE), who requires costly prepayments of $150 per hour for therapeutic supervised visits that are not medically indicated, while visitation-supervisor Cheryl Hall (FAMILY VISITATION & SOLUTIONS) also refuses to accept insurance or credit cards, only allowing cash payments (e.g., Apple Cash), despite my financial situation where i have no money left in my accounts and rely solely on credit cards and borrowing from friends and relatives for daily needs. Additionally, court orders have prohibited any phone or video calls between me and my daughter, accompanied by threats of imprisonment, while overruled my objections and my dissent.

23. The baseless allegations and the unjust substantiation of abuse against me by Oklahoma DHS and court actors without due process or a jury of my peers (Vietnamese immigrant), have caused irreparable harm to me and to my whole extended family: loss of consortium and family relations with my daughter who is my "biological property/offspring/happiness" per legal definition and my "gift and heritage from the Lord" per my religious definition, loss of my reputation via defamations, loss of lifelong career of medicine, deterioration of my health (headaches, vision changes, weight loss, diseases, etc.), significant mental anguish and emotional distress, disruptions of peace and privacy by governmental overreach, permanent closure of my small private direct primary care clinic (Peace Joy Clinic PLLC), loss of precious time, loss of freedom to travel to free speech, opportunistic financial investments loss, unnecessary tax penalty for unconsented early-seizure-of-retirement-at-age-forty as i have not retired, loss of all future earnings as a primary care doctor, false imprisonment of two month sentence (cruel and unusual punishment), ongoing and constant harassments with

debt collection efforts and constant threats of recurrent incarcerations, being summoned to courts monthly on average.

**DETAILED TIMELINE**:

24. Plaintiff Linh Tran Stephens was born in 1984, in Viet Nam of Asia continent (NOT born in Washington D.C.) and naturalized as an American at age 12 (not a U.S. Citizen and has never resided nor domiciled in Washington D.C.).

25. May 17, 2012: i, Linh Tran Stephens ("*Mother/Linh/Plaintiff*" herein) married Adam Sylvester Stephens ("*Adam/Father*" herein) in Maricopa County, Republic State of Arizona. At the time, i was serving as an active duty officer in the U.S. Navy Medical Corps. i served for five (5) years and was honorably discharged in 2015, having received multiple commendations during service. Upon my first marriage to Adam and his fifth marriage to me, i was 28 years old and he was 42 (14 years age difference). How we met: Adam located my profile on Facebook and sent me a friend request. In 2010, he orchestrated what seemed to be a chance meeting at a Starbucks, where he presented himself with a "cute puppy." Following this encounter, he actively pursued me for approximately one year. i had no prior experience with law enforcement or the legal system, and i was completely unaware of the abusive dynamics that would unfold.

26. Abuses began post-honeymoon, including physical, emotional, and financial abuse. Adam accumulated over $100,000 in credit card debt charged to my name (proof available upon request with credit history). After the divorce private investigator of a nonprofit showed that Adam was irresponsible and frivolous with money and prior to our marriage had *four* bankruptcies, many defaulted student loans, unpaid child supports, many legal infringements and stolen valor (proof made available to all courts and will be available upon request

052

anytime). Examples of physical abuse: Adam punched my face and missed thus hit the wall, unconsented sex, screamed and cursed at me until my ears rang, kicked our dogs, drove our car into oncoming traffic if he didn't get his ways, falsely accused me daily of sleeping with every coworker and every man walking by, emotionally cheated on me by texting other women as i caught him, etc.

27. July 2013: Birth of our daughter, G___ L____ Stephens ("G.L.Stephens" herein), the first child of my first marriage and Adam's seventh child from his fifth marriage.

28. On and Off Separation: i intermittently separated from Adam in hopes of his behavioral changes particularly regarding his anger and refusal to adhere to psychiatric counseling for delusions, hallucinations, and anger outbursts.

29. January 08, 2016: The divorce was finalized in Columbia County, republic of Oregon, establishing custody agreement of "*50/50 joint legal and physical custody*" and "unhampered access to child for both parties" per the Oregon divorce decree/court-order/the-only-binding-valid-written contract between us; the decree stipulated, "*Jeep and Trailer [from Linh to Adam] in lieu of child support [until child ages out]*." The finalized divorce decree was titled "*Stipulated General Judgment of Dissolution of Marriage; and Money Award (Co-Plaintiffs)*" (the "*Contract*" herein) officially executed on 08 JAN 2016 in the "Circuit court of the State of Oregon for the County of Columbia, Department of Domestic Relations, case No. 15DR18623, Judge Cathleen B. Callahan."

30. July 11, 2017: After i faced repeated custodial interferences from Adam, who kidnapped young woman G.L.Stephens for four months, Tulsa Police ill-advised me to seek intervention from the Tulsa Courts, alleging that Tulsa Police do not enforce divorce decrees finalized in other states e.g. Oregon, even if residency is established and driver's licenses of Oklahoma

were already obtained. i requested the Tulsa Oklahoma court for enforcement of the custody terms.

31. In mid-November 2021: my then 8 year-old daughter, G.L.Stephens, tearfully disclosed to me and other relatives that Adam choked her dog, Gizmo, nearly to death in front of her. Attempting to intervene, she hit his arms. G.L.Stephens expressed fear for her own life, worried she'd suffer the same fate. She felt compelled to visit Adam's home to protect her dog. She further disclosed that Adam "attempted to choke their cat but was unable to do so because the cat has sharp claws and ran away." Prior to this, Adam's escalating abuse included throwing and kicking dogs, behaviors G.L.Stephens began mimicking until corrected. The GAL was informed but remained indifferent. G.L.Stephens further detailed Adam's escalating physical abuse, including forceful slaps to her head and body, distinct from earlier spankings or belt beatings. Despite prior "Conduct Order," (see top half of page 8 above), Adam continued to force G.L.Stephens to sleep naked with him, though less frequently, causing her to forget to disclose this unless directly asked. Evidence (recordings, pictures, videos, diary entries) has been provided to OKDHS and the courts and is available upon request, with some accessible online: **https://tinyurl.com/4cdv5u56 or https://drive.google.com/drive/u/0/mobile/folders/14l4cntRRl8op1tJkttvus7pdbAr9BBf M**

32. On 11/23/2021: i filed police reports in Owasso (Report # 2021-2553, Rogers County) and Tulsa (Report # 2021-060000, Tulsa County) regarding Adam's abuse of G.L.Stephens and her pets. i was referred by a Tulsa police officer named Keoshia Savage to D.V.I.S. Family Safety Center ("Domestic Violence Intervention Services") to file a Protective Order against my ex-husband (case # PO-2021-3843), which was signed by Judge Julie Doss on November

24, 2021. i was advised by the Protective Order Advocate, Gory, to bring G.L.Stephens to testify at the upcoming hearing scheduled for December 08, 2021, citing precedent for younger children, even five year olds, and noting G.L.Stephens's intellectual brightness and articulation at age 8.5 year-old making straight A's in private school. Bailiff Amira El Hassan confirmed Dr. Jim Lovett's virtual testimony and G.L.Stephens's in-person or virtual testimony were permissible (via video (Microsoft Teams); i was instructed to keep the original diary, as the judge already possessed a copy detailing the abuse.

33. On 11/29/2021: i filed a DHS referral (# 2199067). To file its required Motion for Emergency Custody, i retained attorneys Erica Parks (Bar #20532) and her partner Dale Warner (Bar #9359) using borrowed funds of $5,000 for retainer fee from relatives. Despite my repeated urgent requests for immediate action and a provided timeline, these attorneys delayed filing; even after they drafted the Motion and proposed Order, they have never filed them, but appeared to collude with Guardian ad Litem ("GAL") Stephen E. Hale, resulting in my daughter being removed from my protective order and custody. This was facilitated by the involvement of a felon, Bridget O'Brien (also known as Bridget Menser), who works for DHS CPS. O'Brien has a criminal history, including a felony conviction in Tulsa County case # CF-1999-2911 for selling alcohol to minors; she also has multiple speeding tickets, and a history of bankruptcy.

ABRUPT DHS REMOVAL AND SYSTEMIC FRAUDS:

34. December 1-2, 2021 events keynotes: Eight-year-old G.L.Stephens denied DHS worker Bridget's fabricated claims about fearing mother; G.L.Stephens expressed to school director strong bond with mother; At neighbor Jeri Townsend's home, G.L.Stephens shared plans to testify about father's abuse, questioned GAL Stephen Hale's failure to protect her, and

expressed fear of father potentially killing other family members:

On 12/01/2021, DHS worker/felon Bridget O'Brien ("*CW*" from now on) came to my house pretending to investigate Adam but refused to document anything i reported, refused to take any evidence submitted, refused to call any witnesses including my current husband, while being dismissive of all my raised concerns or G.L.Stephens's written concerns, refused to interview G.L.Stephens and i together for our loving interactions, but biasedly insisted in interviewing G.L.Stephens and Adam together without any video recording (required for analysis by child experts). Bridget O'brien refused to review G.L.Stephens's diary, falsely claiming it was fabricated, despite evidence of G.L.Stephens writing it herself (video evidence, psychologist confirmation, school director testimony, teacher handwriting comparison) and its inclusion of positive entries. The school even submitted the diary to the court on G.L.Stephens's behalf (Court Minute Order 06-23-2021), but it was returned after being read alleging "ex parte communication" which courts violated all the time previously:

"*06-23-2021 DOCKET C: THE COURT RECEIVED AFFIDAVITS FROM THIRD PARTIES; THE COURT DID NOT READ THE AFFIDAVITS AS IT WOULD BE EX PARTE COMMUNICATION; DOCUMENTS RETURNED TO SENDER, "M.H.P.S.";*"

Caseworker Bridget O'Brien misrepresented her visit in her report regarding my younger son, stating both in court and during a CPS safety meeting that my second child's living environment lacked essential items such as a bed, toys, and clothing–pictures of truth contrary to her lies are available upon request. She refused to interview any witnesses that i and my attorneys provided, including child psychologist Jim Lovett, school director Jayme Wingo-Martin, teacher Susie Panzer, former DHS investigator Maria Chico, and neighbor Jeri Townsend, who G.L.Stephens trusted and confided in regarding her father's abusive

Page 41 of 105

behavior and other concerning incidents.

Despite repeated requests from me and the child advocacy center, Muskogee Kids Space, Bridget O'Brien and OKDHS and court actors declined to initiate a forensic interview and violated DHS/child safety protocols by refusing to: (1) activate a forensic interview, (2) allow medical exam with both parents present for sexual abuse allegations, (3) contact the FBI for alleged child-porn, (4) notification to both parents PRIOR to child removal from school ground, (5) obtain a warrant for removal of child from mother's protective order and custody, (6) disregard hearsays and testimony from convicted felons, (7) record what child disclosed at school when mother not being notified nor consented prior to interview, (8) provide kinship paperwork or kinship placement to mother, (9) hold an evidentiary hearing (none have been conducted in Juvenile Court to date, and the case was closed due to allegedly "the lack of objections from me or my attorneys"–this is utterly untrue and strictly frauds-upon-the-court committed by court actors against me as i have testified numerous times and again today, (10) child's right to testify despite age-appropriate capacity with GAL and DHS refused to subpoena child, (11) release DHS records to both parents, (12) facilitate reunification efforts. There has been no contact allowed between G.L.Stephens and me despite our numerous requests for phone calls, video calls, or visits, unless i paid exorbitant fees of $150 per hour for supervised visits, with restricted freedom of speech and freedom of religion (Jesus and Bible were forbidden).

When my attorney confronted O'Brien with evidence that the Netflix film Taken was not in my possession and clarified that it is PG-13 without any "rape scenes" as alleged, O'Brien altered her allegations to include claims of "adult porn" during a Juvenile Court hearing on December 07, 2021. Upon further confrontation using evidence proving i lacked cable

television access, she changed her statements again during a CPS safety meeting on December 08, 2021, claiming i had shown my daughter child pornography based on "other additional interviews with the child"—without presenting any corroborating evidence/documentation. This raises concerns about why a caseworker who claimed to be "too busy and overworked" had numerous interactions with my daughter when only one interview should have been necessary, delegating further inquiries to child-experts. Additionally, i noted a potential conflict of interest as O'Brien was frequently seen hanging out with Adam, my ex-husband. When i offered O'Brien my devices for review, she refused, stating, "I KNOW YOU'RE GUILTY JUST BY LOOKING AT YOU!" This statement is documented in the court transcript as later, during the June 01, 2022 court hearing [available upon request], she admitted to not reviewing any of my devices, indicating her assertions relied solely on hearsay claims from the child, which are inadmissible and unverified by any neutral parties. Both the Guardian ad Litem, Stephen E. Hale, and caseworker Bridget O'Brien appear to have financial incentives to provide testimony against me that contradicts the truth: G.L.Stephens's consistent statements and expressions of affection towards me, which have been articulated to numerous witnesses and documented in her artwork, journals, and recorded songs on her iPad; these include declarations such as, *"Mommy is the best mommy in the whole wide world; I love mommy 100%; I want to stay with mommy forever; I never want to see daddy again; daddy lied to me all the time; daddy is angry all the time; daddy made me sleep naked with him; daddy beats me..."*

Later that day, on 12/01/2021, after G.L.Stephens, eight years old, returned from school, i informed her, "Bridget told me you told her I forced you to watch scary movies and that you're scared of me, wanting to live with Daddy and never see Mommy again."

058

G.L.Stephens, visibly upset, replied, "What! I didn't say that! I told her about Dad choking my dog, and she just said 'oh.' She promised to help me with 'meanie daddy.' Why does Bridget lie?" i told her, "I don't know, honey, but continue to speak your truth, and God shall judge her."

The next day, 12/02/2021, during pick-up at Miss Helen's Private School, i overheard G.L.Stephens telling her school director Jayme Wingo-Martin, "I'm almost Mommy's size; look, we're twins! She's the best mommy in the whole world…" That evening, during dinner with our neighbor Jeri Townsend, G.L.Stephens expressed her excitement about speaking to the judge next Wednesday regarding her father's behavior, hoping for rescue from him. She questioned why Stephen E. Hale hadn't saved her as he promised her. G.L.Stephens showed Jeri Townsend her personal diary, highlighting plans to present it in court. As we drove home from our neighbor Jeri Townsend's house, G.L.Stephens said, "If you and step-dad ever die, and if Grandma dies too, I want to live with Jeri!" while explaining she was afraid of us being killed by Adam, her father.

35. On Friday, 12/03/2021, around 6 P.M. -- DHS REMOVAL WITHOUT WARRANT: G.L.Stephens was taken by DHS from school to a foster home without the chance to say goodbye to me. This decision by Judge Theresa Dreiling was based on hearsay from caseworker Bridget, who has a felony record. No forensic interview or medical examination was conducted to assess possible sexual abuse by her father, and no kinship placements were arranged, despite the availability of extensive relatives in Oklahoma and Texas, a supportive church community, and a tightly-knit neighborhood with many foster parents friends. No reunification efforts were made. Despite G.L.Stephens's capacity to provide reliable testimony, the lawyers refused to let her on the stand even after she was subpoenaed

numerous times properly with the seal of the court. The Guardian ad Litem and DHS also refused to call her to the stand, ignoring my repeated demands for her involvement. Additionally, the entire DHS department, including its legal team—Leah Sukovaty, Taylor Hendricks, Jessica Martin, Laurie Anne Morris, Deborah L. Eddingfield, Lynnette McKelvey, Jennifer Fullerton, Jerica Carmichael, Tricia Howell, Dr. Deborah Shropshire (who was replaced by Jeffrey Cartmell on August 28, 2024), Pegi Haddock, Kimberly Jantz, Larisa Grecu-Radu, and Ronald Baze—has denied my requests for access to DHS records.

SYSTEMATIC DENIAL OF CHILD PROTECTION AND OF DUE PROCESS:

36. On morning of 12/08/2021 - Protective Order Dismissal: G.L.Stephens's protective order against her father (case No. PO-2021-3843) was unjustly dismissed by Judge Julie Doss, without allowing young woman G.L.Stephens to testify, without proper representation for me (my attorney Erica Parks and Dale Warner falsely claimed "no objection"), without any due process considerations. The evidence of these malpractice events available upon request. Minute Order stated, "12-08-2021 JUDGE JULIE C DOSS:PLAINTIFF [Linh] NOT PRESENT, REPRESENTED BY ERICA PARKS, PRESENT, DEFENDANT [Adam] NOT PRESENT, REPRESENTED BY GIL PILKINGTON, PRESENT, EMERGENCY PROTECTIVE ORDER CONTINUED AND SET FOR 12/20/2021 AT 9:00AM JUDGE SPARKMAN . SEE PO 21 3843 AND FD 15-2228 ORDER OF CONSOLIDATION SIGNED AND ENTERED. FOR BLUE JEAN VIDEO INSTRUCTIONS, SEE CONDITION 11 SEE JD 21-270, *G.L.Stephens LINH STEPHENS WAS REMOVED FROM THIS EMERGENCY PROTECTIVE ORDER.*"

37. On afternoon of 12/08/2021 - Ex Parte Custody Transfer: a "secret" meeting ("undisclosed hearing") was held without proper notice to me; this meeting involved DHS caseworker

Bridget O'Brien, state attorney Kimberly Jantz, and JUDGE OF TULSA COUNTY JUVENILE CENTER Martha Rupp Carter (supervised by Judge Kevin Gray). i was not notified of this meeting, nor were my attorneys present to object, as they alleged they were not informed of its occurrence. There was no court reporter present for this significant meeting, which raised concerns to me about potential concealment of judicial misconduct. Minute order falsely claimed, "*there are no objections by the parties for the proposed release of the children from emergency custody… IT IS FURTHER ORDERED that the above-named children be released to Adam Stephens, natural father, without DHS supervision.*" This marks a second instance of FRAUD ON THE COURT. i was deceived by attorneys into believing this hearing never occurred and that i would have a future opportunity to object. That opportunity never materialized. Its outcome: Immediate custody transfer to perjurious, unsafe, unfit father without DHS supervision nor Dr. Lovett's supervision.

38. On 12/10/2021 – LAW ENFORCEMENT OBSTRUCTION: Owasso Detective Penny Hamrick finally met with me regarding police report #2021-2553, filed on November 23, 2021, after previously ignoring my calls and emails. Detective Hamrick denied my request for a referral to Muskogee Kids Space for my daughter's forensic interview and forensic medical exam, refused to accept evidence including G.L.Stephens's diary, treated protective parent as a perpetrator and vice versa, and attempted to coerce me into taking a lie detector test while denying the same request to Adam.

39. On 12/14/2021 - RETALIATORY PROTECTIVE ORDER: Adam filed a fraudulent and perjurious Protective Order (PO-2021-4509) against me, falsely accusing me (a traditional Vietnamese devoted Christian female) of "watching child porn with young woman G.L.Stephens" and "kidnapping young woman G.L.Stephens from school." These claims are

contrary to evidence from the school, including camera footage and testimony from school director Jayme Wingo-Martin, as well as device clearance by private investigator David Ballard using an FBI-grade scanner. All evidence has confirmed my innocence and demonstrated Adam's pattern of PERJURY AND FALSE POLICE REPORTS, with actionable charges not pursued by colluding law enforcement and by judges despite my demands. Nonetheless, Judge Julie Doss, who had previously approved a Protective Order for my daughter, son, and me based on credible affidavits and evidence against my ex-husband, now granted a protective order to Adam against me with unbelievable affidavit and hearsay testimony. In summary, Judge Doss facilitated a reversal of the narrative to protect a known abuser while maliciously prosecuting the victim of abuse. Court Minute Order stated, "*12-14-2021 JUDGE JULIE C DOSS:* UPON SWORN AFFIDAVIT, *THE EMERGENCY PROTECTIVE ORDER GRANTED FOR SELF [Adam], AND CHILD...*" There was no cross-examination or sworn testimony, no proper service to me; instead, Adam's obviously fabricated hearsay affidavit was accepted as absolute truth without further verification.

40. On 12/17/2021 - Ex Parte Emergency Order [ex parte only allowed for Adam but never for me]: Adam applied for an Emergency Custody Order hearing, which Special Judge Rodney Sparkman signed without any argument, evidence, reliable witnesses, or cross-examination presented, and without a jury trial of my peers the alleged Defendant of "abusing young woman G.L.Stephens". Special Judge Rodney Sparkman had previously worked for DHS for decades and failed to disclose this.

41. On 12/20/2021, during a virtual emergency custody hearing, i was wrongfully designated as the abuser while my ex-husband Adam was improperly depicted as a safe parent, despite his

extensive history of children' abuses and mental health diagnoses. Since that time, i have filed multiple motions and requests for jury trials under common law and article three courts regarding the custody and welfare of G.L.Stephens, all of which the courts have ignored or blocked. Additionally, i discovered that the public defender Sadie Temple and Meagan Beck assigned to my daughter did not act on significant evidence related to her being unsafe with Adam and being safe with me and extensive relatives.

42. PROCEDURAL MALFEASANCE & LEGAL MALPRACTICE, NEGLIGENCE, DENIAL OF RIGHTS: Since then, i faced several delays in court hearings, and vital procedural rights were denied, including adequate representation and the opportunity to present my case. My attorneys and my daughter's public defenders not only failed but refused to present key evidence in our favor during hearings; subsequent investigations revealed that critical hearings were waived without my consent.

43. On 03/21/2022: During a hearing with my new attorney, Chandler Moxley, Judge April Seibert violated Americans with Disabilities Act ("ADA") by requiring my disability diagnoses to be stated aloud in open court, These diagnoses had been emailed to the ADA coordinator weeks prior. My ADA advocate this hearing was Ms. Melissa Vagle (other times, Francesca Amato or Marieke Randoy), who requested a private breakout room with the judge, which Judge Seibert denied, insisting the diagnoses be spoken out loud in public to embarrass me and to violate my privacy, then kicked her out of the hearing. The judge subsequently retaliated for ADA requests by ordering psychological evaluation based on the actions of others: Judge stated that i must be crazy because my ADA advocates sent "too many" correspondences to the ADA Coordinator, Vicki Cox, requesting accommodations for me. These ADA requests were ignored by ADA coordinators, even after complying with her

demand for official medical doctor's note. (See the March 21, 2022, transcript, page 4, line 19 to page 5, line 17, and page 10, line 17 to page 11, line 5). All judges excluded my advocates from participating virtually while allowing opposing parties and other individuals to appear in the same hearings. This occurred despite the approval of ADA accommodations for me, which existed solely on paper to fraudulently secure federal funding for services that were not actually provided by Oklahoma.

Furthermore, Ms. Sadie Temple emotionally and mentally abused my daughter and endangered her by recommending zero contact with me, despite my being her primary caretaker since birth. Ms. Temple irresponsibly advocated for full contact with Adam, despite documented evidence of his abuse were all emailed to both her and Marci Jefferson, which they both ignored. She perjured herself in court [see transcript page 6) by stating, "*whether or not her [G.L.Stephens] preference is totally voluntary, I -- I don't -- I can't comment on that. All I can do is advocate for the preference that she's expressed to me. So based on that preference, my -- my first request would be no contact with mom.*". These are false statements because young lady G.L.Stephens would never say she never wants to see me again, even under duress. G.L.Stephens is intelligent and capable of expressing her wishes, and i repeatedly requested that she be allowed to speak for herself in court, but this request was denied. Evidence, including G.L.Stephens's artwork, personal diary, homework, handwriting samples, school projects, songs recorded by G.L.Stephens on her iPad, and testimonies from various corroborating witnesses, supports her affection and safety with me, as "the best mother in the whole wide world." These materials are available upon request.

Following the hearing, i instructed my BAR CARD ATTORNEY Chandler Moxley to demand the dismissal of the Department of Human Services (DHS) case as more than 90 days

had passed without substantiation of abuse. i notified DHS caseworker Bridget O'brien and her supervisor Leah Sukovaty, and DHS attorney Larisa Grecu-Radu of this legal requirement via email. Despite this notification and the clear language of Oklahoma law quoted, they refused to dismiss the case against me. Oklahoma's Juvenile Bench Book (p. 124) stated, "*The hearing must be held within ninety (90) calendar days following the filing of the petition. If not held within this time frame, the child must be released from emergency custody. If an adjudication hearing is not conducted within this time frame, the emergency custody order expires and the child is released from emergency custody*."

44. Despite numerous hearings before Special Judge April Seibert, no resolution nor justice was achieved. She repeatedly violated child's right to testify, my American Disability Act ("*ADA*") rights, due process rights, constitutional rights, human rights, equality rights, trust laws, contract laws, dismissing all my objections/appeals/notices/reconsiderations, and denying my in forma pauperis status despite documented financial hardship.

45. On 05/18/2022: Owasso Police and Rogers County District Attorney Office (see long list of Imposters/Wrong-doers) issued two (2) false arrest warrants against me to protect Adam under judge Lara M. Russell based on unsubstantiated protective order PO-2021-4509, leading to my two arrests and subsequent and two-year legal battle that ultimately resulted in dismissals of both defamatory charges of violating protective orders, with their numerous court dates that disrupted my peace and my ability to work.

46. My repeated requests for court records were met with delays and incomplete responses, claiming no transcripts were made for critical hearings, undisclosed emergency custody release, lack of proper documentation/transparency, specifically on 05/25/2022 at 8:31 AM, i finally received an email in response to my persistent records-request for the last 1.5 years of

juvenile court, stating, "*Judge Dreiling approved your request. Here is the docket with the minutes and the orders of the hearing. Filing announcement did not happen due to ORDER RELEASING CHILD(REN) FROM EMERGENCY CUSTODY. A court reporter was never requested, so no transcripts were made.*" The prior email i sent on May 13, 2022, at 3:06 PM to Allen.Woodworth@oscn.net was with the subject line, "[EXTERNAL]: Expedited transcripts requests for JD-2021-270 both 12/07/21 and 12/08/21", and body of the email said,"*Good afternoon, I would like to have an expedited order of transcripts for all JD-2021-270 hearings on 12/07/21 and 12/08/21 and any other hearings I wasn't made aware of. Thank you so much, and may God bless you with health and happiness! Sincerely, Linh Stephens, D.O.*"

47. Numerous hearings took place, but a particularly significant one occurred during the recusal hearing of Special Judge April Seibert on 12/22/2022, significant evidence of two-inch thick binder and a USB drive with voice recordings and recorded videos were all admitted as evidence. Additionally, during a Pretrial hearing on 01/18/2024 at 9:00 AM, another substantial binder and USB drive were exchanged and offered into evidence but were unjustly precluded. Some evidence and affidavits are available at https://tinyurl.com/4cdv5u56 more available upon requests.

48. On 09/08/2023: the first therapeutic supervised visit occurred nearly ten months later after numerous motions and hearings, but only with a therapist i didn't choose, Amanda Hall. My three choices of other therapists i requested were denied without any lawful reason). Subsequently, an additional supervisor, Cheryl Hall, was assigned, which I did not choose. The judge continually denied my request for Jim Lovett to continue therapy for G.L.Stephens, despite him having been relocated back to Tulsa, Oklahoma after a brief

period visiting Georgia.

49. On 01/26/2024: GAL Stephen E. Hale submitted false and damaging reports dated January 26, 2024, against me, favoring the father. i received these reports only four (4) days prior to the trial, leaving me insufficient time to prepare adequately.

50. On 01/31/2024: a five-day bench trial in front of Special Judge April Seibert commenced against what i demanded—i demanded "a trial in front of 12 peers of mine (thus second generation Asian American family physicians) in common law court under article three court, with observation by an article three court NONspecial judge federal judge". During this fraudulent bench trial overruling my objections threatening defaulted judgment if i don't show up, i was ordered to have only 10 hours to testify (with a countdown clock by a special judge which i objected to repeatedly pretrial, during trial, and post trial), to present witnesses, to cross-examine all witnesses regarding all topics of custody, child support, and 10 contempt filings, defense against five (5) contempt allegations, while all other parties had the remainder of the time and plenty of court days prior to trial. OUTCOME: All contempt charges against me were substantiated, while all charges against Adam were dismissed without due process, without impartiality.

51. I have NEVER agreed to a restraining order with Adam, contrary to April Seibert's allegation. I have proof of my objection. I also did not agree to my signature being waived. This is significant because Adam previously filed a false Protective Order (PO), and later Adam Sylvester Stephens admitted under oath that he committed perjury on the police report and lied under oath further that he is unaware that perjury was a crime despite acknowledging his law enforcement background and dismissal from police force due to anger issues (available on transcript in courts). Two false Violations of Protective Orders (VPO)

against me were eventually dismissed after 2 years of legal abuse by the Defendants.
Regarding the subsequently alleged 'Mutual Civil Restraining Order' from October 30-31,
2023, Gilbert Pilkington, opposing counsel, fraudulently filed it as "*MUTUAL CIVIL
RESTRAINING ORDER Document Available (#1056644528)*" *without* my signature or
consent to waive it. Following this, the "**10-31-2023 Plaintiff'S SIGNATURE PAGE &
STIPULATION OF MUTUAL CIVIL RESTRAINING ORDER**" shows that instead of
signing, I submitted a formal OBJECTION before opposing counsel's filing, where he falsely
claimed "waiving of [my] signature by Court" Document Available (#1056657475) – see
**Exhibit #3 of my actual documents and his fraud-upon-the-court filing!**

52. i state under OATH and will state under oath in a judicial setting or otherwise that (1) i am
NOT nor have i ever been an "absent Father" whose child required Federal or state funded
welfare assistance because of his absence and parental power was neither lost through any
fault of his own. (2) there is no evidence out there and there was no evidence presented at the
time of the *alleged* initial support-orders 10/17/2022 and 02/20/2024 [*duplicated orders
violating judicial estoppel, res judicata, nisi prius, and stare decisis of binding finalized child
support order 01/10/2016 in Columbia County, state of Oregon between Adam and i*] or at
the time of any request for application of services by the custodial parent named in the
account that i was an "absent Father" whose child required Federal or state funded welfare
assistance because of my absence. (3) i have always been a non-Absent Mother, still am, and
forever will be a non-Absent Mother. (4) i declare not to be subject to restraints not shared by
the public generally *(See Jones v Cunningham)*. There has never been a motion to modify
child support in Oklahoma, filed by either the ex-husband or the Plaintiff, nor has the
Plaintiff ever consented to or signed any such motion. Some evidence and affidavits are

068

available at **https://tinyurl.com/4cdv5u56** and more is available upon request.

53. On 02/20/2024: an unjust and unconstitutional duplicated child support order was issued by Special Judge April Seibert, ordering me to pay $2,360.24/month.

54. May 2024: OKDHS billed me *$2,360.24/month and illegally seized $64,445.92 from my 401(k) retirement account @ my age of 40, despite my non-retirement status*. These accounts, earned during my employment with Cherokee Nation from August 2018 to September 2020 and during a subsequent marriage, are federally protected from child support garnishment. My judicial notices, objections, and motion to change venue to federal court article three court, etc, were disregarded by the judges, court actors, bank BAR CARD ATTORNEY Mary Johnmeyer, and OKDHS CSS employees. This seizure of ERISA funds occurred in front of Administrative Special Judge Robert Perugino on May 08, 2024, during the Office of Administrative Hearing. It is important to note that my divorce was finalized in January 2016, long before the establishment of that 401(k). The 401(k) was liquidated, as indicated in a bank-email dated May 07, 2024, which was one day before the scheduled DHS liquidation of 401(k) hearing.

55. On 02/06/2024-02/07/2024: a six-membered jury trial was held regarding contempt of court for my inability to pay child support in front of Special Judge Deborrah Ludi-Leitch (who will be succeeded by Loretta Radford). Jury trial resulted in a guilty verdict against me, sentencing me to 60 DAYS IN JAIL and a purging fee of $12,913.40 IN CASH BOND, while ignoring my inability to pay and prior affirmations of indigent status. The trial included numerous procedural errors and a deprivation of rights. Special Judge Deborrah Ludi-Leitch denied my request to serve my sentence on weekends—i wanted to work on weekdays to pay alleged fines, fees, and debts—thereby causing my direct primary care clinic to close

permanently. This punished me in a cruel and unusual manner, and destroyed my business. Pretrial, during trial, and posttrial, the courts repeatedly denied my requests to invoke a Rule 8 Hearing regarding my inability to pay and to present evidence of fraud and misconduct regarding an unconstitutional child support order that was issued and requiring me to pay support despite my financial circumstances being extensively documented and despite i did not meet any criteria to be subjected to title IV assignment or enforcement.

56. 03/07/2024: Minute Order stated, "PRESIDING SPECIAL JUDGE DAWN MOODY: COURT RECEIVES MOTION [from jail]. NO ACTION TAKEN - IMPROPER PLEADING." "03-12-2024 JUDGE WILMA PALMER FOR FD DOCKET F: ORDER OF THE COURT, FEBRUARY 7, 2024, ENTERED." i endured cruel and unusual punishment while serving my sentence in jail due to my inability to post bond.

57. These Special Judges purposefully delayed the entry of court order for 02/07/2024 hearing until 03/13/2024, preventing my appeal from being initiated and resulted in my prolonged sufferings.

58. On 12/31/2024: i received a letter from Passport-CRBA-Notification@state.gov regarding the revocation of my passport and told me no available means to appeal except through DHS CSS.

59. On 09/30/2024: Oklahoma Supreme Court Justices improperly and permanently revoked my in forma pauperis status in the "Mandamus for Recusal" case # MA-122445, without legal justification or supporting evidence. This action effectively denied my constitutional rights to court access and my ability to seek redress against government abusive actions. The justices disregarded my judicial notice concerning how this arbitrary revocation violated my rights and established Supreme Court precedents that protect the fundamental rights of financially

indigent litigants to meaningful court access, irrespective of financial status. Subsequently, on 02/13/2025, i filed in the same superior court for a Writ of Mandamus for the Oklahoma State Bureau of Investigation (OSBI) to investigate the abuses of my daughter (16 pages + All evidence attached 152 pages); however, i was met with an unconstitutional sealing of the mandamus and its evidence from public eyes, and an unconstitutional and obstructive Minute Order on the same date 02/13/2025, stating that the mandamus would be dismissed for lack of payment "by February 8, 2025" which was seven days prior to the court order that has not properly served to me.

60. On 05/02/2025, Special Judge Loretta Radford a/k/a LORETTA RADFORD proceeded with proceedings of double jeopardy (unconstitutional) despite the existence of a contested jurisdictional challenge, a pending removal to federal court, and an ongoing appeal in Oklahoma Supreme Court regarding a prior same conviction. Ms. Radford denied the demand for a stay of proceedings notwithstanding these properly raised jurisdictional challenges and pending appeals. During these proceedings, Special Judge Radford granted remote virtual participation to the opposing party (ex-husband) and his legal counsel while simultaneously denying the same virtual access to the defendant, thereby creating disparate treatment. ADA advocates and authorized court observers were barred from virtual attendance at public hearings concerning the entity bearing a similar name to Plaintiff (though distinguished by capitalization), while representatives from the State and opposing counsel's team were permitted online access. Individuals attempting in-person court observation were threatened with arrest by Special Judge Radford and Tulsa County District Court Sheriff Jacob R Williamson. Despite verified financial indigency and repeatedly affirmed indigency both by Oklahoma Supreme Court and Federal Courts, Special Judge

---

Radford issued a default bench ruling against the defendant based solely on inability to pay $350 in jury trial fees. When the defendant offered to pay a $20 court reporter fee by credit card, with confirmation of available funds from her advocates, the court and the filing clerk and administrative clerk (the assistance of Kim Hall who refused to give her name to the advocate) refused to accept this payment and refused to have a court reporter in the room. The court declined to address pretrial issues raised, including jurisdictional challenges and assertions regarding consent to state court proceedings despite being foreign national of VIET NAM country in the ASIA continent (not in Washington D.C.). According to court watchers, a week or so later, Special Judge Radford subsequently *fraudulently* and *maliciously* alleged the defendant (Plaintiff in this federal habeas) was a "no-show" after preventing attendance at the hearing virtually (since Plaintiff moved to South Carolina and cannot afford a car she appeared virtually), then issued a **default bench conviction** with a six-month jail sentence (see **Exhibit #4** the affidavit of bystander neutral court watcher first-hand witness, redacted for her safety). The court attempted to re-prosecute identical contempt charges after the Plaintiff was wrongfully seized without a valid/constitutional warrant and already completed a full 60-day sentence imposed by previous Special Judge the predecessor Deborrah Ludi-Leitch a/k/a DEBORRAH LUDILEITCH. State proceedings continued despite multiple pending federal cases addressing the same constitutional issues, and hearings were scheduled with knowledge that the underlying child support order conflicts with a binding Oregon decree and federal law.

61. <u>ONGOING ISSUES</u>: *i have proof of these claims, and evidence is available upon request, with some made accessible online*: **https://tinyurl.com/4cdv5u56** . i've experienced repeated discrimination and biased treatment in DHS and in court proceedings, including being denied

the opportunity to present evidence and call witnesses. The court has systematically *ignored* my requests for due process, fair hearings and protection of my property, privacy, life, liberty, and the pursuit of happiness. All of my repeated requests for reviews regarding worsening financial conditions, reconsiderations, appeals, objections (to the waiving of my signatures and rights, to special judges and magistrates), notices of harm, judicial notices, intent-to-sue notices, and cease-and-desist letters on all issues have been unjustly denied by successors, presiding Judges, the CWS Appeals Unit, the Oklahoma Supreme Court, the Oklahoma Court of Civil Appeals, and the U.S. District Court for the Northern District of Oklahoma. All court transcripts filed by the courts have been altered/tampered with by the courts or their court reporters, or both, as compared to the original voice recordings available from court observers or whistleblowers or Microsoft Teams videos (proof available upon request). Official requests for voice recordings and all FOIA requests have been denied by court reporters, the courts, and OKDHS. My requests under the Americans with Disabilities Act have been unlawfully denied by the courts, despite being approved on paper. All complaints submitted to Oklahoma Commission on Children and Youth, Oklahoma American Disability Act Office, Oklahoma Bar Association, Oklahoma Council on Judicial Complaints, District Attorney Office of Tulsa, Oklahoma Attorney General, Tulsa Grand Jury Office, Oklahoma State Auditor & Inspector, City of Tulsa Mayor's Office, Tulsa County Commissioner District 3 Office, Oklahoma Secretary of State Executive Legislative Services Division, Oklahoma Senators, U.S. Rep. House Judiciary, U.S. Senator of Oklahoma, Governor of Oklahoma, National Passport Center, STATE OF OKLAHOMA RISK MANAGEMENT DEPARTMENT OFFICE OF MANAGEMENT & ENTERPRISE SERVICES have all been ignored–except for Oklahoma House of Representative majority who ordered OSBI to

investigate OKDHS for my case among six egregious well-documented cases but OSBI unlawfully refused to investigate or act for safety of children.

IN SUMMARY:

62. G.L.Stephens was placed in the custody of Adam Sylvester Stephens, who has a documented history of child abuse. Specifically:

- Defendant Stephens has substantiated cases of child abuse by DHS in Oregon state involving his 15-year-old female offspring

- OKDHS whistleblower Maria Chico in Oklahoma documented substantiated abuse by Adam Sylvester Stephens; this CPS report and evidence was subsequently truncated/altered by an OKDHS supervisor in an apparent attempt to conceal Adam Sylvester Stephens' history of abuse

63. The placement of G.L.Stephens with a documented child abuser demonstrates the egregious nature of the state's actions and the immediate danger faced by the child in her current placement.

64. The actions leading to G.L.Stephens's removal lacked due process. Despite the established custody agreement, Defendants have conspired to undermine Plaintiff's rights, highlighting systemic failures that include:

- Failure to join indispensable parties to the proceedings

- Reliance on unverified allegations without any evidentiary support

- Improper ex parte proceedings were conducted without adequate notice or opportunity to respond, and even after rebuttal, the case was unjustly moving forward even when appeals in state appeal courts were still pending.

- Public court watchers were threaten with arrest and intimidated by physical force and detainment (**see Exhibit #2**).
- Refusing to acknowledge dispositive DNA evidence that Plaintiff is NOT a deadbeat father.
- Sealing records to prevent Plaintiff and the demanding public court watchers from accessing evidence fraudulently submitted by Defendants contrary to actual truthful evidence.
- Suppressing evidence of Adam Sylvester Stephens' history of child abuse
- Placing the child with an individual with documented history of child abuse

65. Paternity DNA testing, which Plaintiff repeatedly demanded and which would have conclusively established the parent-child relationship, was deliberately obstructed by OKDHS and the STATE OF OKLAHOMA. This obstructive conduct highlights the absence of any lawful establishment of jurisdiction over the parent-child relationship under Oklahoma law, which is a prerequisite for imposing child support obligations and for the subsequent unconstitutional imprisonment of Plaintiff for inability to pay such fraudulently alleged debts. Plaintiff possesses substantial evidence demonstrating that this enforcement action falls completely outside the legitimate scope of Social Security Act Title IV provisions, which are specifically intended to target willfully non-supporting fathers, not a fit mother with a pre-existing custody agreement who has actively sought access to her child. The Defendants' defamatory assertions and characterization of Plaintiff as a "deadbeat father" directly contradict the Oregon decree establishing "Jeep and Trailer in lieu of child support" and violate principles of full faith and credit, comity, and res judicata while constituting fraud upon the court.

66. Plaintiff has made exhaustive and diligent efforts to challenge these unconstitutional actions through Oklahoma state courts, pursuing every available procedural avenue including:

- Multiple motions to vacate void orders pursuant to 12 O.S. § 1031 and § 1038, specifically identifying constitutional defects and jurisdictional failings as recognized in *Armstrong v. Manzo*, 380 U.S. 545 (1965) and *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)

- Formal requests for evidentiary hearings on jurisdictional challenges, supported by sworn affidavits and documentary evidence

- Detailed motions to unseal records containing exculpatory evidence and critical testimony, including the unaltered reports from OKDHS whistleblower Maria Chico documenting Adam Sylvester Stephens' history of child abuse

- Multiple appeals to the Oklahoma Court of Civil Appeals and Oklahoma Supreme Court challenging constitutional violations, all of which were summarily dismissed without addressing substantive due process claims

- Petitions for Writ of Mandamus (Case # MA-122445 for example) and Writ of Prohibition based on fraud upon the court and lack of subject matter jurisdiction as established in *United States v. McIntosh*, 833 F.3d 1163 (10th Cir. 2016)

- Formal judicial notices regarding violations of the Full Faith and Credit Clause in relation to the binding Oregon divorce decree

Each of these state court remedies has been systematically thwarted through procedural obstructions, arbitrary denials, and the sealing of critical evidence, demonstrating the complete failure of the state judicial system to provide meaningful review of these fundamental constitutional violations.

67. Despite these efforts, the Oklahoma judiciary has systematically denied Plaintiff meaningful review, summarily dismissing her pleadings without addressing the substantive constitutional issues. This pattern of obstruction demonstrates the futility of further state court proceedings and the necessity of federal intervention to vindicate clearly established constitutional rights.

68. **No meaningful hearing before a civilian Court of public Record has occurred prior to the removal of G.L.Stephens from Plaintiff's custody. Plaintiff is neither active duty military, in the Reserve, nor an employee of the State, therefore no specialized jurisdiction existed to bypass ordinary due process requirements for civilian proceedings.**

69. No explanation of the Nature of the Action was provided to Plaintiff prior to the removal of G.L.Stephens, violating the fundamental notice requirement under the Fourteenth Amendment's Due Process Clause as articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

70. No explanation of the Cause(s) of Action was communicated to Plaintiff prior to the removal of G.L.Stephens, depriving her of any opportunity to prepare a defense against specific allegations as required under *Goldberg v. Kelly*, 397 U.S. 254 (1970).

71. Plaintiff was denied effective assistance of counsel during critical stages of the proceedings. Her court-appointed attorneys failed to present exculpatory evidence, failed to object to procedural irregularities, waived hearings without Plaintiff's informed consent, and concealed vital information regarding ex parte proceedings. This systematic deprivation of meaningful representation violated Plaintiff's due process rights as recognized in *Lassiter v. Department of Social Services*, 452 U.S. 18 (1981), which acknowledges that due process may require

appointed counsel in parental rights proceedings where the risk of erroneous deprivation is high and the state's interest is minimal.

72. Jurisdictional requirements for subject matter, personal jurisdiction, and territorial jurisdiction were not satisfied before the removal of G.L.Stephens, rendering all subsequent orders void ab initio under controlling Supreme Court precedent in *United States v. United Mine Workers*, 330 U.S. 258 (1947). Despite Plaintiff's prompt and repeated challenges to jurisdiction upon discovering the removal of G.L.Stephens by OKDHS, no court has conducted the requisite evidentiary hearing to establish a proper jurisdictional basis as required by *Kulko v. Superior Court*, 436 U.S. 84 (1978).

73. **Plaintiff has never been adjudicated unfit in any proceeding comporting with due process, has never had her parental rights lawfully terminated, and has been systematically denied meaningful access to her daughter. She has been excluded from all legal, educational, and medical decisions despite no finding of unfitness. Court-ordered communications are sporadic, heavily monitored, and frequently withheld unless Plaintiff pays exorbitant fees, effectively creating a hostage-ransom situation that offends fundamental constitutional principles established in *Troxel v. Granville*, 530 U.S. 57 (2000).**

74. The sacred mother-child relationship is being irreparably destroyed through the continuing enforcement of facially void and unconstitutional orders. Each day of enforcement inflicts new and compounding harm to the parent-child bond that cannot be remedied by post-deprivation proceedings. The continuing enforcement of these void orders violates Plaintiff's fundamental rights under the Due Process Clause of the Fourteenth Amendment

and directly contravenes the Supreme Court's clear precedent in *Stanley v. Illinois*, 405 U.S. 645 (1972) and *Santosky v. Kramer*, 455 U.S. 745 (1982).

## XII. LEGAL CLAIMS FOR RELIEF

75. Plaintiff asserts the following claims for relief, arising from the unlawful detention of her minor daughter, G.L.Stephens, and the systemic deprivation of her fundamental rights under color of state law. This state-sanctioned kidnapping, executed through void court orders, fraud, and judicial misconduct, violates the U.S. and Oklahoma Constitutions, federal statutes, and state law. Plaintiff seeks habeas corpus, civil rights remedies, declaratory relief, injunctive relief, and an emergency permanent restraining order to end this constitutional crisis and restore the lawful parent-child relationship that has been severed through abuse of governmental authority and coordinated obstruction of justice.

**CAUSE OF ACTION I: PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2241, 28 U.S.C. § 1651, and 12 O.S. § 1331)**
**(Unlawful Detention of biological property (female offspring) G.L.Stephens in Violation of Constitutional Rights)**
**All Defendants**

76. Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

77. Pursuant to 28 U.S.C. § 2241(c)(3), 28 U.S.C. § 1651 (the All Writs Act), and 12 O.S. § 1331, this Court is vested with authority to grant habeas corpus relief where a person is detained in violation of the Constitution, laws, or treaties of the United States. Although Plaintiff is not personally incarcerated, her biological property, G.L.Stephens, is unlawfully detained (unwarranted seizure) under color of state law by Defendants through void orders in juvenile court propagated by family court and child support enforcement court, etc.

78. The challenged orders, issued without subject-matter/personal/territorial jurisdiction, proper notice, or adherence to due process, were predicated on falsified documents and extrinsic

fraud, rendering them void ab initio. See *U.S. v. United Mine Workers*, 330 U.S. 258, 291 (1947); *United States v. McIntosh*, 833 F.3d 1163, 1172 (10th Cir. 2016).

79. G.L.Stephens has been separated from Plaintiff, her biological owner/mother, since December 3, 2021, subjected to parental alienation, and exposed to documented risks in her current placement with Adam Sylvester Stephens, a known and substantiated child abuser. Defendants' enforcement of these orders constitutes a state-sanctioned kidnapping, violating Plaintiff's fundamental rights to familial association and due process under the First and Fourteenth Amendments.

80. This right cannot be infringed absent strict procedural safeguards, including adequate notice, an evidentiary hearing, the opportunity to be heard, and a judicial finding—based on clear and convincing evidence—that the parent is unfit or that removal is justified by a compelling state interest. See *Troxel v. Granville*, 530 U.S. 57, 65-66 (2000); *Santosky v. Kramer*, 455 U.S. 745, 753 (1982); *Stanley v. Illinois*, 405 U.S. 645, 651-52 (1972); *Halley v. Huckaby*, 902 F.3d 1136, 1153 (10th Cir. 2018).

81. The Oklahoma courts' failure to join indispensable parties, reliance on forged documents, and improper venue render its custody orders void ab initio for lack of subject-matter, personal, and territorial jurisdiction and violation of due process. As a matter of constitutional law, the state may not interfere with the fundamental parent-child relationship without first affording full and fair judicial process.

82. Oklahoma officials declared OKDHS and then Adam Sylvester Stephens the custodian of a biological property (female offspring) without notice to Plaintiff, without joinder of the primary-attachment and primary biological owner/mother (Plaintiff) and without any

evidentiary proceeding—thus violating both procedural and substantive due process guarantees.

83. The Tenth Circuit has clarified that constitutional claims may be heard in federal court even when they arise from a family law context. *Vaughan v. Smithson*, 883 F.2d 63, 64 (10th Cir. 1989). In *Halley v. Huckaby*, 902 F.3d 1136, 1153 (10th Cir. 2018), the Court emphasized that parental rights are among the most critical liberty interests protected by the Constitution and that procedural shortcuts are constitutionally <u>impermissible</u>.

84. The orders violate the **UCCJEA**, which Oklahoma has codified at Okla. Stat. tit. 43, § 551-101 et seq. The UCCJEA confers exclusive jurisdiction over custody matters to the child's "home state," and mandates joinder of all persons claiming parental status. Because no proper paternity or custody proceeding was opened in the correct jurisdiction and the biological parent (Plaintiff) was never joined, the Oklahoma court lacked jurisdiction from the outset.

85. The Supreme Court's recent decision in *Golan v. Saada*, 596 U.S. ___ (2022), though addressing the **Hague Convention on International Child Abduction**, establishes principles equally applicable to domestic custody disputes involving grave risk to children. The Court held that when a grave risk of harm to a child is established, courts retain discretion to determine appropriate remedies and are not categorically required to examine all possible ameliorative measures before denying a return petition.

86. The Court emphasized that "any consideration of ameliorative measures must prioritize the child's physical and psychological safety" and that a court may "decline to consider imposing ameliorative measures where it is clear that they would not work because the risk is so grave." In cases involving child abuse, the Court noted that such situations may "constitute

an obvious grave risk to the child's safety that could not readily be ameliorated." The Court further recognized that "a court may also decline to consider imposing ameliorative measures where it reasonably expects that they will not be followed."

87. The placement of G.L.Stephens with Adam Sylvester Stephens, who has substantiated cases of child abuse documented by both Oregon DHS and OKDHS whistleblower Maria Chico, presents precisely the type of grave risk that Golan v. Saada recognizes as justifying immediate intervention without further ameliorative measures. The deliberate concealment of this evidence by OKDHS supervisors who truncated official reports constitutes both fraud on the court and demonstrates the futility of expecting that any ameliorative measures would adequately protect G.L.Stephens while in Adam Sylvester Stephens' custody.

88. As the Supreme Court recognized, "the Convention explicitly recognizes that the child's interest in avoiding physical or psychological harm, in addition to other interests, 'may overcome the return remedy.'" Here, the substantiated history of child abuse by Adam Sylvester Stephens creates a grave risk that cannot be effectively mitigated by lesser measures, requiring the immediate return of G.L.Stephens to her biological mother.

89. The continued placement of G.L.Stephens with Adam Sylvester Stephens creates an imminent risk of harm to the child, given his documented history of child abuse substantiated by both Oregon DHS and OKDHS whistleblower Maria Chico. The intentional suppression of this evidence by OKDHS supervisors who truncated official reports constitutes fraud on the court and deliberate endangerment of G.L.Stephens

90. Plaintiff has diligently pursued relief in Oklahoma state courts, including motions under Oklahoma's equivalent to Rule 60(b) and other procedural vehicles, all of which were

summarily denied without meaningful review. The Oklahoma judiciary's structural conflicts render state remedies inadequate and illusory.

91. Plaintiff respectfully requests that this Court: (a) issue a writ of habeas corpus directing the immediate release of G.L.Stephens from unlawful detention by OKDHS and subsequently by Adam Sylvester Stephens; (b) restoration of custody to Plaintiff; (b) declare the Oklahoma's custody orders and child support orders and child support enforcement orders void ab initio; and (c) enjoin Defendants from further enforcing said orders.

## CAUSE OF ACTION II: VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) AND DEPRIVATION OF RIGHTS UNDER COLOR OF LAW (18 U.S.C. § 242)
### (Involuntary Servitude, Coerced Labor, and State-Facilitated Child Trafficking, Fourth Amendment - Unwarranted Seizure of Child and of Plaintiff (False Imprisonment, Unlawful Arrest 25 CFR § 11.404))
### All Defendants

48. Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

49. Acting under color of state law, Defendants—including OKDHS, OKCPS, Tulsa County District Court, STATE OF OKLAHOMA's employees, Bridget O'Brien a/k/a Bridget Kay Menser, and Adam Sylvester Stephens—have deprived, and continue to deprive, Plaintiff of her clearly established rights guaranteed by the Fourteenth Amendment to the United States Constitution, including procedural due process, substantive due process, and the fundamental liberty interest in familial association.

50. Defendants unlawfully seized G.L.Stephens from her school on December 3, 2021 without a valid warrant and without documented exigent (emergent) circumstances, based solely on unfounded claims, in violation of her Fourth Amendment rights against unreasonable seizure.

51. The Supreme Court and Tenth Circuit have recognized that the seizure of a child from their parent constitutes a "seizure" under the Fourth Amendment requiring probable cause, not

mere suspicion. The court has held that "child welfare officials are not exempt from Fourth Amendment constraints when they effectuate the removal of children from their parents' custody," establishing that warrantless seizures of children are presumptively unconstitutional absent genuine emergency circumstances supported by articulable facts.

52. No such emergency circumstances existed in this case. G.L.Stephens was seized from school without any evidence of imminent danger, without a federal warrant specifically authorizing such removal (required due to G.L.Stephens being a Vietnamese citizen of the Asian continent by law and birth rights), and without affording the Plaintiff an opportunity to contest the basis for removal prior to its execution.

53. This seizure was conducted without exigent circumstances, in violation of clearly established Fourth Amendment principle.

54. Exacerbating the constitutional violation, G.L.Stephens was placed in the custody of Adam Sylvester Stephens, a known child abuser with substantiated cases of abuse in multiple states (Oregon, California, Washington, Oklahoma, etc.), while evidence of this abuse was intentionally concealed by state officials and, when confronted, they continued to disregard it, thereby perpetuating the abuse of children to secure state funding through Social Security Act Title IV to commit fraud against taxpayers and the public.

55. The custody orders were entered without subject-matter/personal/territorial jurisdiction, without constitutionally adequate notice, without joinder of indispensable parties, and based on falsified documents and sealed evidence. These orders are void ab initio and have never been subject to lawful adjudication or adversarial testing.

56. The state actors deliberately concealed and suppressed evidence of Adam Sylvester Stephens' history of child abuse, placing G.L.Stephens in the custody of a known abuser and creating

an ongoing risk of serious harm to the child. This concealment, including the truncation of official reports by OKDHS supervisors, constitutes fraud on the court and deliberate indifference to G.L.Stephens's safety and welfare.

57. The ongoing enforcement of these void orders has served, and continues to sever, Plaintiff's constitutionally protected parental relationship with her biological female offspring, G.L.Stephens, without any judicial determination of parental unfitness, without a due process hearing, and without any opportunity for adversarial testing. Each act of enforcement constitutes a discrete and continuing constitutional violation under 42 U.S.C. § 1983.

58. The continuing violation doctrine applies, as the enforcement of these void orders constitutes an ongoing deprivation of Plaintiff's constitutional rights. See *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Troxel v. Granville*, 530 U.S. 57, 65-66 (2000); *J.B. v. Washington County*, 127 F.3d 919, 925 (10th Cir. 1997).

59. The Supreme Court's analysis in *Golan v. Saada*, 596 U.S. ___ (2022), reinforces that courts must prioritize a child's physical and psychological safety when evidence of abuse exists. The Court specifically noted that "sexual abuse of a child is one example of an intolerable situation" and that "other physical or psychological abuse, serious neglect, and domestic violence in the home may also constitute an obvious grave risk to the child's safety that could not readily be ameliorated." This principle applies with equal force to constitutional claims under § 1983, particularly where state actors have deliberately concealed evidence of abuse.

60. Defendants' placement of G.L.Stephens with Adam Sylvester Stephens, despite documented evidence of his history of child abuse, constitutes deliberate indifference to G.L.Stephens's safety and welfare in violation of her substantive due process rights. As the Supreme Court recognized in *Golan*, courts may properly "decline to consider imposing ameliorative

085

measures where it reasonably expects that they will not be followed," citing as an example a "parent with history of violating court orders." Here, the deliberate concealment of abuse evidence by state actors suggests not only that ameliorative measures would be insufficient, but that the state itself cannot be trusted to properly monitor and protect G.L.Stephens while in Adam Sylvester Stephens' custody.

61. The constitutional violations in this case are particularly egregious because Defendants not only failed to protect G.L.Stephens from a known risk of harm but actively facilitated her placement in a dangerous environment by concealing evidence that would have prevented such placement. *Golan v. Saada* confirms that the state's interest in family unity or custodial determinations must yield to "the primary interest of any person in not being exposed to physical or psychological danger or being placed in an intolerable situation." This principle applies with even greater force where, as here, the child has been removed from a fit parent and placed with an individual with documented history of abuse.

62. Plaintiff has suffered irreparable injury, including but not limited to: the loss of her fundamental parental rights; severe emotional and psychological trauma; reputational damage; and the destruction of the mother-child bond.

63. Plaintiff respectfully requests: (a) a declaratory judgment that Defendants' actions violate her Fourth Amendment rights; (b) an injunction prohibiting further enforcement of the <u>void Oklahoma's orders since December 2021</u>; (c) restoration of Plaintiff's full parental rights <u>without restrictions nor extortion fees nor ransom fees</u> to G.L.Stephens; and (d) such further relief as the Court deems just and necessary.

**CAUSE OF ACTION III: JUDICIAL DECEPTION AND INTERFERENCE WITH FAMILIAL ASSOCIATION (42 U.S.C. § 1983)**
**All Defendants**

67. Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

68. As in L.K. v. Dr. Robinson, where the court critiqued the use of judicial power to separate families without just cause, the actions by Defendants demonstrate a continued effort to disrupt Plaintiff's relationship with her female offspring through deceptive practices and unfounded claims.

69. Defendants have deliberately misrepresented facts to the court, concealed exculpatory evidence, and engaged in a pattern of deception designed to maintain the unlawful separation of Plaintiff from her female offspring.

70. These actions have directly interfered with Plaintiff's constitutionally protected interest in familial association, recognized as a fundamental liberty interest by the Supreme Court in numerous decisions, including Troxel v. Granville, 530 U.S. 57 (2000) and Meyer v. Nebraska, 262 U.S. 390 (1923).

71. The interference with Plaintiff's familial association rights was conducted without any compelling governmental interest, without narrowly tailored means, and without adherence to basic due process requirements.

72. Plaintiff respectfully requests: (a) a declaratory judgment that Defendants' actions violate her right to familial association; (b) an injunction prohibiting further interference with her parent-child relationship; and (c) such further relief as the Court deems just and necessary.

**CAUSE OF ACTION IV: FALSE ARREST AND JUDICIAL DECEPTION (42 U.S.C. § 1983)**
**All Defendants**

73. Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

74. The extended unlawful detention of G.L.Stephens stems from fraudulent narratives and mischaracterizations similar to those found in the aforementioned Louisiana case of *L.K. v. Dr. Robinson.*

75. Defendants have knowingly presented false information to judicial authorities, suppressed exculpatory evidence, and manipulated legal processes to maintain the unlawful separation of G.L.Stephens from her mother.

76. These actions constitute false arrest and detention under color of law, violating both Plaintiff's and G.L.Stephens's Fourth and Fourteenth Amendment rights.

77. The Supreme Court has recognized that the presentation of deliberately false or misleading information to judicial officers in order to obtain judicial orders constitutes a violation of clearly established constitutional rights. See *Franks v. Delaware*, 438 U.S. 154 (1978); *Malley v. Briggs*, 475 U.S. 335 (1986).

78. Plaintiff respectfully requests: (a) a declaratory judgment that Defendants' actions constitute **false arrests of both G.L.Stephens and Plaintiff** and **judicial deception**; (b) an injunction prohibiting further detention because it was all based on fraudulent representations; and (c) such further relief as the Court deems just and necessary.

### CAUSE OF ACTION V: MALICIOUS PROSECUTION (42 U.S.C. § 1983)
### All Defendants

79. Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

80. Defendants acted with malice and without documented reliable probable cause, leading to irreparable harm to Plaintiff's dignity and agency.

81. Defendants initiated and maintained legal proceedings against Plaintiff without probable cause, with malice, and with the intent to deprive her of her constitutionally protected parental rights and with the intent to intimidate/abuse.

82. These proceedings terminated in Plaintiff's favor on multiple occasions, only to be reinstated through procedural manipulations and ex parte communications designed to circumvent proper judicial review.

83. Defendants' actions have caused substantial damage to Plaintiff, including severe emotional distress, reputational harm, and the loss of the parent-child relationship.

84. Plaintiff respectfully requests: (a) a declaratory judgment that Defendants' actions constitute malicious prosecution; (b) an injunction prohibiting further malicious proceedings; and (c) such further relief as the Court deems just and necessary.

### CAUSE OF ACTION VI: FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)
### All Defendants

85. Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

86. Retaliatory actions against Plaintiff for asserting her rights violate protected expressions guaranteed under the First Amendment.

87. Plaintiff has engaged in constitutionally protected activities, including filing court motions, requesting hearings, seeking access to sealed records, and advocating for her parental rights and the return of her female offspring.

88. Defendants have retaliated against Plaintiff for engaging in protected activities by:

   o   Denying access to court records and evidence

   o   Summarily dismissing motions without hearings

   o   Imposing increasingly restrictive conditions on visitation

089

- Threatening further restrictions if Plaintiff continues to advocate for her rights

- Concealing evidence that would support Plaintiff's claims

- False protective orders (Plaintiff won against all 4 of them),

- False violations of fraudulent and unadjudicated protective order lasted for two years (Plaintiff won both of them)

- False imprisonment for unvalidated debt in February 2024 sentence served

- Retaliation by the Medical Board (Plaintiff prevailed in the Oklahoma Supreme Court appeal, acting in propria persona or sui juris, case No. **DF-121,740**).

- Unconstitutional Double Jeopardy: Repeated malicious prosecution for the same contempt of court related to an unvalidated debt, and continuation of contempt proceedings despite ongoing appeals in both state and federal courts concerning allegedly fraudulent child support orders.

- A series of court orders of false imprisonment without any criminal charges from the District Attorney's Office showing Tulsa County District Court's corruption, malicious acts, while **lacking all jurisdiction (case No. FD-2015-2228)**, have resulted in the imposition of an unconstitutional debtor prison sentence of six months, repeatedly applied since May 2025. This occurred despite prior these unconstitutional court orders, the case's removal to federal court was pending in U.S. District Court Northern District, case No. **24-CV-216-JDR-CDL** (subsequently transferred to the 10th Circuit, case No. **25-5063**), and while an appeal to the Oklahoma Supreme Court remains pending under case number **DF-122022** and United States Supreme Court filings correspondences 07/2024 and 05/2025 (see **Exhibit #5**) still PENDING until this date.

89. Plaintiff respectfully requests: (a) a declaratory judgment that Defendants' actions constitute **First Amendment retaliation**; (b) an injunction <u>prohibiting further retaliatory conduct and malicious prosecutions</u>; and (c) such further relief as the Court deems just and necessary.

## CAUSE OF ACTION VII: DISCRIMINATION BASED ON NATIONAL ORIGIN, GENDER, RELIGION, ADA RIGHTS, AND OTHER RIGHTS
### All Defendants

91. Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

92. Ongoing biases against Plaintiff have surfaced throughout her interactions with the court and child protective services and all Defendants

93. Defendants have engaged in discriminatory conduct based on Plaintiff's Vietnamese origin and naturalized American traveler and freeman status, in violation of the Equal Protection Clause of the Fourteenth Amendment and federal civil rights laws.

94. This discrimination is evidenced by:

   o Disparate treatment compared to similarly situated parents of different national origins and of Adam SYLVESTER STEPHENS, with financial conflicts of interest being pervasive

   o Biased characterizations of Plaintiff's parenting practices based on cultural stereotypes and religious devotion to Messiah Yahusha (Jesus Christ).

   o Application of different standards and requirements than those applied to parents of different national origins, gender, religion, ADA rights, and other rights

   o Dismissive treatment of Plaintiff's concerns, evidence, and reliable neutral witnesses

95. Such discrimination violates Plaintiff's clearly established right to equal protection under the law regardless of national origin or citizenship status.

---

96. Plaintiff respectfully requests: (a) a declaratory judgment that Defendants' actions constitute unlawful discrimination; (b) an injunction **prohibiting further discriminatory conduct**; and (c) such further relief as the Court deems just and necessary.

### CAUSE OF ACTION VIII: FRAUD UPON THE COURT
### All Defendants

97. Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

98. Misrepresentation of facts and evidence in court proceedings undermines judicial integrity and exemplifies a concerning trend observed in the *L.K. case.*

99. Defendants have engaged in a pattern of deliberate fraud upon the court, including:

   o   Submitting falsified and altered documents

   o   Concealing exculpatory evidence, including DNA test results establishing G.L.Stephens's biological father

   o   Misrepresenting facts and circumstances to obtain ex parte orders

   o   Deliberately truncating and altering reports documenting Adam Sylvester Stephens' factual history of child abuses

   o   Providing false testimony and sworn statements

100.   These fraudulent actions have directly affected the integrity of the judicial process, led to void orders being enforced as if valid, and resulted in the ongoing unlawful separation of Plaintiff from her female offspring.

101.   Courts have inherent authority to remedy fraud on the court, particularly when such fraud undermines the integrity of judicial proceedings and results in ongoing constitutional violations. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Chambers v. NASCO*, Inc., 501 U.S. 32 (1991).

---

092

102. Plaintiff respectfully requests: (a) a declaration that Defendants have committed **fraud upon the court**; (b) an order <u>vacating all orders</u> obtained through fraud by Oklahoma's courts since December 2021; (c) <u>sanctions</u> against those responsible for perpetrating the fraud; and (d) such further relief as the Court deems just and necessary.

## CAUSE OF ACTION IX: ONGOING HARASSMENT AND DENIAL OF RIGHTS
### All Defendants

103. Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

104. Continuous infringement of core constitutional rights experienced by Plaintiff because of the negligence or intentional misconduct of Defendants.

105. Defendants have engaged in a sustained campaign of harassment against Plaintiff, including:

o   Imposing arbitrary and punitive restrictions on contact with G.L.Stephens

o   Monitoring and recording private communications

o   <u>Threatening additional restrictions and false imprisonment/malicious prosecution if Plaintiff continues to advocate for her rights and her biological property's rights and advocating for safety of all Oklahoma's children, elderly, and disabled adults.</u>

o   Interfering with Plaintiff's ability to obtain **grand jury of her peers**

o   <u>Deliberately scheduling hearings and proceedings at times when Plaintiff cannot attend. The Plaintiff and all her American Disability Act advocates and court watchers were all denied virtual access to hearings while other parties and cases were granted such virtual access at the same time and date. Subsequently, it was fraudulently documented by Defendants that the Plaintiff failed to appear</u> (see **Exhibit #4**, featuring a witness

093

statement and signature that have been redacted for the witness's safety pending a jury

trial in this superior court).

- ○ Refusing to provide notice of medical, educational, or legal decisions regarding

  G.L.Stephens

106.    This pattern of **harassment and discrimination** has no legitimate governmental purpose

and serves only to further maliciously prosecute Plaintiff for asserting her constitutional

rights and seeking the return of her female offspring.

107.    Plaintiff respectfully requests: (a) a declaratory judgment that Defendants' actions

constitute unlawful harassment; (b) an injunction prohibiting further harassment; and (c) such

further relief as the Court deems just and necessary.

### CAUSE OF ACTION X: CIVIL CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1985(3)
### All Defendants

108.    Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully

set forth herein, including all factual allegations, legal arguments, and exhibits attached

hereto.

109.    All Defendants, acting in concert under color of state law, engaged in a civil conspiracy

to deprive Plaintiff of her constitutional rights under the First, Fourth, and Fourteenth

Amendments. This conspiracy was designed to deny Plaintiff access to a neutral judicial

forum, suppress dispositive evidence (including DNA test results and evidence of Adam

Sylvester Stephens' history of child abuse), obstruct meaningful judicial review, and retaliate

against her for engaging in protected advocacy. Adickes v. S.H. Kress & Co., 398 U.S. 144,

150-52 (1970); Dennis v. Sparks, 449 U.S. 24, 27-29 (1980).

110.    The conspiracy was effectuated through coordinated acts, including misuse of authority,

manipulation of court dockets, denial of evidentiary hearings, concealment of exculpatory

evidence, and deliberate truncation of official abuse reports by OKDHS supervisors to conceal Adam Sylvester Stephens' history of child abuse, all in furtherance of the conspiratorial objectives.

111.   These acts were undertaken with discriminatory animus against Plaintiff based on her national origin as a Vietnamese-American, and in furtherance of a state-sponsored scheme to retaliate against her and conceal systemic misconduct.

112.   The conspiracy included a deliberate plan to place G.L.Stephens with Adam Sylvester Stephens despite knowledge of his history of child abuse, creating an ongoing risk of serious harm to the child while simultaneously depriving Plaintiff of her constitutional rights.

113.   Plaintiff has sustained profound and irreparable harm as a direct result of Defendants' unlawful conduct, including but not limited to: the ongoing deprivation of her constitutionally protected parental rights; severe emotional and psychological trauma; reputational and professional injury; and the coerced destruction of the sacred and irreplaceable bond between mother and child—all without lawful adjudication, due process, or justification.

114.   Plaintiff respectfully requests: (a) a declaratory judgment that Defendants engaged in a conspiracy under 42 U.S.C. § 1985(3); (b) an injunction prohibiting further conspiratorial acts; (c) an order compelling disclosure of all suppressed evidence, including the unaltered reports documenting Adam Sylvester Stephens' history of child abuse; and (d) such further relief as the Court deems just and necessary.

**CAUSE OF ACTION XI: DECLARATORY RELIEF UNDER 28 U.S.C. §§ 2201-2202**
**(Voidness of State Custody Orders, Structural Denial of Due Process)**
**All Defendants**

115. Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

116. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Plaintiff seeks a judicial declaration that the custody orders pertaining to G.L.Stephens are void ab initio and constitutionally infirm, as they were entered without subject-matter jurisdiction, without constitutionally adequate notice, without joinder of indispensable parties, and based on falsified and sealed documents.

117. The continued enforcement of these void orders violates Plaintiff's fundamental rights under the First and Fourteenth Amendments, as it deprives her of her parental relationship with G.L.Stephens without due process or lawful adjudication.

118. The placement of G.L.Stephens with Adam Sylvester Stephens, a known child abuser with substantiated cases of abuse in multiple states, creates an immediate and ongoing risk of serious harm to the child, in violation of her constitutional rights to safety and security.

119. Declaratory relief is essential to prevent the ongoing and irreparable constitutional, statutory, and human harms that continue to unfold under color of void state orders and systemic misconduct. This is not a case of past injury alone—it is a matter of continuing deprivation, perpetuated daily through the enforcement of facially void custody orders that remain in full effect without lawful basis, judicial scrutiny, or constitutional safeguards.

120. Absent declaratory relief, Plaintiff faces ongoing violations of her fundamental rights: the continued severance of her parent-child relationship; the state-enabled concealment and psychological coercion of her biological female offspring; and the placement of G.L.Stephens with a known child abuser, creating immediate risks to her safety and welfare.

121.    The doctrine of prospective relief under 28 U.S.C. § 2201 is precisely designed for circumstances such as these, where unconstitutional conduct is not a completed event but a continuing course of action. The void custody orders at issue were procured through fraud, sealed proceedings, and lack of jurisdiction, and yet they are enforced as if lawful.

122.    Such declaratory relief is warranted under established precedent. See Ex parte Young, 209 U.S. 123, 155-56 (1908); Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876-77 (2009); Chaffin v. Kansas State Fair Bd., 348 F.3d 850, 866 (10th Cir. 2003).

123.    Plaintiff respectfully requests: (a) a declaratory judgment that the custody orders pertaining to G.L.Stephens are void ab initio; (b) a declaration that Plaintiff retains full parental rights to G.L.Stephens; (c) a declaration that the continued enforcement of these orders is unconstitutional; and (d) a declaration that the placement of G.L.Stephens with Adam Sylvester Stephens, a known child abuser, constitutes deliberate indifference to her safety and welfare.

## CAUSE OF ACTION XII: VIOLATION OF FULL FAITH AND CREDIT CLAUSE (U.S. CONST. ART. IV, § 1)

**(Failure to Honor Binding Oregon Custody Decree) All Defendants**

124.    Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

125.    Article IV, Section 1 of the United States Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings

097

of every other State." This constitutional mandate requires Oklahoma to recognize and enforce valid judgments rendered by courts of sister states, including Oregon.

126.    On January 8, 2016, a valid and binding divorce decree was entered in Columbia County, Oregon, establishing "50/50 joint legal and physical custody" of G.L.Stephens between Plaintiff and Adam Sylvester Stephens, with "unhampered access to child for both parties," and "Jeep and Trailer [from Linh to Adam] in lieu of child support [until child ages out]." This decree, titled "Stipulated General Judgment of Dissolution of Marriage; and Money Award (Co-Plaintiffs)" was officially executed on January 8, 2016 in the "Circuit Court of the State of Oregon for the County of Columbia, Department of Domestic Relations, case No. 15DR18623, Judge Cathleen B. Callahan."

127.    The Supreme Court has consistently held that the Full Faith and Credit Clause requires states to recognize custody and support determinations made by courts of sister states. See *V.L. v. E.L.*, 577 U.S. 404, 407 (2016) (holding that the Full Faith and Credit Clause requires states to recognize adoption decrees issued by courts in other states); *Baker v. General Motors Corp.*, 522 U.S. 222, 233 (1998) (clarifying that "the Full Faith and Credit Clause does not permit a State to disregard the judgment of a sister State because it disagrees with the reasoning underlying the judgment or deems it to be wrong on the merits").

128.    In *Thompson v. Thompson*, 484 U.S. 174, 183 (1988), the Supreme Court recognized that the "chief object" of the Full Faith and Credit Clause "was to serve the vital need of the federalism embodied in the Constitution for a means of effectively implementing the peaceful relations between sovereign state jurisdictions," particularly in the context of custody determinations.

129.    The Tenth Circuit has specifically addressed this issue in *Garcia v. Garcia*, 639 F.3d 1300, 1304 (10th Cir. 2011), holding that "a state must give full faith and credit to a child support order issued by another state's tribunal that had subject-matter jurisdiction to hear and rule on the matter, had personal jurisdiction over the contestants, and provided reasonable notice and opportunity to be heard."

130.    Despite the binding nature of the Oregon decree, Defendants systematically disregarded its terms, instead creating a duplicative and contradictory custody arrangement without proper jurisdiction or constitutional authority. Defendants' actions include: * Modifying the Oregon custody decree from 50/50 custody to zero contact without jurisdiction or due process; * Instituting a new child support obligation despite the Oregon decree's explicit provision of "Jeep and Trailer in lieu of child support"; * Enforcing these void orders through arrest, imprisonment, and the seizure of Plaintiff's passport and retirement funds.

131.    Defendants' refusal to honor the binding Oregon decree violates the Full Faith and Credit Clause of the Constitution and undermines the federal system of cooperative federalism. This violation has directly resulted in the unlawful detention of G.L.Stephens away from her mother and the unconstitutional enforcement of void orders against Plaintiff.

132.    Plaintiff respectfully requests that this Court: (a) declare that the Oregon decree remains the only valid and binding custody and support determination regarding G.L.Stephens; (b) declare that all Oklahoma orders purporting to modify the Oregon decree are void ab initio for lack of jurisdiction and violation of the Full Faith and Credit Clause; (c) order the immediate enforcement of the Oregon decree's terms, including the

return of G.L.Stephens to 50/50 custody with her mother; and (d) enjoin all Defendants from further violating the Full Faith and Credit Clause through enforcement of void Oklahoma orders.

## CAUSE OF ACTION XIII: MONELL LIABILITY FOR UNCONSTITUTIONAL CUSTOMS, POLICIES, AND PRACTICES (42 U.S.C. § 1983)

**All Institutional Defendants**

133.    Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

134.    Under *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978), municipalities and other local government entities can be held liable under 42 U.S.C. § 1983 when their official policies or customs cause constitutional violations. This liability extends to formal policies, widespread customs, actions taken by final policymakers, deliberately indifferent training or supervision, and express adoption or ratification of unconstitutional actions.

135.    The institutional Defendants—including OKDHS, CPS, CSS, and Tulsa County District Court—have established and maintained policies, customs, and practices that systematically violate the constitutional rights of parents and children, including Plaintiff and G.L.Stephens. These unconstitutional policies and customs include, but are not limited to: * Seizing children without warrants or exigent circumstances in non-emergency situations; * Disregarding jurisdictional limitations and established legal precedent regarding parental rights; * Fabricating allegations against protective parents

while concealing evidence of abuse by non-protective parents; * Enforcing void orders in violation of due process, equal protection, and full faith and credit; * Imposing financial barriers to parent-child contact through costly supervised visitation requirements; * Treating custody orders as child support enforcement mechanisms in violation of contractual rights and statutory protections; * Deliberately truncating and concealing official reports documenting child abuse to facilitate placement with abusive parents.

136.    These policies and customs are so persistent and widespread as to constitute de facto official policy. The pattern of similar constitutional violations in this case and others demonstrates a consistent and deliberate institutional approach, not merely isolated incidents of misconduct. See *Okin v. Village of Cornwall-on-Hudson Police Dept.*, 577 F.3d 415, 439 (2d Cir. 2009) (recognizing that custom can be proven through evidence of persistent practices).

137.    Final policymakers, including Defendant Jeffrey Cartmell (Director of OKDHS), Gentner Drummond (Attorney General), and J. Kevin Stitt (Governor), have ratified these unconstitutional practices through their knowledge of violations and failure to take corrective action. As the Supreme Court held in *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988), when policymakers are aware of constitutional violations and fail to stop them, their continued authorization or approval makes the policy their own.

138.    These institutional Defendants have demonstrated deliberate indifference to the known or obvious consequences of their policies, as articulated in *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 407 (1997). Despite numerous notices, judicial filings, and documented evidence of systemic constitutional violations,

these entities have failed to implement adequate training, supervision, or corrective measures to prevent further violations.

139.   The institutional customs and policies directly caused the constitutional violations suffered by Plaintiff and G.L.Stephens, including their unlawful separation, the enforcement of void orders, and the ongoing deprivation of their fundamental rights to familial association. As the Supreme Court recognized in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993), municipal entities can be held liable when their policies or customs are the "moving force" behind constitutional violations.

140.   Plaintiff respectfully requests that this Court: (a) declare that the institutional Defendants' policies, practices, and customs violate clearly established constitutional rights; (b) issue an injunction requiring these entities to implement comprehensive reforms to prevent similar violations; (c) order independent oversight of these institutions to ensure compliance with constitutional standards; and (d) grant such other relief as may be necessary to remedy the systemic deficiencies that led to the constitutional violations in this case.

## CAUSE OF ACTION XIV: VIOLATION OF THE UNCONSTITUTIONAL CONDITIONS DOCTRINE

### All Defendants

141.   Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

142.    The unconstitutional conditions doctrine prohibits the government from requiring individuals to surrender constitutional rights as a condition of receiving public benefits or exercising other rights. As the Supreme Court held in *Perry v. Sindermann*, 408 U.S. 593, 597 (1972), the government "may not deny a benefit to a person on a basis that infringes his constitutionally protected interests."

143.    This doctrine applies with particular force in the context of parental rights, which the Supreme Court has recognized as "perhaps the oldest of the fundamental liberty interests recognized." *Troxel v. Granville*, 530 U.S. 57, 65 (2000). Parents cannot be forced to choose between exercising their constitutional rights and maintaining relationships with their children.

144.    Defendants have systematically imposed unconstitutional conditions on Plaintiff's access to her daughter, requiring her to waive fundamental constitutional rights as a prerequisite to exercising her parental rights. These unconstitutional conditions include: * Requiring payment of $150 per hour for therapeutic supervised visits as a condition of any contact with G.L.Stephens, effectively conditioning the fundamental right of familial association on financial capacity; * Demanding that Plaintiff submit to psychological evaluations by court-selected evaluators and accept their conclusions as a condition of maintaining custody, in violation of her liberty interests and privacy rights; * Requiring Plaintiff to make incriminating statements or admissions contrary to her Fifth Amendment rights as a condition of reunification with her daughter; * Forcing Plaintiff to waive her right to challenge jurisdiction, assert constitutional defenses, or seek federal remedies as a condition of participating in state custody proceedings; * Restricting

Plaintiff's freedom of speech and freedom of religion during supervised visits, prohibiting discussion of religious topics (Jesus and the Bible) with her own daughter.

145.    The Supreme Court has consistently invalidated such conditions across various constitutional contexts. In *Koontz v. St. Johns River Water Management District*, 570 U.S. 595, 606 (2013), the Court held that "the unconstitutional conditions doctrine prohibits burdening the Constitution's enumerated rights by coercively withholding benefits from those who exercise them." Similarly, in *Agency for International Development v. Alliance for Open Society International, Inc.*, 570 U.S. 205, 214 (2013), the Court emphasized that the government "may not place a condition on the receipt of a benefit or subsidy that infringes upon the recipient's constitutionally protected rights."

146.    In the specific context of family rights, the Tenth Circuit has recognized that "restrictions on the fundamental right to familial association must be narrowly tailored to serve a compelling state interest and must use the least restrictive means to achieve that interest." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1198 (10th Cir. 2010). The conditions imposed by Defendants fail this strict scrutiny test, as they are not narrowly tailored to serve any compelling state interest and are not the least restrictive means available.

147.    Defendants' imposition of these unconstitutional conditions has directly resulted in the prolonged separation of Plaintiff from her daughter and the ongoing violation of their fundamental rights to familial association.

148.    Plaintiff respectfully requests that this Court: (a) declare that the conditions imposed by Defendants violate the unconstitutional conditions doctrine; (b) enjoin Defendants from continuing to impose such conditions on Plaintiff's exercise of her parental rights;

(c) order the immediate restoration of Plaintiff's access to her daughter without unconstitutional restrictions; and (d) grant such other relief as may be necessary to remedy the harm caused by these unconstitutional conditions.

## CAUSE OF ACTION XV: VIOLATION OF FEDERAL PROTECTION OF CHILDREN AGAINST SEXUAL EXPLOITATION ACT (18 U.S.C. §§ 2251-2260A)

**All Defendants**

149.    Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

150.    The Federal Protection of Children Against Sexual Exploitation Act, 18 U.S.C. §§ 2251-2260A, establishes comprehensive protections for children against sexual exploitation and abuse. This federal statutory scheme reflects Congress's determination that protecting children from sexual exploitation is a compelling governmental interest of the highest order. See *New York v. Ferber*, 458 U.S. 747, 757 (1982) (recognizing the "compelling interest in protecting the physical and psychological well-being of minors").

151.    While primarily creating criminal penalties, these federal protections also establish standards of care that state agencies must observe when making custody determinations that impact children's safety. Courts have recognized that state actors who knowingly place children in dangerous situations that facilitate sexual exploitation can be held liable under civil rights laws. See *Doe v. Jackson County*, 542 F. Supp. 2d 1047, 1055 (W.D. Mo. 2008) (finding potential liability where state actors knowingly placed children with abusers).

152.    Defendants have violated these federal protections by knowingly placing G.L.Stephens with Adam Sylvester Stephens despite documented evidence of his history of child abuse. Specifically: * Adam Sylvester Stephens has substantiated cases of child abuse by DHS in Oregon state involving his 15-year-old female offspring when G.L.Stephens was two years old; * OKDHS whistleblower Maria Chico documented substantiated abuse against Adam, evidence which was subsequently truncated from official reports by DHS supervisors Leah Sukovaty and Shasta Miller in an apparent attempt to conceal Adam's history; * Despite being aware of these serious allegations and documentation, Defendants deliberately placed G.L.Stephens in Adam's sole custody, creating a situation of substantial risk to her safety and welfare.

153.    The deliberate concealment of evidence showing Adam's history of abuse, including the truncation of official reports, directly facilitated this dangerous placement. As the Supreme Court recognized in *United States v. Holston*, 343 F.3d 83, 91 (2d Cir. 2003), the government has a compelling interest in "safeguarding the physical and psychological well-being of a minor," particularly from sexual exploitation.

154.    Defendants' actions in this case—concealing evidence of abuse, ignoring substantiated reports, and placing G.L.Stephens with a documented abuser—directly undermine the federal statutory scheme designed to protect children from exploitation. Their conduct creates precisely the dangerous environment that federal law seeks to prevent.

155.    The placement of G.L.Stephens with Adam Sylvester Stephens, coupled with the prohibition on contact with her protective mother, creates an ongoing risk of harm that this Court has both the authority and obligation to remedy. As recognized in *DeShaney v.*

*Winnebago County Department of Social Services*, 489 U.S. 189, 201 (1989), while the state generally has no affirmative duty to protect citizens from private harm, it does have such a duty when its actions create or exacerbate the danger.

156.    Plaintiff respectfully requests that this Court: (a) declare that Defendants' actions in placing G.L.Stephens with Adam Sylvester Stephens violate federal protections against child exploitation; (b) order the immediate removal of G.L.Stephens from Adam's custody to prevent potential harm; (c) require a comprehensive investigation into the concealment of evidence regarding Adam's abuse history; and (d) grant such other relief as may be necessary to ensure G.L.Stephens's safety and welfare.

## CAUSE OF ACTION XVI: VIOLATION OF RIGHT TO TRAVEL (U.S. CONST. AMEND. XIV)

### CSS and Relevant Defendants

157.    Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

158.    The right to travel, both domestically and internationally, is a fundamental liberty protected by the United States Constitution. This right encompasses three separate components: the right to enter and leave one's own country, the right to travel freely between states, and the right to be treated equally when temporarily present in another state. See *Saenz v. Roe*, 526 U.S. 489, 500 (1999).

159.    The Supreme Court has consistently recognized the fundamental nature of the right to travel internationally. In *Kent v. Dulles*, 357 U.S. 116, 125 (1958), the Court declared that

"the right to travel is a part of the 'liberty' of which the citizen cannot be deprived without due process of law." Similarly, in *Aptheker v. Secretary of State*, 378 U.S. 500, 505-06 (1964), the Court held that "freedom of travel is a constitutional liberty closely related to rights of free speech and association."

160. Despite the fundamental nature of this right, Defendants have unconstitutionally restricted Plaintiff's right to travel by: * Seizing her U.S. passport through CSS enforcement actions, preventing her from visiting terminally ill relatives overseas; * Imposing these restrictions without a warrant, proper hearing, or finding of necessity; * Basing these restrictions on void child support orders that violate both due process and the Full Faith and Credit Clause; * Failing to provide any mechanism for temporary restoration of travel rights even for humanitarian purposes.

161. These restrictions are particularly egregious because they are based on unvalidated debt rather than any legitimate governmental interest. As the Supreme Court held in *Shapiro v. Thompson*, 394 U.S. 618, 629 (1969), any classification that serves to penalize the exercise of the right to travel must be necessary to promote a compelling governmental interest. The restriction of Plaintiff's international travel fails this strict scrutiny test.

162. The Tenth Circuit has specifically addressed the constitutional dimensions of passport restrictions in the context of child support enforcement in *Eunique v. Powell*, 302 F.3d 971, 974 (10th Cir. 2002). While recognizing that passport restrictions may be permissible in certain circumstances, the court emphasized that such restrictions must comply with due process requirements and be based on valid determinations of support

obligations. The restrictions imposed on Plaintiff fail this standard, as they are based on void orders entered without jurisdiction or due process.

163. The denial of Plaintiff's right to travel has caused significant harm, including the inability to visit terminally ill relatives overseas, attend international medical conferences relevant to her profession, and freely exercise her rights as a dual citizen of the United States and Vietnam.

164. Plaintiff respectfully requests that this Court: (a) declare that the seizure of her passport violates her constitutional right to travel; (b) order the immediate return of her passport and removal of any travel restrictions based on void child support orders; (c) enjoin Defendants from imposing similar restrictions in the future without due process and legitimate justification; and (d) grant such other relief as may be necessary to remedy the harm caused by these unconstitutional restrictions.

## CAUSE OF ACTION XVII: VIOLATION OF THE TAKINGS CLAUSE (U.S. CONST. AMEND. V)
### CSS and Relevant Defendants

165. Plaintiff hereby incorporates by reference all paragraphs of this Petition as though fully set forth herein, including all factual allegations, legal arguments, and exhibits attached hereto.

166. The Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, provides that private property shall not "be taken for public use, without just compensation." This protection applies to all forms of property, including financial assets such as retirement accounts. See *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 435 (1982) (emphasizing the breadth of the Takings Clause protection).

167.   Retirement accounts established under the Employee Retirement Income Security Act (ERISA) receive special statutory protection from seizure, garnishment, or other forms of legal process. As the Supreme Court held in *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 376 (1990), "ERISA's anti-alienation provision reflects a considered congressional policy choice, a decision to safeguard a stream of income for pensioners and their dependents."

168.   Despite these constitutional and statutory protections, Defendants unlawfully seized Plaintiff's 401(k) retirement account, specifically $64,445.92, against both her objections and those of her second husband, with whom she established the account. This seizure was particularly egregious because: * The retirement account was established during Plaintiff's second marriage, two years after her divorce from Adam Sylvester Stephens was finalized; * The seizure was based on void child support orders that violate both due process and the Full Faith and Credit Clause; * The funds were marital property belonging partially to Plaintiff's second husband, a non-party who did not consent to the garnishment; * The seizure occurred when Plaintiff was only 40 years old and not retired, triggering significant tax penalties for early withdrawal; * The seizure was executed without proper notice, hearing, or opportunity to contest the taking.

169.   The Supreme Court has recognized that the forced liquidation of retirement accounts can constitute an unconstitutional taking, particularly when the accounts are protected by federal law and the seizure lacks proper procedural safeguards. See *United States v. Rodgers*, 461 U.S. 677, 690-91 (1983) (discussing the need for equitable considerations before forcing sale of property).

170.    In the specific context of child support enforcement, the Tenth Circuit has held that while certain enforcement mechanisms may be permissible, they must still comply with constitutional requirements, including the Takings Clause. See *N.M. Dept. of Human Servs. v. Tapia*, 642 F.2d 353, 356 (10th Cir. 1981) (emphasizing that enforcement actions must comply with constitutional constraints).

171.    The seizure of Plaintiff's retirement account constitutes an unconstitutional taking without just compensation, in violation of the Fifth Amendment. This taking was particularly unjustified given that it was based on void orders and targeted funds that were exempt from seizure under both constitutional principles and federal statutory protections.

172.    Plaintiff respectfully requests that this Court: (a) declare that the seizure of her retirement account violates the Takings Clause; (b) order the immediate return of all seized retirement funds, plus interest and compensation for any penalties incurred; (c) enjoin Defendants from further attempts to seize retirement accounts or other protected assets; and (d) grant such other relief as may be necessary to remedy the harm caused by this unconstitutional taking.

## CAUSE OF ACTION XVIII: VIOLATION OF ETHICAL STANDARDS AND CONFLICT OF INTEREST REGULATIONS (28 C.F.R. § 45.2)
### Against All Defendants

173.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

174.    28 C.F.R. § 45.2 establishes mandatory ethical standards for Department of Justice employees, requiring disqualification when personal or political relationships create conflicts of interest that compromise the integrity of legal proceedings. While these regulations directly govern federal employees, the Supreme Court has recognized that such ethical standards inform the broader concept of due process applicable to all government officials. See Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) (holding that due process

requires recusal when "the probability of actual bias on the part of the judge or decision-maker is too high to be constitutionally tolerable").

175. Upon information and belief, federal authorities were aware of or involved in Plaintiff's case through various federal programs and funding mechanisms that connect state child welfare agencies to federal oversight, including but not limited to:

   a. Title IV-E funding provided to Oklahoma DHS, which creates federal oversight responsibilities;

   b. Federal grants and technical assistance provided to state courts handling child welfare matters;

   c. Information sharing between state and federal authorities regarding child welfare cases.

176. Despite this involvement and awareness, federal authorities failed to intervene in Plaintiff's case despite clear evidence of due process violations and conflicts of interest that would violate 28 C.F.R. § 45.2 if occurring at the federal level.

177. The principles embodied in 28 C.F.R. § 45.2 are fundamental to ensuring fair proceedings regardless of whether state or federal officials are involved, as recognized in *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016), where the Court held that due process requires recusal when a judge previously had significant personal involvement in a critical decision in the case.

178. The Oklahoma judges and officials involved in Plaintiff's case have demonstrated personal biases and conflicts that would require disqualification under the standards set forth in 28 C.F.R. § 45.2, including:

   a. Defendants prior involvement with OKDHS that creates a conflict e.g. special judge Rodney Sparkman used to work for 20 years or longer in OKDHS then became docket C

Family Court judge; Defendants' compensation upon retirement shall be proportionally determined by imposed fines and fees,

b. Defendants personal relationship with each other e.g. special judge April Seibert married to a leader in Tulsa County Sheriff Department, special judge Deborrah Ludi-Leitch married to a younger U.S. Attorney General lawyer Mr. Leitch, etc.

c. Defendants demonstrated a pattern of bias against Plaintiff based on her national origin/gender/religion/disability status as they are all Caucasians and nonAsians

179. These conflicts of interest have deprived Plaintiff of her constitutional right to a fair and impartial tribunal, in violation of the Due Process Clause of the Fourteenth Amendment.

180. The federal government's failure to enforce ethical standards equivalent to 28 C.F.R. § 45.2 in state proceedings that receive federal funding and oversight constitutes a separate violation of Plaintiff's due process rights.

181. Legal Precedent to Support This Claim

a. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) - The Supreme Court held that due process requires judicial recusal when "the probability of actual bias on the part of the judge is too high to be constitutionally tolerable."

b. *Williams v. Pennsylvania*, 136 S. Ct. 1899 (2016) - The Court held that it violated due process when a judge participated in a case in which he had significant personal involvement as a prosecutor.

c. *Liteky v. United States*, 510 U.S. 540 (1994) - The Court discussed when judicial bias requires recusal, including instances where extrajudicial sources create appearance of partiality.

d. *United States v. Heldt*, 668 F.2d 1238 (D.C. Cir. 1981) - Interpreting earlier versions of

DOJ conflict of interest regulations (precursors to 28 C.F.R. § 45.2) and discussing their importance to fair proceedings.

e. *In re Murchison*, 349 U.S. 133 (1955) - The Supreme Court established that "A fair trial in a fair tribunal is a basic requirement of due process."

## XIII. REQUEST FOR EXPEDITED CONSIDERATION

182. Plaintiff implores this Court to expedite consideration of this emergency motion, as the federal judiciary represents her final hope to end a years-long constitutional nightmare. The unlawful detention of G.L.Stephens, severed from her fit biological mother by void orders and placed with a documented child abuser, inflicts daily irreparable harm—psychological trauma, parental alienation, and exposure to documented risks of abuse.

183. The placement of G.L.Stephens with Adam Sylvester Stephens, who has substantiated cases of child abuse in Oregon and Oklahoma (as documented by whistleblower Maria Chico before the evidence was deliberately truncated from official reports), creates an immediate and ongoing risk of serious harm that demands immediate judicial intervention.

184. Under FRCP 65(b) and Local Civil Rule 7.2(e), ex parte emergency relief is justified, as notice risks further retaliation, as evidenced by prior obstructions. Plaintiff requests a preliminary injunction hearing within fourteen (14) days, as the public interest in constitutional fidelity and the protection of a child's welfare demands swift action. *Troxel*, 530 U.S. at 65-66.

185. The need for expedited consideration is further supported by the United States Supreme Court's recognition in ***Golan v. Saada***, **596 U.S. ___ (2022), that "timely resolution... is important" in cases involving child custody and safety**. The Court emphasized that "expedition will help minimize the extent to which uncertainty adds to the challenges

confronting both parents and child." In cases involving substantiated risk of abuse, as here, the need for expeditious resolution is even more pressing to prevent ongoing harm to the child. The documented history of child abuse by Defedant Adam Sylvester Stephens presents precisely the type of grave risk that justifies immediate judicial intervention without further delay for consideration of lesser measures that would leave G.L.Stephens in a dangerous placement.

## XIV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant the following emergency and permanent relief necessary to redress the continuing constitutional violations and irreparable harm set forth above:

1. Issue a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 1651, and 12 O.S. § 1331, immediately ordering the release of G.L.Stephens from the unlawful custody of Adam Sylvester Stephens and restoring physical and legal custody to Plaintiff, her biological and legal mother, on the grounds that the custody orders by STATE OF OKLAHOMA are all void ab initio for want of jurisdiction, due process, and lawful adjudication;

2. **Declare that all custody, child support order, contempt order, child support enforcement orders pertaining to G.L.Stephens are constitutionally void, and were procured through extrinsic fraud, sealed and falsified documents, and without lawful jurisdiction, in violation of the First, Fourth, and Fourteenth Amendments;**

3. Enter a **Permanent Restraining Order (PRO)** under FRCP 65(b), enjoining all Defendants from enforcing or relying upon any orders pertaining to the custody and related matters of G.L.Stephens during the pendency of this federal action, to prevent further irreparable harm to Plaintiff and G.L.Stephens;

4. Enter a Preliminary and Permanent Injunction, permanently prohibiting Defendants from:

   o Enforcing or recognizing the void custody orders at issue;

   o Interfering with Plaintiff's federally protected rights of custody, familial association, or access to her female offspring's medical, educational, or legal records;

   o Retaliating against Plaintiff for engaging in protected federal advocacy;

   o Concealing evidence of Adam Sylvester Stephens' history of child abuse;

5. Declare that Defendants engaged in a civil conspiracy under 42 U.S.C. § 1985(3) to obstruct justice, retaliate against Plaintiff, and deprive her and her female offspring of constitutionally protected rights;

6. Order the immediate disclosure of all unaltered reports documenting Adam Sylvester Stephens' history of child abuse, including the original reports by OKDHS whistleblower Maria Chico before they were truncated by OKDHS supervisors;

7. Grant full declaratory relief under 28 U.S.C. §§ 2201-2202, affirming that:

   o All judicial orders pertaining to G.L.Stephens are void;

   o Plaintiff retains full and exclusive legal and physical custody of G.L.Stephens;

   o Ongoing enforcement of the challenged orders constitutes a continuing constitutional violation;

   o The placement of G.L.Stephens with Adam Sylvester Stephens, a known child abuser, constitutes deliberate indifference to her safety and welfare;

8. Recognition that the actions of the Defendants have violated Plaintiff's constitutional rights and caused irreparable harm;

9. Award costs of litigation, including reasonable attorney fees, as applicable under 42 U.S.C. § 1988;

10. This superior Court to provide written statements of fact and conclusions of law, rather than any abusive discretion for appeal purposes if justice, truth, and the constitutional of united states of America is not revered in this court;

11. Grant equitable relief to ensure Plaintiff's participation in all hearings by remote access, pursuant to her rights under applicable law and in recognition of any hardship circumstances;

12. Grant such other and further relief as this Court deems just, necessary, and proper to redress the ongoing constitutional, statutory, and human rights violations detailed herein, and to restore the integrity of federal judicial review over state misconduct of this magnitude.

## XV. DEMAND FOR JURY TRIAL

Pursuant to FRCP 38, Plaintiff hereby demands a trial by jury on all issues so triable in this action, including but not limited to the claims brought under 42 U.S.C. §§ 1983 and 1985(3).

a. Plaintiff demands **written "findings of fact and conclusions of law"** in every Court Order.

b. Plaintiff operates under the presumption that this honorable court maintains his/her oath to the Divine Creator YAHUAH that he/she took:

"We hold these truths to be self-evident, that all men [meaning man and woman] are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness.--That to secure these rights, Governments are instituted among Men, deriving their just powers from the consent of the governed, --That whenever any Form of Government becomes destructive of these ends, it is the Right of the People to alter or to abolish it, and to institute new Government, laying its foundation on such principles and organizing its powers in such form, as to them shall seem most likely to effect their Safety and Happiness."--**The unanimous Declaration of the thirteen united States of America, circa 1776**.
"I, [your family name here and your en legis name here both] do solemnly swear (or affirm) that i will support, **obey**, and **defend** the **Constitution of the United States**, and the Constitution of the State of Oklahoma..."--**Oath of Office** required for all governmental officials and all U.S. citizens.

**Please take Notice that** this is sent to you in the peace and love of Messiah Yashua. Luke 11:52.
### AVOUCHMENT / VERIFICATION
i hereby declare, verify, certify and affirm, pursuant to the penalties of perjury under the laws of the united states of America, and by the provision of 28 U.S. Code § 1746 that i am of

sound mind and competent to make this verification, and that all of the above and foregoing representations are true and correct to the best of my knowledge, information, belief.

Executed in Charleston County, republic land of South Carolina on this 04th day of June in the Year of Our Lord Two Thousand and Twenty Five.

*Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
**Silence is Tacit Acquiescence/Agreement/Dishonor;**
*This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

*without prejudice*
*linh-tran: stephens/Agent*

By one–and-only beneficiary:
All Rights Reserved None Waived, **Without Prejudice** *UCC 1-308 & 1-103*,
**Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary
for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui Que Trust a.k.a. "Fide Commissary Trust",
sui juris, Ambassador of Messiah Yahusha, Heir of the Creator, my heir/offspring is G.L.Stephens,
A natural living woman breathing with a living soul and the Holy Spirit of Creator YAHUAH,
natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit,
unlimited, non-incorporated, non-sole-proprietor,
**stateless "freeman of the Union"** per Honorable Mr. Justice MILLER on April 14th, 1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3),
full capacity and competency with postgraduate level of education,
living on the land of the republic, with God-given rights pursuant to Bills of Rights,
NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary; i reject your 12 legal presumptions, other presumptions/assumptions/double-speaking/implied or undisclosed contracts;
Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities of Citizens in several States;
**Rural Free Delivery, Non-Domestic 00000,**
℅ 1964 Ashley River Rd Ste B Unit 80112,
Charleston, South Carolina [zip exempt,near 29407] without U.S. Washington, D.C.
Email: LinhStephens7@gmail.com
Tel: 817-631-3223

### Notary as JURAT CERTIFICATE

STATE OF MINNESOTA ⟩
⟩ *ss*
COUNTY OF SHERBURNE ⟩

---

On this 05ᵗʰ day of June, 2025 before me, Melissa K. Vagle, a Notary Public, personally appeared a living woman Linh Tran Stephens ( the Authorized Representative and Beneficiary for Legal Fiction LINH TRAN STEPHENS©® ), who electronically (remotely) proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph(s) on the instrument the woman executed, the instrument.

i certify under PENALTY OF PERJURY under the lawful laws of Minnesota State and that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*Melissa K. Vagle*

Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 06th day of June, 2025, a true, correct, and exact copy of the above and foregoing instrument was filed face-to-face with Court Clerk at United States District Court Northern District of Oklahoma, 333 W 4th St, Suite 411,Tulsa, OK 74103 with $5 fees donated by ADA advocate; previously efiling and In Forma Pauperis (IFP) were approved on 02/01/2024 in another case 24-CV-216-JDR-CDL, thus Court Clerk to issue summons for the following defendants

1. *Defendants # 1, 8, 13, and all defendants except # 16 :*
Oklahoma Attorney General Gentner Drummond for STATE OF OKLAHOMA and all its employees/successors
313 NE 21st Street
Oklahoma City, OK 73105
2. *Defendants # 2, 3, 7, 10, 11, 17*
**Oklahoma Department of Human Services and its divisions CPS and CSS**, Director Jerrey Cartmell and Deborah Shropshire, Bridget O'brien,
2400 N. Lincoln Blvd.
Oklahoma City, OK 73105
3. *Defendant # 11*
Child Support Services (CSS)
PO Box 248822
Oklahoma City, OK 73124
4. *Defendant # 12, 4, 5, 6*
**Tulsa County District Court and all its divisions**:
ATTN: Clerk's Office, Presiding Judge, and Board of County Commissioners, Judges of docket C April Seibert, Rodney Sparkman, Todd Chesbro,
500 S. Denver Avenue
Tulsa, OK 74103
5. *Defendant # 14*
Service of Process Division, **Oklahoma Secretary of State**
2300 N Lincoln Blvd, Suite 101
Oklahoma City, OK 73105-4897
6. *Defendant # 9, 15*
Office of the Governor, ATTN: J. Kevin Stitt
Oklahoma State Capitol
2300 N. Lincoln Blvd., Suite 212
Oklahoma City, OK 73105
7. *Defendant # 16*
Adam Sylvester Stephens (return address to ADA advocate Carol who serviced Adam)
7508 Ross Rd, Apt 5303, Del Valle, TX 78617
8. CC:**The Board of County Commissioners**
Tulsa County Headquarters
218 W. 6th St.,
Tulsa, OK 74119-1004

Signature  *without prejudice linh–tran: stephens/Agent*

**EXHIBIT #1**
**(13 pages)**





IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT

**F I L E D**

JUL 1 1 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

In Re the Marriage of:        )
                              )
LINH TRAN STEPHENS,           )
                              )
        Petitioner,           )
                              )
and                           )    Case No. FD-2015-2228
                              )
ADAM SYLVESTER STEPHENS,      )    FD Docket B
                              )    Judge Theresa Dreiling
        Respondent.           )

## CONFIRMATION OF REGISTRATION OF FOREIGN ORDER

NOW on this _11th_ day of _July_, 2017, this matter comes before the undersigned Judge of the District Court concerning registration of a foreign order. Petitioner is represented by her counsel, David W. Davis; and Respondent is represented by his counsel, Charles M. Parrish. Petitioner and Respondent agree to register their Columbia County, Oregon dissolution order with the Tulsa County, Oklahoma Court. The Court, having reviewed the file and considered the premises, finds that the parties have reached an agreement and finds and orders as follows:

1.      The parties were divorced in Columbia County, Oregon. The Stipulated General Judgment of Dissolution of Marriage; and Money Award (hereinafter "Oregon Decree") was filed on January 8, 2016.

2.      The parties desire to register the Oregon Decree with the Tulsa County Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Oregon Decree be and is hereby confirmed as a registered order and a certified copy of the Oregon Decree shall be filed simultaneously herewith.

1

Signature page to Confirmation of Registration of Foreign Order, *Linh Tran Stephens and Adam Sylvester Stephens,* Tulsa County Case No. FD-2015-2228

Judge Theresa Dreiling

APPROVED AS TO FORM AND CONTENT:

David W Davis, OBA #15067
David W. Davis, P.C.
601 S. Boulder, Suite 100
Tulsa, Oklahoma 74119
(918) 592-2007

Attorney for Petitioner

Charles M. Parrish, OBA #30206
Wirth Law Office
201 W. 5th Street, Suite 407
Tulsa, OK 74103
(918) 932-2800
Fax: (918) 932-2900

Attorney for Respondent

2

123

## CERTIFICATE OF HAND DELIVERY

I, David W. Davis, do hereby certify, that on this 11<sup>th</sup> day of July, 2017, a true and correct copy of the above and foregoing document was hand delivered to:

James M. Wirth
Charles M. Parrish
Bryce A. Evans
201 W. 5<sup>th</sup> Street
Suite 407
Tulsa, OK 74103

David W. Davis

1

124

Verified Correct Copy of Original 1/8/2016.

2017 JUL 11 PM 1:07

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF COLUMBIA

### Department of Domestic Relations

DISTRICT COURT
**FILED**

JUL 11 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

In the Matter of the Marriage of

Adam Sylvester Stephens

           Co-Petitioner,

and

Linh Tran Stephens

           Co-Petitioner.

NO.   **15DR18623**
Judge: Callahan, Cathleen B

)   **STIPULATED GENERAL**
     **JUDGMENT OF DISSOLUTION**
)   **OF MARRIAGE;**
)   **AND MONEY AWARD**
)
)   **(CO-PETITIONERS)**

This matter came before the court on the motion and affidavit of Co-Petitioning husband and wife and the stipulation of the parties for the entry of a judgment dissolving their marriage. Co-Petitioner husband is filing Pro-Se. Co-Petitioner wife is filing Pro-Se. The court having been presented with this form of stipulated judgment of dissolution, having reviewed the records and documents on file herein, and being fully advised in the premises, makes the following findings:

1.

Co-petitioners are jointly and in agreement filing this judgment for

Page 1 of 28 Stipulated General Judgment Co-Petition

125

Verified Correct Copy of Original 1/8/2016.

entry of such an order is appropriate because the continued pendency of this suit would hinder the situation with regard to the parties' business interests. As a part of that waiver, Husband and Wife consent to the waiver of the provisions of ORS 107.089, which require the production of documents.

16.

Husband and Wife's signatures on this stipulated judgment evidence their intent that the agreement embodied in this stipulated judgment will be enforceable in the manner described in ORS 107.135.

17.

Spousal support is not to be paid.

18.

Husband and Wife have each completed the seminar for parenting if required by this court.

19.

Co-Petitioners agree and request that no court appearances should be required and allowing Co-Petitioners entry of judgment on affidavit in lieu of hearing.

20.

This marriage should be dissolved and Husband and Wife should be granted the relief hereinafter set forth.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.

The marital status of the parties is hereby terminated. The provisions of this

Page 6 of 28 Stipulated General Judgment Co-Petition

Verified Correct Copy of Original 1/8/2016

Co-Petitioners desire that the Parties shall be awarded Joint legal and physical custody of the children of the marriage.

2.1

Non-custodial parent is entitled to frequent and unhampered continuing contact with the children at such times as the parties may mutually agree, but in no event less than is set forth below, which is part of this judgment.

Parenting time and parenting plan shall be:

Mother will have Parenting Time for two weeks every June, during summer vacation. Holidays -- 50/50.

2.1.1

The parenting plan will be construed and implemented in a way that fosters the children's best interests by providing liberal, predictable, and wholesome time between the children and the non-custodial parent.

2.1.2

Although a written plan promotes stability for the children each parent acknowledges that reasonable adjustments will be needed from time to time and that an element of flexibility will be required in administering the plan. Each parent will be flexible in arranging dates and times with the children so that important family events and the children's activities are maintained with minimal disruption or hard feelings.

2.1.3

Each parent will act reasonably in registering the children for activities,

Page 8 of 28 Stipulated General Judgment Co-Petition

Verified Correct Copy of Original 1/8/2016.

health insurance will not be considered a reasonable expense that the other parent would need to pay a part of. Claim Against Estate: Support receiving parent shall have a claim against the estate of the ordered child support paying parent for any monies due pursuant to this judgment for any arrearages that has accrued as of the time of child support ordered parent's death for unpaid support and periodic payments.

### 4.2

Mother will pay half of all the child/ren's reasonably incurred medical, optical, hospital, dental, and orthodontic expenses that are not covered by insurance.

Father will pay the other half of all the child/ren's reasonably incurred medical, optical, hospital, dental, and orthodontic expenses that are not covered by insurance.

### 4.3

This judgment makes no provision for the maintenance of life insurance.

### 5.

The property of the parties will be divided as follows:

### 5.1

Husband is hereby awarded and will receive free from any claim of wife:

### 5.1.1

Any and all personal effects and personal property in party's possession and/or control.

In lieu of Child Support from the wife:

It is agreed by both parties that wife shall assume the following debts of the

husband:

2013 Jeep Wrangler Rubicon
$692.17 monthly payment
Vin# 1C4HJWFG6DL616149
Wa. License Plate# ALT5054

2014 Jayco Baha 18' trailer
$192.43 monthly payment
Vin# 1UJBJ0AJ0E77F0229
Wa. license Plat# 1960YR

Insurance for both Jeep and Trailer - $179.23 monthly payment

Total of $1063.83 / month

At such time the debts are paid in full, wife will sign-over the property to the husband.

Husband also receives $325.00 per month SSI for the benefit of Grace Stephens.

### 5.2

Wife is hereby awarded and will receive free from any claim of husband:

### 5.2.1

Any and all personal effects and personal property in party's possession and/or control.

### 5.3

A party's personal papers are specifically awarded to that party. Each party will use their best effort now and in the future to provide the other party with that party's personal papers and records. Those include, but are not limited to, birth certificates, passports, baptismal records, wills, military discharge papers, etc. Each party will also cooperate with the other in providing financial documents that may from time to time be necessary. For example, one party may in the future need a copy of a previously filed joint

Page 17 of 28 Stipulated General Judgment Co-Petition

Verified Correct Copy of Original 1/8/2016.

Verified Correct Copy of Original 1/8/2016.

tax return.

## 5.4

All fire and extended coverage, and liability and casualty insurance policies on or relating to any real or personal property herein described or referred to, and now in existence, will be transferred with the property to which the same pertains to the party receiving that property pursuant to this judgment, without charge or credit to either party in respect of the surrender value thereof.

## 7.

Each Party will keep their own retirement accounts and pensions, unless specifically stated otherwise herein.

## 8.

The liabilities and debts of the parties will be paid as follows:

## 8.1

Husband will pay, defend, indemnify, and hold wife harmless from any debt in his name alone not otherwise specifically described herein. The husband shall pay the following debts:

He is required to pay all personally incurred debts and expenses, including personal debt incurred during marriage and collections in his name.

## 8.2

Wife will pay, defend, indemnify, and hold husband harmless from any debt in his name alone not otherwise specifically described herein. The wife shall pay the following debts:

Page 18 of 28 Stipulated General Judgment Co-Petition

Verified Correct Copy of Original 1/8/2016.

She is required to pay all personally incurred debts and expenses, including her car payments, real property at 8519 E. 75ᵗʰ St., Tulsa, OK 94133, all credit cards in her name; her student loans.

In lieu of Child Support to husband:

It is agreed by both parties that wife shall assume the following debts of the husband:

2013 Jeep Wrangler Rubicon
$692.17 monthly payment
Vin# 1C4HJWFG6DL616149
Wa. License Plate# ALT5054

2014 Jayco Baha 18' trailer
$192.43 monthly payment
Vin# 1UJBJ0AJ0E77F0229
Wa. license Plat# 1960YR

Insurance for both Jeep and Trailer - $179.23 monthly payment

Total of $1063.83 / month

At such time the debts are paid in full, wife will sign-over the property to the husband.

8.3

If either party fails to pay any debt or liability as set forth herein, the other party will have the right, but not the obligation, to make any payment due, provided the nonpaying party is given 10 days prior notice of the party's plan to make payment. If payment is made, the party who failed to pay will be responsible for reimbursing the amount paid to the party who made the payment, together with interest computed at the same rate charged by the creditor on the obligation to which payment was made. Interest will accrue from the time payment is made until full reimbursement is made. A party who pays the other party's debt pursuant to this provision is hereby authorized to deduct the

Page 19 of 28 Stipulated General Judgment Co-Petition

amount of money paid from any payment then or thereafter due or owing the other party, including from any obligation to pay support.

8.5

The obligation of a party to pay, defend, indemnify, and hold the other party harmless from the payment of any debt described in this judgment is a support obligation under 11 USC §523(5), which is not dischargeable in bankruptcy as to the other party.

9.

Spousal support is not to be paid.

10.

No name change is requested.

ATTORNEY FEES: None. Pro-Se filing.

11.

Each party will pay his or her own attorney fees and court costs incurred in this proceeding unless otherwise stated herein.

12.

There are no attorney fees for judgment, as Co-Petitioners are filing Pro-Se and have chosen not to use the services of an attorney.

13.

Each party will, within 30 days of the date of this judgment, execute, acknowledge and deliver any and all documents and instruments necessary to complete the transfer of any property as ordered in this judgment of dissolution. This judgment will operate to convey title to the party to whom such property is awarded if the other party

Verified Correct Copy of Original 1/8/2016.

_Verified Correct Copy of Original 1/8/2016._

Child support award in the amount of $586.00 accrues on the first day of each month commencing the first day of the first month following the date of the judgment.

**However:**

In lieu of Child Support:

It is agreed by both parties that wife shall assume the following debts on behalf of the husband, until paid in full:

2013 Jeep Wrangler Rubicon
$692.17 monthly payment
Vin# 1C4HJWFG6DL616149
Wa. License Plate# ALT5054

2014 Jayco Baha 18' trailer
$192.43 monthly payment
Vin# 1UJBJ0AJ0E77F0229
Wa. license Plat# 1960YR

Insurance for both Jeep and Trailer - $179.23 monthly payment

Total of $1063.83

At such time the debts are paid in full, wife will sign-over the property to the husband.

Signed: 1/10/2016 4:32:58 PM

DATED _____ 20___, at _____, Oregon.

X_____

Circuit Court Judge

**Circuit Court Judge Cathleen B. Callahan**

Judge's name:_____

We sign this stipulated judgment on our own volition, with full knowledge of the facts, and with full information as to our legal rights and liabilities. In some instances, the terms of

Page 25 of 28 Stipulated General Judgment Co-Petition



CERTIFIED TO BE A TRUE AND CORRECT
COPY OF THE ORIGINAL DOCUMENT
TRIAL COURT ADMINISTRATOR
COLUMBIA COUNTY, OREGON

BY _CPatrick_

DATED___4/11/11___

Verified Correct Copy of Original 1/8/2016.

this stipulated judgment represent a compromise of disputed issues. However, We believe the terms and conditions to be fair and reasonable under the circumstances. We have read the stipulated judgment and agree that it accurately reflects our agreement.

X _____

**Adam Sylvester Stephens, Co-Petitioner husband**

Date: X NOV 30 2015

SUBSCRIBED AND SWORN to before me on NOV 30 , 20 15

> Notary Public
> State of Washington
> **B L SALMAN**
> MY COMMISSION EXPIRES
> February 20, 2018

_____
Notary Public for ~~Oregon~~ Washington .

My commission expires: Feb 20, 2018

X _____

**Linh Tran Stephens, Co-Petitioner wife**

Date: X 11/21/2015

SUBSCRIBED AND SWORN to before me on Nov. 21 , 20 15

> JEANNE WILSON
> NOTARY PUBLIC - STATE OF OKLAHOMA
> MY COMMISSION EXPIRES OCT 20, 2016
> COMMISSION # 02010808

_____
Notary Public for ~~Oregon~~ Oklahoma

My commission expires: October 2020.6

**Minor children:**

G⊠ L⊠ Stephens - Age; 02; birth year: 2013; SS# is protected and provided separately in UTCR 2.130.1 affidavit.

Page 26 of 28 Stipulated General Judgment Co-Petition

134

*Verified Correct Copy of Original 1/8/2016.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PRO-SE CERTIFICATION

These documents were prepared by Legal Alternatives for a fee of $155.00.  No personal contact was initiated nor was any legal advice given.  All information in these documents was supplied to preparers by ourselves through the mail or over the internet. All information is accurate to the best of our knowledge and that we have filed the Dissolution of Marriage as Co-Petitioners, jointly attesting and agreeing to all terms herein.

X _/Adam Steph_____

Adam Sylvester Stephens, Co-Petitioner husband

Date: X 11-30-15

X _____

Linh Tran Stephens, Co-Petitioner wife

Date: X 11/20/2015

-------------------------------

## NOTICE OF INCOME WITHHOLDING

The support order is enforceable by income withholding under ORS 25.311-25.318, 25.351-25.367, and 25.722. Withholding will occur immediately, whenever there are arrearages at least equal to the support payment for one month, whenever the obligated parent requests withholding, or whenever the obligee requests withholding for good cause. The district attorney or, as appropriate, the Support Enforcement Division of the Department of Justice will assist in securing such withholding. Exceptions may apply in

Page 27 of 28 Stipulated General Judgment Co-Petition

some circumstances.

## NOTICE PURSUANT TO ORS 107.106

The terms of child support and parenting time (visitation) are designed for the child's benefit and not the parents' benefit. You must pay support even if you are not receiving parenting time. You must comply with parenting time orders even if you are not receiving child support.

Violation of child support orders and visitation orders is punishable by fine, imprisonment, or other penalties. Publicly funded help is available to establish, enforce, and modify child support orders. Paternity establishment services are also available. Contact your local district attorney, domestic relations court clerk, or the Department of Justice at (503) 378-5567 for information.

Publicly funded help may be available to establish, enforce, and modify parenting time orders. Forms are available to enforce parenting time orders. Contact the domestic relations court clerk or civil court clerk for information.

--------------------------------------

Submitted by:

X _____
Adam Sylvester Stephens, Co-Petitioner husband

Date: X 11-30-15

X _____
Linh Tran Stephens, Co-Petitioner wife

Date: X 11/20/2015

Page 28 of 28 Stipulated General Judgment Co-Petition

Verified Correct Copy of Original 1/8/2016.

**EXHIBIT #2**
**(9 pages of 3 letters)**



## House of Representatives
### STATE OF OKLAHOMA

September 25, 2024

Oklahoma State Bureau of Investigation
Aungela Spurlock, Director
6600 North Harvey Place
Oklahoma City, Oklahoma 73116

Director Spurlock:

On September 9, 2024, the Oklahoma House of Representatives Criminal Justice and Corrections Committee held an emergency hearing to determine whether the Department of Human Services (DHS), Oklahoma Juvenile Affairs (OJA), and the Oklahoma Commission on Children and Youth collectively received information that children under their care were being physically and sexually abused, yet these agencies failed to take appropriate action to stop the abuse. One witness, Appleseed, a respected 501(c)(3) community action group known for its thorough investigations, provided a comprehensive report confirming that the agencies were aware of abuse at the Tulsa Detention Center. Appleseed submitted this alarming report to all relevant government officials, but it was completely ignored. Following this, the Criminal Justice and Corrections Committee called for immediate and appropriate actions. The committee also heard from three other witnesses who reported and documented firsthand knowledge of criminal conduct within child welfare and the DHS administration.

As Chairman of the Criminal Justice and Corrections Committee, I have the authority granted under 74 O.S. § 150.5(d) to initiate an OSBI investigation by a majority vote of our committee. Article V, Section V-60 of the Oklahoma Constitution requires the Legislature to provide an efficient system of checks and balances among the officers of the Executive Department and all commissioners, superintendents, and boards of control of State institutions, as well as any other officers entrusted with the collection, receipt, custody, or disbursement of the state's revenue or funds. As members of the Criminal Justice and Corrections Committee, we do not take this duty lightly.

I am providing a formal directive signed by the majority of the Criminal Justice and Corrections Committee, instructing the Oklahoma State Bureau of Investigation to conduct an investigation into possible criminal actions by the Department of Human Services (DHS), Oklahoma Juvenile Affairs (OJA), and the Oklahoma Commission on Children and Youth. The document containing the committee members' signatures details the areas of concern that we believe warrant examination.

Since the September 9 committee hearing, news stations and my office have been inundated with reports of wrongdoing. I would like to include cases that have sufficient substantiation. Please contact Chairman Justin JJ Humphrey if you have any questions.

To the Distinguished Director of the Oklahoma State Bureau of Investigation,

Ms. Aungela Spurlock,

As Chairman of the Criminal Justice and Corrections Committee, I bring forth the initiation of an OSBI investigation into each of two critical and urgent matters. This authority is granted per 74 O.S. § 150.5(d) as our committee has subpoena powers by resolution, but we bring this initiation of an OSBI investigation by authorization of a vote by the majority of our committee. Article V Section V- 60 of the Oklahoma Constitution requires the Legislature to provide an efficient system of checks and balances between the officers of the Executive Department, and all commissioners and superintendents, and boards of control of State institutions, and all other officers entrusted with the collection, receipt, custody, or disbursement of the revenue or moneys of the state whatsoever. As members of the Criminal Justice and Corrections Committee, we do not take this duty lightly.

**INVESTIGATION INITIATION NO.1 DETENTION and CARE FACILITIES**
   a. Investigate abuse and neglect of all children and disabled adults in facilities.
   b. Investigate knowledge and reporting of abuse and complaints through all levels of oversight. Including but, not limited to: Managers, Administrators, OJA, OCCY, PARB, OKDHS, Judges(if acting in executive duties)
   c. Investigate violations of state and federal laws of required humane treatment of children and adults incarcerated or in care.
   d. Investigate electronic devices used to document, record or share abuse.
   e. Further investigation to all other appropriate caretakers or individuals identified in participation in abusive behaviors, exploitation, or extortion.
   f. Further investigation to all other appropriate facilities as evidence suggests.

Contact/Reporter Tulsa Juvenile Detention Facility: Sa-Tae Seth McIntosh seth@okappleseed.org
Contact/Reporter OKCYC Juvenile Detention Facility: Mandy Fisher-Reed mandyreed77@yahoo.com
*Contact/Reporter Robert M Greer Center in Enid: Representative Ellen Hefner elleyn.hefner@okhouse.gov*

**INVESTIGATION INITIATION NO.2 OKDHS CHILDWELFARE AND CHILD PROTECTIVE SERVICES ON BEHALF OF 6 FAMILIES AND THEN FURTHER AS EVIDENCE WOULD SUGGEST**
   a. Investigate allegations of abuse appropriately on behalf of children.
   b. Investigate negligent or fraudulent reporting by child welfare or CPS staff or case workers.
   c. Investigate knowledge of or reporting of mishandling of referrals through all levels of oversight including but no limited to: Case workers, Supervisors, District Directors, Deputy state directors, State Director, OCCY, PARB, and law enforcement.
   d. Appropriate engagement of professionals by the OKDHS through state law requiring Multidisciplinary child abuse teams as required by 10a O.S. § 1-9-102.
   e. Investigate reports and documents for integrity, negligence, fraud, retaliation, and deletion of records.-
   f. Investigate testimonies in court proceedings for fraud or perjury
   g. Investigate if/when law enforcement was notified and if correct reporting was provided to law enforcement agency
   h. Investigate judicial decisions and due process activity in accordance with state and federal law.

140

i.    Investigate possible collusion or inappropriate engagement between attorneys and or judges.
j.    Investigate any misrepresentation of a minor child, or disabled adults', testimony by a state employee, attorney, counselor, doctor, judge, etc.
k.    Investigate all child interviews for appropriateness of order, process, and reporting (notify and request intervention of FBI in regards to any appearance of illegal search and seizure actions that would constitute a violation of Federal law.
l.    Investigate all seizure of assets to determine appropriateness of order, process, and reporting.
m.    Investigate all violations of Oklahoma Constitutionally protected rights of all parties. Notify and request intervention of FBI in regards to any appearance of violations of Federally protected constitutional rights. Including, but not limited to, life, liberty and the pursuit of happiness, loss of familial contact, loss of fair opportunity in court, etc.
n.    Investigate electronic devices used to record, document or upload case information.
o.    Investigate contact between parents and OKDHS for determination of collusion, exploitation or extortion.
p.    Further investigations to other children or families as evidence suggests.

Contact/Advocate for minor child G.L.S., dob 7-24-13: Dr. Linh Stephens linhstephens7@gmail.com
Contact/Advocate for minor child A.K.W., dob 11-4-16, A.K.W., dob 11-4-16 Bri'Anne Wiland brinwal@icloud.com
Contact/Advocate for minor child M.N.R., dob 7-4-12: Shawn Reed maddiesdad2024@gmail.com
Contact/Advocate for minor child C.B.W.L., dob 7-12-12: Lisa Woolley whwoolley@gmail.com
Contact/Advocate for minor child D.E.D., dob 12-24-13: Darrell Dougherty dough890@gmail.com
Contact/Advocate for minor children A.R.V., dob 9-22-10; P.F.V., dob 9-25-15; H.S.V., dob 5-2-17: Rosario Chico chico.media.tv@gmail.com

We appreciate your expediency in these matters as these children and at-risk adults could be in pending danger or enduring ongoing permanent damage due to failures that are not of their own doing. We also respect your ability to tenderly deal with minor children or adults who will need gentle care.

Chairman Justin Humphrey_____Date 09-18-2024_

Representative David Hardin_____Date 9-18-2024_

Representative Kevin West_____ Date__9/18/24_____

Representative Danny Williams_____ Date 09/18/24_____

**202a**

We, the undersigned lawmakers, wish to express our strong support for the Criminal Justice and Corrections Committee's investigation of the Department of Human Services Oklahoma Commission on Children and Youth.

Sincerely,

Chair, Criminal Justice and Corrections Committee

**203a**



LINCOLN COUNTY
811 MANVEL AVE., SUITE 1
CHANDLER, OK 74834
(405) 258-1674

POTTAWATOMIE COUNTY
400 N. BROADWAY AVE.
SHAWNEE, OKLAHOMA 74801
(405) 275-6800

**ADAM R. PANTER**
DISTRICT ATTORNEY
DISTRICT 23

**ADAM KALLSNICK**
FIRST ASSISTANT DISTRICT ATTORNEY

March 14, 2025

**FOR IMMEDIATE RELEASE:**

**RE: Investigation Into Oklahoma Department of Human Services**

One of my highest priorities as District Attorney is to ensure the protection of our children's health, safety, and welfare. When our children become victims of heinous crimes, many times at the hands of those who were supposed to love and protect them, it becomes my job to prosecute those offenders and seek justice on behalf of those victims. I believe that child victims are especially vulnerable and all instances of suspected abuse against children need to be treated with the utmost importance. To do this effectively I must rely on my law enforcement partners and other agencies to properly and diligently do their jobs. Recently, I have become aware that the Oklahoma Department of Human Services (OKDHS) has systematically and repeatedly failed to follow State laws designed to protect children suspected of being sexually or physically abused or neglected. That failure to follow the law and policies put in place to protect children has led to subsequent and continuing sexual and physical abuse of children which would otherwise have been prevented. Despite multiple efforts made to obtain compliance, OKDHS has failed to correct their behavior, and I cannot stand to see another child unnecessarily victimized.

Under Oklahoma law, OKDHS must promptly respond to and investigate any report of child abuse or neglect pursuant to Title 10A Oklahoma Statutes § 1-2-105(A). When initiating an investigation, "[t]he primary purpose of the investigation or assessment **shall** be the protection of the child." (emphasis added) Title 10A O.S. § 1-2-105(B)(5) goes on to require OKDHS to investigate reports of child sexual abuse or serious physical abuse using a multidisciplinary team approach provided in Title 10A O.S. § 1-9-102 along with notifying and exchanging investigation information with law enforcement.

Title 10A O.S. § 1-9-102 requires each District Attorney to develop a multidisciplinary child abuse team (MDT) in their district. An MDT is comprised of the District Attorney, law enforcement agents with experience in child abuse investigations, medical personnel with child abuse injury experience, mental health professionals, OKDHS child protective services, and Child Advocacy Center personnel. This team is required to intervene in ALL reports involving child sexual abuse or child physical abuse or neglect in an effort to ensure coordination and cooperation between agencies involved and to minimize further trauma on an abused child. 205a law also requires a joint investigation between law enforcement and OKDHS child welfare staff when these

reports are made. Such investigations must follow MDT protocols when interviewing those child victims. MDT protocols dictate that a child suspected of being abused must be interviewed by a trained child forensic interviewer following approved forensic interview protocols, preferably recorded at a Child Advocacy Center. This ensures that children are interviewed by trained professionals for potential law enforcement or child welfare investigations, reduce the number of times a child will have to relive their trauma, and ensure that all agencies that should be aware of the alleged abuse are placed on notice, amongst other reasons.

What has been brought to my attention is that in many cases, OKDHS is receiving reports of suspected sexual or physical abuse of children and going out on their own and conducting forensic interviews of those children in the field. Based on these field interviews, which OKDHS is not properly trained to do, OKDHS determines for themselves whether the allegations are credible, and based on this opinion, will close the investigation without ever following the statutory procedures by notifying law enforcement and the child abuse experts of the MDT. I have now been made aware that multiple cases where this has occurred have resulted in children being placed back in the home of their abusers, where they have been subjected to further sexual or physical abuse. There have even been cases where OKDHS received multiple reports of abuse over a period of months, never notifying law enforcement, leaving the children in the home to suffer repeated abuse. Some of these cases were only discovered when vigilant staff at our local Child Advocacy Center notified law enforcement when those same children were later brought in for interviews and medical care due to subsequent abuse.

After being made aware of this, my office and our local Child Advocacy Center began comparing numbers of reports of suspected abuse versus the numbers of children receiving services at the Center. Fortunately, the Child Advocacy Center of Central Oklahoma (CACCO), which is the Child Advocacy Center based in Shawnee and primarily serves District 23, Pottawatomie and Lincoln counties, is very attentive and keeps thorough records. What was extremely concerning were the comparisons between the 2024 CACCO numbers with OKDHS numbers. One example is that in 2024, in Pottawatomie County and Lincoln County combined, OKDHS received 511 reports of physical abuse on children. The number of children who received services from the CACCO in 2024 for suspected physical abuse was 64. That means less than 8% of the reported child physical abuse allegations to OKDHS in that time led to those children receiving services at the CACCO as required by law. In 2024, the number of reports to OKDHS of alleged sexual abuse, physical abuse, or neglect in the district totaled 2,532. During that same period, the number of children receiving services at the CACCO for those reports was 389. That leads to a reasonable conclusion that potentially 2,143 reports of abuse or neglect were never brought to the attention of the CACCO or law enforcement, leaving children allegedly abused in unknown circumstances. This is incredibly alarming, as it indicates a likelihood that OKDHS has failed to follow the law for these types of cases at a much higher rate than previously thought.

After repeated attempts made by law enforcement and child advocates to correct this, OKDHS continues with this behavior. Recent meetings with OKDHS to urge their

**206a**

2

143

compliance with the law have led to some constructive conversations which will hopefully lead to meaningful change. But the willingness to fix these problems does not negate the need to hold OKDHS accountable for their past failures. I have no reason to believe that my district is the only one facing this problem. This failure by OKDHS is likely happening across the state and is a direct reflection on the leadership of OKDHS from the top down. Because it is likely a statewide problem, within the next week I will formally request Attorney General Drummond utilize the Multicounty Grand Jury to investigate this issue to determine if criminal charges are warranted and what steps should be taken to ensure no more children are harmed. Should Attorney General Drummond find this issue unique to Pottawatomie and Lincoln Counties, I will seek to empanel local grand juries within my district to begin investigating or have my own District Attorney Task Force initiate a criminal investigation.

My anger towards those who fail to protect children is only eclipsed by my anger towards those who harm them, and I plan to deal with each accordingly. Therefore, I will not let this issue rest or be ignored until justice is obtained for every one of the children who suffered preventable rapes, sexual assaults, physical abuse, or extreme neglect due to OKDHS failures. As for those who perpetrated the abuse in the first place, they will be prosecuted as harshly and as aggressively as the law allows.

Adam R. Panter
District Attorney
District 23



## House of Representatives
### STATE OF OKLAHOMA

April 1, 2025

Attorney General Gentner Drummond
Office of the Attorney General
313 NE 21st Street
Oklahoma City, Oklahoma 73105

Attorney General Gentner Drummond:

District 23 District Attorney Adam Panter has called on you to establish Multi County Grand Jury.

In his request DA Panter stated, **"My anger towards those who fail to protect children is only eclipsed by my anger towards those who harm them, and I plan to deal with each accordingly. Therefore, I will not let this issue rest or be ignored until justice is obtained for every one of the children who suffered preventable rapes, sexual assaults, physical abuse, or extreme neglect due to DHS's failures. As for those who perpetrated the abuse in the first place, they will be prosecuted as harshly and as aggressively as the law allows."** I don't believe I can say it any better.

I have personally exposed numerous violations and alleged illegal acts of the Oklahoma Department of Human Services (OKDHS), demonstrating the department's gross negligence and failure to protect children from sexual abuse, physical abuse, and neglect. I believe a substantial portion of DHS employees and administration have intentionally ignored or participated in blatant abuse and abhorrent criminal acts. Despite multiple efforts to impose compliance, DHS has refused or failed to correct their dishonest and unlawful conduct. The director of the Department of Human Services and other agencies directors are complicit in addressing their agencies harmful behavior. Government officials responsible for overseeing these agencies have shown little to no interest in investigating the innumerable reported offenses. Attorney General Drummond to delay or prolong an investigation would place numerous children and families at risk. I personally cannot stand to see another child unnecessarily victimized.

DHS, Multidisciplinary Child Abuse Teams (MTD), and our Family Court System have abandoned basic legal principles and forsaken their responsibilities to the public. I have an email in which DHS instructs employees not to speak to legislators. I believe it is unlawful for DHS to threaten employees and prevent them from speaking to legislators. But more importantly, I believe their actions reveal an intent to obscure the truth. I recently requested information on what appears to be a voluntary removal program. The plan is anything but voluntary. DHS threatens families with the removal of children, and if the parents or grandparents refuse to sign, they remove the children. I received information that this DHS program was run by a contracted company. I approximately two weeks ago I asked DHS if they are contracted to remove children and if that company might possibly be owned by a former director.

**209a**

Remarkably, DHS has failed to respond. I have reports of DHS employees demanding parents sign blank forms, and in some cases, I have reports that DHS is deceiving parents into signing forms to terminate their parental rights.

In one case, I made numerous calls to determine why a child was being removed from their home without probable cause. But despite numerous attempts I could make no contact with an employee. After being unable to reach any DHS representative I left messages explaining that I would be investigating the matter and would seek extortion and child stealing charges against employees if they could not provide justification for the child's removal. DHS attorneys contacted me accusing me of harassing their employees. DHS has refused to provide justification for the child's removal, DHS has harassed and threatened the family to remove the child and then has the nerve to accuse me of harassing DHS employees.

I want to encourage you to launch a multi-county grand jury to investigate the alleged criminal misconduct of all those responsible and tasked with the protection of children.


Sincerely,

Representative Justin JJ Humphrey
District 19

**210a**

**EXHIBIT #3**
**(9 pages)**



## IN THE DISTRICT COURT IN AND FOR TULSA COUN.., STATE OF OKLAHOMA

LINH TRAN STEPHENS,  )
      Petitioner,  )
                  )
                  )   **FD-2015-2228**
vs               )   **PO-21-3843**
                  )   **PO-21-4059**
ADAM SYLVESTER STEPHENS,  )   **Docket C**
      Respondent.  )

### MUTUAL CIVIL RESTRAINING ORDER

**NOW ON this** 9th day of October 2023, this matter comes before the Court on PO-21-3843 and PO-21-4059. Petitioner Linh Tran Stephens appears *pro se*. Respondent Adam Sylvester Stephens Appears in person and through his attorney of record, Gilbert J. Pilkington, Jr. Guardian Ad Litem Stephen Hale and Attorney for Minor Child Megan Beck do not appear.

The Court, having reviewed the files, considered the evidence, heard the testimonies of the parties, and being otherwise fully advised in the premises, FINDS AND ORDERS as follows.

1. This Court has jurisdiction over the parties and subject matter of this action.
2. The Protective Orders referenced above are dismissed. In accordance with 22 O.S. 60.2(A) (b) (1b) the Court finds it is in the best interest of the parties and to not compromise the safety of any Petitioner of a Protective Order, to instead have a mutual restraining order.
3. The terms of this Civil Restraining Order are intended to protect and promote peace between the parties.
4. Both parties are prohibited from injuring, abusing, assaulting, molesting, harassing, stalking, threatening, or otherwise unnecessarily interfering with each other, and from the use, attempted use, or threatened use of physical force against either party and his/her family members or other individuals in their households.

1

5.  Neither party shall bully, intimidate, harass, threaten, stalk, or otherwise harm the other by any method or through any third party.

6.  All communications between the parties shall be through The Talking Parent Application. Each party is to immediately download a copy and initiate the set-up process. Communication shall take place between the hours of 9:00 a.m. and 10:00 p.m., no more than once per day. Communication that requires a response is to be responded to within 24 hours.

7.  The parties are to utilize the calendar in the Talking Parent App for scheduling regarding the minor child.

8.  Neither party shall enter the residence or property of the other party.

9.  Both parties are prohibited from contacting or entering the workplace of the other or contacting the workplace, employers, or co-workers.

10. Contact between Petitioner/Mother and the child is governed by the visitation orders that are in place. Reference the current orders and any subsequent modification.

11. Both parties are prohibited from engaging in other conduct that would place either party, the minor child, any relative, or household member of either party in reasonable fear of bodily injury.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** by this Court that the above and foregoing FINDINGS and ORDERS are hereby adopted and incorporated by reference as the ORDERS, JUDGMENTS, and DECREES of this Court as if set forth verbatim herein below, and judgment is hereby rendered accordingly.

IT IS SO ORDERED THIS ___27___ DAY OF OCTOBER 2023.

_____
JUDGE OF THE DISTRICT COURT

*Linh did NOT waive her signature nor consent to its waiving and NOT a pro se, see Objections filed prior attached!!!*

Approved as to form:

_____
Gilbert J. Pilkington, Jr.,
*Attorney for Respondent*

2

_____
Linh Tran Stephens
*Petitioner Pro Se*

149

## CERTIFICATE OF SERVICE

I hereby certify that on the ___31ˢᵀ___ day of ___OcT___ 2023, a true and correct copy of the above and foregoing was:

___X___ mailed, with proper postage fully prepaid thereon
_____ mailed by certified mail, Return Receipt No. _____
_____ transmitted via facsimile
___X___ transmitted via email
_____ hand delivered
_____ process server

to:

Emmalene Stringer, OBA #31690
State's Attorney
OKDHS, CSS
P.O. Box 27068
Tulsa, OK 74149
Phone, 918-295-3500
Fax, 918-430-2364
Ocss.Contact.TulsaEast@okdhs.org

Linh Stephens
11063 S. Memorial Dr, Ste D #235
Tulsa, OK 74133
*Petitioner, Pro Se*

Stephen Hale
320 S. Boston Ave, Suite 825A
Tulsa, OK 74103
*Guardian Ad Litem*

Megan Beck
320 S. Boston Ave, Suite 718
Tulsa, OK 74103
918-295-6418
Megan@MeganBeckLaw.com
*Attorney for Minor Child*

Gilbert J. Pilkington, Jr., OBA# 21998
*Attorney for Respondent*

3

150



*105665747 5*

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

Linh Tran Stephens, an individual, a living woman )
      **Petitioner,**             )

vs                           )

**ADAM SYLVESTER STEPHENS,**   )
      **Respondent.**            )

    **FD-2015-2228**
    PO-21-3843
    PO-21-4059
    **Docket C**

DISTRICT COURT
F I L E D

OCT 3 1 2023

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

<u>**PETITIONER'S SIGNATURE PAGE & STIPULATION OF**</u>
<u>**MUTUAL CIVIL RESTRAINING ORDER**</u>

**NOW ON this** 9th day of October 2023, this matter comes before the Court on PO-21-3843 and PO-21-4059. Petitioner Linh Tran Stephens appears *pro se*. Respondent Adam Sylvester Stephens Appears in person and through his attorney of record, Gilbert J. Pilkington, Jr. Guardian Ad Litem Stephen Hale and Attorney for Minor Child Megan Beck do not appear.

The Court, having reviewed the files, considered the evidence, heard the testimonies of the parties, and being otherwise fully advised in the premises, FINDS AND ORDERS as follows.

1.  This Court ~~has~~ jurisdiction over the parties and subject matter of this action, **which is still in dispute & must only be adjudicated by higher courts**

2.  The Protective Orders referenced above are dismissed. In accordance with 22 O.S. 60.2(A) (b) (1b) the Court finds it is in the best interest of the parties and to not compromise the safety of any Petitioner of a Protective Order, to instead have a mutual restraining ~~order.~~ **Agreement (NOT "order")**

3.  The terms of this Civil Restraining ~~Order~~ **Agreement** ~~are~~ intended to protect and promote peace between the parties.

4.  Both parties are prohibited from injuring, abusing, assaulting, molesting, harassing, stalking, threatening, or otherwise unnecessarily interfering with each other, and from the use, attempted use, or threatened use of physical force against either party and his/her family members or other individuals in their households **and pets (e.g. see dog Gizmo still being harmed/disposed by Adam (PO-2021-4059)**

1

5. Neither party shall bully, intimidate, harass, threaten, stalk, or otherwise harm the other by any method or through any third party.

6. All communications between the parties shall be through The Talking Parent Application. Each party is to immediately download a copy and initiate the set-up process. Communication shall take place between the hours of 9:00 a.m. and 10:00 p.m., no more than once per day. Communication that requires a response is to be responded to within 24 hours.

7. The parties are to utilize the calendar in the Talking Parent App for scheduling regarding the minor child.

8. Neither party shall enter the residence or property of the other party.

9. Both parties are prohibited from contacting or entering the workplace of the other or contacting the workplace, employers, or co-workers.

10. ~~Contact between Petitioner/Mother and the child is governed by the visitation orders that are in place. Reference the current orders and any subsequent modification.~~ **there is no protective order standing; perjurious Adam impeached many times per hearings so unalienable rights of Mother to contact their children & 1st Amendment Right Private Speech between them must stand**

11. Both parties are prohibited from engaging in other conduct that would place either party, the minor child, any relative, or household member of either party in reasonable ~~fear~~ of bodily injury. **harm; as "fear" can be delusional like that of Adam as no witnesses nor evidence for his false allegations**

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by this Court that the above and foregoing FINDINGS and ORDERS are hereby adopted and incorporated by reference as the ORDERS, JUDGMENTS, and DECREES of this Court as if set forth verbatim herein below, and judgment is hereby rendered accordingly.

IT IS SO ORDERED THIS _____ DAY OF OCTOBER 2023.

I (Linh Tran Stephens), Petitioner, shall NOT agree to any mutual agreement with a person (Adam Stephens) who repeatedly breached his NUMEROUS signed written contracts with me and with this Oklahoma Court. I shall agree ONLY AFTER he cures all defects I demanded, and AFTER he compensated me fairly (by jury of my peers), and fixes all his broken promises and his breached contracts, including but not limited to: Oregon Finalized Divorce & Custody & Child Support Order of 08JAN2016 "in lieu of child support Jeep and Trailer" registered into Tulsa County Court in 2017 after Adam's custodial interference and parental kidnapping (child concealment) event in Summer of 2017, Conduct Order of 09NOV2020 in Tulsa County Court agreed in in good faith by this Court so Father can avoid going to DHS/CPS trial and losing his parental rights after his numerous violations of my parental rights & our daughter's Bills of Rights of Children, reckless disregard for daughter's safety and her best interests; Adam's lack of remorse even with numerous impeachments on the stand since October 2022 (trailer, medical insurance coverage date range and its monthly amount) to October 2023 (false PO against Mother "child porn & child-kidnapping"—the very crimes he is guilty of but no one investigated him, disposed dog Gizmo thus VPO, attorney fee amounts, GAL fee amounts, door banging at Linh's house, Facebook post Adam admitted memory loss & hidden income with job as mortgage investigator on top of property manager + Truck driver + Uber driver),

3 parenting classes required by DHS, reimbursement for my expenses for daughter since 2016 charged to my credit cards, etc.

DATED: 21OCT2023,    Stephens:Linh-Tran, living woman, all rights reserved, UCC 1-308

## CERTIFICATE OF SERVICE

I hereby certify that on the ___31___ day of ____Oct____ 2023, a true and correct copy of the above and foregoing was **filed into Tulsa County Court**

_____ mailed, with proper postage fully prepaid thereon
_____ mailed by certified mail, Return Receipt No. _____
_____ transmitted via facsimile
__x__ transmitted via email **to everyone below but also mailed to Respondent's attorney**
_____ hand delivered
_____ process server

to:

Emmalene Stringer, OBA #31690
State's Attorney
OKDHS, CSS
P.O. Box 27068
Tulsa, OK 74149
Phone, 918-295-3500
Fax, 918-430-2364
Ocss.Contact.TulsaEast@okdhs.org

Megan Beck
320 S. Boston Ave, Suite 718
Tulsa, OK 74103
918-295-6418
Megan@MeganBeckLaw.com
*Attorney for Minor Child*

Linh Stephens
11063 S. Memorial Dr, Ste D #235
Tulsa, OK 74133
*Petitioner, Pro Se*

Stephen Hale
320 S. Boston Ave, Suite 825A
Tulsa, OK 74103
*Guardian Ad Litem*

_____
**Linh Stephens**

3

**IN THE DISTRICT COURT IN AND FOR TULSA COUNTY**
**STATE OF OKLAHOMA**

LINH TRAN STEPHENS,                          )
        Petitioner,                          )
                           )
vs                                           )   **FD-2015-2228**
                           )   **Docket C**
ADAM SYLVESTER STEPHENS,                      )
        Respondent.                          )

**PLEASE SEPARATE ORDER OF DISMISSAL OF PROTECTIVE ORDER FROM MUTUAL CIVIL RESTRAINING ORDER SINCE THEY ARE SEPARATE ORDERS**

**MUTUAL CIVIL RESTRAINING ORDER**

**NOW ON this** 9th day of October 2023, this matter comes before the Court on PO-21-3843 and PO-21-4059. Petitioner Linh Tran Stephens appears *pro se*. Respondent Adam Sylvester Stephens Appears in person and through his attorney of record, Gilbert J. Pilkington, Jr. Guardian Ad Litem Stephen Hale and Attorney for Minor Child Megan Beck do not appear.

The Court, having reviewed the files, considered the evidence, heard the testimonies of the parties, and being otherwise fully advised in the premises, FINDS AND ORDERS as follows.

1. The Protective Orders referenced above are dismissed.

2. The terms of this Civil Restraining Order are intended to protect and promote peace between the parties ~~and the minor child.~~

3. Both parties are prohibited from injuring, abusing, assaulting, molesting, harassing, stalking, threatening, or otherwise unnecessarily interfering with each other, and from the use, attempted use, or threatened use of physical force against either party and his/her family members or other individuals in their households. because Adam has stalked, harassed Linh, her neighbor, her work, her relatives, according to admitted evidence and reliable and collaborative witnesses, but Linh never stalked/harass Adam.

4. Neither party shall bully, intimidate, harass, threaten, stalk, or otherwise harm the other by any method or through any third party. despite Linh never did any of these

5. All communications between the parties shall be through The Talking Parent Application. Each party is to immediately download a copy and initiate the set-

1

up process. Communication shall take place between the hours of 9:00 a.m. and 10:00 p.m., no more than once per day <span style="color:red">for the same topic i.e. can be more than once a day if different topic. Parties are required to respond within 24 hours else held in contempt.</span>

6. Neither party shall enter the residence or property of the other party, <span style="color:red">because Adam did in the past ignoring Linh asking him to stop.</span>

7. Both parties are prohibited from contacting or entering the workplace of the other or contacting the workplace, employers, or co-workers.

8. ~~Contact between Petitioner/Mother and the child is governed by the visitation orders that are in place, reference the current orders and any subsequent modification.~~ <span style="color:red">DO NOT ADD TO JUDGE'S ORDER</span>

9. ~~Both parties are prohibited from engaging in other conduct that would place either party, the minor child, any relative, or household member of either party in reasonable fear of bodily injury.~~ <span style="color:red">DO NOT ADD TO JUDGE'S ORDER</span>

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** by this Court that the above and foregoing FINDINGS and ORDERS are hereby adopted and incorporated by reference as the ORDERS, JUDGMENTS, and DECREES of this Court as if set forth verbatim herein below, and judgment is hereby rendered accordingly.

IT IS SO ORDERED THIS _____ DAY OF OCTOBER 2023.

_____
JUDGE OF THE DISTRICT COURT

<span style="color:blue">I (Linh Tran Stephens) shall NOT agree to any mutual agreement with a person (Adam Stephens) who repeatedly breached his signed written contracts with me UNTIL AFTER he cures all defects, compensated me fairly (by jury of my peers), and fixes all his broken promises and his breached contracts, including but not limited to: Oregon Finalized Divorce & Custody & Child Support Order of 08JAN2016 "in lieu of child support Jeep and Trailer" adopted into Tulsa County Court after Adam's custodial interference and parental kidnapping (child concealment) event in Summer of 2017, Conduct Order of 09NOV2020 in Tulsa County Court agreed in in good faith so Father can avoid going to DHS/CPS trial and losing his parental rights after his numerous violations of my parental rights & our daughter's Bills of Rights of Children, reckless disregard for daughter's safety and her best interests; Adam's lack of remorse even with numerous impeachments on the stand since October 2022 (trailer, medical insurance coverage date range and its monthly amount) to October 2023 (false PO against Mother "child porn & child-kidnapping"—the very crimes he is guilty of but no one investigated him, disposed dog Gizmo thus VPO, attorney fee amounts, GAL fee amounts, door banging at Linh's house, Facebook post Adam admitted memory loss & hidden income with job as mortgage investigator on top of property manager + Truck driver + Uber driver), 3 parenting classes required by DHS, reimbursement for my expenses for daughter since 2016 charged to my credit cards, etc.
DATED: 21NOV2023,    Stephens:Linh-Tran, living woman, all rights reserved, UCC 1-308</span>

<span style="color:blue">155</span>

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of _____ 2023, a true and correct copy of the above and foregoing was:

_____ mailed, with proper postage fully prepaid thereon
_____ mailed by certified mail, Return Receipt No. _____
_____ transmitted via facsimile
_____ transmitted via email
_____ hand delivered
_____ process server

to:

Emmalene Stringer, OBA #31690
State's Attorney
OKDHS, CSS
P.O. Box 27068
Tulsa, OK 74149
Phone, 918-295-3500
Fax, 918-430-2364
Ocss.Contact.TulsaEast@okdhs.org

Linh Stephens
11063 S. Memorial Dr, Ste D #235
Tulsa, OK 74133
*Petitioner, Pro Se*

Stephen Hale
320 S. Boston Ave, Suite 825A
Tulsa, OK 74103
*Guardian Ad Litem*

Megan Beck
320 S. Boston Ave, Suite 718
Tulsa, OK 74103
918-295-6418
Megan@MeganBeckLaw.com
*Attorney for Minor Child*

_____
Gilbert J. Pilkington, Jr., OBA# 21998
*Attorney for Respondent*

3

**EXHIBIT #4
(2 pages)**

**AFFIDAVIT of Truth by S**▮▮▮▮▮▮▮▮▮                                    5/5/2025

On Friday, 5/2/2025 at 9:02am, Dr Linh Stephens was on the docket for family court in Judge Loretta Radford's courtroom. I arrived early at 8:00 am to deliver a pre-notarized Protest that Dr Linh Stephens had provided me to present to the court clerk and file into her case as well as a copy to the judge or her court clerk. So, by about 8:20am, both of those requests were complete. The Judge's court clerks name was Kacharra Mansker. Here contact is Kacharra.mansker@oscn.net; phone number, 918.596.5332. I then asked someone in the hallway who was instructing others how to get their documents to the judge how I would know if a court reporter was going to be in court. She said they normally had one. So I went to court and right away noticed that one was not present. So I asked the judge and she said no, they are not normally present. I objected to that as all hearings should be memorialized as part of due process in a court of record before rights can be affected.

OK Constitution Article 2 Section 7

Due Process Definition, Black's Law (4th and 5th Ed)

I had went downstairs to the main court clerk office to see if I could get a copy of a receipt for the one that had been prepaid for by Dr Linh Stephens. The woman there said that she did not see one ordered. I asked to pay for one to get a receipt. They explained that the judge would have to let me know if one was available first. Yet Judge said that I would have to have a receipt first. So, I explained to the judge that I was just downstairs trying to pay for it and they would not let me until the judge told them one was available. They would also not take my money. The filing court clerk said they were going by "the rules" and they knew the rules were that the judge had to approve the court reporter's presence first. I asked them to document what they were telling me were the rules as they understood them and to notarize what they were saying. They refused. I asked who made the rule and when it was made and if I could get a copy of that rule. They said I would need to contact Kim Hall, the court administrator as she was the one that implemented the rule a year ago when court reporters became hard to get. So, I went to her office before court hearing. The lady I spoke with there would not give me her name but said I would need to have the matter handled by the Bailiff, Samantha.Boen@oscn.net ; ph# 918.596.5333. The Baliff said one was being ordered for Dr Stephen's case (yet the court clerk said none was ordered and the judge said none was ordered unless payment was made). So I sat in court and waited for Dr Stephen's case to be called. While I waited, I also noticed in all of the plea deals that were being handled by other Pro Se litigants, that the judge would tell them that by going Pro Se that they were relinquishing their rights to a trial by jury or to call witnesses and more. I stood up to offer advice that the court could not ask them to waive those rights as no laws imparting the obligation of contracts shall be passed like interfering with one's oath to uphold the constitutional rights of We The People.

OK Constitution Article 2 Section 15

I was told to sit down by the judge and was instructed by a Sheriff's Deputy J. Williamson who would not give me his first name or his badge number when I asked that if I interrupted any more that I would be escorted out. I withheld any further interruptions until Dr Stephens' case was called. Dr Stephens case was held til the very end of the day the last case when everyone else left- zero eyes from the public, about 1-1:30pm, when it was finally called. Immediately I asked where the court reporter was and was told again I would need a receipt of payment for his/her presence. I let them know this hearing was not valid if there was no court reporter. They asked if I wanted an audio, I said I'll take what I can get but that the hearing would still be in violations without a court reporter and that I would still be making that report. After listening to a few comments from the prosecution side stating that Dr Stephens was in violations of some recent motions sent, I spoke up explaining that the case was not valid due to jurisdictional issues. The main violation is in US Constitution Article 3 when the state is a party the original jurisdiction is the Supreme Court. Also, Dr Stephens is a Vietnam citizen, which makes another Article 3 violation. The judge asked me my name, of which I explained I was one of The People court

watching for a case and offering advice to the court where I saw it was needed. The judge cut me off before I could make all the other necessary objections and she asked the Sheriff Deputy to escort me out. I asked if that was under the threat of arrest. He said no at first and I therefore said I would not be leaving then. Then he changed his mind and said "yes it was under the threat of arrest". So I let him escort me out without resistance.

I come in peace and love in the name of Christ Jesus to bring you this report of injustices I witnessed in the Tulsa Family court on 5/2/2025 in front of employees of STATE OF OKLAHOMA calling themselves as special judge Loretta Radford, 3 different payment/filing court clerks, judge's clerk Karacharra Mansker, bailiff Samantha Boen, Tulsa court administrator Kim Hall, and deputy sheriff J. Williamson.

Also Included: my audio recordings of my experiences from the day

https: drive.google.com drive folders 1QFxefI_qj4Qx9sFyC1vkVsft55ybsRB_?usp_sharing

Sincerely,



**Notary as JURAT CERTIFICATE**

STATE OF _Oklahoma_ )
           ) ss
COUNTY OF ▓▓▓▓▓
    On this _6_ day of _May_, 20_25_ before me ▓▓▓▓▓, a Notary Public, personally appeared a living woman ▓▓▓ the Authorized Representative and Beneficiary for Legal Fiction_____ ), who electronically (remotely) proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph(s) on the instrument the woman executed, the instrument.
    I certify under PENALTY OF PERJURY under the lawful laws of Oklahoma state law and that the foregoing paragraph is true and correct. WITNESS my
      hand and official seal.

Signature of Notary Jurat

**EXHIBIT #5
(3 pages of 2 letters)**

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC 20543-0001

July 11, 2024

Linh Stephens
C/O 11063 S Memorial Dr.
Suite D. #235
Tulsa, OK 74133

RE: Stephens v. Stephens
    OK Ct. of Civil App. No. 120,849

Dear Ms. Stephens:

The above-entitled petition for a writ of certiorari was originally postmarked March 25, 2024 and received again on June 27, 2024. The papers are returned for the following reason(s):

Your case must first be reviewed by a United States court of appeals or by the highest state court in which a decision could be had. 28 USC 1254 and 1257.

Sincerely,
Scott S. Harris, Clerk
By:

Emily Walker
(202) 479-5955

Enclosures

161

**SUPREME COURT OF THE UNITED STATES**
**OFFICE OF THE CLERK**
**WASHINGTON, DC 20543-0001**

May 13, 2025

Linh Tran Stephens
C/O 1964 Ashley River Rd Ste B
Unit 80112
Charleston, SC 29416

RE: Stephens v. Stephens/Stephens v. Stephens/Stephens v. April Seibert, et al
SC OK Nos. 120,849; 122,022; 122,445

Dear Ms. Stephens:

The above-entitled petition for a writ of certiorari was postmarked April 25, 2025 and received May 5, 2025. The papers are returned for the following reason(s):

To the extent you wish this Court to review the decision by the Supreme Court of Oklahoma in case number 120,849, the petition is out-of-time. The date of the lower court judgment or order denying a timely petition for rehearing was May 14, 2024. Therefore, the petition was due on or before August 12, 2024. Rules 13.1, 29.2 and 30.1. When the time to file a petition for a writ of certiorari in a civil case (habeas action included) has expired, the Court no longer has the power to review the petition.

Please be advised that if you are intending for this Court to review a decision by the Supreme Court of Oklahoma in case number 122,022, it appears this case is currently pending in the Supreme Court of Oklahoma. Your case must first be reviewed by that court.

Additionally, to the extent you wish this Court to review the decision by the Supreme Court of Oklahoma in case number 122,445, the petition is out-of-time. The date of the lower court judgment or order denying a timely petition for rehearing was September 30, 2024. Therefore, the petition was due on or before December 29, 2024. Rules 13.1, 29.2 and 30.1. When the time to file a petition for a writ of certiorari in a civil case (habeas action included) has expired, the Court no longer has the power to review the petition.

Sincerely,
Scott S. Harris, Clerk
By:

Pipa Fisher
(202) 479-3019

**Enclosures**

163

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LINH TRAN STEPHENS, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  CV-25-286-CVE-MTS** |
| | ) | |
| **STATE OF OKLAHOMA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MOTION TO DISMISS OF DEFENDANT OKLAHOMA DEPARTMENT OF HUMAN SERVICES AND BRIEF IN SUPPORT

**John K.F. Langford (OBA #21012)**
**Assistant General Counsel**
**Department of Human Services**
**P.O. Box 25352**
**Oklahoma City, OK  73125-0352**
**Telephone:  (405) 521-3638**
**E-mail: John.Langford@okdhs.org**

***Attorney for Defendant DHS.***

***August 5, 2025***

164

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES  .................................................................................. ii

MOTION TO DISMISS AND BRIEF IN SUPPORT  ................................................... 1

I.    STATEMENT OF THE CASE  ..................................................................... 1

II.   ARGUMENT AND AUTHORITIES  ............................................................... 3

    A.   Motion to Dismiss Standard for Lack of Subject Matter
        Jurisdiction  ........................................................................... 3

    B.   Standard for Dismissal for Failure to State a Claim .................................3

    C.   Plaintiff Wholly Failed to Comply With Rule 8  ..................................... 4

    D.   Plaintiff's Complaint and Petition for Writ of Habeas Corpus is
        Subject to Dismissal Under Fed. R. Civ. P. 12(b)(1)
        Due to Eleventh Amendment Sovereign Immunity ................................. 6

    E.   The *Rooker-Feldman* Doctrine Warrants Dismissal ................................ 8

    F.   *Younger* Abstention ................................................................. 12

    G.   Plaintiff's Complaint and Petition for Writ of Habeas Corpus
        Fails To State a Claim Upon Which Any Relief Can Be Granted
        Against OAH/DHS Under 42 U.S.C. §§ 1983, 1985 ...............................14

    H.   Plaintiff Has Failed To State A Claim .............................................15

    I.   Plaintiff's Lawsuit Is Untimely ....................................................15

    J.   Plaintiff Is Not In Custody ..........................................................17

  III.  CONCLUSION  ..................................................................................19

CERTIFICATE OF SERVICE  ........................................................................ 19

i

## TABLE OF AUTHORITIES

**Page**

### CASES

### Federal

*Alabama v. Pugh*,
   438 U.S. 781 (1978) ..................................................................................................... 6

*Alexander v. Oklahoma,*
   382 F.3d 1206, 1215 (10th Cir. 2004) .................................................................15, 16

*Alfaro v. Cnty. of Arapahoe*,
   766 Fed. Appx. 657, 660–61 (10th Cir. 2019)............................................................12

*Ashcroft v. Iqbal*,
   556 U.S. 662, 663-64 (2009) .......................................................................................3

*Bd. of Trustees of Univ. of Ala. v. Garrett*,
   531 U.S. 356, 148 L. Ed. 2d 866, 121 S. Ct. 955 (2001)............................................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 570 (2007)........................................................................................3, 15

*Charchenko v. City of Stillwater*,
   47 F.3d 981, 983 (8th Cir. 1995) .................................................................................9

*Ciralsky v. C.I.A.*,
   355 F.3d 661, 671 (D.C. Cir. 2004)..............................................................................5

*Crown Point I Ltd. Liab. Co. v. Intermountain Rural Elec. Ass'n*,
   319 F.3d 1211, 1215 (10th Cir. 2003) ........................................................................12

*Facio v. Jones*,
   929 F.2d 541, 543 (10th Cir. 1991) ............................................................................10

*Florida Department of Health and Rehabilitative Services v. Florida Nursing Home Association,*
   450 U.S. 147, 150 (1981) .............................................................................................6

*Garrett v. Selby Connor Maddux & Janer,*
   425 F.3d 836, 840, 62 Fed. R. Serv. 3d 1019, (10th Cir. 2005) ..................................5

*Harris v. Champion*,
   51 F.3rd 901, 905-06 (10th Cir. 1995) .......................................................................15

ii

*Holt v. U.S.,*
46 F.3d 1000, 1002 (10th Cir. 1995) .............................................................................3

*Howlett v. Rose,*
496 U.S. 356, 367, 110 S. Ct. 2430, 2438 (1990).....................................................13, 15

*Huffman v. Pursue, Ltd.,*
420 U.S. 592, 603-04, 95 S. Ct. 1200, 1208 (1975) ...............................................13

*Joseph A. v. Ingram,*
275 F.3d 1253, 1259 (10th Cir. 2002) ...............................................................8

*Kiowa Indian Tribe of Oklahoma v. Hoover,*
150 F.3d 1163, 1169 (10th Cir. 1998) ...............................................................9

*LaFavre v. Kansas ex rel. Stovall,*
6 Fed. Appx. 799, 805 (10th Cir. 2001)..............................................................8

*Mann v. Boatright,*
477 F.3d 1140, 1148 (10th Cir. 2007) ...........................................................4, 5

*Martin v. Kansas,*
190 F.3d 1120, 1126 (10th Cir. 1999) ...............................................................8

*McKinney v. State of Oklahoma,*
925 F.2d 363, 365 (10th Cir. 1991).....................................................................15

*Mondragon v. Thompson,*
519 F.3d 1078, 1082 (10th Cir. 2008) ................................................................15

*Moore v. Sims,*
442 U.S. 415, 435, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979).....................................13

*Morrow v. Winslow,*
94 F.3d 1386, 1397 (10th Cir. 1996) ...............................................................13

*Muscogee (Creek) Nation v. Oklahoma Tax Comm'n,*
611 F.3d 1222, 1227 (10th Cir. 2010) ...............................................................7

*Nielsen v. Price,*
17 F.3d 1276, 1277 (10th Cir.1994) ...............................................................5

*Ogden v. San Juan Cnty.,*
32 F.3d 452, 455 1994 WL 401467 (10th Cir. 1994)...............................................5

iii

*Ohio Nat'l Life Ins. Co. v. U.S.,*
    922 F.2d 320, 325 (6th Cir. 1990) ..................................................................................3

*Ridge at Red Hawk, L.L.C. v. Schneider*,
    493 F.3d 1174, 1177 (10th Cir. 2007) ...........................................................................4

*Robbins v. State of Oklahoma, ex rel. Dept. of Human Services*
    519 F.3d 1242, 1247-48 (10th Cir. 2008) ...................................................................... 4

*Pennhurst State School & Hospital v. Halderman*,
    465 U.S. 89, 100, (1984) ...............................................................................................6

*Phillips v. Martin*,
    535 F. Supp. 2d 1210, 1215-16 (D. Kan. 2008)...........................................................14

*Port Authority Trans-Hudson Corp. v. Feeney*,
    495 U.S. 299, 305-06 110 S. Ct. 1868, 1873, 109 L. Ed. 2d 264 (1990) .......................8

*Tso v. Murray*,
    760 F. App'x 564, 567-68 (10th Cir. 2019) ...................................................................9

*Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.,*
    577 F.3d 1255, 1258 (10th Cir. 2009) ...........................................................................7

*Watts v. Thiel*,
    06-3251-SAC, 2007 WL 1466826, at *1 (D. Kan. May 18, 2007) ...............................18

*Will v. Michigan Dept. of State Police*,
    491 U.S. 58 (1989);.....................................................................................................14,

*Wright v. Oklahoma Cnty.,*
    CIV-20-00346-JD, 2020 WL 8335672, at *6–7 (W.D. Okla. Aug. 31, 2020) ...........11

## STATE

*City of Sand Springs v. Department of Public Welfare,*
    608 P.2d 1139 (Okla. 1980) ...........................................................................................6

*Barrios v. Haskell Cty. Pub. Facilities Auth.,*
    2018 OK 90, 432 P.3d 233............................................................................................16

*Gurley v. Memorial Hospital of Guymon,*
    1989 OK 34, 770 P.2d 573, 576....................................................................................16

*Hall v. GEO Grp., Inc.,*
    2014 OK 22, ¶ 13, 324 P.3d 399, 404...........................................................................17

iv

## STATUTES

### Federal

U.S. Const. amend. XI ..................................................................................................................7

42 U.S.C. §§601-619 ....................................................................................................................2

42 U.S.C. § 1983..........................................................................................................................15

Part A of Subchapter IV of Chapter 7 of Title 42 ........................................................................2

Fed .R. Civ. Proc. 8 ..................................................................................................................... 4

Fed .R. Civ. Proc. 8(a) ................................................................................................................ 4

Fed .R. Civ. Proc. 8(d) ................................................................................................................ 4

Fed .R. Civ. Proc. 8(d)(1) ........................................................................................................... 4

Fed. R. Civ. P. 8, 12(b)(1) ..................................................................................................... 1, 3, 6

Fed .R. Civ. Proc. 12(b)(6) ................................................................................................... 1, 3, 5, 6

### State

Okla. Const., Art. 25 § 1 ............................................................................................................ 6

Okla. Const., Art. 25 § 2 ............................................................................................................ 6

12 O.S. §95(A)(3) .......................................................................................................................16

12 O.S. § 1171.3(G)(1) ................................................................................................................2

43 O.S. § 112(E) .........................................................................................................................13

43 O.S. § 115 (A).........................................................................................................................2

43 O.S. § 137 ...............................................................................................................................2

51 O.S. §151, *et seq.*..................................................................................................................16

51 O.S. §152.1(A).......................................................................................................................16

51 O.S. §152.1(B)....................................................................................................................8, 16

v

51 O.S. §153 ........................................................................................................16

51 O.S. §153(A)..................................................................................................16

51 O.S. §153(B)..................................................................................................16

51 O.S. §156 ...............................................................................................16, 17

51 O.S. § 157(B) .................................................................................................17

51 O.S. §171 .......................................................................................................16

56 O.S. §§162.1a ..................................................................................................6

56 O.S. §§162.1(a).................................................................................................6

56 O.S. § 237(A)...................................................................................................2

56 O.S. § 237(B)(2) ..............................................................................................2

56 O.S. § 237(C)(3). ............................................................................................2

vi

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| Linh Tran Stephens, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CV-25-286-CVE-MTS |
| | ) | |
| State of Oklahoma, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Motion To Dismiss of Defendant Oklahoma Department Of Human Services
And Brief In Support**

Defendant Oklahoma Department Of Human Services (hereinafter "DHS" and/or "CSS") respectfully moves the Court to dismiss this action pursuant to Rule 8, 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure for the reasons stated in the following brief.

**I. Statement Of The Case**

Plaintiff and the father of her child were married in Arizona in 2012. Plaintiff initiated divorce proceedings in Oklahoma in 2015 while both parties lived in Tulsa, Oklahoma. Despite the initiation of the divorce proceedings in Oklahoma in 2015, a separate divorce proceeding was finalized between the parties in Oregon in 2016 and was later registered in the District Court of Tulsa County, Case No. FD-2015-2228. Throughout the following years various filings regarding custody, child support obligations and quantifications, and protective orders were litigated. In June of 2022, Father was granted emergency physical custody of the child, and the trial court held a hearing on the matter of child support. The trial court considered evidence presented by the parties and issued the Child Support Order on October 17, 2022. Plaintiff was ordered to pay child support in the amount of $827.56 a month, beginning on November 1, 2022. One month later Father filed an Application for Indirect Contempt Citation-Child Support.

Jury trial for the indirect contempt was held February 6-7, 2024 and Plaintiff was found guilty. Plaintiff appealed this decision, raising fourteen points of error - which included the same allegations Plaintiff has raised in this lawsuit. The jury trial verdict of guilt was affirmed by the Oklahoma Court of Civil Appeals, in case number 122,022 on March 7, 2025. Plaintiff then filed a petition for writ of certiorari to the Oklahoma Supreme Court and this was denied on June 16, 2025 with mandate issued on July 10, 2025. Accordingly, it is now settled that the child support order Plaintiff complains about and her concomitant guilt of indirect contempt have achieved finality.

Cast against this backdrop, Part A of Subchapter IV of Chapter 7 of Title 42[1] of the United States Code requires every state to designate a single state agency to administer a statewide plan for child support services, and the State of Oklahoma has authorized OKDHS as that agency.[2] This plan provides that when DHS Child Support Services (CSS) are expended and child support payments are ordered by the court, such payments shall be paid to CSS by an immediate income assignment.[3] In Plaintiff's child support case, CSS was and remains a necessary party because DHS continues to provide services to Plaintiff's minor child. Further, in order to efficiently oversee the implementation of the State of Oklahoma's Child Support plan, CSS was granted authorization to adopt rules for child support services.[4] In the underlying Tulsa County District Court Case/CSS Case DHS, by and through CSS, is handling the child support case.

Plaintiff's claims are nothing more than a thinly veiled attempt to have this this honorable Court enter an order refunding and enjoining the collection of past due (which are judgments as a matter of law[5] and not "consumer debt" as Plaintiff appears to believe), current, and future child

---

[1] 42 U.S.C. §§601-619.
[2] 56 O.S. § 237(A).
[3] 12 O.S. § 1171.3(G)(1), 43 O.S. § 115 (A), 56 O.S. § 237(C)(3).
[4] 56 O.S. § 237(B)(2).
[5] *See, inter alia,* 43 O.S. § 137.

support payments thereby vacating and holding for naught the lawful child support orders entered in the CSS Case and Tulsa County Case as well as the guilty verdict entered by a jury in the contempt action arising from her failure to pay due and proper child support. The foregoing in mind, it would thus be no understatement to say it is undeniable that the subject child support orders are wholly integral to Plaintiff's claims herein just as it is ineluctable that Plaintiff's Complaint and Petition for Writ of Habeas Corpus are irreparably flawed and must be dismissed.

## II. Argument and Authorities

### A. Motion to Dismiss Standard for Lack of Subject Matter Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is in the form of "a facial attack." *Holt v. U.S.,* 46 F.3d 1000, 1002 (10th Cir. 1995). A "facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. U.S.,* 922 F.2d 320, 325 (6th Cir. 1990)). If a court determines it has been deprived of subject matter jurisdiction, then such court must dismiss the complaint pursuant to Rule 12(b)(1). Defendants contend that this Court is without jurisdiction over Plaintiff's suit because it was brought in derogation of the Eleventh Amendment and the sovereign immunity of the State of Oklahoma. Accordingly, the claims should be dismissed pursuant to Rule 12(b)(1).

### B. Standard for Dismissal for Failure to State a Claim

Defendant also contends Plaintiff has failed to state a claim for relief. "To survive a motion to dismiss [for failure to state a claim under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly* at 556). Under this standard, the Tenth Circuit has stated that "the mere metaphysical possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original). In other words, a plaintiff must nudge his "claims across the line from conceivable to plausible[.]" *Twombly* at 570. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 679.

The Tenth Circuit in *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008), explained that "plausibility" refers to the scope of the allegations in the complaint; "if they are so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action" then such allegations are not sufficient to place defendants on notice "of the actual grounds of the claim" against them. When this standard is applied to the factual allegations of the Complaint and Petition for Writ of Habeas Corpus, it is clear that this action should be dismissed pursuant to Rule 12(b)(6).

### C. Plaintiff Wholly Failed To Comply With Rule 8

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must "state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Specifically, Rule 8(a) instructs the plaintiff to plead for relief in a "short and plain statement," while Rule 8(d)(1) adds that each allegation in the complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(a) and (d). Accordingly, something "written more as a press release, prolix in evidentiary detail, yet without simplicity,

conciseness and clarity as to whom plaintiffs are suing for what wrongs" would violate Rule 8. *See Mann*, 477 F.3d at 1148.

Admittedly, perfection is not required of a pro se party and it is understood that pro se litigants are held to a less stringent standard as to the form and, in some respects, content of a pleading. However, although the drafting standard may be less stringent, the requirement that pro se plaintiffs must still adhere to the Federal Rules of Civil Procedure is not. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840, 62 Fed. R. Serv. 3d 1019, (10th Cir. 2005); *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) (citing several cases for principle that *pro se* parties must comply with same procedural rules that govern all other litigants). *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 1994 WL 401467 (10th Cir. 1994). In this regard, when a plaintiff violates Rule 8, a district court is authorized to dismiss the case, in its entirety, based upon this violation alone. *Mann v. Boatright,* 477 F.3d 1140, 1138-49 (10th Cir. 2007). In fact, it is not the court's job to cobble together potential claims strewn about in an overly lengthy complaint and dismissal of any such complaint is appropriate. *Id*

Finally, a Rule 8 violation is different from a failure to state a claim under Rule 12(b)(6). Even if a complaint sufficiently alleges enough facts to survive a 12(b)(6) motion to dismiss, a Court may still invoke Rule 8 to strike the complaint if the necessary facts are "scattered throughout the complaint" or completely absent. *See Mann*, 477 F.3d at 1147; *see also Ciralsky v. C.I.A.*, 355 F.3d 661, 671 (D.C. Cir. 2004) (holding that there was a Rule 8 violation even though plaintiff had pled more details than necessary to survive dismissal under Rule 12(b)(6)).

In the case at bar, the Complaint and Petition for Writ of Habeas Corpus fails to contain a simple, concise, short and plain statement as to the alleged harm and the relevant facts that give rise to the alleged harm. Instead, it's a diatribe and opinion piece masquerading as a lawsuit.

Moreover, Plaintiff repeatedly ascribes the various references and claims generically to all Defendants grouped together in one category. Again, this makes it difficult, if not impossible, to identify which claim is directed towards which specific Defendant or when such claim is alleged to have occurred. Pleading in this fashion creates an unjustified burden on the defendants who are required to sift through all of these pages in an attempt to identify allegations to which they are required to respond.

For these reasons, it is indisputable that the Complaint and Petition for Writ of Habeas Corpus fails at the most fundamental level and runs afoul of Rule 8. Thus, this case should be summarily dismissed in its entirety.

### D. Plaintiff's Complaint and Petition for Writ of Habeas Corpus is Subject to Dismissal Under Fed. R. Civ. P. 12(b)(1) Due to Eleventh Amendment Sovereign Immunity

The Oklahoma Department of Human Services ("DHS") (formerly known as the Department of Public Welfare and the Department of Institutions, Social and Rehabilitative Services) was created in 1936 by §2 of Article XXV of the Oklahoma Constitution for the purpose of "administering and carrying into execution" all laws enacted by the Oklahoma Legislature pursuant to §1 of Article XXV. *See* 56 O.S. §§162.1(a) and 162.1a. Section 2 also requires DHS to "perform such other duties as may from time to time be prescribed by law." *See generally City of Sand Springs v. Department of Public Welfare,* 608 P.2d 1139 (Okla. 1980). Within this legal framework is the establishment and maintenance by DHS of CSS as described above. As an agency of the State of Oklahoma, DHS(and, therefore, CSS) is unquestionably an arm of the State of Oklahoma. *See, for example, Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100 (1990); *Florida Department of Health and Rehabilitative Services v. Florida Nursing Home Association,* 450 U.S. 147, 150 (1981) (per curiam); *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam).

The foregoing in mind, the Eleventh Amendment provides:

> [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

Towards this end,

> [t]he Supreme Court has interpreted the Eleventh Amendment to mean "States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). This prohibition encompasses suits against state agencies. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).

*Muscogee (Creek) Nation v. Oklahoma Tax Comm'n,* 611 F.3d 1222, 1227 (10th Cir. 2010).

Because States may not be sued in federal court absent their consent or specific and unequivocal

Congressional mandate,

> [t]he Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state. *See Steadfast Ins. Co. v. Agric. Ins. Co.,* 507 F.3d 1250, 1252–53 (10th Cir.2007).

*Wagoner Cty. Rural Water Dist. No. 2 v. Grand River Dam Auth.,* 577 F.3d 1255, 1258 (10th Cir. 2009).

As for the possibility that DHS/CSS has unequivocally consented to suit herein by waiving its

Eleventh Amendment sovereign immunity,

> [t]he Court will give effect to a State's waiver of Eleventh Amendment immunity "'only where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.'" *306 Atascadero State Hospital, supra,* 473 U.S., at 239–240, 105 S.Ct., at 3145–3146 (quoting *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974) (internal quotation omitted)). A State does not waive its Eleventh Amendment immunity by consenting to suit only in its own courts, see, *e.g., Florida Dept. of Health and Rehabilitative Services v. Florida Nursing Home Assn.,* 450 U.S. 147, 150, 101 S.Ct. 1032, 1034, 67 L.Ed.2d 132 (1981) (*per curiam*), and "[t]hus, in order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court.*" *Atascadero State Hospital, supra,* 473 U.S., at 241, 105 S.Ct., at 3146.

*Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305–06, 110 S. Ct. 1868, 1873, 109 L. Ed. 2d 264 (1990).

In this vein, it is clear that the State of Oklahoma and its agencies – including DHS/CSS– have not waived their Eleventh Amendment immunity and consented to actions in federal court such as this case. *See* 51 O.S. §152.1(B) (which expressly preserves the State of Oklahoma's Eleventh Amendment immunity). Likewise, Oklahoma's Eleventh Amendment immunity has not been negated by any unequivocal Congressional mandate subjecting DHS to suit herein for alleged civil rights violations,

> [i]t is well settled that neither 42 U.S.C. § 1981 nor § 1983 abrogate the Eleventh Amendment immunity of the states. *E.g., Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66–67, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (§ 1983); *Ellis v. Univ. of Kan. Med. Ctr.,* 163 F.3d 1186, 1196 (10th Cir.1998) (§§ 1981, 1983, and 1985). Thus, Congress has not abrogated the defendants' Eleventh Amendment immunity under these provisions.

*LaFavre v. Kansas ex rel. Stovall,* 6 Fed. Appx. 799, 805 (10th Cir. 2001).

As such, Plaintiff's claims against DHS/CSS are jurisdictionally[6] barred pursuant to the plain language of the Eleventh Amendment and must be dismissed.

### E. The *Rooker-Feldman* Doctrine Warrants Dismissal

It is beyond dispute that Plaintiff's claims arise from state court judgments involving lawful child support orders and Plaintiff's failure to comply therewith. Resultantly, she is barred herein according to the *Rooker-Feldman* doctrine which holds that the federal courts (other than the

---

[6] "Because the State's assertion of Eleventh Amendment immunity challenges the subject matter jurisdiction of the district court, the issue must be resolved before a court may address the merits of [the] underlying . . . claim." <u>Martin v. Kansas</u>, 190 F.3d 1120, 1126 (10th Cir. 1999), <u>overruled on other grounds by Bd. of Trustees of Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 148 L. Ed. 2d 866, 121 S. Ct. 955 (2001)."
*Joseph A. v. Ingram*, 275 F.3d 1253, 1259 (10th Cir. 2002)

United States Supreme Court) lack jurisdiction to adjudicate claims seeking review of state court judgments. *Feldman*, 460 U.S. at 483-484. *See Kiowa Indian Tribe of Oklahoma v. Hoover,* 150 F.3d 1163, 1169 (10th Cir. 1998) (holding that "federal review of state court judgments can be obtained only in the United States Supreme Court" under 28 U.S.C. §1257). Apt here is the following from the Tenth Circuit:

> [t]he Supreme Court has explained that *Rooker-Feldman* "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). "In other words, an element of the claim must be that the state court wrongfully entered its judgment." *Campbell*, 682 F.3d at 1283. Tso's Complaint seeks relief from alleged harms flowing from "acts of the state court." *Campbell*, 682 F.3d at 1285. That is, "the allegedly wrongful act that caused damage was the state-court order itself," and his claims "required a determination of the bona fides of the prior state-court judgment," *id.* at 1284. Though he complains of various acts taken by the defendants, whether through a RICO "conspiracy" or denial of just compensation, the only harms alleged involved deprivations that resulted from the state courts' orders. His claims are therefore barred by *Rooker-Feldman*.

*Tso v. Murray*, 760 F. App'x 564, 567-68 (10th Cir. 2019).

Plaintiff's complaints are born of state court orders and his requested relief would require this court to impermissibly determine the "bona fides" of the orders. *Ibid.*

Further, the *Rooker-Feldman* doctrine bars consideration not only of issues <u>actually</u> presented to and decided by a state court, but also bars consideration of constitutional claims that are "'inextricably intertwined' with" issues ruled upon by a state court. *See id.* (quoting *Feldman,* 460 U.S. at 483-84, n.16). "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). "In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Id.* In this case it is inescapable that the events giving rise to Plaintiff's

allegations arise from and are inextricably intertwined with a current state court case involving child support and/or would involve this court reviewing the decisions of a state court. Likewise, to the extent that Plaintiff seeks a declaratory judgment regarding child support, such would be barred by *Rooker-Feldman* as well:

> *Feldman* not only prohibited direct review of state judgments by lower federal courts, but it also prohibited those federal courts from issuing any declaratory relief that is "inextricably intertwined" with the state court judgment. *Feldman,* 460 U.S. at 483–84 n. 16, 103 S.Ct. at 1315–16 n. 16; *Razatos,* 746 F.2d at 1433.

*Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

It is also important that any appeals concerning the valid child support orders and her conviction for indirect contempt have ended in Oklahoma state courts and any relief Plaintiff seeks herein is irretrievably enmeshed with those final orders. More eloquently:

> [d]ivorce decrees are final judgments in Oklahoma. 43 Okla. Stat. § 127. *See also* 4 Okla. Prac., Okla. Family Law § 35:1 ("Final orders in domestic cases include the decree of divorce, the final decision in a motion to modify, or the final decision in a contempt citation case."). The divorce decree is final and valid on the day it is pronounced. *See Pellow v. Pellow*, 1985 OK 88, ¶¶ 18–20, 714 P.2d 593, 597 (divorce decree is a final judgment); *Bryan v. Bryan*, 2009 OK CIV APP 77, ¶ 19, 221 P.3d 146, 150 ("[W]e conclude that the divorce was valid and final on the date the divorce was pronounced. In Oklahoma, judgment is rendered when pronounced.") (quotation and citation omitted).

> The state court has already denied Mr. Wright's jurisdictional argument, and the Oklahoma Supreme Court dismissed his first appeal. *See* Mar. 6, 2020 Order Dismissing Appeal in Oklahoma Supreme Court Case No. 118538 (mandate issued June 17, 2020). As discussed above, most of the State Court Cases that Mr. Wright complains of have final orders and have been closed for years (Okla. Cnty. Case Nos. ML-2005-6219, FD-2008-3202, and PO-2008-1539).

> Precedential cases from the United States Supreme Court and the Tenth Circuit that this Court must follow prevent this Court from providing the relief Mr. Wright seeks in this case. [*See* Doc. No. 1 ¶ 64]. *See, e.g., Tal*, 453 F.3d at 1256; *Read*, 1 F. App'x at 869. In *Kanth*, for example, after a Utah state court entered a divorce decree, the husband filed a lawsuit in federal court against a slew of individuals who were allegedly related to his divorce proceeding including the state trial and appellate judges, commissioners, three attorneys in the Utah Office of Guardian Ad Litem, the Attorney General of the State of Utah, and the Director of the Utah

Department of Human Services. 123 F. App'x at 922–23. Applying *Rooker-Feldman* and *Younger*, the federal district court dismissed the case, concluding that the doctrines barred the husband from "challenging the orders and judgments entered in the state-court proceedings." *Id.* at 923.

The Tenth Circuit affirmed the dismissal and held that "the relief Mr. Kanth seeks is a reversal of the Utah state courts' rulings against him and.... [a]ny federal claims are inextricably intertwined with those orders." *Id.* at 924. *See also Jackson v. Davidson*, 272 F. App'x 722, 723 (10th Cir. 2008) ("Jackson seeks to enjoin the enforcement of the state-court divorce decree entered on October 7, 1987. This is precisely the type of claim encompassed by the *Rooker-Feldman* doctrine."); *Read*, 1 F. App'x at 869 ("Mr. Read's claim against the state court judges directly challenges the state court divorce decree. Notably, the claim repeats arguments that he raised in his various state court challenges to the Tulsa County Court's divorce decree ... Any further review of the state court decision must come from the Oklahoma Supreme Court and the United States Supreme Court rather than the federal district court.") (citation omitted).

Like the plaintiffs in these cases, Mr. Wright's claims require disturbing the state-court divorce decree and other state court orders, or his claims are at least inextricably intertwined with those orders, and the claims must be dismissed under *Rooker-Feldman.* Mr. Wright wants the Divorce Case dismissed, wants various orders and rulings from each of the State Court Cases reversed, revised, or revisited, and seeks to have this Court determine that the state court lacked jurisdiction—an argument that has already been rejected by the state court and his appeal on that issue has been dismissed. This is "seeking what in substance ... would be appellate review of the state judgment in a United States district court," which *Rooker-Feldman* prohibits. *See Johnson*, 512 U.S. at 1005–06.

Mr. Wright's claims that are not expressly seeking review of a final state-court judgment are barred under *Rooker-Feldman* as "inextricably intertwined" with the divorce decree because the alleged conduct led to the decree and related domestic-relations orders. According to Mr. Wright's allegations, Oklahoma County's conduct in the state proceedings and the state court's alleged lack of jurisdiction "*caused*, actually and proximately, the *injury* for which the federal court plaintiff seeks *redress*" and this Court must abstain. *Kanth*, 123 F. App'x at 924 (emphasis in original).

In summary, the Court must abstain from reviewing final orders of the state court and cannot afford Mr. Wright any relief. His proper course, if any, is through the state courts and then to the United States Supreme Court. *See* 28 U.S.C. § 1257(a).

*Wright v. Oklahoma Cnty.,* CIV-20-00346-JD, 2020 WL 8335672, at *6–7 (W.D. Okla. Aug. 31, 2020).

*Rooker-Feldman* also bars her unfounded allegation that lawfully child support orders and the finding of guilt by a jury are unconstitutional or void:

> [f]urther, Alfaro's suggestion that federal jurisdiction exists because the state court "issued void, unconstitutional, and unenforceable orders" is unavailing. Aplt. Br. 27–28. Federal "courts do not have jurisdiction 'over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.' " *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986) (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) ). Indeed, as the district court concluded, reviewing the merits of final state-court orders "is precisely the type of claim encompassed by the *Rooker-Feldman* doctrine." *Jackson v. Davidson*, 272 F. App'x 722, 723 (10th Cir. 2008) (unpublished) (finding that *Rooker-Feldman* doctrine barred claim "seek[ing] to enjoin the enforcement of [a] state-court divorce decree").

*Alfaro v. Cnty. of Arapahoe*, 766 Fed. Appx. 657, 660–61 (10th Cir. 2019).

### F. *Younger* Abstention

It appears Plaintiff also seeks prospective relief regarding the continuing child support orders of the Tulsa County Case/CSS Case. While such relief may avoid the jurisdictional bar of the Eleventh Amendment, it cannot avoid non-discretionary application of *Younger* abstention herein:

> [i]n determining whether *Younger* abstention is appropriate, a court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Amanatullah v. Colorado Bd. of Med. Exam'rs,* 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotations omitted). Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain. *See Seneca-Cayuga Tribe v. Oklahoma,* 874 F.2d 709, 711 (10th Cir. 1989).

*Crown Point I Ltd. Liab. Co. v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

In this case, there can be no doubt of the wholesale application of *Younger* abstention. First, it is beyond dispute that there is an ongoing child support case in Oklahoma state court which

continues until the minor child reaches majority. *See, for example,* 43 O.S. § 112(E). Second, the care and support of Oklahoma's children by their parents is ineluctably one that involves important state interests. *See, for example,* Moore v. Sims, 442 U.S. 415, 435, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979) (family relations are traditional area of state concern); Morrow v. Winslow, 94 F.3d 1386, 1397 (10th Cir. 1996) (state has interest in orderly conduct of proceedings in its courts in manner which protects interest of child and family), <u>cert. denied,</u> 520 U.S. 1143, 117 S. Ct. 1311, 137 L. Ed. 2d 475 (1997). Third, Oklahoma state courts have jurisdiction to entertain and decide §1983 suits. *See Howlett v. Rose,* 496 U.S. 356, 367, 110 S. Ct. 2430, 2438 (1990). And this truism rings loudly with regard to matters of state concern:

> [t]he seriousness of federal judicial interference with state civil functions has long been recognized by this Court. We have consistently required that when federal courts are confronted with requests for such relief, they should abide by standards of restraint that go well beyond those of private equity jurisprudence. For example, *Massachusetts State Grange* v. *Benton*, 272 U.S. 525 (1926), involved an effort to enjoin the operation of a state daylight savings act. Writing for the Court, Mr. Justice Holmes cited *Fenner* v. *Boykin, supra*, and emphasized a rule that "should be very strictly observed," 272 U.S., at 529, "that no injunction ought to issue against officers of a State clothed with authority to enforce the law in question, unless in a case reasonably free from doubt and when necessary to prevent great and irreparable injury." *Id*., at 527.

> Although Mr. Justice Holmes was confronted with a bill seeking an injunction against state executive officers, rather than against state judicial proceedings, we think that the relevant considerations of federalism are of no less weight in the latter setting. If anything, they counsel more heavily toward federal restraint, since interference with a state judicial proceeding prevents the state not only from effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies. Such interference also results in duplicative legal proceedings, and can readily be interpreted "as reflecting negatively upon the state court's ability to enforce constitutional principles."

*Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-04, 95 S. Ct. 1200, 1208 (1975).

Moreover, Plaintiff has made no showing that Oklahoma state courts are somehow insufficient for her claims – save the fact that she dislikes their rulings. However, that is not the standard:

> Plaintiff argues that the Washington state court did not provide an adequate forum because it overruled his argument on timeliness grounds. See Plaintiff's Response (Doc. # 52) at 5. Plaintiff, however, has not shown that he did not have the opportunity to present his claim in state court at an earlier date. See Juidice v. Vail, 430 U.S. 327, 337, 97 S. Ct. 1211, 51 L. Ed. 2d 376 (1977) (Younger only requires that plaintiff be afforded opportunity to present federal claim in state proceedings; failure to avail himself of opportunity [*1216] does not mean state procedures were inadequate); World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1083 (9th Cir. 1987) (fact that plaintiff did not avail itself of opportunity to litigate constitutional claim in state forum does not demonstrate that state forum was inadequate); see also Spargo, 351 F.3d at 79 (relevant question is whether state procedural remedies could provide relief sought, not whether they will provide remedy); Kirschner v. Klemons, 225 F.3d 227, 235 (2d Cir. 2000) (to establish inadequacy of state forum, plaintiff must show that state laws, procedures or practices prevent his effective interposition of federal contentions). Plaintiff has not satisfied his burden to show that state procedures did not afford him an adequate remedy. See Pennzoil, 481 U.S. at 15.

*Phillips v. Martin*, 535 F. Supp. 2d 1210, 1215-16 (D. Kan. 2008).

In this case the three *Younger* conditions are clearly met and this Court should abstain from exercising jurisdiction herein and dismiss this matter.

### G. Plaintiff's Complaint and Petition for Writ of Habeas Corpus Fails To State A Claim Upon Which Any Relief Can Be Granted Against OAH/DHS Under 42 U.S.C. §§ 1983, 1985

Plaintiff cannot recover against DHS/CSS on her 1983 or 1985 claims because OAH/DHS is not a person subject to suit thereunder. In this regard, § 1983[7] provides in pertinent part as follows:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in

---

[7] Likewise, §1985 applies to "two or more persons." *Ibid.* Therefore, §1985 is inapplicable to DHS. *See, inter alia, Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

equity, or other proper proceeding for redress.

*Ibid* (Emphasis added).

In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the United States Supreme Court considered the issue of whether a State is a "person" under § 1983. After examining the express language, congressional purpose and legislative history of the statute, the Supreme Court concluded that States or other governmental entities that are considered "arms of the State" for Eleventh Amendment purposes are not "persons" under § 1983. *Id.* at 68-71. *See also Howlett v. Rose,* 496 U.S. 356, 365 (1990) (holding that "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under §1983 in either federal court or state court.") (emphasis added); *Harris v. Champion*, 51 F.3rd 901, 905-06 (10th Cir. 1995). OAH/DHS is clearly an "arm" of the State of Oklahoma. *See McKinney v. State of Okl., Dep't of Human Servs.,* 925 F.2d 363, 365 (10th Cir. 1991)(holding that the Eleventh Amendment bars actions against DHS under § 1983 in federal court).

## H.  Plaintiff Has Failed To State A Claim

Plaintiff's Complaint and Petition for Writ of Habeas Corpus is nothing more than a cri de coeur comprised of conclusory statements and absurd allegations which fall woefully short of plausibility. Because of this, Plaintiff has "not nudged [her] claims across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. at 547. Accordingly, Plaintiff's claims must be dismissed for failure to state a claim.

## I.  Plaintiff's Lawsuit Is Untimely

"A hodgepodge of state and federal law governs the timeliness of claim under 42 U.S.C. §1983." *Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir. 2008). Federal law determines the date on which the claim accrues, but the limitations period is drawn from the "personal-injury

statute of the state in which the federal district court sits." *Id.* Under federal law, "claims accrue and the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Alexander v. Oklahoma,* 382 F.3d 1206, 1215 (10th Cir. 2004). Oklahoma has a two-year statute of limitations for personal-injury suits. 12 Okla. Stat. §95(A)(3).

Plaintiff also fails to allege in her Complaint and Petition for Writ of Habeas Corpus her compliance with the Oklahoma Governmental Tort Claims Act ("GTCA") which is fatal to Plaintiff's suit. All tort actions and claims against the State of Oklahoma and its agencies (including DHS), and employees arising after October 1, 1985, are governed by the provisions of the Oklahoma Governmental Tort Claims Act ("GTCA"), 51 O.S. §151, *et seq.  See* 51 O.S. §171. By enacting the GTCA, the Oklahoma Legislature adopted and expanded the common law doctrine of sovereign immunity doctrine to include all torts of State employees regardless of whether the employees are engaged in "governmental or proprietary functions" as long as the employees were within the scope of their employment with the State.  *See* 51 O.S. §152.1(A) and §153(A). However, 51 O.S. §152.1(B) effectuated an express partial waiver of the State's sovereign immunity *"only to the extent and in the manner provided"* by the GTCA.  (Emphasis added). Thus, the liability of the State and its agencies under the GTCA is "subject to the limitations and exceptions specified in this act" and "*shall be exclusive and shall constitute the extent of tort liability of the state* . . .  *arising from common law*, statute, *the Oklahoma Constitution*, or otherwise."  51 O.S. §153(A) and §153(B) (emphasis added).

To successfully bring a tort claim against DHS, an individual must comply with the notice and commencement provisions of the GTCA.  *See* 51 O.S. §§ 153 and 156; *Barrios v. Haskell Cty. Pub. Facilities Auth.,* 2018 OK 90, 432 P.3d 233; *Gurley v. Memorial Hospital of Guymon,* 1989

OK 34, 770 P.2d 573, 576 (noting that the GTCA "narrowly structures the method for bringing a tort claim against a political subdivision."). Notice is a central component of the GTCA. *See* 51 O.S. § 157(B) ("No action for any cause arising under this act . . . shall be maintained unless valid notice has been given[.]");

> Compliance with the statutory notice provisions of the GTCA is a jurisdictional requirement to be completed prior to the filing of any pleadings. The record before us does not show that Hall has complied with the notice provisions of the GTCA, nor does he allege that he has complied. In addition to the applicability of § 566.4, 57 O.S.2011 § 566.5 provides that complete exhaustion of statutory remedies against private correctional facilities is jurisdictional Based on the record provided, and the plain and unambiguous requirements of 57 O.S.2011 § 566.4 and § 566.5, the district court had no jurisdiction over the tort claims asserted in Hall's lawsuit and properly granted the defendant's motion for summary judgment

*Hall v. GEO Grp., Inc.,* 2014 OK 22, ¶ 13, 324 P.3d 399, 404.

Further, "[c]ompliance with notice of claim provisions has been interpreted to be either a condition precedent to suit against a political subdivision, or a jurisdictional prerequisite to judicial intervention." *Gurley*, 770 P.2d at 576. Additionally, the GTCA requires any person having a claim against the state to submit a claim in writing within one (1) year of the date of loss or the claim is "***forever barred***." 51 O.S. § 156 (emphasis added).

The foregoing in mind, Plaintiff's lawsuit concerns occurring well beyond any applicable statute of limitations and must result in dismissal with prejudice. Additionally, Plaintiff's failure to adhere to the mandatory strictures of the GTCA and her failure (and inability) to plead compliance with the GTCA also creates a jurisdictional bar to her claims.

### J. Plaintiff Is Not In Custody

Of this there is no doubt; Plaintiff is not in custody nor was she at the time this lawsuit was filed. In fact Plaintiff tells us she has already served the sentence imposed after the Tulsa County

jury found her guilty of contempt for not paying child support.[8] Plaintiff's lawsuit does, however,

confess that she has no intention of complying with lawfully entered child support orders and,

because of this, she *assumes* her planned contumaciousness will result in another jury trial and

possible jail time until her contempt is purged. But this does not satisfy the "in custody"

requirement for issuance of a writ of habeas corpus:

> Respondents contend this matter must be dismissed because petitioner was not "in custody" at the time he commenced this action. They provide evidence that petitioner's sentence expired on December 30, 2005. (Doc. 20, Attach.1.) Petitioner does not contest this, but he argues, in part, that his penalty in a later case, 06 CR 2549, was enhanced due to his previous convictions.
>
> "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.' " *Maleng v. Cook,* 490 U.S. 488, 490 (1989)(quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)). **An applicant for habeas corpus relief is not " 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted.**" *Id.* at 492.
> **The undisputed record shows the petitioner was no longer in custody on the convictions he challenges at the time he executed the petition. Accordingly, this court lacks jurisdiction to consider his claims**. *See Maleng,* 490 U.S. at 492, and *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 401 (2001) ("[Petitioner] is no longer serving the sentences imposed pursuant to his [prior state] convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.").

*Watts v. Thiel*, 06-3251-SAC, 2007 WL 1466826, at *1 (D. Kan. May 18, 2007)(Emphasis

supplied).

By Plaintiff's logic, a person could be convinced the justice system is unwaveringly biased against

them and before committing a crime file a petition for writ of habeas corpus arguing the yet to be

entered arrest and detention orders and jury verdict are unconstitutional so she should be free to

---

[8] *See, for example*, Plaintiff's Complaint and Petition for Writ of Habeas Corpus [Doc. #2, at pgs. 21-22].

commit whatever acts she wants with no consequence. This is the absurdity of Plaintiff's lawsuit and it just cannot be so.

### III.  Conclusion

As clearly shown above, Plaintiff's claims against DHS must be dismissed. And the infirmities plaguing Plaintiff's Complaint and Petition for Writ of Habeas Corpus cannot be cured by amendment and should result in dismissal with prejudice.

Respectfully submitted,

*s/ John K.F. Langford*
John K.F. Langford (OBA #21012)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK 73125-0352
Telephone: (405) 521-3638
Facsimile: (405) 521-6816
E-mail: John.Langford@okdhs.org

### CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2025 the foregoing document was electronically submitted to the Clerk of the Court using the ECF System for filing and a true and correct copy of the foregoing was mailed, postage prepaid, to the following:

Pro Se Plaintiff:
Linh Tran Stephens
1964 Ashley River Rd.
Suite B, Unit #80112
Charleston, South Carolina 29407

*s/ John K.F. Langford*
John K.F. Langford

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LINH TRAN STEPHENS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-CV-0286-CVE-MTS** |
| | ) | |
| **STATE OF OKLAHOMA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner Linh Tran Stephens, a self-represented litigant, commenced this federal habeas action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2). A district court must "promptly examine" a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. On preliminary review of the petition, the Court finds that the petition shall be dismissed for lack of subject matter jurisdiction.[1]

**I.**

Ms. Stephens describes her petition as a "hybrid emergency petition for writ of habeas corpus for [her minor child] pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 1651, 12 O.S. § 1331, and

---

[1] The Clerk of Court issued summonses to Ms. Stephens on her request. Dkt. # 5. One respondent moved to dismiss the petition pursuant to Federal Rules of Civil Procedure 8, 12(b)(1) and 12(b)(6), asserting that Ms. Stephens did not comply with Rule 8(a)'s pleading requirements, that this Court lacks jurisdiction based on Eleventh Amendment sovereign immunity, and that Ms. Stephens fails to state a claim on which relief may be granted. Dkt. # 7. Because the Court finds that Ms. Stephens has not properly invoked federal habeas jurisdiction and concludes for that reason that the petition, and this habeas action, must be dismissed, the Court dismisses as moot Ms. Stephens's motion to obtain electronic case filing rights for non-attorneys (Dkt. # 4) and the motion to dismiss filed by respondent Oklahoma Department of Human Services (Dkt. # 7).

for injunctive and declaratory relief under 42 U.S.C. § 1983 with request for permanent restraining order." Dkt. # 2, at 11.[2]  She states that she brings this action to challenge 'all orders entered by Tulsa County District Court and all of its divisions since Dec[ember] 3, 2021" in Tulsa County District Court Case Nos. FD-2015-2228 and JD-2021-270.  Id. at 3.  Ms. Stephens names as respondents in this habeas action the State of Oklahoma, several state agencies, several state officials and employees, and her ex-husband.  Id. at 1.  Ms. Stephens appears to allege that state and private actors violated her constitutional rights through actions or omissions made in state court proceedings relating to divorce or child custody matters.  Id. at 2-8, 14-17, 21-32, 40-108. She also asserts that her minor child is "unlawfully restrained under void state court orders procured through fraud and enforced without jurisdiction."  Id. at 18, 73; see also id. at 33 (describing minor child as "unlawfully detained"); id. at 35 (referring to "the unlawful seizure and continued detention of her child"); id. at 36 (asserting that she "seeks emergency relief from this Court to remedy the unlawful seizure and continuing detention of her daughter . . . by state actors operating without lawful jurisdiction and in flagrant violation of clearly established constitutional rights"); id. at 40 (asserting that minor child was "forcibly kidnapped" by Oklahoma Child Protective Services).

Ms. Stephens identifies four grounds for habeas relief:  (1) "unlawful seizure of child without warrant or exigent circumstances (4th Amendment)"; (2) "violation of due process rights in child removal proceedings"; (3) "placement with documented child abuser"; (4) "disregard of valid Oregon custody decree."  Id. at 7-8; see also 73-77 (describing first cause of action as seeking habeas relief for unlawful detention of minor child).  Ms. Stephens also seeks relief under § 1983,

---

[2] The Court's citations refer to the CM/ECF header pagination.  When quoting material from the petition, the Court omits unconventional capitalization.

asserting more than ten claims for alleged violations of her federal rights arising from state court proceedings related to divorce or child custody matters.  Id. at 77-108.  Ms. Stephens asks this Court to provide various forms of relief including an order directing "the immediate release of [her minor child] from [her ex-husband's] custody and restor[ing] custody to [Stephens], her biological owner/mother" and "declar[ing] [that] all custody, support, and enforcement orders, contempt orders, conviction or sentencing orders [are constitutionally void] as they were all procured without jurisdiction, due process, or lawful adjudication."  Id. at 8, 14.

Ms. Stephens asserts that this Court has jurisdiction to adjudicate the habeas petition under 28 U.S.C. § 2241 (federal habeas jurisdiction), 28 U.S.C. § 1651 (the All Writs Act), and 12 O.S. § 1331 (a state law) because her minor child "is detained after seizure without a warrant against the will of" the minor child "and the biological owner/Trustee (biological flesh and blood and alive mother) under void state court orders violating the Fourteenth Amendment."  Id. at 14.  She further asserts that this Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights and elective franchise jurisdiction) to adjudicate the § 1983 claims she includes in the petition.  Id. at 14-15.  Lastly, Ms. Stephens asserts that this Court has jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction).  Id. at 15.

## II.

Because Ms. Stephens appears without counsel, the Court must liberally construe the petition.  Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).  This rule of liberal construction "means that if the court can reasonably read the [petition] to state a valid claim on which [Ms. Stephens] could prevail, it should do so despite [Ms. Stephens's] failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."  Hall v. Bellmon, 935 F.2d 1106,

3

1110 (10th Cir. 1991).  But even a self-represented litigant must allege sufficient facts to establish the existence of federal jurisdiction.  See Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1201 (10th Cir. 2012) (noting that the party invoking federal jurisdiction bears the burden to identify the basis of court's jurisdiction).

Even generously construing the petition, the Court finds that this action shall be dismissed for lack of subject matter jurisdiction.  To the extent Ms. Stephens seeks federal habeas relief under § 2241, she has identified no facts that would permit this Court to exercise federal habeas jurisdiction.  See 1mage Software, Inc. v. Reynolds and Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 506, 514 (2006)).

Federal courts are empowered to grant a writ of habeas corpus to a petitioner if, among other reasons, she is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a) (providing federal courts authority to consider habeas petitions filed by state prisoners who allege they are "in custody in violation of the Constitution or laws or treaties of the United States" pursuant to a state court judgment).  No allegations in the petition plausibly suggest that either Ms. Stephens or her minor child is "in custody" as that phrase has been construed by the United States Supreme Court.  In Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 503 (1982), the Supreme Court considered the question of "whether the habeas corpus statute, 28 U.S.C. § 2254, confers jurisdiction on the federal courts to consider collateral challenges to state-court judgments involuntarily terminating parental rights."  The petitioner in Lehman challenged the validity of the

state law under which her parental rights were terminated and sought an order directing the state to release her children to her custody "unless within 60 days an appropriate state court judicially determined that the best interest of the children required that temporary custody remain with the [s]tate." Id. at 505-06.  The Lehman Court discussed prior cases broadly construing the meaning of "in custody," and acknowledged that through those cases "the scope of the writ of habeas corpus has been extended beyond that which the most literal reading of the statute might require." Id. at 508-10.  But the Lehman Court reasoned that "extending the federal writ to challenges to state child-custody decisions—challenges based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts." Id. at 512 (footnote omitted).  The Lehman Court further reasoned that

> [t]he considerations in a child-custody case are quite different from those present in any prior case in which this Court has sustained federal-court jurisdiction under § 2254. The federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns.  Congress has indicated no intention that the reach of § 2254 encompass a claim like that of petitioner.  We therefore hold that § 2254 does not confer federal-court jurisdiction.

Id. at 515-16 (footnote omitted); see also Roman-Nose v. N.M. Dep't of Human Servs., 967 F.2d 435, 436 (10th Cir. 1992) (citing Lehman for the proposition that "[a] state-court judgment involuntarily terminating parental rights cannot be collaterally attacked by way of a habeas corpus petition"); Zamora Trevino v. Barton, 727 F. Supp. 589, 591 (D. Kan. 1989) (citing Lehman and acknowledging that "the United States Supreme Court has refused to extend federal court jurisdiction to issue writs of habeas corpus in traditional challenges to state courts' child custody

orders").[3]  Even accepting Ms. Stephens's allegations as true, they are not sufficient to establish that this Court has subject matter jurisdiction to consider her requests for federal habeas relief under § 2241.  The Court thus finds that the petition, and this habeas action, shall be dismissed without prejudice for lack of subject matter jurisdiction.[4]

## III.

Further, to the extent Ms. Stephens asks this Court to consider § 1983 claims arising from alleged violations of her federally protected rights, she cannot initiate a civil rights action by including § 1983 claims in a habeas petition.  Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983; see, e.g., Wise v. Bravo, 666 F.2d 1328, 1332 (10th Cir. 1981) (acknowledging that "[t]he state's power to legislate, adjudicate and administer all aspects of family law, including determinations of custodial and visitation rights, is subject to scrutiny by the federal judiciary within the reach of the Due Process and/or Equal Protection Clauses of the Fourteenth Amendment").  And federal courts have jurisdiction over civil actions seeking relief under § 1983.  See 28 U.S.C. §§ 1331, 1343.  But a federal habeas proceeding under § 2241 is a special civil proceeding wherein a person who is unlawfully detained by state or federal

---

[3] As previously stated, Ms. Stephens seeks relief under § 2241, not § 2254.  But, like the petitioner in Lehman, Ms. Stephens challenges state court orders relating to child custody.  Dkt. # 2, generally.  The Court thus finds that Lehman precludes this Court's exercise of federal habeas jurisdiction despite Ms. Stephens's decision to seek relief under § 2241 rather than under § 2254.

[4] To the extent this order constitutes a final adverse order entered against Ms. Stephens in a habeas proceeding, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253 because the lack of subject matter jurisdiction constitutes a plain procedural bar.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

authorities can file a petition in federal court to challenge that detention upon payment of a minimal ($5) filing fee.  In contrast, a civil action under § 1983 is an ordinary civil proceeding wherein any citizen can file a civil complaint in federal court to seek relief for alleged violations of her federal rights by state and local officials upon payment of more substantial ($405) filing and administrative fees.  Here, Ms. Stephens invoked federal habeas jurisdiction by filing a habeas petition under § 2241, improperly included § 1983 claims in the petition, and paid only the $5 fee necessary to commence a federal habeas action.  Dkt. ## 2, 3.  For the reasons just discussed, Ms. Stephens has not alleged sufficient facts to establish federal habeas jurisdiction.  Should Ms. Stephens wish to pursue any § 1983 claims, she may do so only through a new civil action by filing a civil complaint (not a habeas petition) and by paying the $405 fees.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2) is **dismissed without prejudice** for lack of subject matter jurisdiction, and a certificate of appealability is **denied**.  This is a final order terminating this action and a separate judgment of dismissal shall be entered herewith.

**IT IS FURTHER ORDERED** that Ms. Stephens's motion to obtain electronic case filing rights for non-attorneys (Dkt. # 4) and the motion to dismiss filed by respondent Oklahoma Department of Human Services (Dkt. # 7) are **dismissed as moot**.

**DATED** this 22nd day of January, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

LINH TRAN STEPHENS,                )
                                   )
              Petitioner,          )
                                   )
v.                                 )        Case No. 25-CV-0286-CVE-MTS
                                   )
STATE OF OKLAHOMA, et al.,         )
                                   )
              Respondents.         )

### JUDGMENT OF DISMISSAL

In an order filed contemporaneously herewith, the Court dismissed petitioner Linh Tran

Stephens's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2) without prejudice

for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that this judgment

of dismissal is entered against petitioner and in favor of respondents.

**DATED** this 22nd day of January, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

197

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

---

**Linh Tran Stephens,**
a natural living woman, sui juris,
Plaintiff-Appellant,


**v.**


**STATE OF OKLAHOMA, et al.,**
Defendants-Appellees.

---

**Lower Court Case No.: 4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS
U.S. District Court, Northern District of Oklahoma
Assigned Article III Judge: Sarah E. Hill**

---

**NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT AND COMBINED EMERGENCY**

**MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL**

**PURSUANT TO FED. R. APP. P. 4(a)(6) AND MOTION**

**FOR RELIEF FROM VOID JUDGMENT PURSUANT TO**

**FED. R. CIV. P. 60(b)(4) AND 60(d)(3) FOR**

**FRAUD UPON THE COURT**


**FILED BY:**
**Linh Tran Stephens / Agent, living woman**
c/o P.O. Box 80112
Charleston County, South Carolina [29416]
Email: linhstephens7@gmail.com
Telephone: 843-608-0294
**Plaintiff-Appellant, sui juris, appearing in propria persona**

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 1 of 26*

## TABLE OF CONTENTS

I.   NOTICE OF INTENT TO APPEAL AND JURISDICTIONAL STATEMENT ............... 2

II.  AFFIDAVIT — STATEMENT OF FACTS (First Person, Sworn) ................................ 4

III. MOTION TO REOPEN TIME TO FILE NOA (FRAP 4(a)(6)) .................................. 8

IV.  MOTION FOR RELIEF FROM VOID JUDGMENT — FRCP 60(b)(4) & 60(d)(3) .. 10

V.   LEGAL ARGUMENTS AND LANDMARK AUTHORITIES ................................... 12

VI.  PERMANENT JURISDICTIONAL AND SURETY OBJECTIONS ......................... 18

VII. PREEMPTIVE DEFENSES AGAINST MOTION TO DISMISS ............................ 19

VIII. DEMAND AND RELIEF SOUGHT ...................................................................... 22

IX.  DEMAND FOR JURY TRIAL ............................................................................... 23

X.   NOTARY SECTION (COMMON LAW) ................................................................. 24

XI.  CERTIFICATE OF SERVICE .............................................................................. 25

## I. NOTICE OF INTENT TO APPEAL AND JURISDICTIONAL STATEMENT

PLEASE TAKE NOTICE that Linh Tran Stephens (lower case), Plaintiff-Appellant herein, a natural living woman, sui juris, one-and-only agent and beneficiary of LINH TRAN STEPHENS©®, hereby gives notice of appeal to the United States Court of Appeals for the Tenth Circuit from the final Judgment entered in the above-captioned case in the United States District Court for the Northern District of Oklahoma, in Case **4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS**, including any and all orders, dismissals, rulings, and entries adverse to Plaintiff, including but not limited to the Judgment referenced in docket entry notation dated on or about March 9–10, 2026 (Re: Document 19, Judgment, Entering Judgment).

Jurisdiction of the Tenth Circuit Court of Appeals is conferred pursuant to:

• 28 U.S.C. § 1291 — Final decisions of district courts;

---

- 28 U.S.C. § 1292(a) — Interlocutory orders respecting injunctions;

- 28 U.S.C. § 1331 — Federal question jurisdiction;

- 28 U.S.C. § 1343 — Civil rights jurisdiction;

- 42 U.S.C. § 1983 — Deprivation of rights under color of law;

- 28 U.S.C. § 2241 — Habeas Corpus as to minor child G.L.S.;

- Fed. R. App. P. 3 and 4(a) — Notice of Appeal rules;

- Fed. R. App. P. 4(a)(6) — Motion to Reopen Time to File Notice of Appeal.

Plaintiff-Appellant is a free [nonblack] person and stateless citizen ("woman" of the "Union"), in accordance with the statements made by the Honorable Justice Miller in the Slaughter-House Cases, 83 US 36 (U.S. Supreme Court - 1873), and the Honorable Chief Justice Wallace in ELLEN R. VAN VALKENBURG v. ALBERT BROWN, 43 Cal. 43 (California Supreme Court - 1872). Linh Tran Stephens is not and has never been a U.S. citizen, as clearly delineated in 28 USC 1332(a)(1). The rights of Linh Tran Stephens the sentient being are derived from the Bill of Rights, not from the 14th Amendment. Linh Tran Stephens is neither a negro nor a descendant of such. Linh Tran Stephens would be considered a "people" in plural usage. Linh Tran Stephens' biological property is G.L.Stephens as her flesh and blood. Linh Tran Stephens was the indorser and representative on the two original notes executed with the SBA.

Meanwhile, LINH TRAN STEPHENS©® is a 14th Amendment US citizen in accordance with 8 USC 1401(a), deriving her standing from the privileges and immunities available in the 14th Amendment, and would be termed a "person" in plural usage. She was born on February 09th, 1984. She falls under the subheading of "individual" in the definition of the word "person" as described in 8 USC 1101(b)(3). The

legal structure of LINH TRAN STEPHENS©® is a sole proprietorship. Her EIN number is the "Social Security Number" that was used on these original notes, in accordance with 26 CFR 301.7701-11. LINH TRAN STEPHENS©® is, in terms of the Commercial Codes, the represented person/account holder/issuer of the original notes executed with the SBA.

## II. AFFIDAVIT — STATEMENT OF FACTS

### (First Person, Sworn, in Affidavit Form — Fed. R. Evid. 602 / 28 U.S.C. § 1746)

I, Linh Tran Stephens (lower case), a natural living woman breathing with a living soul and Holy Spirit, of sound mind and competent to testify, do hereby solemnly declare, affirm, and state under penalty of perjury under the laws of the United States of America that the following facts are true and correct to the best of my personal knowledge, information, and belief:

1. I, Linh Tran Stephens, am the Plaintiff-Appellant in this matter. I am a natural living woman, sui juris, exercising my inherent sovereign rights. I previously served as an active-duty officer in the U.S. Navy Medical Corps for five (5) years, followed by employment at Veterans Affairs and Indian Health Services at the Cherokee Nation until 2020. I am now a private civilian and have never waived my constitutionally protected rights.

2. On or about 06/06/2025 I filed writs of Habeas for myself and my female offspring **case No. 4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS**. On approximately July 30, 2025, I filed my Second Amended Federal Claims (Document 19) in Case No. 4:25-cv-00322-SEH-JFJ before the United States District Court for the Northern District

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 4 of 26*

of Oklahoma ("the lower court"), asserting 32 causes of action against 84 named Defendants for systemic, organized, and ongoing violations of my constitutional rights, civil rights, and those of my biological offspring (private property) G.L.Stephens, including but not limited to violations under 42 U.S.C. §§ 1983, 1985, 1986, ERISA, RICO (18 U.S.C. § 1962), ADA, and the Federal Tort Claims Act,

3. I have not received any emails nor mail except finally received electronic notification via email from the court's docketing system on **March 23, 2026** titled "4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)" from CourtListener but zero emails from PACER (**see Exhibit #1**), reading verbatim as follows: "**Mar 9, 2026 MAIL to Linh Tran Stephens Returned — address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment) (mm, Dpty Clk) (Entered: 03/10/2026).**" This was the first and only notice I received regarding any judgment being entered against me. **See EXHIBIT #1.** As I clicked on the email I found out (see Exhibit #1) : **"ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026)"** and **"JUDGMENT by Judge Gregory K Frizzell of Dismissal, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026)".** I went on to PACER website to look up related Habeas 4:25-cv-00286-CVE-MTS **and found out, similarly, "ORDER by Judge Claire V**

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 5 of 26*

**Eagan - The petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2) is dismissed without prejudice for lack of subject matter jurisdiction, and a certificate of appealability is denied. This is a final order terminating this action and a separate judgment of dismissal shall be entered herewith. Ms. Stephens's motion to obtain electronic case filing rights for non-attorneys (Dkt. # 4) and the motion to dismiss filed by respondent Oklahoma Department of Human Services (Dkt. # 7) are dismissed as moot. ; denying certificate of appealability; dismissing [2] Petition for Writ of Habeas Corpus (2241/2254); finding as moot [4] Motion for Miscellaneous Relief; finding as moot [7] Motion to Dismiss for Failure to State a Claim; finding as moot [7] Motion to Dismiss for Lack of Jurisdiction (RGG, Chambers).**

4. I declare under penalty of perjury that I never received the original mailed notice of any judgment from the lower court. The court's mail to me was returned marked "address unknown," (see docket files), yet I continue to receive mail from other senders, including commercial entities, at my known address. The lower court possessed my contact information, including my email address, which I provided in my filings, and yet no electronic notice was sent prior to the mail-returned event and the mentioned email above.

5. The return of my mail as "address unknown" was legally improper, as I have at all times maintained a known and serviceable address and contact information. My address is known through public records, my court filings, my website at www.linhstephens.com, and through the online evidence folder at https://tinyurl.com/4cdv5u56. The court's failure to effect proper notice constitutes a

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 6 of 26*

denial of due process and deprived me of the opportunity to timely file a Notice of Appeal.

6. Had I received timely notice of the entry of judgment, I would have immediately filed this Notice of Appeal. My intent to appeal has been consistent and continuous throughout this litigation, as evidenced by my prior appellate filings, emergency motions, and the record on appeal to the Tenth Circuit in related Case No. 24-CV-216-JDR-CDL.

7. The lower court apparently dismissed my Second Amended Federal Claims without holding a jury trial, without affording me the procedural protections guaranteed under the Fifth and Fourteenth Amendments, and without providing me written findings of fact and conclusions of law sufficient for appellate review, in violation of Fed. R. Civ. P. 52(a) and my due process rights against private citizens on top of public servants, and as private citizens are not covered under the "immunity" clause!

8. The actions of the Defendants, including judicial actors acting in concert, constitute a fraud upon the court and a continuing enterprise designed to deprive me and my biological offspring (private property) G.L.Stephens of our fundamental constitutional rights, our liberty, our property, and our family association. The systematic return of court mail and denial of notice are part of this ongoing pattern and practice.

9. I make this declaration knowingly, willingly, and intentionally, with full knowledge that an unrebutted affidavit stands as truth in commerce, and that silence or non-response is tacit acquiescence. Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent. This Notice applies to all successors and assigns.

---

10. I am not a surety and I do not consent to your attempted body attachment warrant. I hereby reserve the right to amend this petition at any time as a matter of right and equity.

### III. MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL

### PURSUANT TO FED. R. APP. P. 4(a)(6) AND 28 U.S.C. § 2107(c)

Plaintiff-Appellant Linh Tran Stephens respectfully moves this Court and/or the lower court to reopen the time to file a Notice of Appeal pursuant to Fed. R. App. P. 4(a)(6), or in the alternative, to find this Notice timely filed because Plaintiff did not receive notice of the judgment within 21 days after its entry, as required by Fed. R. Civ. P. 77(d).

### A. Legal Standard — FRAP 4(a)(6)

Federal Rule of Appellate Procedure 4(a)(6) provides that the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, provided:

> (A) the court finds that the moving party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Rule 77(d) of the entry, whichever is earlier; and

> (C) the court finds that no party would be prejudiced.

See *Bowles v. Russell*, 551 U.S. 205 (2007); *Benavides v. Bureau of Prisons,* 79 F.3d 1211 (D.C. Cir. 1996);

---

**B. All Requirements of FRAP 4(a)(6) Are Met**

First: Plaintiff did not receive notice of the entry of judgment within 21 days after entry. The docket entry of March 10, 2026, expressly confirms that mail sent to Plaintiff was "Returned — address has been changed to address unknown." This is direct, documentary evidence that Plaintiff received no notice within 21 days of entry, satisfying FRAP 4(a)(6)(A). See Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988).

Second: This motion and Notice of Appeal are filed within 180 days of judgment entry, and within 14 days of Plaintiff's receipt of notice of the entry via the court's electronic notification system. This motion is therefore timely under FRAP 4(a)(6)(B).

Third: No Defendant would suffer any cognizable prejudice from the reopening of the time to appeal. Defendants are state actors who have enjoyed the benefit of an improperly noticed judgment. Equity and due process demand that Plaintiff be afforded the right to appeal. See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993).

**C. Due Process Independently Requires Reopening**

Separately and independently, the Due Process Clause of the Fifth and Fourteenth Amendments requires that Plaintiff receive adequate notice before a judgment becomes final against her. The lower court's failure to provide notice via alternative means (email, CM/ECF, phone) after learning that mailed notice was returned constitutes a due process violation. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); Jones v. Flowers, 547 U.S. 220 (2006). Where a party does not receive notice that mail was returned undeliverable, additional steps are constitutionally required. Jones v. Flowers, 547 U.S. 220 (2006). Westar Energy, Inc. v. Lake , 552 F.3d 1215 (10th Cir.

2009) — Tenth Circuit authority on notice requirements and reopening time to appeal Spitznas v. Boone , 464 F.3d 1213 (10th Cir. 2006) — Tenth Circuit on procedural requirements for appeals. *Robinson v. Wichita State University* required that courts must use available electronic means when physical mail fails! *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000) — Tenth Circuit on narrow scope of void judgment under Rule 60(b)(4). *United States v. Buck*, 281 F.3d 1336 (10th Cir. 2002) — Tenth Circuit on fraud upon the court standard

*Dusenbery v. United States*, 534 U.S. 161 (2002) — SCOTUS on adequacy of notice; government must provide notice "reasonably calculated" to apprise interested parties

## IV. MOTION FOR RELIEF FROM VOID JUDGMENT

## FED. R. CIV. P. 60(b)(4) AND 60(d)(3) — FRAUD UPON THE COURT

In the alternative, and without waiving any position herein, Plaintiff-Appellant moves for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(4) (void judgment) and 60(d)(3) (fraud upon the court), which carry no time limitation.

### A. The Judgment Is Void — FRCP 60(b)(4)

A judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction or denied a party due process of law. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010); *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000). Where the district court dismissed Plaintiff's claims without affording her notice, without a jury trial, and without written findings of fact and conclusions of law, the resulting judgment is void and must be vacated. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220 (10th Cir. 1979) is a key federal appellate case holding that a judgment is void under

---

Federal Rule of Civil Procedure 60(b)(4) only if the court lacked jurisdiction over the subject matter or parties, or acted in a manner inconsistent with due process. A judgment is not void simply because it is erroneous.

Under the Tenth Circuit's established jurisprudence, a void judgment is a legal nullity that may be attacked at any time, in any proceeding. Orner v. Shalala, 30 F.3d 1307 (10th Cir. 1994); Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974) ("Jurisdiction can be challenged at ANY time").

Gschwind v. Cessna Aircraft Co. , 232 F.3d 1342 (10th Cir. 2000) — Tenth Circuit on narrow scope of void judgment under Rule 60(b)(4).

United States v. Buck , 281 F.3d 1336 (10th Cir. 2002) — Tenth Circuit on fraud upon the court standard

**B. Fraud Upon the Court — FRCP 60(d)(3)**

Rule 60(d)(3) expressly preserves a court's power to "set aside a judgment for fraud on the court," subject to no time limitation. Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). The systematic and coordinated pattern of conduct by Defendants, acting in concert with judicial officers, state agencies, and Bar card attorneys, as described in the Second Amended Federal Claims, constitutes a fraud upon the court vitiating the judgment. United States v. Throckmorton, 98 U.S. 61 (1878) ("Fraud vitiates everything it touches").

Plaintiff's Second Amended Federal Claims documented with particularity:

• Fabricated and false representations by DHS, CPS, and CSS agents to state and federal courts;

• Forgery of signatures and submission of materially false documents to courts;

• Coordination between judicial officers and opposing parties' attorneys;

• Illegal garnishment of ERISA-protected 401(k) retirement accounts;

• Revocation of Plaintiff's passport in violation of her fundamental right to travel;

• RICO enterprise conduct among judicial actors, bar card attorneys, and state agencies;

• Forced debtor's prison / contempt proceedings in violation of constitutional prohibitions.

## V. LEGAL ARGUMENTS, LANDMARK AUTHORITIES, AND CAUSES OF ACTION ON APPEAL

### A. Violation of Due Process (5th and 14th Amendments) — 42 U.S.C. § 1983

The lower court dismissed Plaintiff's claims without adequate process in violation of the Due Process Clause. SCOTUS: Mathews v. Eldridge, 424 U.S. 319 (1976) (balancing test for procedural due process); Fuentes v. Shevin, 407 U.S. 67 (1972); Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985). Tenth Circuit: Camuglia v. City of Albuquerque, 448 F.3d 1214 (10th Cir. 2006). USC: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 18 U.S.C. § 242. Mathews v. Eldridge analysis should be explicitly applied to the facts — courts expect the three-factor balancing test to be applied, not just cited. Carey v. Piphus , 435 U.S. 247 (1978) — SCOTUS on damages for procedural due process violations under § 1983

**B. Void Judgment — Lack of Article III Jurisdiction**

The lower court's judgment was entered by or at the behest of non-Article III judges (special judges, magistrates) to whom Plaintiff made permanent objection. Plaintiff permanently and continuously objects to any special judges, magistrates, or alternatives/substitutes other than Article III constitutional judges. Constitutional authority: Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982); Stern v. Marshall, 564 U.S. 462 (2011); Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015). USC: 28 U.S.C. § 636; Art. III, U.S. Const.

**C. First Amendment Violations (Speech, Religion, Association) — 42 U.S.C. § 1983**

Defendants retaliated against Plaintiff for her constitutionally protected speech, religious beliefs, and associational rights as a medical professional, mother, and sovereign woman. SCOTUS: Snyder v. Phelps, 562 U.S. 443 (2011); Pickering v. Board of Education, 391 U.S. 563 (1968) (public employee speech on matters of public concern) or Connick v. Myers, 461 U.S. 138 (1983) for public entity "LINH TRAN STEPHENS"; NAACP v. Claiborne Hardware Co., 458 U.S. 886 (1982). USC: 42 U.S.C. § 1983; 18 U.S.C. § 241.

**D. ERISA Violations — Unlawful Garnishment of Retirement Accounts — 29 U.S.C. § 1056(d)**

State actors unlawfully garnished Plaintiff's ERISA-protected 401(k)/retirement accounts in violation of ERISA's anti-alienation provisions. SCOTUS: Guidry v. Sheet Metal Workers National Pension Fund, 493 U.S. 365 (1990); Patterson v. Shumate, 504 U.S. 753 (1992). Tenth Circuit: Cowen v. Board of Trustees of State Employees' Retirement System, 703 F.2d 1019 (7th Cir. 1983). USC: 29 U.S.C. § 1056(d); 26 U.S.C. §

401(a)(13). In re Youngblood, 29 F.3d 225 (5th Cir. 1994) for ERISA anti-alienation in the domestic relations context. *Boggs v. Boggs*, 520 U.S. 833 (1997) — SCOTUS on ERISA preemption of state domestic relations law. 1 *Kennedy v. Plan Administrator for DuPont Savings and Investment Plan*, 555 U.S. 285 (2009) — ERISA plan administrator obligations. *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001) — ERISA preemption of state law affecting plan benefits

**E. Passport Revocation — Right to International Travel — 42 U.S.C. § 1983**

Defendants caused the revocation of Plaintiff's U.S. passport, unconstitutionally restricting her fundamental right to travel internationally. SCOTUS: Aptheker v. Secretary of State, 378 U.S. 500 (1964); Kent v. Dulles, 357 U.S. 116 (1958); Haig v. Agee, 453 U.S. 280 (1981). USC: 42 U.S.C. § 1983; 22 U.S.C. § 2714; 18 U.S.C. § 242.

**F. Civil RICO — 18 U.S.C. § 1962 — Pattern of Racketeering Activity**

Defendants constitute an enterprise engaging in a pattern of racketeering activity including mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), extortionate collection of child support (18 U.S.C. § 894), forgery, and deprivation of rights under color of law. SCOTUS: Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985); H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989); Boyle v. United States, 556 U.S. 938 (2009). USC: 18 U.S.C. §§ 1961-1968; 42 U.S.C. § 1983. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) — SCOTUS on RICO proximate causation requirement. *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008) — RICO mail fraud predicate acts. *Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006) — Tenth Circuit RICO case; critical for establishing what the Tenth Circuit requires for civil RICO pleading

**G. Monell Liability — 42 U.S.C. § 1983 — Unconstitutional Policies and Customs**

The State of Oklahoma and its agencies (OKDHS, CPS, CSS, OAH, Tulsa County District Court, OSBI) maintained official policies, customs, and practices that caused the constitutional violations alleged. Monell v. Department of Social Services, 436 U.S. 658 (1978); Pembaur v. City of Cincinnati, 475 U.S. 469 (1986); City of Canton v. Harris, 489 U.S. 378 (1989); Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397 (1997). Tenth Circuit: Bryson v. City of Oklahoma City, 627 F.3d 784 (10th Cir. 2010). USC: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 28 U.S.C. § 1343.

**H. ADA Title II Violations — 42 U.S.C. § 12131 et seq.**

Defendants failed to accommodate Plaintiff's documented disabilities in judicial proceedings and administrative hearings, and failed to provide equal access to court services. SCOTUS: Tennessee v. Lane, 541 U.S. 509 (2004); United States v. Georgia, 546 U.S. 151 (2006). USC: 42 U.S.C. § 12131 et seq.; 29 U.S.C. § 794; 42 U.S.C. § 1983.

**I. Title IV-D Unconstitutional Federalization and Child Support Enforcement**

Defendants weaponized Title IV-D child support enforcement mechanisms as a revenue-generating and punitive enterprise, violating Plaintiff's due process and equal protection rights. The entire child support enforcement scheme as applied to Plaintiff was unconstitutional. Blessing v. Freestone, 520 U.S. 329 (1997) and Gonzaga University v. Doe, 536 U.S. 273 (2002).; Turner v. Rogers, 564 U.S. 431 (2011). USC: 42 U.S.C. §§ 651-669b; 42 U.S.C. § 1983; 15 U.S.C. § 1673. *Blessing v. Freestone*, 520 U.S. 329 (1997) — SCOTUS on whether Title IV-D creates individually enforceable rights (important to understand and distinguish). *Gonzaga University v. Doe*, 536 U.S.

273 (2002) — Limits on § 1983 enforcement of federal statutes. *Sorrell v. IMS Health Inc.*, 564 U.S. 552 (2011) — Content-based speech restrictions (if applicable to child support enforcement communications)

**J. Fraud Upon the Court / Void Judgments — 60(d)(3)**

Judicial officers, GAL Hale, DHS attorneys, and Defendants acted in concert to commit fraud upon the courts, rendering all judgments void and subject to vacatur at any time with no statute of limitations. SCOTUS: Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944); Chambers v. NASCO, Inc., 501 U.S. 32 (1991); United States v. Throckmorton, 98 U.S. 61 (1878). Tenth Circuit: Weese v. Schukman, 98 F.3d 542 (10th Cir. 1996).

**K. Conspiracy Against Rights — 42 U.S.C. § 1985 and 18 U.S.C. § 241**

Two or more Defendants conspired to deprive Plaintiff and her daughter of their constitutionally guaranteed rights. SCOTUS: Griffin v. Breckenridge, 403 U.S. 88 (1971) and United Brotherhood of Carpenters v. Scott, 463 U.S. 825 (1983) both are the primary authorities and explicitly allege racial/gender-based animus to satisfy Scott's requirements. USC: 42 U.S.C. § 1985; 18 U.S.C. § 241.

**L. Habeas Corpus — Unlawful Detention of Minor Child G.L.S. — 28 U.S.C. § 2241**

Plaintiff's biological offspring (private property) G.L.Stephens, as Plaintiff's biological property and flesh-and-blood offspring, is being unlawfully detained by state actors without constitutionally adequate process. SCOTUS: Troxel v. Granville, 530 U.S. 57 (2000) (fundamental right of parents to direct upbringing of children); Santosky v. Kramer, 455 U.S. 745 (1982) (heightened standard for parental rights termination); Stanley v. Illinois, 405 U.S. 645 (1972). USC: 28 U.S.C. § 2241; 42 U.S.C. § 1983.

*Meyer v. Nebraska*, 262 U.S. 390 (1923) — Foundational substantive due process for family rights. *Pierce v. Society of Sisters*, 268 U.S. 510 (1925) — Parental right to direct upbringing. *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996) — SCOTUS on due process in parental rights termination proceedings; state cannot deny appeal due to inability to pay transcript costs. *Lassiter v. Department of Social Services*, 452 U.S. 18 (1981) — Due process in parental rights proceedings.

**M. Equal Protection Violations — 14th Amendment / 42 U.S.C. § 1983**

Plaintiff, as a woman of Vietnamese heritage and a medical professional, was subjected to discriminatory treatment by state actors operating with racial, gender, and retaliatory animus. SCOTUS: Washington v. Davis, 426 U.S. 229 (1976); Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252 (1977); Personnel Administrator of Massachusetts v. Feeney, 442 U.S. 256 (1979) with Yick Wo v. Hopkins, 118 U.S. 356 (1886) (discriminatory application of facially neutral law against Chinese immigrants — directly analogous to racial animus against a Vietnamese-American plaintiff). USC: 42 U.S.C. § 1983; 42 U.S.C. § 1981.

*Yick Wo v. Hopkins*, 118 U.S. 356 (1886) — Landmark case directly applicable,

**N. False Claims Act Violations — 31 U.S.C. § 3729 et seq.**

Defendants made false certifications and claims to the federal government in connection with Title IV-D funding, child welfare funding, and other federal programs. SCOTUS: Universal Health Services v. United States ex rel. Escobar, 579 U.S. 176 (2016). USC: 31 U.S.C. §§ 3729-3733.

**O. Violations of Official Oaths of Office — Breach of Fiduciary Duty**

All named judicial officers, government employees, and BAR card attorneys took oaths to support and defend the Constitution and breached those oaths in their conduct toward Plaintiff. SCOTUS: Cooper v. Aaron, 358 U.S. 1 (1958) (supremacy of federal constitutional law over state officials); Ex parte Young, 209 U.S. 123 (1908). USC: 5 U.S.C. § 7311; 18 U.S.C. § 1918; Art. VI, U.S. Const.

**P. Civil Rule 11 Sanctions — Fed. R. Civ. P. 11**

Plaintiff hereby places all Defendants, their counsel, and any Bar card attorneys upon notice that she reserves and hereby asserts the right to seek sanctions under Fed. R. Civ. P. 11(c) for filing of pleadings, motions, and papers lacking evidentiary support, not warranted by existing law, and advanced for improper purposes including harassment and delay. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533 (1991); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990). USC: 28 U.S.C. § 1927; Fed. R. Civ. P. 11.

## VI. PERMANENT JURISDICTIONAL AND SURETY OBJECTIONS

– Plaintiff Linh Tran Stephens hereby makes PERMANENT AND CONTINUOUS OBJECTION to any special judges, magistrates, and any alternatives or substitutes other than Article III constitutional judges, using common law and constitutional law. This objection is perpetual and applies in all proceedings in this matter.

– I AM NOT A SURETY AND I DO NOT CONSENT TO YOUR ATTEMPTED BODY ATTACHMENT WARRANT. Any and all such warrants must be immediately and permanently revoked.

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 18 of 26*

– I do not consent to state courts' proceedings. All courts' offers are not accepted. I demand the bond be immediately brought forward so I may inspect who will indemnify me if damaged. I demand a written indictment and trial by jury of my peers.

– I reserve the right to amend this petition at any time as a matter of common law right, equity, and natural justice. Plaintiff's reservation of rights under UCC § 1-308 is expressly preserved.

## VII. PREEMPTIVE DEFENSES AGAINST ANTICIPATED MOTIONS TO DISMISS

### A. Against Dismissal for Lack of Standing

Plaintiff has standing as a natural living woman, a mother whose parental rights were violated, a licensed medical professional whose license was targeted, and a citizen whose constitutional rights were directly infringed. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) (injury in fact, causation, redressability all present). Plaintiff's injuries are concrete, particularized, actual, and ongoing.

### B. Against Dismissal Under Rooker-Feldman Doctrine

The Rooker-Feldman doctrine does not bar Plaintiff's claims because Plaintiff is not seeking to overturn a state court judgment; rather, she alleges independent constitutional violations by state actors that occurred before, during, and after state court proceedings. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005); Skinner v. Switzer, 562 U.S. 521 (2011); Lance v. Dennis, 546 U.S. 459 (2006). The lower court's virtual abandonment of its "virtually unflagging" obligation to exercise jurisdiction was itself an error of constitutional dimension.

### C. Against Dismissal Under Younger Abstention

---

Younger abstention does not apply because: (1) the harm is irreparable; (2) the state proceedings were not pending at the time of filing; (3) the state court is itself a party and cannot provide an adequate forum; and (4) the bad-faith exception applies given the documented fraud upon state courts. Younger v. Harris, 401 U.S. 37 (1971); Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013); Huffman v. Pursue, Ltd., 420 U.S. 592 (1975); Mitchum v. Foster, 407 U.S. 225 (1972) (§ 1983 is an express exception to the Anti-Injunction Act).

## D. Against Absolute Judicial Immunity Defense

Judicial immunity does not apply when a judge acts in the complete absence of jurisdiction, when the judge acts as a co-conspirator in a RICO enterprise, and when the judge commits fraud upon the court. Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978). Non-judicial acts by judicial officers are not immune. Forrester v. White, 484 U.S. 219 (1988). Criminal conduct is never immune.

## E. Against Qualified Immunity for Individual Defendants

Qualified immunity does not protect officials who violate clearly established constitutional rights. Pearson v. Callahan, 555 U.S. 223 (2009); Hope v. Pelzer, 536 U.S. 730 (2002). The constitutional rights violated by Defendants were clearly established at all relevant times, and any reasonable official would have known their conduct was unlawful. Harlow v. Fitzgerald, 457 U.S. 800 (1982); Saucier v. Katz, 533 U.S. 194 (2001).

## F. Against Eleventh Amendment Immunity

The Eleventh Amendment does not bar: (1) prospective injunctive relief under the Ex parte Young doctrine; (2) federal claims under 42 U.S.C. § 1983 against individual state

actors in their personal capacity; and (3) claims where the State has waived immunity. Ex parte Young, 209 U.S. 123 (1908); Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Seminole Tribe v. Florida, 517 U.S. 44 (1996).

## G. Against Res Judicata / Collateral Estoppel

Res judicata does not apply to void judgments, judgments obtained by fraud upon the court, or where there was no full and fair opportunity to litigate due to the constitutional violations alleged. Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982); Allen v. McCurry, 449 U.S. 90 (1980). Fraud vitiates all. U.S. v. Throckmorton, 98 U.S. 61 (1878).

## H. Against Failure to State a Claim (FRCP 12(b)(6))

Plaintiff's Second Amended Federal Claims, 112 pages in length with 32 causes of action and comprehensive factual allegations, more than satisfies the pleading standard under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se pleadings are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007).

## I. Against Exhaustion Arguments

Plaintiff exhausted all available administrative remedies: she submitted a Notice of Tort Claim to the State of Oklahoma on September 24, 2024, which was denied as of December 17, 2024 (Claim No. 2520034513), and more than 180 days have passed without resolution. No further administrative exhaustion is required for § 1983 claims. Patsy v. Board of Regents, 457 U.S. 496 (1982).

## J. Against Statute of Limitations Arguments

---

Fraud upon the court carries no statute of limitations. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). § 1983 claims accrue upon discovery of the injury. Rotella v. Wood, 528 U.S. 549 (2000). Continuing violations doctrine extends the limitations period for ongoing civil rights violations. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002).

## VIII. DEMAND AND RELIEF SOUGHT

WHEREFORE, Plaintiff-Appellant Linh Tran Stephens, a natural living woman, sui juris, respectfully demands:

1. That this Honorable Court of Appeals accept jurisdiction over this appeal;

2. That this Court reopen the time to file this Notice of Appeal under FRAP 4(a)(6), or in the alternative, find this Notice timely filed;

3. That this Court vacate and reverse the lower court's judgment as void and obtained in violation of due process and by fraud upon the court;

4. That this Court remand with instructions to: (a) assign this matter exclusively to an Article III constitutional judge; (b) provide Plaintiff full opportunity to conduct discovery, present evidence, and try her case before a jury of her peers; (c) restore all stayed proceedings;

5. That this Court issue an emergency injunction restoring Plaintiff's rights and those of her biological offspring (private property) G.L.Stephens, including immediate reunification;

6. That this Court order the reinstatement of Plaintiff's passport and right to international travel;

7. That this Court order the immediate cessation of any and all unlawful garnishments of Plaintiff's ERISA-protected retirement accounts;

8. That this Court award Plaintiff compensatory and punitive damages against all Defendants in the millions of dollars as proven at trial;

9. That this Court award attorney fees and costs pursuant to 42 U.S.C. § 1988;

10. That this Court order civil RICO treble damages pursuant to 18 U.S.C. § 1964(c);

11. Any and all such other and further relief as this Court deems just, proper, and equitable.

THIS SUPERIOR COURT IS HEREBY DEMANDED TO PROVIDE WRITTEN STATEMENTS OF FACT AND CONCLUSIONS OF LAW, RATHER THAN ANY ABUSIVE DISCRETION, FOR APPEAL PURPOSES, IF JUSTICE, TRUTH, AND THE CONSTITUTION OF THE UNITED STATES OF AMERICA IS NOT REVERED IN THIS COURT.

## IX. DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution and Fed. R. Civ. P. 38, Plaintiff-Appellant Linh Tran Stephens hereby DEMANDS A TRIAL BY JURY of her peers on all issues so triable. This demand is preserved at every level of these proceedings and on remand.

## AVOUCHMENT AND VERIFICATION

I, Linh Tran Stephens (lower case), a natural living woman, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746,

---

that the foregoing is true and correct to the best of my personal knowledge, information, and belief. This document is presented in good faith, with clean hands, and in full equity.

Respectfully submitted on this 9th day of April, 2026,

*Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce;
**Silence is Tacit Acquiescence/Agreement/Dishonor**;
*This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

*without prejudice*
*linh-tran: stephens/Agent*

By one–and–only beneficiary:
All Rights Reserved None Waived, **Without Prejudice *UCC 1-308 & 1-103***,
**Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary
for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui Que Trust a.k.a. "Fide Commissary Trust",
sui juris, Ambassador of Messiah Yahusha, Heir of the Creator,
my heir/offspring is G.L.Stephens,
A natural living woman breathing with a living soul and the Holy Spirit,
natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit,
unlimited, non-incorporated, non-sole-proprietor,
**stateless "freeman of the Union"** per Honorable Mr. Justice MILLER on April 14th,
1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3),
full capacity and competency with postgraduate level of education,
living on the land of the republic, with God-given rights pursuant to Bills of Rights,
NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary;
i reject your 12 legal presumptions, other presumptions/assumptions/double-speaking/implied or undisclosed contracts;
Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities of Citizens in several States;
**Rural Free Delivery, Non-Domestic 00000,**
℅ PO Box 80112,
Charleston, South Carolina [zip exempt but near 29416] without U.S.D.C.

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 24 of 26*

Email: <u>LinhStephens7@gmail.com</u>
*Tel:* 843-608-0294

## XI. NOTARY SECTION — COMMON LAW ACKNOWLEDGMENT

state of Minnesota          )
                            ) *ss*
countyof Sherburne          )

Before me electronically/virtually, the undersigned Notary Public, duly commissioned

and sworn in and for the State of South Carolina, County of Charleston, personally

appeared Linh Tran Stephens, known to me to be the natural living woman described in

and who executed the foregoing instrument, and she duly acknowledged to me that she

executed the same as her free and voluntary act and deed for the uses and purposes

therein set forth, under common law jurisdiction, without adhesion to any statutory or

administrative form.

Subscribed and sworn before me this <u>9th</u> day of <u>April</u>, 2026.



Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## X. CERTIFICATE OF SERVICE

I, Linh Tran Stephens, hereby certify that on the date of filing, I caused a true and
correct copy of the foregoing Notice of Appeal and Combined Motions to be served

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 25 of 26*

upon the following Defendants and/or their known counsel of record via the Court's CM/ECF electronic filing system:

1. STATE OF OKLAHOMA — c/o Office of the Attorney General of Oklahoma Gentner Drummond, Oklahoma Attorney General 313 N.E. 21st Street, Oklahoma City, OK 73105

2. OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) Jeffrey Cartmell, Executive Director 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

3. TULSA COUNTY DISTRICT COURT c/o Kacharra Mansker, Court Clerk 500 S. Denver Ave., Tulsa, OK 74103

4. OKLAHOMA BAR ASSOCIATION c/o Gina Hendryx, General Counsel 1901 N. Lincoln Blvd., Oklahoma City, OK 73105

5. Stephen E. Hale / THE LAW OFFICE OF STEPHEN E. HALE [Last known address — public records search via BeenVerified: 6701 S. Western Ave., Oklahoma City, OK 73139 — verify and update]

6. Gilbert J. Pilkington, Jr. / PILKINGTON LAW FIRM, PLLC [Last known address — public records search: 525 S. Main St., Ste. 920, Tulsa, OK 74103 — verify and update]

7. Emmalene Stringer, DHS CSS State's Attorney c/o OKDHS Legal Services, 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

8. Charles Schwab and Co., Inc. CT Corporation System (Registered Agent), 1833 S. Morgan Rd., Oklahoma City, OK 73128

9. All remaining named Defendants — c/o Oklahoma Attorney General's Office, 313 N.E. 21st Street, Oklahoma City, OK 73105

NOTE: Plaintiff has conducted public records searches via BeenVerified and other public data sources to locate Defendant addresses to the best of her ability. Plaintiff requests that the Court's CM/ECF system serve all registered counsel of record electronically.

WITHOUT RECOURSE.

*without prejudice*
*linh-tran: stephens/Agent*

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 26 of 26*



**L S <linhstephens7@gmail.com>**

## 4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)
2 messages

**CourtListener Alerts** <alerts@courtlistener.com>                    Mon, Mar 23, 2026 at 3:16 PM
To: linhstephens7@gmail.com

# CourtListener Docket Alert
## 4 New Entries in Stephens v. State of Oklahoma (4:25-cv-00285)
District Court, N.D. Oklahoma
View Docket on CourtListener

| Document Number | Date Filed | Description | Download PDF |
|---|---|---|---|
| 18 | Jan 21, 2026 | ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026) | From RECAP with PACER fallback |
| 19 | Jan 21, 2026 | JUDGMENT by Judge Gregory K Frizzell of Dismissal, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026) | From RECAP with PACER fallback |
| None | Jan 21, 2026 | ***Civil Case Terminated (see document number 19 ) (mm, Dpty Clk) | |
| 20 | Mar 9, 2026 | MAIL to Linh Tran Stephens Returned - address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment ) (mm, Dpty Clk) (Entered: 03/10/2026) | From RECAP with PACER fallback |

Use notes and tags to organize and share the cases you follow. Learn more

This alert was sent because you subscribed to this docket with your account on CourtListener.com. To disable this alert unsubscribe here.

📢 **The Wait is Over!** You can now get alerts for **keywords** in the RECAP Archive. Set daily or real-time email alerts when PACER cases or filings match your saved search. Follow topics, people, organizations, and more. Learn more here!

This alert brought to you by the non-profit Free Law Project. **Please donate to support our work.**

---

**Linh Stephens** <linhstephens7@gmail.com>                                    Mon, Mar 23, 2026 at 3:42 PM
To: Shana Breazeale <breazealese001@gmail.com>, Jessica Cahoon <jcahoon123@gmail.com>, Wade & Stephanie Reeves <Waderyanreeves@gmail.com>
Bcc: LinhStephens7@gmail.com


V/R,

Linh S.


Begin forwarded message:

**From:** CourtListener Alerts <alerts@courtlistener.com>
**Date:** March 23, 2026 at 15:16:23 CDT
**To:** linhstephens7@gmail.com
**Subject: 4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)**


[Quoted text hidden]

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

---

**Linh Tran Stephens,**
a natural living woman, sui juris,
Plaintiff-Appellant,

**v.**

**STATE OF OKLAHOMA, et al.,**
Defendants-Appellees.

---

**Lower Court Case No.: 4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS
U.S. District Court, Northern District of Oklahoma
Assigned Article III Judge: Sarah E. Hill**

---

**NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT AND COMBINED EMERGENCY**

**MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL**

**PURSUANT TO FED. R. APP. P. 4(a)(6) AND MOTION**

**FOR RELIEF FROM VOID JUDGMENT PURSUANT TO**

**FED. R. CIV. P. 60(b)(4) AND 60(d)(3) FOR**

**FRAUD UPON THE COURT**

**FILED BY:**
**Linh Tran Stephens / Agent, living woman**
c/o P.O. Box 80112
Charleston County, South Carolina [29416]
Email: linhstephens7@gmail.com
Telephone: 843-608-0294
**Plaintiff-Appellant, sui juris, appearing in propria persona**

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 1 of 26*

## TABLE OF CONTENTS

I.  NOTICE OF INTENT TO APPEAL AND JURISDICTIONAL STATEMENT ............... 2

II.  AFFIDAVIT — STATEMENT OF FACTS (First Person, Sworn) ................................ 4

III. MOTION TO REOPEN TIME TO FILE NOA (FRAP 4(a)(6)) .................................. 8

IV.  MOTION FOR RELIEF FROM VOID JUDGMENT — FRCP 60(b)(4) & 60(d)(3) .. 10

V.  LEGAL ARGUMENTS AND LANDMARK AUTHORITIES ................................... 12

VI.  PERMANENT JURISDICTIONAL AND SURETY OBJECTIONS ......................... 18

VII. PREEMPTIVE DEFENSES AGAINST MOTION TO DISMISS ............................ 19

VIII.DEMAND AND RELIEF SOUGHT ...................................................................... 22

IX.  DEMAND FOR JURY TRIAL ............................................................................... 23

X.  NOTARY SECTION (COMMON LAW) ................................................................. 24

XI.  CERTIFICATE OF SERVICE .............................................................................. 25

## I. NOTICE OF INTENT TO APPEAL AND JURISDICTIONAL STATEMENT

PLEASE TAKE NOTICE that Linh Tran Stephens (lower case), Plaintiff-Appellant herein, a natural living woman, sui juris, one-and-only agent and beneficiary of LINH TRAN STEPHENS©®, hereby gives notice of appeal to the United States Court of Appeals for the Tenth Circuit from the final Judgment entered in the above-captioned case in the United States District Court for the Northern District of Oklahoma, in Case **4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS**, including any and all orders, dismissals, rulings, and entries adverse to Plaintiff, including but not limited to the Judgment referenced in docket entry notation dated on or about March 9–10, 2026 (Re: Document 19, Judgment, Entering Judgment).

Jurisdiction of the Tenth Circuit Court of Appeals is conferred pursuant to:

• 28 U.S.C. § 1291 — Final decisions of district courts;

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 2 of 26*

- 28 U.S.C. § 1292(a) — Interlocutory orders respecting injunctions;

- 28 U.S.C. § 1331 — Federal question jurisdiction;

- 28 U.S.C. § 1343 — Civil rights jurisdiction;

- 42 U.S.C. § 1983 — Deprivation of rights under color of law;

- 28 U.S.C. § 2241 — Habeas Corpus as to minor child G.L.S.;

- Fed. R. App. P. 3 and 4(a) — Notice of Appeal rules;

- Fed. R. App. P. 4(a)(6) — Motion to Reopen Time to File Notice of Appeal.

Plaintiff-Appellant is a free [nonblack] person and stateless citizen ("woman" of the "Union"), in accordance with the statements made by the Honorable Justice Miller in the Slaughter-House Cases, 83 US 36 (U.S. Supreme Court - 1873), and the Honorable Chief Justice Wallace in ELLEN R. VAN VALKENBURG v. ALBERT BROWN, 43 Cal. 43 (California Supreme Court - 1872). Linh Tran Stephens is not and has never been a U.S. citizen, as clearly delineated in 28 USC 1332(a)(1). The rights of Linh Tran Stephens the sentient being are derived from the Bill of Rights, not from the 14th Amendment. Linh Tran Stephens is neither a negro nor a descendant of such. Linh Tran Stephens would be considered a "people" in plural usage. Linh Tran Stephens' biological property is G.L.Stephens as her flesh and blood. Linh Tran Stephens was the indorser and representative on the two original notes executed with the SBA.

Meanwhile, LINH TRAN STEPHENS©® is a 14th Amendment US citizen in accordance with 8 USC 1401(a), deriving her standing from the privileges and immunities available in the 14th Amendment, and would be termed a "person" in plural usage. She was born on February 09th, 1984. She falls under the subheading of "individual" in the definition of the word "person" as described in 8 USC 1101(b)(3). The

legal structure of LINH TRAN STEPHENS©® is a sole proprietorship. Her EIN number is the "Social Security Number" that was used on these original notes, in accordance with 26 CFR 301.7701-11. LINH TRAN STEPHENS©® is, in terms of the Commercial Codes, the represented person/account holder/issuer of the original notes executed with the SBA.

## II. AFFIDAVIT — STATEMENT OF FACTS

### (First Person, Sworn, in Affidavit Form — Fed. R. Evid. 602 / 28 U.S.C. § 1746)

I, Linh Tran Stephens (lower case), a natural living woman breathing with a living soul and Holy Spirit, of sound mind and competent to testify, do hereby solemnly declare, affirm, and state under penalty of perjury under the laws of the United States of America that the following facts are true and correct to the best of my personal knowledge, information, and belief:

1. I, Linh Tran Stephens, am the Plaintiff-Appellant in this matter. I am a natural living woman, sui juris, exercising my inherent sovereign rights. I previously served as an active-duty officer in the U.S. Navy Medical Corps for five (5) years, followed by employment at Veterans Affairs and Indian Health Services at the Cherokee Nation until 2020. I am now a private civilian and have never waived my constitutionally protected rights.

2. On or about 06/06/2025 I filed writs of Habeas for myself and my female offspring **case No. 4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS**. On approximately July 30, 2025, I filed my Second Amended Federal Claims (Document 19) in Case No. 4:25-cv-00322-SEH-JFJ before the United States District Court for the Northern District

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 4 of 26*

of Oklahoma ("the lower court"), asserting 32 causes of action against 84 named Defendants for systemic, organized, and ongoing violations of my constitutional rights, civil rights, and those of my biological offspring (private property) G.L.Stephens, including but not limited to violations under 42 U.S.C. §§ 1983, 1985, 1986, ERISA, RICO (18 U.S.C. § 1962), ADA, and the Federal Tort Claims Act,

3. I have not received any emails nor mail except finally received electronic notification via email from the court's docketing system on **March 23, 2026** titled "4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)" from CourtListener but zero emails from PACER (**see Exhibit #1**), reading verbatim as follows: "**Mar 9, 2026 MAIL to Linh Tran Stephens Returned — address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment) (mm, Dpty Clk) (Entered: 03/10/2026).**" This was the first and only notice I received regarding any judgment being entered against me. **See EXHIBIT #1.** As I clicked on the email I found out (see Exhibit #1) : **"ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026)"** and **"JUDGMENT by Judge Gregory K Frizzell of Dismissal, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026)".** I went on to PACER website to look up related Habeas 4:25-cv-00286-CVE-MTS **and found out, similarly, "ORDER by Judge Claire V**

**Eagan - The petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2) is dismissed without prejudice for lack of subject matter jurisdiction, and a certificate of appealability is denied. This is a final order terminating this action and a separate judgment of dismissal shall be entered herewith. Ms. Stephens's motion to obtain electronic case filing rights for non-attorneys (Dkt. # 4) and the motion to dismiss filed by respondent Oklahoma Department of Human Services (Dkt. # 7) are dismissed as moot. ; denying certificate of appealability; dismissing [2] Petition for Writ of Habeas Corpus (2241/2254); finding as moot [4] Motion for Miscellaneous Relief; finding as moot [7] Motion to Dismiss for Failure to State a Claim; finding as moot [7] Motion to Dismiss for Lack of Jurisdiction (RGG, Chambers).**

4. I declare under penalty of perjury that I never received the original mailed notice of any judgment from the lower court. The court's mail to me was returned marked "address unknown," (see docket files), yet I continue to receive mail from other senders, including commercial entities, at my known address. The lower court possessed my contact information, including my email address, which I provided in my filings, and yet no electronic notice was sent prior to the mail-returned event and the mentioned email above.

5. The return of my mail as "address unknown" was legally improper, as I have at all times maintained a known and serviceable address and contact information. My address is known through public records, my court filings, my website at www.linhstephens.com, and through the online evidence folder at https://tinyurl.com/4cdv5u56. The court's failure to effect proper notice constitutes a

denial of due process and deprived me of the opportunity to timely file a Notice of Appeal.

6. Had I received timely notice of the entry of judgment, I would have immediately filed this Notice of Appeal. My intent to appeal has been consistent and continuous throughout this litigation, as evidenced by my prior appellate filings, emergency motions, and the record on appeal to the Tenth Circuit in related Case No. 24-CV-216-JDR-CDL.

7. The lower court apparently dismissed my Second Amended Federal Claims without holding a jury trial, without affording me the procedural protections guaranteed under the Fifth and Fourteenth Amendments, and without providing me written findings of fact and conclusions of law sufficient for appellate review, in violation of Fed. R. Civ. P. 52(a) and my due process rights against private citizens on top of public servants, and as private citizens are not covered under the "immunity" clause!

8. The actions of the Defendants, including judicial actors acting in concert, constitute a fraud upon the court and a continuing enterprise designed to deprive me and my biological offspring (private property) G.L.Stephens of our fundamental constitutional rights, our liberty, our property, and our family association. The systematic return of court mail and denial of notice are part of this ongoing pattern and practice.

9. I make this declaration knowingly, willingly, and intentionally, with full knowledge that an unrebutted affidavit stands as truth in commerce, and that silence or non-response is tacit acquiescence. Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent. This Notice applies to all successors and assigns.

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 7 of 26*

10. I am not a surety and I do not consent to your attempted body attachment warrant. I hereby reserve the right to amend this petition at any time as a matter of right and equity.

### III. MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL
### PURSUANT TO FED. R. APP. P. 4(a)(6) AND 28 U.S.C. § 2107(c)

Plaintiff-Appellant Linh Tran Stephens respectfully moves this Court and/or the lower court to reopen the time to file a Notice of Appeal pursuant to Fed. R. App. P. 4(a)(6), or in the alternative, to find this Notice timely filed because Plaintiff did not receive notice of the judgment within 21 days after its entry, as required by Fed. R. Civ. P. 77(d).

### A. Legal Standard — FRAP 4(a)(6)

Federal Rule of Appellate Procedure 4(a)(6) provides that the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, provided:

> (A) the court finds that the moving party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Rule 77(d) of the entry, whichever is earlier; and

> (C) the court finds that no party would be prejudiced.

See *Bowles v. Russell*, 551 U.S. 205 (2007); *Benavides v. Bureau of Prisons,* 79 F.3d 1211 (D.C. Cir. 1996);

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 8 of 26*

**B. All Requirements of FRAP 4(a)(6) Are Met**

First: Plaintiff did not receive notice of the entry of judgment within 21 days after entry. The docket entry of March 10, 2026, expressly confirms that mail sent to Plaintiff was "Returned — address has been changed to address unknown." This is direct, documentary evidence that Plaintiff received no notice within 21 days of entry, satisfying FRAP 4(a)(6)(A). See Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988).

Second: This motion and Notice of Appeal are filed within 180 days of judgment entry, and within 14 days of Plaintiff's receipt of notice of the entry via the court's electronic notification system. This motion is therefore timely under FRAP 4(a)(6)(B).

Third: No Defendant would suffer any cognizable prejudice from the reopening of the time to appeal. Defendants are state actors who have enjoyed the benefit of an improperly noticed judgment. Equity and due process demand that Plaintiff be afforded the right to appeal. See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993).

**C. Due Process Independently Requires Reopening**

Separately and independently, the Due Process Clause of the Fifth and Fourteenth Amendments requires that Plaintiff receive adequate notice before a judgment becomes final against her. The lower court's failure to provide notice via alternative means (email, CM/ECF, phone) after learning that mailed notice was returned constitutes a due process violation. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); Jones v. Flowers, 547 U.S. 220 (2006). Where a party does not receive notice that mail was returned undeliverable, additional steps are constitutionally required. Jones v. Flowers, 547 U.S. 220 (2006). Westar Energy, Inc. v. Lake , 552 F.3d 1215 (10th Cir.

2009) — Tenth Circuit authority on notice requirements and reopening time to appeal Spitznas v. Boone , 464 F.3d 1213 (10th Cir. 2006) — Tenth Circuit on procedural requirements for appeals. *Robinson v. Wichita State University* required that courts must use available electronic means when physical mail fails! *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000) — Tenth Circuit on narrow scope of void judgment under Rule 60(b)(4). *United States v. Buck*, 281 F.3d 1336 (10th Cir. 2002) — Tenth Circuit on fraud upon the court standard

*Dusenbery v. United States*, 534 U.S. 161 (2002) — SCOTUS on adequacy of notice; government must provide notice "reasonably calculated" to apprise interested parties

### IV. MOTION FOR RELIEF FROM VOID JUDGMENT

### FED. R. CIV. P. 60(b)(4) AND 60(d)(3) — FRAUD UPON THE COURT

In the alternative, and without waiving any position herein, Plaintiff-Appellant moves for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(4) (void judgment) and 60(d)(3) (fraud upon the court), which carry no time limitation.

**A. The Judgment Is Void — FRCP 60(b)(4)**

A judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction or denied a party due process of law. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010); *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000). Where the district court dismissed Plaintiff's claims without affording her notice, without a jury trial, and without written findings of fact and conclusions of law, the resulting judgment is void and must be vacated. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220 (10th Cir. 1979) is a key federal appellate case holding that a judgment is void under

---

Federal Rule of Civil Procedure 60(b)(4) only if the court lacked jurisdiction over the subject matter or parties, or acted in a manner inconsistent with due process. A judgment is not void simply because it is erroneous.

Under the Tenth Circuit's established jurisprudence, a void judgment is a legal nullity that may be attacked at any time, in any proceeding. Orner v. Shalala, 30 F.3d 1307 (10th Cir. 1994); Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974) ("Jurisdiction can be challenged at ANY time").

Gschwind v. Cessna Aircraft Co. , 232 F.3d 1342 (10th Cir. 2000) — Tenth Circuit on narrow scope of void judgment under Rule 60(b)(4).

United States v. Buck , 281 F.3d 1336 (10th Cir. 2002) — Tenth Circuit on fraud upon the court standard

## B. Fraud Upon the Court — FRCP 60(d)(3)

Rule 60(d)(3) expressly preserves a court's power to "set aside a judgment for fraud on the court," subject to no time limitation. Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). The systematic and coordinated pattern of conduct by Defendants, acting in concert with judicial officers, state agencies, and Bar card attorneys, as described in the Second Amended Federal Claims, constitutes a fraud upon the court vitiating the judgment. United States v. Throckmorton, 98 U.S. 61 (1878) ("Fraud vitiates everything it touches").

Plaintiff's Second Amended Federal Claims documented with particularity:

• Fabricated and false representations by DHS, CPS, and CSS agents to state and federal courts;

• Forgery of signatures and submission of materially false documents to courts;

• Coordination between judicial officers and opposing parties' attorneys;

• Illegal garnishment of ERISA-protected 401(k) retirement accounts;

• Revocation of Plaintiff's passport in violation of her fundamental right to travel;

• RICO enterprise conduct among judicial actors, bar card attorneys, and state agencies;

• Forced debtor's prison / contempt proceedings in violation of constitutional prohibitions.

## V. LEGAL ARGUMENTS, LANDMARK AUTHORITIES, AND CAUSES OF ACTION ON APPEAL

### A. Violation of Due Process (5th and 14th Amendments) — 42 U.S.C. § 1983

The lower court dismissed Plaintiff's claims without adequate process in violation of the Due Process Clause. SCOTUS: Mathews v. Eldridge, 424 U.S. 319 (1976) (balancing test for procedural due process); Fuentes v. Shevin, 407 U.S. 67 (1972); Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985). Tenth Circuit: Camuglia v. City of Albuquerque, 448 F.3d 1214 (10th Cir. 2006). USC: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 18 U.S.C. § 242. Mathews v. Eldridge analysis should be explicitly applied to the facts — courts expect the three-factor balancing test to be applied, not just cited. Carey v. Piphus , 435 U.S. 247 (1978) — SCOTUS on damages for procedural due process violations under § 1983

**B. Void Judgment — Lack of Article III Jurisdiction**

The lower court's judgment was entered by or at the behest of non-Article III judges (special judges, magistrates) to whom Plaintiff made permanent objection. Plaintiff permanently and continuously objects to any special judges, magistrates, or alternatives/substitutes other than Article III constitutional judges. Constitutional authority: Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982); Stern v. Marshall, 564 U.S. 462 (2011); Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015). USC: 28 U.S.C. § 636; Art. III, U.S. Const.

**C. First Amendment Violations (Speech, Religion, Association) — 42 U.S.C. § 1983**

Defendants retaliated against Plaintiff for her constitutionally protected speech, religious beliefs, and associational rights as a medical professional, mother, and sovereign woman. SCOTUS: Snyder v. Phelps, 562 U.S. 443 (2011); Pickering v. Board of Education, 391 U.S. 563 (1968) (public employee speech on matters of public concern) or Connick v. Myers, 461 U.S. 138 (1983) for public entity "LINH TRAN STEPHENS"; NAACP v. Claiborne Hardware Co., 458 U.S. 886 (1982). USC: 42 U.S.C. § 1983; 18 U.S.C. § 241.

**D. ERISA Violations — Unlawful Garnishment of Retirement Accounts — 29 U.S.C. § 1056(d)**

State actors unlawfully garnished Plaintiff's ERISA-protected 401(k)/retirement accounts in violation of ERISA's anti-alienation provisions. SCOTUS: Guidry v. Sheet Metal Workers National Pension Fund, 493 U.S. 365 (1990); Patterson v. Shumate, 504 U.S. 753 (1992). Tenth Circuit: Cowen v. Board of Trustees of State Employees' Retirement System, 703 F.2d 1019 (7th Cir. 1983). USC: 29 U.S.C. § 1056(d); 26 U.S.C. §

401(a)(13). In re Youngblood, 29 F.3d 225 (5th Cir. 1994) for ERISA anti-alienation in the domestic relations context. *Boggs v. Boggs*, 520 U.S. 833 (1997) — SCOTUS on ERISA preemption of state domestic relations law. 1 *Kennedy v. Plan Administrator for DuPont Savings and Investment Plan*, 555 U.S. 285 (2009) — ERISA plan administrator obligations. *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001) — ERISA preemption of state law affecting plan benefits

**E. Passport Revocation — Right to International Travel — 42 U.S.C. § 1983**

Defendants caused the revocation of Plaintiff's U.S. passport, unconstitutionally restricting her fundamental right to travel internationally. SCOTUS: Aptheker v. Secretary of State, 378 U.S. 500 (1964); Kent v. Dulles, 357 U.S. 116 (1958); Haig v. Agee, 453 U.S. 280 (1981). USC: 42 U.S.C. § 1983; 22 U.S.C. § 2714; 18 U.S.C. § 242.

**F. Civil RICO — 18 U.S.C. § 1962 — Pattern of Racketeering Activity**

Defendants constitute an enterprise engaging in a pattern of racketeering activity including mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), extortionate collection of child support (18 U.S.C. § 894), forgery, and deprivation of rights under color of law. SCOTUS: Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985); H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989); Boyle v. United States, 556 U.S. 938 (2009). USC: 18 U.S.C. §§ 1961-1968; 42 U.S.C. § 1983. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) — SCOTUS on RICO proximate causation requirement. *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008) — RICO mail fraud predicate acts. *Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006) — Tenth Circuit RICO case; critical for establishing what the Tenth Circuit requires for civil RICO pleading

**G. Monell Liability — 42 U.S.C. § 1983 — Unconstitutional Policies and Customs**

The State of Oklahoma and its agencies (OKDHS, CPS, CSS, OAH, Tulsa County District Court, OSBI) maintained official policies, customs, and practices that caused the constitutional violations alleged. Monell v. Department of Social Services, 436 U.S. 658 (1978); Pembaur v. City of Cincinnati, 475 U.S. 469 (1986); City of Canton v. Harris, 489 U.S. 378 (1989); Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397 (1997). Tenth Circuit: Bryson v. City of Oklahoma City, 627 F.3d 784 (10th Cir. 2010). USC: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 28 U.S.C. § 1343.

**H. ADA Title II Violations — 42 U.S.C. § 12131 et seq.**

Defendants failed to accommodate Plaintiff's documented disabilities in judicial proceedings and administrative hearings, and failed to provide equal access to court services. SCOTUS: Tennessee v. Lane, 541 U.S. 509 (2004); United States v. Georgia, 546 U.S. 151 (2006). USC: 42 U.S.C. § 12131 et seq.; 29 U.S.C. § 794; 42 U.S.C. § 1983.

**I. Title IV-D Unconstitutional Federalization and Child Support Enforcement**

Defendants weaponized Title IV-D child support enforcement mechanisms as a revenue-generating and punitive enterprise, violating Plaintiff's due process and equal protection rights. The entire child support enforcement scheme as applied to Plaintiff was unconstitutional. Blessing v. Freestone, 520 U.S. 329 (1997) and Gonzaga University v. Doe, 536 U.S. 273 (2002).; Turner v. Rogers, 564 U.S. 431 (2011). USC: 42 U.S.C. §§ 651-669b; 42 U.S.C. § 1983; 15 U.S.C. § 1673. *Blessing v. Freestone*, 520 U.S. 329 (1997) — SCOTUS on whether Title IV-D creates individually enforceable rights (important to understand and distinguish). *Gonzaga University v. Doe*, 536 U.S.

273 (2002) — Limits on § 1983 enforcement of federal statutes. *Sorrell v. IMS Health Inc.*, 564 U.S. 552 (2011) — Content-based speech restrictions (if applicable to child support enforcement communications)

## J. Fraud Upon the Court / Void Judgments — 60(d)(3)

Judicial officers, GAL Hale, DHS attorneys, and Defendants acted in concert to commit fraud upon the courts, rendering all judgments void and subject to vacatur at any time with no statute of limitations. SCOTUS: Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944); Chambers v. NASCO, Inc., 501 U.S. 32 (1991); United States v. Throckmorton, 98 U.S. 61 (1878). Tenth Circuit: Weese v. Schukman, 98 F.3d 542 (10th Cir. 1996).

## K. Conspiracy Against Rights — 42 U.S.C. § 1985 and 18 U.S.C. § 241

Two or more Defendants conspired to deprive Plaintiff and her daughter of their constitutionally guaranteed rights. SCOTUS: Griffin v. Breckenridge, 403 U.S. 88 (1971) and United Brotherhood of Carpenters v. Scott, 463 U.S. 825 (1983) both are the primary authorities and explicitly allege racial/gender-based animus to satisfy Scott's requirements. USC: 42 U.S.C. § 1985; 18 U.S.C. § 241.

## L. Habeas Corpus — Unlawful Detention of Minor Child G.L.S. — 28 U.S.C. § 2241

Plaintiff's biological offspring (private property) G.L.Stephens, as Plaintiff's biological property and flesh-and-blood offspring, is being unlawfully detained by state actors without constitutionally adequate process. SCOTUS: Troxel v. Granville, 530 U.S. 57 (2000) (fundamental right of parents to direct upbringing of children); Santosky v. Kramer, 455 U.S. 745 (1982) (heightened standard for parental rights termination); Stanley v. Illinois, 405 U.S. 645 (1972). USC: 28 U.S.C. § 2241; 42 U.S.C. § 1983.

*Meyer v. Nebraska*, 262 U.S. 390 (1923) — Foundational substantive due process for family rights. *Pierce v. Society of Sisters*, 268 U.S. 510 (1925) — Parental right to direct upbringing. *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996) — SCOTUS on due process in parental rights termination proceedings; state cannot deny appeal due to inability to pay transcript costs. *Lassiter v. Department of Social Services*, 452 U.S. 18 (1981) — Due process in parental rights proceedings.

**M. Equal Protection Violations — 14th Amendment / 42 U.S.C. § 1983**

Plaintiff, as a woman of Vietnamese heritage and a medical professional, was subjected to discriminatory treatment by state actors operating with racial, gender, and retaliatory animus. SCOTUS: Washington v. Davis, 426 U.S. 229 (1976); Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252 (1977); Personnel Administrator of Massachusetts v. Feeney, 442 U.S. 256 (1979) with Yick Wo v. Hopkins, 118 U.S. 356 (1886) (discriminatory application of facially neutral law against Chinese immigrants — directly analogous to racial animus against a Vietnamese-American plaintiff). USC: 42 U.S.C. § 1983; 42 U.S.C. § 1981.

*Yick Wo v. Hopkins*, 118 U.S. 356 (1886) — Landmark case directly applicable,

**N. False Claims Act Violations — 31 U.S.C. § 3729 et seq.**

Defendants made false certifications and claims to the federal government in connection with Title IV-D funding, child welfare funding, and other federal programs. SCOTUS: Universal Health Services v. United States ex rel. Escobar, 579 U.S. 176 (2016). USC: 31 U.S.C. §§ 3729-3733.

**O. Violations of Official Oaths of Office — Breach of Fiduciary Duty**

All named judicial officers, government employees, and BAR card attorneys took oaths to support and defend the Constitution and breached those oaths in their conduct toward Plaintiff. SCOTUS: Cooper v. Aaron, 358 U.S. 1 (1958) (supremacy of federal constitutional law over state officials); Ex parte Young, 209 U.S. 123 (1908). USC: 5 U.S.C. § 7311; 18 U.S.C. § 1918; Art. VI, U.S. Const.

**P. Civil Rule 11 Sanctions — Fed. R. Civ. P. 11**

Plaintiff hereby places all Defendants, their counsel, and any Bar card attorneys upon notice that she reserves and hereby asserts the right to seek sanctions under Fed. R. Civ. P. 11(c) for filing of pleadings, motions, and papers lacking evidentiary support, not warranted by existing law, and advanced for improper purposes including harassment and delay. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533 (1991); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990). USC: 28 U.S.C. § 1927; Fed. R. Civ. P. 11.

## VI. PERMANENT JURISDICTIONAL AND SURETY OBJECTIONS

– Plaintiff Linh Tran Stephens hereby makes PERMANENT AND CONTINUOUS OBJECTION to any special judges, magistrates, and any alternatives or substitutes other than Article III constitutional judges, using common law and constitutional law. This objection is perpetual and applies in all proceedings in this matter.

– I AM NOT A SURETY AND I DO NOT CONSENT TO YOUR ATTEMPTED BODY ATTACHMENT WARRANT. Any and all such warrants must be immediately and permanently revoked.

---

– I do not consent to state courts' proceedings. All courts' offers are not accepted. I demand the bond be immediately brought forward so I may inspect who will indemnify me if damaged. I demand a written indictment and trial by jury of my peers.

– I reserve the right to amend this petition at any time as a matter of common law right, equity, and natural justice. Plaintiff's reservation of rights under UCC § 1-308 is expressly preserved.

## VII. PREEMPTIVE DEFENSES AGAINST ANTICIPATED MOTIONS TO DISMISS

### A. Against Dismissal for Lack of Standing

Plaintiff has standing as a natural living woman, a mother whose parental rights were violated, a licensed medical professional whose license was targeted, and a citizen whose constitutional rights were directly infringed. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) (injury in fact, causation, redressability all present). Plaintiff's injuries are concrete, particularized, actual, and ongoing.

### B. Against Dismissal Under Rooker-Feldman Doctrine

The Rooker-Feldman doctrine does not bar Plaintiff's claims because Plaintiff is not seeking to overturn a state court judgment; rather, she alleges independent constitutional violations by state actors that occurred before, during, and after state court proceedings. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005); Skinner v. Switzer, 562 U.S. 521 (2011); Lance v. Dennis, 546 U.S. 459 (2006). The lower court's virtual abandonment of its "virtually unflagging" obligation to exercise jurisdiction was itself an error of constitutional dimension.

### C. Against Dismissal Under Younger Abstention

Younger abstention does not apply because: (1) the harm is irreparable; (2) the state proceedings were not pending at the time of filing; (3) the state court is itself a party and cannot provide an adequate forum; and (4) the bad-faith exception applies given the documented fraud upon state courts. Younger v. Harris, 401 U.S. 37 (1971); Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013); Huffman v. Pursue, Ltd., 420 U.S. 592 (1975); Mitchum v. Foster, 407 U.S. 225 (1972) (§ 1983 is an express exception to the Anti-Injunction Act).

## D. Against Absolute Judicial Immunity Defense

Judicial immunity does not apply when a judge acts in the complete absence of jurisdiction, when the judge acts as a co-conspirator in a RICO enterprise, and when the judge commits fraud upon the court. Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978). Non-judicial acts by judicial officers are not immune. Forrester v. White, 484 U.S. 219 (1988). Criminal conduct is never immune.

## E. Against Qualified Immunity for Individual Defendants

Qualified immunity does not protect officials who violate clearly established constitutional rights. Pearson v. Callahan, 555 U.S. 223 (2009); Hope v. Pelzer, 536 U.S. 730 (2002). The constitutional rights violated by Defendants were clearly established at all relevant times, and any reasonable official would have known their conduct was unlawful. Harlow v. Fitzgerald, 457 U.S. 800 (1982); Saucier v. Katz, 533 U.S. 194 (2001).

## F. Against Eleventh Amendment Immunity

The Eleventh Amendment does not bar: (1) prospective injunctive relief under the Ex parte Young doctrine; (2) federal claims under 42 U.S.C. § 1983 against individual state

actors in their personal capacity; and (3) claims where the State has waived immunity. Ex parte Young, 209 U.S. 123 (1908); Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Seminole Tribe v. Florida, 517 U.S. 44 (1996).

## G. Against Res Judicata / Collateral Estoppel

Res judicata does not apply to void judgments, judgments obtained by fraud upon the court, or where there was no full and fair opportunity to litigate due to the constitutional violations alleged. Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982); Allen v. McCurry, 449 U.S. 90 (1980). Fraud vitiates all. U.S. v. Throckmorton, 98 U.S. 61 (1878).

## H. Against Failure to State a Claim (FRCP 12(b)(6))

Plaintiff's Second Amended Federal Claims, 112 pages in length with 32 causes of action and comprehensive factual allegations, more than satisfies the pleading standard under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se pleadings are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007).

## I. Against Exhaustion Arguments

Plaintiff exhausted all available administrative remedies: she submitted a Notice of Tort Claim to the State of Oklahoma on September 24, 2024, which was denied as of December 17, 2024 (Claim No. 2520034513), and more than 180 days have passed without resolution. No further administrative exhaustion is required for § 1983 claims. Patsy v. Board of Regents, 457 U.S. 496 (1982).

## J. Against Statute of Limitations Arguments

---

Fraud upon the court carries no statute of limitations. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). § 1983 claims accrue upon discovery of the injury. Rotella v. Wood, 528 U.S. 549 (2000). Continuing violations doctrine extends the limitations period for ongoing civil rights violations. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002).

## VIII. DEMAND AND RELIEF SOUGHT

WHEREFORE, Plaintiff-Appellant Linh Tran Stephens, a natural living woman, sui juris, respectfully demands:

1. That this Honorable Court of Appeals accept jurisdiction over this appeal;

2. That this Court reopen the time to file this Notice of Appeal under FRAP 4(a)(6), or in the alternative, find this Notice timely filed;

3. That this Court vacate and reverse the lower court's judgment as void and obtained in violation of due process and by fraud upon the court;

4. That this Court remand with instructions to: (a) assign this matter exclusively to an Article III constitutional judge; (b) provide Plaintiff full opportunity to conduct discovery, present evidence, and try her case before a jury of her peers; (c) restore all stayed proceedings;

5. That this Court issue an emergency injunction restoring Plaintiff's rights and those of her biological offspring (private property) G.L.Stephens, including immediate reunification;

6. That this Court order the reinstatement of Plaintiff's passport and right to international travel;

7. That this Court order the immediate cessation of any and all unlawful garnishments of Plaintiff's ERISA-protected retirement accounts;

8. That this Court award Plaintiff compensatory and punitive damages against all Defendants in the millions of dollars as proven at trial;

9. That this Court award attorney fees and costs pursuant to 42 U.S.C. § 1988;

10. That this Court order civil RICO treble damages pursuant to 18 U.S.C. § 1964(c);

11. Any and all such other and further relief as this Court deems just, proper, and equitable.

THIS SUPERIOR COURT IS HEREBY DEMANDED TO PROVIDE WRITTEN STATEMENTS OF FACT AND CONCLUSIONS OF LAW, RATHER THAN ANY ABUSIVE DISCRETION, FOR APPEAL PURPOSES, IF JUSTICE, TRUTH, AND THE CONSTITUTION OF THE UNITED STATES OF AMERICA IS NOT REVERED IN THIS COURT.

## IX. DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution and Fed. R. Civ. P. 38, Plaintiff-Appellant Linh Tran Stephens hereby DEMANDS A TRIAL BY JURY of her peers on all issues so triable. This demand is preserved at every level of these proceedings and on remand.

## AVOUCHMENT AND VERIFICATION

I, Linh Tran Stephens (lower case), a natural living woman, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746,

---

that the foregoing is true and correct to the best of my personal knowledge, information,

and belief. This document is presented in good faith, with clean hands, and in full equity.

Respectfully submitted on this 9th day of April, 2026,

*Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce; **Silence is Tacit Acquiescence/Agreement/Dishonor**;
*This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

*without prejudice*
*linh-tran: stephens/Agent*

By one–and–only beneficiary: _____
All Rights Reserved None Waived, **Without Prejudice *UCC 1-308 & 1-103***,
**Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary
for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui Que Trust a.k.a. "Fide Commissary Trust",
sui juris, Ambassador of Messiah Yahusha, Heir of the Creator,
my heir/offspring is G.L.Stephens,
A natural living woman breathing with a living soul and the Holy Spirit,
natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit,
unlimited, non-incorporated, non-sole-proprietor,
**stateless** "**freeman of the Union**" per Honorable Mr. Justice MILLER on April 14th, 1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3),
full capacity and competency with postgraduate level of education,
living on the land of the republic, with God-given rights pursuant to Bills of Rights,
NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary;
i reject your 12 legal presumptions, other presumptions/assumptions/double-speaking/implied or undisclosed contracts;
Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities of Citizens in several States;
**Rural Free Delivery, Non-Domestic 00000,**
℅ PO Box 80112,
Charleston, South Carolina [zip exempt but near 29416] without U.S.D.C.

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 24 of 26*

Email: LinhStephens7@gmail.com
*Tel:* 843-608-0294

## XI. NOTARY SECTION — COMMON LAW ACKNOWLEDGMENT

state of Minnesota      )
                     ) *ss*
countyof Sherburne     )

Before me electronically/virtually, the undersigned Notary Public, duly commissioned and sworn in and for the State of South Carolina, County of Charleston, personally appeared Linh Tran Stephens, known to me to be the natural living woman described in and who executed the foregoing instrument, and she duly acknowledged to me that she executed the same as her free and voluntary act and deed for the uses and purposes therein set forth, under common law jurisdiction, without adhesion to any statutory or administrative form.

Subscribed and sworn before me this <u>9th</u> day of <u>April</u>, 2026.



Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## X. CERTIFICATE OF SERVICE

I, Linh Tran Stephens, hereby certify that on the date of filing, I caused a true and correct copy of the foregoing Notice of Appeal and Combined Motions to be served

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 25 of 26*

upon the following Defendants and/or their known counsel of record via the Court's CM/ECF electronic filing system:

1. STATE OF OKLAHOMA — c/o Office of the Attorney General of Oklahoma Gentner Drummond, Oklahoma Attorney General 313 N.E. 21st Street, Oklahoma City, OK 73105

2. OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) Jeffrey Cartmell, Executive Director 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

3. TULSA COUNTY DISTRICT COURT c/o Kacharra Mansker, Court Clerk 500 S. Denver Ave., Tulsa, OK 74103

4. OKLAHOMA BAR ASSOCIATION c/o Gina Hendryx, General Counsel 1901 N. Lincoln Blvd., Oklahoma City, OK 73105

5. Stephen E. Hale / THE LAW OFFICE OF STEPHEN E. HALE [Last known address — public records search via BeenVerified: 6701 S. Western Ave., Oklahoma City, OK 73139 — verify and update]

6. Gilbert J. Pilkington, Jr. / PILKINGTON LAW FIRM, PLLC [Last known address — public records search: 525 S. Main St., Ste. 920, Tulsa, OK 74103 — verify and update]

7. Emmalene Stringer, DHS CSS State's Attorney c/o OKDHS Legal Services, 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

8. Charles Schwab and Co., Inc. CT Corporation System (Registered Agent), 1833 S. Morgan Rd., Oklahoma City, OK 73128

9. All remaining named Defendants — c/o Oklahoma Attorney General's Office, 313 N.E. 21st Street, Oklahoma City, OK 73105

NOTE: Plaintiff has conducted public records searches via BeenVerified and other public data sources to locate Defendant addresses to the best of her ability. Plaintiff requests that the Court's CM/ECF system serve all registered counsel of record electronically.

WITHOUT RECOURSE.

*without prejudice*
*linh–tran: stephens/Agent*

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 26 of 26*



L S <linhstephens7@gmail.com>

## 4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)
2 messages

**CourtListener Alerts** <alerts@courtlistener.com>                    Mon, Mar 23, 2026 at 3:16 PM
To: linhstephens7@gmail.com

# CourtListener Docket Alert
## 4 New Entries in Stephens v. State of Oklahoma (4:25-cv-00285)
District Court, N.D. Oklahoma
View Docket on CourtListener

| Document Number | Date Filed | Description | Download PDF |
|---|---|---|---|
| 18 | Jan 21, 2026 | ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026) | From RECAP with PACER fallback |
| 19 | Jan 21, 2026 | JUDGMENT by Judge Gregory K Frizzell of Dismissal, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026) | From RECAP with PACER fallback |
| None | Jan 21, 2026 | ***Civil Case Terminated (see document number 19 ) (mm, Dpty Clk) | |
| 20 | Mar 9, 2026 | MAIL to Linh Tran Stephens Returned - address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment ) (mm, Dpty Clk) (Entered: 03/10/2026) | From RECAP with PACER fallback |

Use notes and tags to organize and share the cases you follow. Learn more

This alert was sent because you subscribed to this docket with your account on CourtListener.com. To disable this alert unsubscribe here.

Case 4:25-cv-00286-CVE-MTS Document 13 Filed 04/09/26 Page 28 of 28

📢 **The Wait is Over!** You can now get alerts for **keywords** in the RECAP Archive. Set daily or real-time email alerts when PACER cases or filings match your saved search. Follow topics, people, organizations, and more. Learn more here!

This alert brought to you by the non-profit Free Law Project. **Please donate to support our work.**

253

**Linh Stephens** <linhstephens7@gmail.com>                              Mon, Mar 23, 2026 at 3:42 PM
To: Shana Breazeale <breazealese001@gmail.com>, Jessica Cahoon <jcahoon123@gmail.com>, Wade & Stephanie Reeves <Waderyanreeves@gmail.com>
Bcc: LinhStephens7@gmail.com


V/R,

Linh S.


Begin forwarded message:

**From:** CourtListener Alerts <alerts@courtlistener.com>
**Date:** March 23, 2026 at 15:16:23 CDT
**To:** linhstephens7@gmail.com
**Subject: 4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)**


[Quoted text hidden]

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

---

**Linh Tran Stephens,**
a natural living woman, sui juris,
Plaintiff-Appellant,

**v.**

**STATE OF OKLAHOMA, et al.,**
Defendants-Appellees.

---

**Lower Court Case No.:**                    **4:25-cv-00286-CVE-MTS**
**U.S. District Court, Northern District of Oklahoma**
**Assigned Article III Judge:**   Gregory K Frizzell   **Claire V. Eagan**

---

**NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT AND COMBINED EMERGENCY**

**MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL**

**PURSUANT TO FED. R. APP. P. 4(a)(6) AND MOTION**

**FOR RELIEF FROM VOID JUDGMENT PURSUANT TO**

**FED. R. CIV. P. 60(b)(4) AND 60(d)(3) FOR**

**FRAUD UPON THE COURT**

**FILED BY:**
**Linh Tran Stephens / Agent, living woman**
c/o P.O. Box 80112
Charleston County, South Carolina [29416]
Email: linhstephens7@gmail.com
Telephone: 843-608-0294
**Plaintiff-Appellant, sui juris, appearing in propria persona**

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 1 of 26*

## TABLE OF CONTENTS

I.   NOTICE OF INTENT TO APPEAL AND JURISDICTIONAL STATEMENT ............... 2

II.  AFFIDAVIT — STATEMENT OF FACTS (First Person, Sworn) ................................ 4

III. MOTION TO REOPEN TIME TO FILE NOA (FRAP 4(a)(6)) ..................................... 8

IV.  MOTION FOR RELIEF FROM VOID JUDGMENT — FRCP 60(b)(4) & 60(d)(3) .. 10

V.   LEGAL ARGUMENTS AND LANDMARK AUTHORITIES ..................................... 12

VI.  PERMANENT JURISDICTIONAL AND SURETY OBJECTIONS .......................... 18

VII. PREEMPTIVE DEFENSES AGAINST MOTION TO DISMISS ............................. 19

VIII.DEMAND AND RELIEF SOUGHT ....................................................................... 22

IX.  DEMAND FOR JURY TRIAL ............................................................................... 23

X.   NOTARY SECTION (COMMON LAW) .................................................................. 24

XI.  CERTIFICATE OF SERVICE .............................................................................. 25

## I. NOTICE OF INTENT TO APPEAL AND JURISDICTIONAL STATEMENT

PLEASE TAKE NOTICE that Linh Tran Stephens (lower case), Plaintiff-Appellant herein, a natural living woman, sui juris, one-and-only agent and beneficiary of LINH TRAN STEPHENS©®, hereby gives notice of appeal to the United States Court of Appeals for the Tenth Circuit from the final Judgment entered in the above-captioned case in the United States District Court for the Northern District of Oklahoma, in Case **4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS**, including any and all orders, dismissals, rulings, and entries adverse to Plaintiff, including but not limited to the Judgment referenced in docket entry notation dated on or about March 9–10, 2026 (Re: Document 19, Judgment, Entering Judgment).

Jurisdiction of the Tenth Circuit Court of Appeals is conferred pursuant to:

• 28 U.S.C. § 1291 — Final decisions of district courts;

---

- 28 U.S.C. § 1292(a) — Interlocutory orders respecting injunctions;

- 28 U.S.C. § 1331 — Federal question jurisdiction;

- 28 U.S.C. § 1343 — Civil rights jurisdiction;

- 42 U.S.C. § 1983 — Deprivation of rights under color of law;

- 28 U.S.C. § 2241 — Habeas Corpus as to minor child G.L.S.;

- Fed. R. App. P. 3 and 4(a) — Notice of Appeal rules;

- Fed. R. App. P. 4(a)(6) — Motion to Reopen Time to File Notice of Appeal.

Plaintiff-Appellant is a free [nonblack] person and stateless citizen ("woman" of the "Union"), in accordance with the statements made by the Honorable Justice Miller in the Slaughter-House Cases, 83 US 36 (U.S. Supreme Court - 1873), and the Honorable Chief Justice Wallace in ELLEN R. VAN VALKENBURG v. ALBERT BROWN, 43 Cal. 43 (California Supreme Court - 1872). Linh Tran Stephens is not and has never been a U.S. citizen, as clearly delineated in 28 USC 1332(a)(1). The rights of Linh Tran Stephens the sentient being are derived from the Bill of Rights, not from the 14th Amendment. Linh Tran Stephens is neither a negro nor a descendant of such. Linh Tran Stephens would be considered a "people" in plural usage. Linh Tran Stephens' biological property is G.L.Stephens as her flesh and blood. Linh Tran Stephens was the indorser and representative on the two original notes executed with the SBA.

Meanwhile, LINH TRAN STEPHENS©® is a 14th Amendment US citizen in accordance with 8 USC 1401(a), deriving her standing from the privileges and immunities available in the 14th Amendment, and would be termed a "person" in plural usage. She was born on February 09th, 1984. She falls under the subheading of "individual" in the definition of the word "person" as described in 8 USC 1101(b)(3). The

legal structure of LINH TRAN STEPHENS©® is a sole proprietorship. Her EIN number is the "Social Security Number" that was used on these original notes, in accordance with 26 CFR 301.7701-11. LINH TRAN STEPHENS©® is, in terms of the Commercial Codes, the represented person/account holder/issuer of the original notes executed with the SBA.

## II. AFFIDAVIT — STATEMENT OF FACTS

**(First Person, Sworn, in Affidavit Form — Fed. R. Evid. 602 / 28 U.S.C. § 1746)**

I, Linh Tran Stephens (lower case), a natural living woman breathing with a living soul and Holy Spirit, of sound mind and competent to testify, do hereby solemnly declare, affirm, and state under penalty of perjury under the laws of the United States of America that the following facts are true and correct to the best of my personal knowledge, information, and belief:

1. I, Linh Tran Stephens, am the Plaintiff-Appellant in this matter. I am a natural living woman, sui juris, exercising my inherent sovereign rights. I previously served as an active-duty officer in the U.S. Navy Medical Corps for five (5) years, followed by employment at Veterans Affairs and Indian Health Services at the Cherokee Nation until 2020. I am now a private civilian and have never waived my constitutionally protected rights.

2. On or about 06/06/2025 I filed writs of Habeas for myself and my female offspring **cases No. 4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS**. On approximately July 30, 2025, I filed my Second Amended Federal Claims (Document 19) in Case No. 4:25-cv-00322-SEH-JFJ before the United States District Court for the Northern District

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 4 of 26*

of Oklahoma ("the lower court"), asserting 32 causes of action against 84 named Defendants for systemic, organized, and ongoing violations of my constitutional rights, civil rights, and those of my biological offspring (private property) G.L.Stephens, including but not limited to violations under 42 U.S.C. §§ 1983, 1985, 1986, ERISA, RICO (18 U.S.C. § 1962), ADA, and the Federal Tort Claims Act,

3. I have not received any emails nor mail except finally received electronic notification via email from the court's docketing system on **March 23, 2026** titled "4 New Docket Entries for Stephens v. State of Oklahoma (**4:25-cv-00285**)" from CourtListener but zero emails from PACER and on **April 09, 2026** titled "4 New Docket Entries for Stephens v. State of Oklahoma (**4_25-cv-00286**)" (**see Exhibits #1**), reading verbatim as follows: **"Mar 9, 2026 MAIL to Linh Tran Stephens Returned — address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment) (mm, Dpty Clk) (Entered: 03/10/2026)."** This was the first and only notice I received regarding any judgment being entered against me. **See EXHIBIT #1.** As I clicked on the email I found out (see Exhibit #1) : **"ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026)"** and **"JUDGMENT by Judge Gregory K Frizzell of Dismissal, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026)".** I went on to PACER website to look up related Habeas

4:25-cv-00286-CVE-MTS **and found out, similarly, "ORDER by Judge Claire V Eagan - The petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2) is dismissed without prejudice for lack of subject matter jurisdiction, and a certificate of appealability is denied. This is a final order terminating this action and a separate judgment of dismissal shall be entered herewith. Ms. Stephens's motion to obtain electronic case filing rights for non-attorneys (Dkt. # 4) and the motion to dismiss filed by respondent Oklahoma Department of Human Services (Dkt. # 7) are dismissed as moot. ; denying certificate of appealability; dismissing [2] Petition for Writ of Habeas Corpus (2241/2254); finding as moot [4] Motion for Miscellaneous Relief; finding as moot [7] Motion to Dismiss for Failure to State a Claim; finding as moot [7] Motion to Dismiss for Lack of Jurisdiction (RGG, Chambers).**

4. I declare under penalty of perjury that I never received the original mailed notice of any judgment from the lower court. The court's mail to me was returned marked "address unknown," (see docket files), yet I continue to receive mail from other senders, including commercial entities, at my known address. The lower court possessed my contact information, including my email address, which I provided in my filings, and yet no electronic notice was sent prior to the mail-returned event and the mentioned email above.

5. The return of my mail as "address unknown" was legally improper, as I have at all times maintained a known and serviceable address and contact information. My address is known through public records, my court filings, my website at www.linhstephens.com, and through the online evidence folder at

https://tinyurl.com/4cdv5u56. The court's failure to effect proper notice constitutes a denial of due process and deprived me of the opportunity to timely file a Notice of Appeal.

6. Had I received timely notice of the entry of judgment, I would have immediately filed this Notice of Appeal. My intent to appeal has been consistent and continuous throughout this litigation, as evidenced by my prior appellate filings, emergency motions, and the record on appeal to the Tenth Circuit in related Case No. 24-CV-216-JDR-CDL.

7. The lower court apparently dismissed my Second Amended Federal Claims without holding a jury trial, without affording me the procedural protections guaranteed under the Fifth and Fourteenth Amendments, and without providing me written findings of fact and conclusions of law sufficient for appellate review, in violation of Fed. R. Civ. P. 52(a) and my due process rights against private citizens on top of public servants, and as private citizens are not covered under the "immunity" clause!

8. The actions of the Defendants, including judicial actors acting in concert, constitute a fraud upon the court and a continuing enterprise designed to deprive me and my biological offspring (private property) G.L.Stephens of our fundamental constitutional rights, our liberty, our property, and our family association. The systematic return of court mail and denial of notice are part of this ongoing pattern and practice.

9. I make this declaration knowingly, willingly, and intentionally, with full knowledge that an unrebutted affidavit stands as truth in commerce, and that silence or non-response is tacit acquiescence. Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent. This Notice applies to all successors and assigns.

10. I am not a surety and I do not consent to your attempted body attachment warrant. I hereby reserve the right to amend this petition at any time as a matter of right and equity.

## III. MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL

### PURSUANT TO FED. R. APP. P. 4(a)(6) AND 28 U.S.C. § 2107(c)

Plaintiff-Appellant Linh Tran Stephens respectfully moves this Court and/or the lower court to reopen the time to file a Notice of Appeal pursuant to Fed. R. App. P. 4(a)(6), or in the alternative, to find this Notice timely filed because Plaintiff did not receive notice of the judgment within 21 days after its entry, as required by Fed. R. Civ. P. 77(d).

### A. Legal Standard — FRAP 4(a)(6)

Federal Rule of Appellate Procedure 4(a)(6) provides that the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, provided:

> (A) the court finds that the moving party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Rule 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

See *Bowles v. Russell*, 551 U.S. 205 (2007); *Benavides v. Bureau of Prisons,* 79 F.3d 1211 (D.C. Cir. 1996);

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 8 of 26*

**B. All Requirements of FRAP 4(a)(6) Are Met**

First: Plaintiff did not receive notice of the entry of judgment within 21 days after entry. The docket entry of March 10, 2026, expressly confirms that mail sent to Plaintiff was "Returned — address has been changed to address unknown." This is direct, documentary evidence that Plaintiff received no notice within 21 days of entry, satisfying FRAP 4(a)(6)(A). See Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988).

Second: This motion and Notice of Appeal are filed within 180 days of judgment entry, and within 14 days of Plaintiff's receipt of notice of the entry via the court's electronic notification system. This motion is therefore timely under FRAP 4(a)(6)(B).

Third: No Defendant would suffer any cognizable prejudice from the reopening of the time to appeal. Defendants are state actors who have enjoyed the benefit of an improperly noticed judgment. Equity and due process demand that Plaintiff be afforded the right to appeal. See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993).

**C. Due Process Independently Requires Reopening**

Separately and independently, the Due Process Clause of the Fifth and Fourteenth Amendments requires that Plaintiff receive adequate notice before a judgment becomes final against her. The lower court's failure to provide notice via alternative means (email, CM/ECF, phone) after learning that mailed notice was returned constitutes a due process violation. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); Jones v. Flowers, 547 U.S. 220 (2006). Where a party does not receive notice that mail was returned undeliverable, additional steps are constitutionally required. Jones v. Flowers, 547 U.S. 220 (2006). Westar Energy, Inc. v. Lake , 552 F.3d 1215 (10th Cir.

2009) — Tenth Circuit authority on notice requirements and reopening time to appeal Spitznas v. Boone , 464 F.3d 1213 (10th Cir. 2006) — Tenth Circuit on procedural requirements for appeals. *Robinson v. Wichita State University* required that courts must use available electronic means when physical mail fails! *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000) — Tenth Circuit on narrow scope of void judgment under Rule 60(b)(4). *United States v. Buck*, 281 F.3d 1336 (10th Cir. 2002) — Tenth Circuit on fraud upon the court standard

*Dusenbery v. United States*, 534 U.S. 161 (2002) — SCOTUS on adequacy of notice; government must provide notice "reasonably calculated" to apprise interested parties

### IV. MOTION FOR RELIEF FROM VOID JUDGMENT

### FED. R. CIV. P. 60(b)(4) AND 60(d)(3) — FRAUD UPON THE COURT

In the alternative, and without waiving any position herein, Plaintiff-Appellant moves for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(4) (void judgment) and 60(d)(3) (fraud upon the court), which carry no time limitation.

### A. The Judgment Is Void — FRCP 60(b)(4)

A judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction or denied a party due process of law. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010); *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000). Where the district court dismissed Plaintiff's claims without affording her notice, without a jury trial, and without written findings of fact and conclusions of law, the resulting judgment is void and must be vacated. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220 (10th Cir. 1979) is a key federal appellate case holding that a judgment is void under

Federal Rule of Civil Procedure 60(b)(4) only if the court lacked jurisdiction over the subject matter or parties, or acted in a manner inconsistent with due process. A judgment is not void simply because it is erroneous.

Under the Tenth Circuit's established jurisprudence, a void judgment is a legal nullity that may be attacked at any time, in any proceeding. Orner v. Shalala, 30 F.3d 1307 (10th Cir. 1994); Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974) ("Jurisdiction can be challenged at ANY time").

Gschwind v. Cessna Aircraft Co. , 232 F.3d 1342 (10th Cir. 2000) — Tenth Circuit on narrow scope of void judgment under Rule 60(b)(4).

United States v. Buck , 281 F.3d 1336 (10th Cir. 2002) — Tenth Circuit on fraud upon the court standard

## B. Fraud Upon the Court — FRCP 60(d)(3)

Rule 60(d)(3) expressly preserves a court's power to "set aside a judgment for fraud on the court," subject to no time limitation. Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). The systematic and coordinated pattern of conduct by Defendants, acting in concert with judicial officers, state agencies, and Bar card attorneys, as described in the Second Amended Federal Claims, constitutes a fraud upon the court vitiating the judgment. United States v. Throckmorton, 98 U.S. 61 (1878) ("Fraud vitiates everything it touches").

Plaintiff's Second Amended Federal Claims documented with particularity:

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 11 of 26*

• Fabricated and false representations by DHS, CPS, and CSS agents to state and federal courts;

• Forgery of signatures and submission of materially false documents to courts;

• Coordination between judicial officers and opposing parties' attorneys;

• Illegal garnishment of ERISA-protected 401(k) retirement accounts;

• Revocation of Plaintiff's passport in violation of her fundamental right to travel;

• RICO enterprise conduct among judicial actors, bar card attorneys, and state agencies;

• Forced debtor's prison / contempt proceedings in violation of constitutional prohibitions.

## V. LEGAL ARGUMENTS, LANDMARK AUTHORITIES, AND CAUSES OF ACTION ON APPEAL

**A. Violation of Due Process (5th and 14th Amendments) — 42 U.S.C. § 1983**

The lower court dismissed Plaintiff's claims without adequate process in violation of the Due Process Clause. SCOTUS: Mathews v. Eldridge, 424 U.S. 319 (1976) (balancing test for procedural due process); Fuentes v. Shevin, 407 U.S. 67 (1972); Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985). Tenth Circuit: Camuglia v. City of Albuquerque, 448 F.3d 1214 (10th Cir. 2006). USC: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 18 U.S.C. § 242. Mathews v. Eldridge analysis should be explicitly applied to the facts — courts expect the three-factor balancing test to be applied, not just cited. Carey v. Piphus , 435 U.S. 247 (1978) — SCOTUS on damages for procedural due process violations under § 1983

**B. Void Judgment — Lack of Article III Jurisdiction**

The lower court's judgment was entered by or at the behest of non-Article III judges (special judges, magistrates) to whom Plaintiff made permanent objection. Plaintiff permanently and continuously objects to any special judges, magistrates, or alternatives/substitutes other than Article III constitutional judges. Constitutional authority: Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982); Stern v. Marshall, 564 U.S. 462 (2011); Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015). USC: 28 U.S.C. § 636; Art. III, U.S. Const.

**C. First Amendment Violations (Speech, Religion, Association) — 42 U.S.C. § 1983**

Defendants retaliated against Plaintiff for her constitutionally protected speech, religious beliefs, and associational rights as a medical professional, mother, and sovereign woman. SCOTUS: Snyder v. Phelps, 562 U.S. 443 (2011); Pickering v. Board of Education, 391 U.S. 563 (1968) (public employee speech on matters of public concern) or Connick v. Myers, 461 U.S. 138 (1983) for public entity "LINH TRAN STEPHENS"; NAACP v. Claiborne Hardware Co., 458 U.S. 886 (1982). USC: 42 U.S.C. § 1983; 18 U.S.C. § 241.

**D. ERISA Violations — Unlawful Garnishment of Retirement Accounts — 29 U.S.C. § 1056(d)**

State actors unlawfully garnished Plaintiff's ERISA-protected 401(k)/retirement accounts in violation of ERISA's anti-alienation provisions. SCOTUS: Guidry v. Sheet Metal Workers National Pension Fund, 493 U.S. 365 (1990); Patterson v. Shumate, 504 U.S. 753 (1992). Tenth Circuit: Cowen v. Board of Trustees of State Employees' Retirement System, 703 F.2d 1019 (7th Cir. 1983). USC: 29 U.S.C. § 1056(d); 26 U.S.C. §

401(a)(13). In re Youngblood, 29 F.3d 225 (5th Cir. 1994) for ERISA anti-alienation in the domestic relations context. *Boggs v. Boggs*, 520 U.S. 833 (1997) — SCOTUS on ERISA preemption of state domestic relations law. 1 *Kennedy v. Plan Administrator for DuPont Savings and Investment Plan*, 555 U.S. 285 (2009) — ERISA plan administrator obligations. *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001) — ERISA preemption of state law affecting plan benefits

**E. Passport Revocation — Right to International Travel — 42 U.S.C. § 1983**

Defendants caused the revocation of Plaintiff's U.S. passport, unconstitutionally restricting her fundamental right to travel internationally. SCOTUS: Aptheker v. Secretary of State, 378 U.S. 500 (1964); Kent v. Dulles, 357 U.S. 116 (1958); Haig v. Agee, 453 U.S. 280 (1981). USC: 42 U.S.C. § 1983; 22 U.S.C. § 2714; 18 U.S.C. § 242.

**F. Civil RICO — 18 U.S.C. § 1962 — Pattern of Racketeering Activity**

Defendants constitute an enterprise engaging in a pattern of racketeering activity including mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), extortionate collection of child support (18 U.S.C. § 894), forgery, and deprivation of rights under color of law. SCOTUS: Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985); H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989); Boyle v. United States, 556 U.S. 938 (2009). USC: 18 U.S.C. §§ 1961-1968; 42 U.S.C. § 1983. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) — SCOTUS on RICO proximate causation requirement. *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008) — RICO mail fraud predicate acts. *Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006) — Tenth Circuit RICO case; critical for establishing what the Tenth Circuit requires for civil RICO pleading

**G. Monell Liability — 42 U.S.C. § 1983 — Unconstitutional Policies and Customs**

The State of Oklahoma and its agencies (OKDHS, CPS, CSS, OAH, Tulsa County District Court, OSBI) maintained official policies, customs, and practices that caused the constitutional violations alleged. Monell v. Department of Social Services, 436 U.S. 658 (1978); Pembaur v. City of Cincinnati, 475 U.S. 469 (1986); City of Canton v. Harris, 489 U.S. 378 (1989); Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397 (1997). Tenth Circuit: Bryson v. City of Oklahoma City, 627 F.3d 784 (10th Cir. 2010). USC: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 28 U.S.C. § 1343.

**H. ADA Title II Violations — 42 U.S.C. § 12131 et seq.**

Defendants failed to accommodate Plaintiff's documented disabilities in judicial proceedings and administrative hearings, and failed to provide equal access to court services. SCOTUS: Tennessee v. Lane, 541 U.S. 509 (2004); United States v. Georgia, 546 U.S. 151 (2006). USC: 42 U.S.C. § 12131 et seq.; 29 U.S.C. § 794; 42 U.S.C. § 1983.

**I. Title IV-D Unconstitutional Federalization and Child Support Enforcement**

Defendants weaponized Title IV-D child support enforcement mechanisms as a revenue-generating and punitive enterprise, violating Plaintiff's due process and equal protection rights. The entire child support enforcement scheme as applied to Plaintiff was unconstitutional. Blessing v. Freestone, 520 U.S. 329 (1997) and Gonzaga University v. Doe, 536 U.S. 273 (2002).; Turner v. Rogers, 564 U.S. 431 (2011). USC: 42 U.S.C. §§ 651-669b; 42 U.S.C. § 1983; 15 U.S.C. § 1673. *Blessing v. Freestone*, 520 U.S. 329 (1997) — SCOTUS on whether Title IV-D creates individually enforceable rights (important to understand and distinguish). *Gonzaga University v. Doe*, 536 U.S.

273 (2002) — Limits on § 1983 enforcement of federal statutes. *Sorrell v. IMS Health Inc.*, 564 U.S. 552 (2011) — Content-based speech restrictions (if applicable to child support enforcement communications)

## J. Fraud Upon the Court / Void Judgments — 60(d)(3)

Judicial officers, GAL Hale, DHS attorneys, and Defendants acted in concert to commit fraud upon the courts, rendering all judgments void and subject to vacatur at any time with no statute of limitations. SCOTUS: Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944); Chambers v. NASCO, Inc., 501 U.S. 32 (1991); United States v. Throckmorton, 98 U.S. 61 (1878). Tenth Circuit: Weese v. Schukman, 98 F.3d 542 (10th Cir. 1996).

## K. Conspiracy Against Rights — 42 U.S.C. § 1985 and 18 U.S.C. § 241

Two or more Defendants conspired to deprive Plaintiff and her daughter of their constitutionally guaranteed rights. SCOTUS: Griffin v. Breckenridge, 403 U.S. 88 (1971) and United Brotherhood of Carpenters v. Scott, 463 U.S. 825 (1983) both are the primary authorities and explicitly allege racial/gender-based animus to satisfy Scott's requirements. USC: 42 U.S.C. § 1985; 18 U.S.C. § 241.

## L. Habeas Corpus — Unlawful Detention of Minor Child G.L.S. — 28 U.S.C. § 2241

Plaintiff's biological offspring (private property) G.L.Stephens, as Plaintiff's biological property and flesh-and-blood offspring, is being unlawfully detained by state actors without constitutionally adequate process. SCOTUS: Troxel v. Granville, 530 U.S. 57 (2000) (fundamental right of parents to direct upbringing of children); Santosky v. Kramer, 455 U.S. 745 (1982) (heightened standard for parental rights termination); Stanley v. Illinois, 405 U.S. 645 (1972). USC: 28 U.S.C. § 2241; 42 U.S.C. § 1983.

*Meyer v. Nebraska*, 262 U.S. 390 (1923) — Foundational substantive due process for family rights. *Pierce v. Society of Sisters*, 268 U.S. 510 (1925) — Parental right to direct upbringing. *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996) — SCOTUS on due process in parental rights termination proceedings; state cannot deny appeal due to inability to pay transcript costs. *Lassiter v. Department of Social Services*, 452 U.S. 18 (1981) — Due process in parental rights proceedings.

**M. Equal Protection Violations — 14th Amendment / 42 U.S.C. § 1983**

Plaintiff, as a woman of Vietnamese heritage and a medical professional, was subjected to discriminatory treatment by state actors operating with racial, gender, and retaliatory animus. SCOTUS: Washington v. Davis, 426 U.S. 229 (1976); Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252 (1977); Personnel Administrator of Massachusetts v. Feeney, 442 U.S. 256 (1979) with Yick Wo v. Hopkins, 118 U.S. 356 (1886) (discriminatory application of facially neutral law against Chinese immigrants — directly analogous to racial animus against a Vietnamese-American plaintiff). USC: 42 U.S.C. § 1983; 42 U.S.C. § 1981.

*Yick Wo v. Hopkins*, 118 U.S. 356 (1886) — Landmark case directly applicable,

**N. False Claims Act Violations — 31 U.S.C. § 3729 et seq.**

Defendants made false certifications and claims to the federal government in connection with Title IV-D funding, child welfare funding, and other federal programs. SCOTUS: Universal Health Services v. United States ex rel. Escobar, 579 U.S. 176 (2016). USC: 31 U.S.C. §§ 3729-3733.

**O. Violations of Official Oaths of Office — Breach of Fiduciary Duty**

All named judicial officers, government employees, and BAR card attorneys took oaths to support and defend the Constitution and breached those oaths in their conduct toward Plaintiff. SCOTUS: Cooper v. Aaron, 358 U.S. 1 (1958) (supremacy of federal constitutional law over state officials); Ex parte Young, 209 U.S. 123 (1908). USC: 5 U.S.C. § 7311; 18 U.S.C. § 1918; Art. VI, U.S. Const.

**P. Civil Rule 11 Sanctions — Fed. R. Civ. P. 11**

Plaintiff hereby places all Defendants, their counsel, and any Bar card attorneys upon notice that she reserves and hereby asserts the right to seek sanctions under Fed. R. Civ. P. 11(c) for filing of pleadings, motions, and papers lacking evidentiary support, not warranted by existing law, and advanced for improper purposes including harassment and delay. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533 (1991); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990). USC: 28 U.S.C. § 1927; Fed. R. Civ. P. 11.

## VI. PERMANENT JURISDICTIONAL AND SURETY OBJECTIONS

– Plaintiff Linh Tran Stephens hereby makes PERMANENT AND CONTINUOUS OBJECTION to any special judges, magistrates, and any alternatives or substitutes other than Article III constitutional judges, using common law and constitutional law. This objection is perpetual and applies in all proceedings in this matter.

– I AM NOT A SURETY AND I DO NOT CONSENT TO YOUR ATTEMPTED BODY ATTACHMENT WARRANT. Any and all such warrants must be immediately and permanently revoked.

---

– I do not consent to state courts' proceedings. All courts' offers are not accepted. I demand the bond be immediately brought forward so I may inspect who will indemnify me if damaged. I demand a written indictment and trial by jury of my peers.

– I reserve the right to amend this petition at any time as a matter of common law right, equity, and natural justice. Plaintiff's reservation of rights under UCC § 1-308 is expressly preserved.

## VII. PREEMPTIVE DEFENSES AGAINST ANTICIPATED MOTIONS TO DISMISS

### A. Against Dismissal for Lack of Standing

Plaintiff has standing as a natural living woman, a mother whose parental rights were violated, a licensed medical professional whose license was targeted, and a citizen whose constitutional rights were directly infringed. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) (injury in fact, causation, redressability all present). Plaintiff's injuries are concrete, particularized, actual, and ongoing.

### B. Against Dismissal Under Rooker-Feldman Doctrine

The Rooker-Feldman doctrine does not bar Plaintiff's claims because Plaintiff is not seeking to overturn a state court judgment; rather, she alleges independent constitutional violations by state actors that occurred before, during, and after state court proceedings. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005); Skinner v. Switzer, 562 U.S. 521 (2011); Lance v. Dennis, 546 U.S. 459 (2006). The lower court's virtual abandonment of its "virtually unflagging" obligation to exercise jurisdiction was itself an error of constitutional dimension.

### C. Against Dismissal Under Younger Abstention

Younger abstention does not apply because: (1) the harm is irreparable; (2) the state proceedings were not pending at the time of filing; (3) the state court is itself a party and cannot provide an adequate forum; and (4) the bad-faith exception applies given the documented fraud upon state courts. Younger v. Harris, 401 U.S. 37 (1971); Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013); Huffman v. Pursue, Ltd., 420 U.S. 592 (1975); Mitchum v. Foster, 407 U.S. 225 (1972) (§ 1983 is an express exception to the Anti-Injunction Act).

## D. Against Absolute Judicial Immunity Defense

Judicial immunity does not apply when a judge acts in the complete absence of jurisdiction, when the judge acts as a co-conspirator in a RICO enterprise, and when the judge commits fraud upon the court. Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978). Non-judicial acts by judicial officers are not immune. Forrester v. White, 484 U.S. 219 (1988). Criminal conduct is never immune.

## E. Against Qualified Immunity for Individual Defendants

Qualified immunity does not protect officials who violate clearly established constitutional rights. Pearson v. Callahan, 555 U.S. 223 (2009); Hope v. Pelzer, 536 U.S. 730 (2002). The constitutional rights violated by Defendants were clearly established at all relevant times, and any reasonable official would have known their conduct was unlawful. Harlow v. Fitzgerald, 457 U.S. 800 (1982); Saucier v. Katz, 533 U.S. 194 (2001).

## F. Against Eleventh Amendment Immunity

The Eleventh Amendment does not bar: (1) prospective injunctive relief under the Ex parte Young doctrine; (2) federal claims under 42 U.S.C. § 1983 against individual state

actors in their personal capacity; and (3) claims where the State has waived immunity. Ex parte Young, 209 U.S. 123 (1908); Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Seminole Tribe v. Florida, 517 U.S. 44 (1996).

## G. Against Res Judicata / Collateral Estoppel

Res judicata does not apply to void judgments, judgments obtained by fraud upon the court, or where there was no full and fair opportunity to litigate due to the constitutional violations alleged. Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982); Allen v. McCurry, 449 U.S. 90 (1980). Fraud vitiates all. U.S. v. Throckmorton, 98 U.S. 61 (1878).

## H. Against Failure to State a Claim (FRCP 12(b)(6))

Plaintiff's Second Amended Federal Claims, 112 pages in length with 32 causes of action and comprehensive factual allegations, more than satisfies the pleading standard under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se pleadings are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007).

## I. Against Exhaustion Arguments

Plaintiff exhausted all available administrative remedies: she submitted a Notice of Tort Claim to the State of Oklahoma on September 24, 2024, which was denied as of December 17, 2024 (Claim No. 2520034513), and more than 180 days have passed without resolution. No further administrative exhaustion is required for § 1983 claims. Patsy v. Board of Regents, 457 U.S. 496 (1982).

## J. Against Statute of Limitations Arguments

Fraud upon the court carries no statute of limitations. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). § 1983 claims accrue upon discovery of the injury. Rotella v. Wood, 528 U.S. 549 (2000). Continuing violations doctrine extends the limitations period for ongoing civil rights violations. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002).

## VIII. DEMAND AND RELIEF SOUGHT

WHEREFORE, Plaintiff-Appellant Linh Tran Stephens, a natural living woman, sui juris, respectfully demands:

1. That this Honorable Court of Appeals accept jurisdiction over this appeal;

2. That this Court reopen the time to file this Notice of Appeal under FRAP 4(a)(6), or in the alternative, find this Notice timely filed;

3. That this Court vacate and reverse the lower court's judgment as void and obtained in violation of due process and by fraud upon the court;

4. That this Court remand with instructions to: (a) assign this matter exclusively to an Article III constitutional judge; (b) provide Plaintiff full opportunity to conduct discovery, present evidence, and try her case before a jury of her peers; (c) restore all stayed proceedings;

5. That this Court issue an emergency injunction restoring Plaintiff's rights and those of her biological offspring (private property) G.L.Stephens, including immediate reunification;

6. That this Court order the reinstatement of Plaintiff's passport and right to international travel;

7. That this Court order the immediate cessation of any and all unlawful garnishments of Plaintiff's ERISA-protected retirement accounts;

8. That this Court award Plaintiff compensatory and punitive damages against all Defendants in the millions of dollars as proven at trial;

9. That this Court award attorney fees and costs pursuant to 42 U.S.C. § 1988;

10. That this Court order civil RICO treble damages pursuant to 18 U.S.C. § 1964(c);

11. Any and all such other and further relief as this Court deems just, proper, and equitable.

THIS SUPERIOR COURT IS HEREBY DEMANDED TO PROVIDE WRITTEN STATEMENTS OF FACT AND CONCLUSIONS OF LAW, RATHER THAN ANY ABUSIVE DISCRETION, FOR APPEAL PURPOSES, IF JUSTICE, TRUTH, AND THE CONSTITUTION OF THE UNITED STATES OF AMERICA IS NOT REVERED IN THIS COURT.

## IX. DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution and Fed. R. Civ. P. 38, Plaintiff-Appellant Linh Tran Stephens hereby DEMANDS A TRIAL BY JURY of her peers on all issues so triable. This demand is preserved at every level of these proceedings and on remand.

## AVOUCHMENT AND VERIFICATION

I, Linh Tran Stephens (lower case), a natural living woman, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746,

that the foregoing is true and correct to the best of my personal knowledge, information,

and belief. This document is presented in good faith, with clean hands, and in full equity.

Respectfully submitted on this 9th day of April, 2026,

*Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce;
**Silence is Tacit Acquiescence/Agreement/Dishonor**;
*This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

*without prejudice*
*linh-tran: stephens/Agent*

By one–and–only beneficiary: _____
All Rights Reserved None Waived, **Without Prejudice *UCC 1-308 & 1-103***,
**Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary
for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui Que Trust a.k.a. "Fide Commissary Trust",
sui juris, Ambassador of Messiah Yahusha, Heir of the Creator,
my heir/offspring is G.L.Stephens,
A natural living woman breathing with a living soul and the Holy Spirit,
natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit,
unlimited, non-incorporated, non-sole-proprietor,
**stateless "freeman of the Union"** per Honorable Mr. Justice MILLER on April 14th,
1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3),
full capacity and competency with postgraduate level of education,
living on the land of the republic, with God-given rights pursuant to Bills of Rights,
NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary;
i reject your 12 legal presumptions, other presumptions/assumptions/double-speaking/implied or undisclosed contracts;
Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities of Citizens in several States;
**Rural Free Delivery, Non-Domestic 00000,**
℅ PO Box 80112,
Charleston, South Carolina [zip exempt but near 29416] without U.S.D.C.

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 24 of 26*

<div align="right">Email: <u>LinhStephens7@gmail.com</u><br>
<i>Tel:</i> 843-608-0294</div>

## X. NOTARY SECTION — COMMON LAW ACKNOWLEDGMENT

state of Minnesota            )
                              ) *ss*
countyof Sherburne            )

Before me electronically/virtually, the undersigned Notary Public, duly commissioned and sworn in and for the State of South Carolina, County of Charleston, personally appeared Linh Tran Stephens, known to me to be the natural living woman described in and who executed the foregoing instrument, and she duly acknowledged to me that she executed the same as her free and voluntary act and deed for the uses and purposes therein set forth, under common law jurisdiction, without adhesion to any statutory or administrative form.

Subscribed and sworn before me this <u>9th</u> day of <u>April</u>, 2026.



Signature of Notary/Jurat

> MELISSA K VAGLE
> Notary Public
> State of Minnesota
> My Commission Expires
> January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## XI. CERTIFICATE OF SERVICE

I, Linh Tran Stephens, hereby certify that on the date of filing, I caused a true and correct copy of the foregoing Notice of Appeal and Combined Motions to be served

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 25 of 26*

upon the following Defendants and/or their known counsel of record via the Court's CM/ECF electronic filing system:

1. STATE OF OKLAHOMA — c/o Office of the Attorney General of Oklahoma Gentner Drummond, Oklahoma Attorney General 313 N.E. 21st Street, Oklahoma City, OK 73105

2. OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) Jeffrey Cartmell, Executive Director 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

3. TULSA COUNTY DISTRICT COURT c/o Kacharra Mansker, Court Clerk 500 S. Denver Ave., Tulsa, OK 74103

4. OKLAHOMA BAR ASSOCIATION c/o Gina Hendryx, General Counsel 1901 N. Lincoln Blvd., Oklahoma City, OK 73105

5. Stephen E. Hale / THE LAW OFFICE OF STEPHEN E. HALE [Last known address — public records search via BeenVerified: 6701 S. Western Ave., Oklahoma City, OK 73139 — verify and update]

6. Gilbert J. Pilkington, Jr. / PILKINGTON LAW FIRM, PLLC [Last known address — public records search: 525 S. Main St., Ste. 920, Tulsa, OK 74103 — verify and update]

7. Emmalene Stringer, DHS CSS State's Attorney c/o OKDHS Legal Services, 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

8. Charles Schwab and Co., Inc. CT Corporation System (Registered Agent), 1833 S. Morgan Rd., Oklahoma City, OK 73128

9. All remaining named Defendants — c/o Oklahoma Attorney General's Office, 313 N.E. 21st Street, Oklahoma City, OK 73105

NOTE: Plaintiff has conducted public records searches via BeenVerified and other public data sources to locate Defendant addresses to the best of her ability. Plaintiff requests that the Court's CM/ECF system serve all registered counsel of record electronically.

WITHOUT RECOURSE.

*without prejudice*
*linh-tran: stephens/Agent*

![M] Gmail

L S <linhstephens7@gmail.com>

## 4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)
2 messages

**CourtListener Alerts** <alerts@courtlistener.com>
To: linhstephens7@gmail.com

Mon, Mar 23, 2026 at 3:16 PM

# CourtListener Docket Alert
## 4 New Entries in Stephens v. State of Oklahoma (4:25-cv-00285)
District Court, N.D. Oklahoma
View Docket on CourtListener

| Document Number | Date Filed | Description | Download PDF |
|---|---|---|---|
| 18 | Jan 21, 2026 | ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026) | From RECAP with PACER fallback |
| 19 | Jan 21, 2026 | JUDGMENT by Judge Gregory K Frizzell of Dismissal, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026) | From RECAP with PACER fallback |
| None | Jan 21, 2026 | ***Civil Case Terminated (see document number 19 ) (mm, Dpty Clk) | |
| 20 | Mar 9, 2026 | MAIL to Linh Tran Stephens Returned - address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment ) (mm, Dpty Clk) (Entered: 03/10/2026) | From RECAP with PACER fallback |

Use notes and tags to organize and share the cases you follow. Learn more

This alert was sent because you subscribed to this docket with your account on CourtListener.com. To disable this alert unsubscribe here.

 **Gmail**      L S <lnhstephens7@gmail.com>

## 4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00286)
1 message

CourtListener Alerts <alerts@courtlistener.com>      Thu, Apr 9, 2026 at 4:09 PM
To: lnhstephens7@gmail.com

# CourtListener Docket Alert
## 4 New Entries in Stephens v. State of Oklahoma (4:25-cv-00286)

District Court, N.D. Oklahoma
View Docket on CourtListener

| Document Number | Date Filed | Description | Download PDF |
|---|---|---|---|
| None | Jan 22, 2026 | Civil/Miscellaneous Case Terminated | |
| 9 | Jan 22, 2026 | Order | From RECAP with PACER fallback |
| 10 | Jan 22, 2026 | Judgment | From RECAP with PACER fallback |
| 11 | Mar 6, 2026 | Mail Returned | From RECAP with PACER fallback |

Use notes and tags to organize and share the cases you follow. Learn more

This alert was sent because you subscribed to this docket with your account on CourtListener.com. To disable this alert unsubscribe here.

🏴 **The Wait is Over!** You can now get alerts for keywords in the RECAP Archive. Set daily or real-time email alerts when PACER cases or filings match your saved search. Follow topics, people, organizations, and more. Learn more here!

This alert brought to you by the non-profit Free Law Project. **Please donate to support our work.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

**Linh Tran Stephens,**
a natural living woman, sui juris,
Plaintiff-Appellant,

**v.**

**STATE OF OKLAHOMA, et al.,**
Defendants-Appellees.

**Lower Court Case No.:**　4:25-cv-00286-CVE-MTS
**U.S. District Court, Northern District of Oklahoma**
**Assigned Article III Judge:**　Claire V. Eagan

**NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT AND COMBINED EMERGENCY**

**MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL**

**PURSUANT TO FED. R. APP. P. 4(a)(6) AND MOTION**

**FOR RELIEF FROM VOID JUDGMENT PURSUANT TO**

**FED. R. CIV. P. 60(b)(4) AND 60(d)(3) FOR**

**FRAUD UPON THE COURT**

**FILED BY:**
**Linh Tran Stephens / Agent, living woman**
c/o P.O. Box 80112
Charleston County, South Carolina [29416]
Email: linhstephens7@gmail.com
Telephone: 843-608-0294
**Plaintiff-Appellant, sui juris, appearing in propria persona**

## TABLE OF CONTENTS

I. NOTICE OF INTENT TO APPEAL AND JURISDICTIONAL STATEMENT ............... 2

II. AFFIDAVIT — STATEMENT OF FACTS (First Person, Sworn) ............... 4

III. MOTION TO REOPEN TIME TO FILE NOA (FRAP 4(a)(6)) .................... 8

IV. MOTION FOR RELIEF FROM VOID JUDGMENT — FRCP 60(b)(4) & 60(d)(3) .. 10

V. LEGAL ARGUMENTS AND LANDMARK AUTHORITIES .................... 12

VI. PERMANENT JURISDICTIONAL AND SURETY OBJECTIONS .......... 18

VII. PREEMPTIVE DEFENSES AGAINST MOTION TO DISMISS ............ 19

VIII. DEMAND AND RELIEF SOUGHT .................... 22

IX. DEMAND FOR JURY TRIAL .................... 23

X. NOTARY SECTION (COMMON LAW) .................... 24

XI. CERTIFICATE OF SERVICE .................... 25

## I. NOTICE OF INTENT TO APPEAL AND JURISDICTIONAL STATEMENT

PLEASE TAKE NOTICE that Linh Tran Stephens (lower case), Plaintiff-Appellant herein, a natural living woman, sui juris, one-and-only agent and beneficiary of LINH TRAN STEPHENS©®, hereby gives notice of appeal to the United States Court of Appeals for the Tenth Circuit from the final Judgment entered in the above-captioned case in the United States District Court for the Northern District of Oklahoma, in Case **4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS**, including any and all orders, dismissals, rulings, and entries adverse to Plaintiff, including but not limited to the Judgment referenced in docket entry notation dated on or about March 9–10, 2026 (Re: Document 19, Judgment, Entering Judgment).

Jurisdiction of the Tenth Circuit Court of Appeals is conferred pursuant to:

• 28 U.S.C. § 1291 — Final decisions of district courts;

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 2 of 26*

• 28 U.S.C. § 1292(a) — Interlocutory orders respecting injunctions;

• 28 U.S.C. § 1331 — Federal question jurisdiction;

• 28 U.S.C. § 1343 — Civil rights jurisdiction;

• 42 U.S.C. § 1983 — Deprivation of rights under color of law;

• 28 U.S.C. § 2241 — Habeas Corpus as to minor child G.L.S.;

• Fed. R. App. P. 3 and 4(a) — Notice of Appeal rules;

• Fed. R. App. P. 4(a)(6) — Motion to Reopen Time to File Notice of Appeal.

Plaintiff-Appellant is a free [nonblack] person and stateless citizen ("woman" of the "Union"), in accordance with the statements made by the Honorable Justice Miller in the Slaughter-House Cases, 83 US 36 (U.S. Supreme Court - 1873), and the Honorable Chief Justice Wallace in ELLEN R. VAN VALKENBURG v. ALBERT BROWN, 43 Cal. 43 (California Supreme Court - 1872). Linh Tran Stephens is not and has never been a U.S. citizen, as clearly delineated in 28 USC 1332(a)(1). The rights of Linh Tran Stephens the sentient being are derived from the Bill of Rights, not from the 14th Amendment. Linh Tran Stephens is neither a negro nor a descendant of such. Linh Tran Stephens would be considered a "people" in plural usage. Linh Tran Stephens' biological property is G.L.Stephens as her flesh and blood. Linh Tran Stephens was the indorser and representative on the two original notes executed with the SBA.

Meanwhile, LINH TRAN STEPHENS©® is a 14th Amendment US citizen in accordance with 8 USC 1401(a), deriving her standing from the privileges and immunities available in the 14th Amendment, and would be termed a "person" in plural usage. She was born on February 09th, 1984. She falls under the subheading of "individual" in the definition of the word "person" as described in 8 USC 1101(b)(3). The

legal structure of LINH TRAN STEPHENS©® is a sole proprietorship. Her EIN number is the "Social Security Number" that was used on these original notes, in accordance with 26 CFR 301.7701-11. LINH TRAN STEPHENS©® is, in terms of the Commercial Codes, the represented person/account holder/issuer of the original notes executed with the SBA.

## II. AFFIDAVIT — STATEMENT OF FACTS

**(First Person, Sworn, in Affidavit Form — Fed. R. Evid. 602 / 28 U.S.C. § 1746)**

I, Linh Tran Stephens (lower case), a natural living woman breathing with a living soul and Holy Spirit, of sound mind and competent to testify, do hereby solemnly declare, affirm, and state under penalty of perjury under the laws of the United States of America that the following facts are true and correct to the best of my personal knowledge, information, and belief:

1. I, Linh Tran Stephens, am the Plaintiff-Appellant in this matter. I am a natural living woman, sui juris, exercising my inherent sovereign rights. I previously served as an active-duty officer in the U.S. Navy Medical Corps for five (5) years, followed by employment at Veterans Affairs and Indian Health Services at the Cherokee Nation until 2020. I am now a private civilian and have never waived my constitutionally protected rights.

2. On or about 06/06/2025 I filed writs of Habeas for myself and my female offspring **cases No. 4:25-cv-00285-GKF-MTS & 4:25-cv-00286-CVE-MTS**. On approximately July 30, 2025, I filed my Second Amended Federal Claims (Document 19) in Case No. 4:25-cv-00322-SEH-JFJ before the United States District Court for the Northern District

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 4 of 26*

of Oklahoma ("the lower court"), asserting 32 causes of action against 84 named Defendants for systemic, organized, and ongoing violations of my constitutional rights, civil rights, and those of my biological offspring (private property) G.L.Stephens, including but not limited to violations under 42 U.S.C. §§ 1983, 1985, 1986, ERISA, RICO (18 U.S.C. § 1962), ADA, and the Federal Tort Claims Act,

3. I have not received any emails nor mail except finally received electronic notification via email from the court's docketing system on **March 23, 2026** titled "4 New Docket Entries for Stephens v. State of Oklahoma (**4:25-cv-00285**)" from CourtListener but zero emails from PACER and on **April 09, 2026** titled "4 New Docket Entries for Stephens v. State of Oklahoma (**4_25-cv-00286**)" (**see Exhibits #1**), reading verbatim as follows: **"Mar 9, 2026 MAIL to Linh Tran Stephens Returned — address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment) (mm, Dpty Clk) (Entered: 03/10/2026)."** This was the first and only notice I received regarding any judgment being entered against me. **See EXHIBIT #1.** As I clicked on the email I found out (see Exhibit #1) : **"ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026)"** and **"JUDGMENT by Judge Gregory K Frizzell of Dismissal, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026)".** I went on to PACER website to look up related Habeas

---

4:25-cv-00286-CVE-MTS **and found out, similarly, "ORDER by Judge Claire V Eagan - The petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. # 2) is dismissed without prejudice for lack of subject matter jurisdiction, and a certificate of appealability is denied. This is a final order terminating this action and a separate judgment of dismissal shall be entered herewith. Ms. Stephens's motion to obtain electronic case filing rights for non-attorneys (Dkt. # 4) and the motion to dismiss filed by respondent Oklahoma Department of Human Services (Dkt. # 7) are dismissed as moot. ; denying certificate of appealability; dismissing [2] Petition for Writ of Habeas Corpus (2241/2254); finding as moot [4] Motion for Miscellaneous Relief; finding as moot [7] Motion to Dismiss for Failure to State a Claim; finding as moot [7] Motion to Dismiss for Lack of Jurisdiction (RGG, Chambers).**

4. I declare under penalty of perjury that I never received the original mailed notice of any judgment from the lower court. The court's mail to me was returned marked "address unknown," (see docket files), yet I continue to receive mail from other senders, including commercial entities, at my known address. The lower court possessed my contact information, including my email address, which I provided in my filings, and yet no electronic notice was sent prior to the mail-returned event and the mentioned email above.

5. The return of my mail as "address unknown" was legally improper, as I have at all times maintained a known and serviceable address and contact information. My address is known through public records, my court filings, my website at www.linhstephens.com, and through the online evidence folder at

---

https://tinyurl.com/4cdv5u56. The court's failure to effect proper notice constitutes a denial of due process and deprived me of the opportunity to timely file a Notice of Appeal.

6. Had I received timely notice of the entry of judgment, I would have immediately filed this Notice of Appeal. My intent to appeal has been consistent and continuous throughout this litigation, as evidenced by my prior appellate filings, emergency motions, and the record on appeal to the Tenth Circuit in related Case No. 24-CV-216-JDR-CDL.

7. The lower court apparently dismissed my Second Amended Federal Claims without holding a jury trial, without affording me the procedural protections guaranteed under the Fifth and Fourteenth Amendments, and without providing me written findings of fact and conclusions of law sufficient for appellate review, in violation of Fed. R. Civ. P. 52(a) and my due process rights against private citizens on top of public servants, and as private citizens are not covered under the "immunity" clause!

8. The actions of the Defendants, including judicial actors acting in concert, constitute a fraud upon the court and a continuing enterprise designed to deprive me and my biological offspring (private property) G.L.Stephens of our fundamental constitutional rights, our liberty, our property, and our family association. The systematic return of court mail and denial of notice are part of this ongoing pattern and practice.

9. I make this declaration knowingly, willingly, and intentionally, with full knowledge that an unrebutted affidavit stands as truth in commerce, and that silence or non-response is tacit acquiescence. Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent. This Notice applies to all successors and assigns.

---

10. I am not a surety and I do not consent to your attempted body attachment warrant. I hereby reserve the right to amend this petition at any time as a matter of right and equity.

### III. MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL

### PURSUANT TO FED. R. APP. P. 4(a)(6) AND 28 U.S.C. § 2107(c)

Plaintiff-Appellant Linh Tran Stephens respectfully moves this Court and/or the lower court to reopen the time to file a Notice of Appeal pursuant to Fed. R. App. P. 4(a)(6), or in the alternative, to find this Notice timely filed because Plaintiff did not receive notice of the judgment within 21 days after its entry, as required by Fed. R. Civ. P. 77(d).

### A. Legal Standard — FRAP 4(a)(6)

Federal Rule of Appellate Procedure 4(a)(6) provides that the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, provided:

(A) the court finds that the moving party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Rule 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

See *Bowles v. Russell*, 551 U.S. 205 (2007); *Benavides v. Bureau of Prisons,* 79 F.3d 1211 (D.C. Cir. 1996);

**B. All Requirements of FRAP 4(a)(6) Are Met**

First: Plaintiff did not receive notice of the entry of judgment within 21 days after entry. The docket entry of March 10, 2026, expressly confirms that mail sent to Plaintiff was "Returned — address has been changed to address unknown." This is direct, documentary evidence that Plaintiff received no notice within 21 days of entry, satisfying FRAP 4(a)(6)(A). See Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988).

Second: This motion and Notice of Appeal are filed within 180 days of judgment entry, and within 14 days of Plaintiff's receipt of notice of the entry via the court's electronic notification system. This motion is therefore timely under FRAP 4(a)(6)(B).

Third: No Defendant would suffer any cognizable prejudice from the reopening of the time to appeal. Defendants are state actors who have enjoyed the benefit of an improperly noticed judgment. Equity and due process demand that Plaintiff be afforded the right to appeal. See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993).

**C. Due Process Independently Requires Reopening**

Separately and independently, the Due Process Clause of the Fifth and Fourteenth Amendments requires that Plaintiff receive adequate notice before a judgment becomes final against her. The lower court's failure to provide notice via alternative means (email, CM/ECF, phone) after learning that mailed notice was returned constitutes a due process violation. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); Jones v. Flowers, 547 U.S. 220 (2006). Where a party does not receive notice that mail was returned undeliverable, additional steps are constitutionally required. Jones v. Flowers, 547 U.S. 220 (2006). Westar Energy, Inc. v. Lake , 552 F.3d 1215 (10th Cir.

2009) — Tenth Circuit authority on notice requirements and reopening time to appeal Spitznas v. Boone , 464 F.3d 1213 (10th Cir. 2006) — Tenth Circuit on procedural requirements for appeals. *Robinson v. Wichita State University* required that courts must use available electronic means when physical mail fails! *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000) — Tenth Circuit on narrow scope of void judgment under Rule 60(b)(4). *United States v. Buck*, 281 F.3d 1336 (10th Cir. 2002) — Tenth Circuit on fraud upon the court standard

*Dusenbery v. United States*, 534 U.S. 161 (2002) — SCOTUS on adequacy of notice; government must provide notice "reasonably calculated" to apprise interested parties

## IV. MOTION FOR RELIEF FROM VOID JUDGMENT

## FED. R. CIV. P. 60(b)(4) AND 60(d)(3) — FRAUD UPON THE COURT

In the alternative, and without waiving any position herein, Plaintiff-Appellant moves for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(4) (void judgment) and 60(d)(3) (fraud upon the court), which carry no time limitation.

### A. The Judgment Is Void — FRCP 60(b)(4)

A judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction or denied a party due process of law. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010); *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342 (10th Cir. 2000). Where the district court dismissed Plaintiff's claims without affording her notice, without a jury trial, and without written findings of fact and conclusions of law, the resulting judgment is void and must be vacated. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220 (10th Cir. 1979) is a key federal appellate case holding that a judgment is void under

---

Federal Rule of Civil Procedure 60(b)(4) only if the court lacked jurisdiction over the subject matter or parties, or acted in a manner inconsistent with due process. A judgment is not void simply because it is erroneous.

Under the Tenth Circuit's established jurisprudence, a void judgment is a legal nullity that may be attacked at any time, in any proceeding. Orner v. Shalala, 30 F.3d 1307 (10th Cir. 1994); Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974) ("Jurisdiction can be challenged at ANY time").

Gschwind v. Cessna Aircraft Co. , 232 F.3d 1342 (10th Cir. 2000) — Tenth Circuit on narrow scope of void judgment under Rule 60(b)(4).

United States v. Buck , 281 F.3d 1336 (10th Cir. 2002) — Tenth Circuit on fraud upon the court standard

## B. Fraud Upon the Court — FRCP 60(d)(3)

Rule 60(d)(3) expressly preserves a court's power to "set aside a judgment for fraud on the court," subject to no time limitation. Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). The systematic and coordinated pattern of conduct by Defendants, acting in concert with judicial officers, state agencies, and Bar card attorneys, as described in the Second Amended Federal Claims, constitutes a fraud upon the court vitiating the judgment. United States v. Throckmorton, 98 U.S. 61 (1878) ("Fraud vitiates everything it touches").

Plaintiff's Second Amended Federal Claims documented with particularity:

• Fabricated and false representations by DHS, CPS, and CSS agents to state and federal courts;

• Forgery of signatures and submission of materially false documents to courts;

• Coordination between judicial officers and opposing parties' attorneys;

• Illegal garnishment of ERISA-protected 401(k) retirement accounts;

• Revocation of Plaintiff's passport in violation of her fundamental right to travel;

• RICO enterprise conduct among judicial actors, bar card attorneys, and state agencies;

• Forced debtor's prison / contempt proceedings in violation of constitutional prohibitions.

## V. LEGAL ARGUMENTS, LANDMARK AUTHORITIES, AND CAUSES OF ACTION ON APPEAL

**A. Violation of Due Process (5th and 14th Amendments) — 42 U.S.C. § 1983**

The lower court dismissed Plaintiff's claims without adequate process in violation of the Due Process Clause. SCOTUS: Mathews v. Eldridge, 424 U.S. 319 (1976) (balancing test for procedural due process); Fuentes v. Shevin, 407 U.S. 67 (1972); Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985). Tenth Circuit: Camuglia v. City of Albuquerque, 448 F.3d 1214 (10th Cir. 2006). USC: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 18 U.S.C. § 242. Mathews v. Eldridge analysis should be explicitly applied to the facts — courts expect the three-factor balancing test to be applied, not just cited. Carey v. Piphus , 435 U.S. 247 (1978) — SCOTUS on damages for procedural due process violations under § 1983

## B. Void Judgment — Lack of Article III Jurisdiction

The lower court's judgment was entered by or at the behest of non-Article III judges (special judges, magistrates) to whom Plaintiff made permanent objection. Plaintiff permanently and continuously objects to any special judges, magistrates, or alternatives/substitutes other than Article III constitutional judges. Constitutional authority: Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982); Stern v. Marshall, 564 U.S. 462 (2011); Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015). USC: 28 U.S.C. § 636; Art. III, U.S. Const.

## C. First Amendment Violations (Speech, Religion, Association) — 42 U.S.C. § 1983

Defendants retaliated against Plaintiff for her constitutionally protected speech, religious beliefs, and associational rights as a medical professional, mother, and sovereign woman. SCOTUS: Snyder v. Phelps, 562 U.S. 443 (2011); Pickering v. Board of Education, 391 U.S. 563 (1968) (public employee speech on matters of public concern) or Connick v. Myers, 461 U.S. 138 (1983) for public entity "LINH TRAN STEPHENS"; NAACP v. Claiborne Hardware Co., 458 U.S. 886 (1982). USC: 42 U.S.C. § 1983; 18 U.S.C. § 241.

## D. ERISA Violations — Unlawful Garnishment of Retirement Accounts — 29 U.S.C. § 1056(d)

State actors unlawfully garnished Plaintiff's ERISA-protected 401(k)/retirement accounts in violation of ERISA's anti-alienation provisions. SCOTUS: Guidry v. Sheet Metal Workers National Pension Fund, 493 U.S. 365 (1990); Patterson v. Shumate, 504 U.S. 753 (1992). Tenth Circuit: Cowen v. Board of Trustees of State Employees' Retirement System, 703 F.2d 1019 (7th Cir. 1983). USC: 29 U.S.C. § 1056(d); 26 U.S.C. §

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 13 of 26*

401(a)(13). In re Youngblood, 29 F.3d 225 (5th Cir. 1994) for ERISA anti-alienation in the domestic relations context. *Boggs v. Boggs*, 520 U.S. 833 (1997) — SCOTUS on ERISA preemption of state domestic relations law. 1 *Kennedy v. Plan Administrator for DuPont Savings and Investment Plan*, 555 U.S. 285 (2009) — ERISA plan administrator obligations. *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001) — ERISA preemption of state law affecting plan benefits

**E. Passport Revocation — Right to International Travel — 42 U.S.C. § 1983**

Defendants caused the revocation of Plaintiff's U.S. passport, unconstitutionally restricting her fundamental right to travel internationally. SCOTUS: Aptheker v. Secretary of State, 378 U.S. 500 (1964); Kent v. Dulles, 357 U.S. 116 (1958); Haig v. Agee, 453 U.S. 280 (1981). USC: 42 U.S.C. § 1983; 22 U.S.C. § 2714; 18 U.S.C. § 242.

**F. Civil RICO — 18 U.S.C. § 1962 — Pattern of Racketeering Activity**

Defendants constitute an enterprise engaging in a pattern of racketeering activity including mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), extortionate collection of child support (18 U.S.C. § 894), forgery, and deprivation of rights under color of law. SCOTUS: Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985); H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989); Boyle v. United States, 556 U.S. 938 (2009). USC: 18 U.S.C. §§ 1961-1968; 42 U.S.C. § 1983. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) — SCOTUS on RICO proximate causation requirement. *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008) — RICO mail fraud predicate acts. *Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006) — Tenth Circuit RICO case; critical for establishing what the Tenth Circuit requires for civil RICO pleading

**G. Monell Liability — 42 U.S.C. § 1983 — Unconstitutional Policies and Customs**

The State of Oklahoma and its agencies (OKDHS, CPS, CSS, OAH, Tulsa County District Court, OSBI) maintained official policies, customs, and practices that caused the constitutional violations alleged. Monell v. Department of Social Services, 436 U.S. 658 (1978); Pembaur v. City of Cincinnati, 475 U.S. 469 (1986); City of Canton v. Harris, 489 U.S. 378 (1989); Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397 (1997). Tenth Circuit: Bryson v. City of Oklahoma City, 627 F.3d 784 (10th Cir. 2010). USC: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 28 U.S.C. § 1343.

**H. ADA Title II Violations — 42 U.S.C. § 12131 et seq.**

Defendants failed to accommodate Plaintiff's documented disabilities in judicial proceedings and administrative hearings, and failed to provide equal access to court services. SCOTUS: Tennessee v. Lane, 541 U.S. 509 (2004); United States v. Georgia, 546 U.S. 151 (2006). USC: 42 U.S.C. § 12131 et seq.; 29 U.S.C. § 794; 42 U.S.C. § 1983.

**I. Title IV-D Unconstitutional Federalization and Child Support Enforcement**

Defendants weaponized Title IV-D child support enforcement mechanisms as a revenue-generating and punitive enterprise, violating Plaintiff's due process and equal protection rights. The entire child support enforcement scheme as applied to Plaintiff was unconstitutional. Blessing v. Freestone, 520 U.S. 329 (1997) and Gonzaga University v. Doe, 536 U.S. 273 (2002).; Turner v. Rogers, 564 U.S. 431 (2011). USC: 42 U.S.C. §§ 651-669b; 42 U.S.C. § 1983; 15 U.S.C. § 1673. *Blessing v. Freestone*, 520 U.S. 329 (1997) — SCOTUS on whether Title IV-D creates individually enforceable rights (important to understand and distinguish). *Gonzaga University v. Doe*, 536 U.S.

273 (2002) — Limits on § 1983 enforcement of federal statutes. *Sorrell v. IMS Health Inc.*, 564 U.S. 552 (2011) — Content-based speech restrictions (if applicable to child support enforcement communications)

## J. Fraud Upon the Court / Void Judgments — 60(d)(3)

Judicial officers, GAL Hale, DHS attorneys, and Defendants acted in concert to commit fraud upon the courts, rendering all judgments void and subject to vacatur at any time with no statute of limitations. SCOTUS: Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944); Chambers v. NASCO, Inc., 501 U.S. 32 (1991); United States v. Throckmorton, 98 U.S. 61 (1878). Tenth Circuit: Weese v. Schukman, 98 F.3d 542 (10th Cir. 1996).

## K. Conspiracy Against Rights — 42 U.S.C. § 1985 and 18 U.S.C. § 241

Two or more Defendants conspired to deprive Plaintiff and her daughter of their constitutionally guaranteed rights. SCOTUS: Griffin v. Breckenridge, 403 U.S. 88 (1971) and United Brotherhood of Carpenters v. Scott, 463 U.S. 825 (1983) both are the primary authorities and explicitly allege racial/gender-based animus to satisfy Scott's requirements. USC: 42 U.S.C. § 1985; 18 U.S.C. § 241.

## L. Habeas Corpus — Unlawful Detention of Minor Child G.L.S. — 28 U.S.C. § 2241

Plaintiff's biological offspring (private property) G.L.Stephens, as Plaintiff's biological property and flesh-and-blood offspring, is being unlawfully detained by state actors without constitutionally adequate process. SCOTUS: Troxel v. Granville, 530 U.S. 57 (2000) (fundamental right of parents to direct upbringing of children); Santosky v. Kramer, 455 U.S. 745 (1982) (heightened standard for parental rights termination); Stanley v. Illinois, 405 U.S. 645 (1972). USC: 28 U.S.C. § 2241; 42 U.S.C. § 1983.

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 16 of 26*

*Meyer v. Nebraska*, 262 U.S. 390 (1923) — Foundational substantive due process for family rights. *Pierce v. Society of Sisters*, 268 U.S. 510 (1925) — Parental right to direct upbringing. *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996) — SCOTUS on due process in parental rights termination proceedings; state cannot deny appeal due to inability to pay transcript costs. *Lassiter v. Department of Social Services*, 452 U.S. 18 (1981) — Due process in parental rights proceedings.

**M. Equal Protection Violations — 14th Amendment / 42 U.S.C. § 1983**

Plaintiff, as a woman of Vietnamese heritage and a medical professional, was subjected to discriminatory treatment by state actors operating with racial, gender, and retaliatory animus. SCOTUS: Washington v. Davis, 426 U.S. 229 (1976); Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252 (1977); Personnel Administrator of Massachusetts v. Feeney, 442 U.S. 256 (1979) with Yick Wo v. Hopkins, 118 U.S. 356 (1886) (discriminatory application of facially neutral law against Chinese immigrants — directly analogous to racial animus against a Vietnamese-American plaintiff). USC: 42 U.S.C. § 1983; 42 U.S.C. § 1981.

*Yick Wo v. Hopkins*, 118 U.S. 356 (1886) — Landmark case directly applicable,

**N. False Claims Act Violations — 31 U.S.C. § 3729 et seq.**

Defendants made false certifications and claims to the federal government in connection with Title IV-D funding, child welfare funding, and other federal programs. SCOTUS: Universal Health Services v. United States ex rel. Escobar, 579 U.S. 176 (2016). USC: 31 U.S.C. §§ 3729-3733.

**O. Violations of Official Oaths of Office — Breach of Fiduciary Duty**

All named judicial officers, government employees, and BAR card attorneys took oaths to support and defend the Constitution and breached those oaths in their conduct toward Plaintiff. SCOTUS: Cooper v. Aaron, 358 U.S. 1 (1958) (supremacy of federal constitutional law over state officials); Ex parte Young, 209 U.S. 123 (1908). USC: 5 U.S.C. § 7311; 18 U.S.C. § 1918; Art. VI, U.S. Const.

**P. Civil Rule 11 Sanctions — Fed. R. Civ. P. 11**

Plaintiff hereby places all Defendants, their counsel, and any Bar card attorneys upon notice that she reserves and hereby asserts the right to seek sanctions under Fed. R. Civ. P. 11(c) for filing of pleadings, motions, and papers lacking evidentiary support, not warranted by existing law, and advanced for improper purposes including harassment and delay. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533 (1991); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990). USC: 28 U.S.C. § 1927; Fed. R. Civ. P. 11.

## VI. PERMANENT JURISDICTIONAL AND SURETY OBJECTIONS

– Plaintiff Linh Tran Stephens hereby makes PERMANENT AND CONTINUOUS OBJECTION to any special judges, magistrates, and any alternatives or substitutes other than Article III constitutional judges, using common law and constitutional law. This objection is perpetual and applies in all proceedings in this matter.

– I AM NOT A SURETY AND I DO NOT CONSENT TO YOUR ATTEMPTED BODY ATTACHMENT WARRANT. Any and all such warrants must be immediately and permanently revoked.

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 18 of 26*

— I do not consent to state courts' proceedings. All courts' offers are not accepted. I demand the bond be immediately brought forward so I may inspect who will indemnify me if damaged. I demand a written indictment and trial by jury of my peers.

— I reserve the right to amend this petition at any time as a matter of common law right, equity, and natural justice. Plaintiff's reservation of rights under UCC § 1-308 is expressly preserved.

### VII. PREEMPTIVE DEFENSES AGAINST ANTICIPATED MOTIONS TO DISMISS

### A. Against Dismissal for Lack of Standing

Plaintiff has standing as a natural living woman, a mother whose parental rights were violated, a licensed medical professional whose license was targeted, and a citizen whose constitutional rights were directly infringed. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) (injury in fact, causation, redressability all present). Plaintiff's injuries are concrete, particularized, actual, and ongoing.

### B. Against Dismissal Under Rooker-Feldman Doctrine

The Rooker-Feldman doctrine does not bar Plaintiff's claims because Plaintiff is not seeking to overturn a state court judgment; rather, she alleges independent constitutional violations by state actors that occurred before, during, and after state court proceedings. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005); Skinner v. Switzer, 562 U.S. 521 (2011); Lance v. Dennis, 546 U.S. 459 (2006). The lower court's virtual abandonment of its "virtually unflagging" obligation to exercise jurisdiction was itself an error of constitutional dimension.

### C. Against Dismissal Under Younger Abstention

Younger abstention does not apply because: (1) the harm is irreparable; (2) the state proceedings were not pending at the time of filing; (3) the state court is itself a party and cannot provide an adequate forum; and (4) the bad-faith exception applies given the documented fraud upon state courts. Younger v. Harris, 401 U.S. 37 (1971); Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013); Huffman v. Pursue, Ltd., 420 U.S. 592 (1975); Mitchum v. Foster, 407 U.S. 225 (1972) (§ 1983 is an express exception to the Anti-Injunction Act).

## D. Against Absolute Judicial Immunity Defense

Judicial immunity does not apply when a judge acts in the complete absence of jurisdiction, when the judge acts as a co-conspirator in a RICO enterprise, and when the judge commits fraud upon the court. Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978). Non-judicial acts by judicial officers are not immune. Forrester v. White, 484 U.S. 219 (1988). Criminal conduct is never immune.

## E. Against Qualified Immunity for Individual Defendants

Qualified immunity does not protect officials who violate clearly established constitutional rights. Pearson v. Callahan, 555 U.S. 223 (2009); Hope v. Pelzer, 536 U.S. 730 (2002). The constitutional rights violated by Defendants were clearly established at all relevant times, and any reasonable official would have known their conduct was unlawful. Harlow v. Fitzgerald, 457 U.S. 800 (1982); Saucier v. Katz, 533 U.S. 194 (2001).

## F. Against Eleventh Amendment Immunity

The Eleventh Amendment does not bar: (1) prospective injunctive relief under the Ex parte Young doctrine; (2) federal claims under 42 U.S.C. § 1983 against individual state

actors in their personal capacity; and (3) claims where the State has waived immunity. Ex parte Young, 209 U.S. 123 (1908); Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Seminole Tribe v. Florida, 517 U.S. 44 (1996).

## G. Against Res Judicata / Collateral Estoppel

Res judicata does not apply to void judgments, judgments obtained by fraud upon the court, or where there was no full and fair opportunity to litigate due to the constitutional violations alleged. Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982); Allen v. McCurry, 449 U.S. 90 (1980). Fraud vitiates all. U.S. v. Throckmorton, 98 U.S. 61 (1878).

## H. Against Failure to State a Claim (FRCP 12(b)(6))

Plaintiff's Second Amended Federal Claims, 112 pages in length with 32 causes of action and comprehensive factual allegations, more than satisfies the pleading standard under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se pleadings are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972); Erickson v. Pardus, 551 U.S. 89 (2007).

## I. Against Exhaustion Arguments

Plaintiff exhausted all available administrative remedies: she submitted a Notice of Tort Claim to the State of Oklahoma on September 24, 2024, which was denied as of December 17, 2024 (Claim No. 2520034513), and more than 180 days have passed without resolution. No further administrative exhaustion is required for § 1983 claims. Patsy v. Board of Regents, 457 U.S. 496 (1982).

## J. Against Statute of Limitations Arguments

Fraud upon the court carries no statute of limitations. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). § 1983 claims accrue upon discovery of the injury. Rotella v. Wood, 528 U.S. 549 (2000). Continuing violations doctrine extends the limitations period for ongoing civil rights violations. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002).

## VIII. DEMAND AND RELIEF SOUGHT

WHEREFORE, Plaintiff-Appellant Linh Tran Stephens, a natural living woman, sui juris, respectfully demands:

1. That this Honorable Court of Appeals accept jurisdiction over this appeal;

2. That this Court reopen the time to file this Notice of Appeal under FRAP 4(a)(6), or in the alternative, find this Notice timely filed;

3. That this Court vacate and reverse the lower court's judgment as void and obtained in violation of due process and by fraud upon the court;

4. That this Court remand with instructions to: (a) assign this matter exclusively to an Article III constitutional judge; (b) provide Plaintiff full opportunity to conduct discovery, present evidence, and try her case before a jury of her peers; (c) restore all stayed proceedings;

5. That this Court issue an emergency injunction restoring Plaintiff's rights and those of her biological offspring (private property) G.L.Stephens, including immediate reunification;

6. That this Court order the reinstatement of Plaintiff's passport and right to international travel;

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 22 of 26*

7. That this Court order the immediate cessation of any and all unlawful garnishments of Plaintiff's ERISA-protected retirement accounts;

8. That this Court award Plaintiff compensatory and punitive damages against all Defendants in the millions of dollars as proven at trial;

9. That this Court award attorney fees and costs pursuant to 42 U.S.C. § 1988;

10. That this Court order civil RICO treble damages pursuant to 18 U.S.C. § 1964(c);

11. Any and all such other and further relief as this Court deems just, proper, and equitable.

THIS SUPERIOR COURT IS HEREBY DEMANDED TO PROVIDE WRITTEN STATEMENTS OF FACT AND CONCLUSIONS OF LAW, RATHER THAN ANY ABUSIVE DISCRETION, FOR APPEAL PURPOSES, IF JUSTICE, TRUTH, AND THE CONSTITUTION OF THE UNITED STATES OF AMERICA IS NOT REVERED IN THIS COURT.

## IX. DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution and Fed. R. Civ. P. 38, Plaintiff-Appellant Linh Tran Stephens hereby DEMANDS A TRIAL BY JURY of her peers on all issues so triable. This demand is preserved at every level of these proceedings and on remand.

## AVOUCHMENT AND VERIFICATION

I, Linh Tran Stephens (lower case), a natural living woman, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746,

that the foregoing is true and correct to the best of my personal knowledge, information,

and belief. This document is presented in good faith, with clean hands, and in full equity.

Respectfully submitted on this 9th day of April, 2026,

*Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
Notice to Agent is Notice to Principal, Notice to Principal is Notice to
Agent, Notice applies to all successors and assigns; Affidavit is a Form of
Evidence; Unrebutted Affidavit Stands as Truth in Commerce;
**Silence is Tacit Acquiescence/Agreement/Dishonor**;
*This communication is in no way forming a contract nor requesting any
contracting; it is simply a notice regarding the matters at hand. This
communication is not intended to nor does it create nor confirm any
professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

*without prejudice*
*linh-tran: stephens/Agent*

By one–and–only beneficiary:
All Rights Reserved None Waived, **Without Prejudice** *UCC 1-308 & 1-103*,
**Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary
for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui
Que Trust a.k.a. "Fide Commissary Trust",
sui juris, Ambassador of Messiah Yahusha, Heir of the Creator,
my heir/offspring is G.L.Stephens,
A natural living woman breathing with a living soul and the Holy Spirit,
natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit,
unlimited, non-incorporated, non-sole-proprietor,
**stateless "freeman of the Union"** per Honorable Mr. Justice MILLER on April 14th,
1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned
in 8 FAM 102.3),
full capacity and competency with postgraduate level of education,
living on the land of the republic, with God-given rights pursuant to Bills of Rights,
NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government
employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary;
i reject your 12 legal presumptions, other
presumptions/assumptions/double-speaking/implied or undisclosed contracts;
Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities
of Citizens in several States;
**Rural Free Delivery, Non-Domestic 00000,**
℅ PO Box 80112,
Charleston, South Carolina [zip exempt but near 29416] without U.S.D.C.

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 24 of 26*

Email: <u>LinhStephens7@gmail.com</u>
*Tel:* 843-608-0294

## X. NOTARY SECTION — COMMON LAW ACKNOWLEDGMENT

state of Minnesota              )
                               ) *ss*
countyof Sherburne             )

Before me electronically/virtually, the undersigned Notary Public, duly commissioned and sworn in and for the State of South Carolina, County of Charleston, personally appeared Linh Tran Stephens, known to me to be the natural living woman described in and who executed the foregoing instrument, and she duly acknowledged to me that she executed the same as her free and voluntary act and deed for the uses and purposes therein set forth, under common law jurisdiction, without adhesion to any statutory or administrative form.

Subscribed and sworn before me this <u>9th</u> day of <u>April</u>, 2026.



Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## XI. CERTIFICATE OF SERVICE

I, Linh Tran Stephens, hereby certify that on the date of filing, I caused a true and correct copy of the foregoing Notice of Appeal and Combined Motions to be served

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL – page 25 of 26*

upon the following Defendants and/or their known counsel of record via the Court's CM/ECF electronic filing system:

1. STATE OF OKLAHOMA — c/o Office of the Attorney General of Oklahoma Gentner Drummond, Oklahoma Attorney General 313 N.E. 21st Street, Oklahoma City, OK 73105

2. OKLAHOMA DEPARTMENT OF HUMAN SERVICES (OKDHS) Jeffrey Cartmell, Executive Director 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

3. TULSA COUNTY DISTRICT COURT c/o Kacharra Mansker, Court Clerk 500 S. Denver Ave., Tulsa, OK 74103

4. OKLAHOMA BAR ASSOCIATION c/o Gina Hendryx, General Counsel 1901 N. Lincoln Blvd., Oklahoma City, OK 73105

5. Stephen E. Hale / THE LAW OFFICE OF STEPHEN E. HALE [Last known address — public records search via BeenVerified: 6701 S. Western Ave., Oklahoma City, OK 73139 — verify and update]

6. Gilbert J. Pilkington, Jr. / PILKINGTON LAW FIRM, PLLC [Last known address — public records search: 525 S. Main St., Ste. 920, Tulsa, OK 74103 — verify and update]

7. Emmalene Stringer, DHS CSS State's Attorney c/o OKDHS Legal Services, 2400 N. Lincoln Blvd., Oklahoma City, OK 73105

8. Charles Schwab and Co., Inc. CT Corporation System (Registered Agent), 1833 S. Morgan Rd., Oklahoma City, OK 73128

9. All remaining named Defendants — c/o Oklahoma Attorney General's Office, 313 N.E. 21st Street, Oklahoma City, OK 73105

NOTE: Plaintiff has conducted public records searches via BeenVerified and other public data sources to locate Defendant addresses to the best of her ability. Plaintiff requests that the Court's CM/ECF system serve all registered counsel of record electronically.

WITHOUT RECOURSE.

*without prejudice*
*linh-tran: stephens/Agent*

---

*NOTICE OF APPEAL AND MOTION TO REOPEN TIME TO FILE NOTICE OF APPEAL — page 26 of 26*

M Gmail

L S <linhstephens7@gmail.com>

## 4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00285)
2 messages

**CourtListener Alerts** <alerts@courtlistener.com>
To: linhstephens7@gmail.com

Mon, Mar 23, 2026 at 3:16 PM

# CourtListener Docket Alert
## 4 New Entries in Stephens v. State of Oklahoma (4:25-cv-00285)

District Court, N.D. Oklahoma
View Docket on CourtListener

| Document Number | Date Filed | Description | Download PDF |
|---|---|---|---|
| 18 | Jan 21, 2026 | ORDER by Judge Gregory K Frizzell ; dismissing/terminating case ; denying certificate of appealability; dismissing 2 Petition for Writ of Habeas Corpus (2241/2254); finding as moot 3 Motion for Miscellaneous Relief; finding as moot 4 Motion for Miscellaneous Relief; granting 8 Motion to Dismiss; granting 10 Motion to Dismiss for Failure to State a Claim; granting 10 Motion to Dismiss for Lack of Jurisdiction; granting 15 Motion to Dismiss (kjp, Dpty Clk) (Entered: 01/21/2026) | From RECAP with PACER fallback |
| 19 | Jan 21, 2026 | JUDGMENT by Judge Gregory K Frizzell of Dismissal, entering judgment in favor of Defendants against Plaintiff (terminates case) (kjp, Dpty Clk) (Entered: 01/21/2026) | From RECAP with PACER fallback |
| None | Jan 21, 2026 | ***Civil Case Terminated (see document number 19 ) (mm, Dpty Clk) | |
| 20 | Mar 9, 2026 | MAIL to Linh Tran Stephens Returned - address has been changed to address unknown. (Re: 19 Judgment, Entering Judgment ) (mm, Dpty Clk) (Entered: 03/10/2026) | From RECAP with PACER fallback |

Use notes and tags to organize and share the cases you follow. Learn more

This alert was sent because you subscribed to this docket with your account on CourtListener.com. To disable this alert unsubscribe here.

 Gmail        L S &lt;lnhstephens7@gmail.com&gt;

**4 New Docket Entries for Stephens v. State of Oklahoma (4:25-cv-00286)**
1 message

CourtListener Alerts &lt;alerts@courtlistener.com&gt;      Thu, Apr 9, 2026 at 4:09 PM
To: lnhstephens7@gmail.com

# CourtListener Docket Alert
## 4 New Entries in Stephens v. State of Oklahoma (4:25-cv-00286)

District Court, N.D. Oklahoma
View Docket on CourtListener

| Document Number | Date Filed | Description | Download PDF |
|---|---|---|---|
| None | Jan 22, 2026 | Civil/Miscellaneous Case Terminated | |
| 9 | Jan 22, 2026 | Order | From RECAP with PACER fallback |
| 10 | Jan 22, 2026 | Judgment | From RECAP with PACER fallback |
| 11 | Mar 6, 2026 | Mail Returned | From RECAP with PACER fallback |

Use notes and tags to organize and share the cases you follow. Learn more

This alert was sent because you subscribed to this docket with your account on CourtListener.com. To disable this alert unsubscribe here.

📢 **The Wait is Over!** You can now get alerts for keywords in the RECAP Archive. Set daily or real-time email alerts when PACER cases or filings match your saved search. Follow topics, people, organizations, and more. Learn more here!

This alert brought to you by the non-profit Free Law Project. **Please donate to support our work.**

309

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LINH TRAN STEPHENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-0286-CVE-MTS |
| | ) | |
| STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

This closed civil action is before the Court on petitioner Linh Tran Stephens's amended two-part motion to reopen time to appeal and motion for relief from judgment under Federal Rule of Civil Procedure 60 (Dkt. # 19).[1]  For the following reasons, the Court grants in part and denies in part the two-part motion.

## I.    Background

This Court dismissed without prejudice petitioner's "hybrid emergency petition for writ of habeas corpus for [her minor child] pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 1651, 12 O.S. § 1331, and for injunctive and declaratory relief under 42 U.S.C. § 1983 with request for permanent restraining order" (Dkt. # 2) on January 22, 2026, and entered a judgment of dismissal against her that same day.  Dkt. ## 9, 10.  The order and judgment were mailed to Stephens's South Carolina mailing address that was on file with the Clerk of Court.  Id.  On March 9, 2026, the Clerk of Court received as returned mail the copies of the order and judgment that had been mailed to Stephens nearly two months earlier.  Dkt. # 11.  The envelopes were marked "RTS" and had postage labels

---

[1] Only one defendant entered an appearance in this matter before the Court dismissed the case.  See Dkt. # 6.  That defendant did not respond to the amended motion, and the time to do so has expired.

describing the mail as "return to sender, attempted not known, unable to forward." Id. Because the Clerk of Court had no other mailing address for Stephens, the Clerk of Court changed her address to "address unknown." Id.

On April 9, 2026, Stephens filed a combined "Notice of Appeal to the United States Court of Appeals for the Tenth Circuit and Combined Emergency Motion to Reopen Time to File Notice of Appeal Pursuant to FED. R. APP. P. 4(a)(6) and Motion for Relief from Void Judgment Pursuant to FED. R. CIV. P. 60(b)(4) and 60(d)(3) for Fraud upon the Court." The Court directed the Clerk of Court to docket this document twice, first as a notice of appeal (Dkt. # 12) and second as a two part-motion (Dkt. # 13). The Clerk of Court also updated Stephens's address, using the new address she identified in the notice of appeal, and mailed to Stephens an appeal packet. The United States Court of Appeals for the Tenth Circuit docketed the appeal as Case No. 26-5040 and immediately abated the appeal pending this Court's ruling on the two-part motion. Dkt. ## 15, 16.

On April 10, 2026, Stephens filed an amended combined "Notice of Appeal to the United States Court of Appeals for the Tenth Circuit and Combined Emergency Motion to Reopen Time to File Notice of Appeal Pursuant to FED. R. APP. P. 4(a)(6) and Motion for Relief from Void Judgment Pursuant to FED. R. CIV. P. 60(b)(4) and 60(d)(3) for Fraud upon the Court" that was docketed as an amended notice of appeal (Dkt. # 18) and as an amended two-part motion (Dkt. # 19).[2]

## II.    Amended motion to reopen time to appeal

Stephens brought this civil action against the State of Oklahoma and various state and local entities, officials, and employees. Dkt. # 2. She had only thirty days after the entry of judgment,

---

[2] Because Stephens filed an amended two-part motion, the Court denies as moot the original two-part motion (Dkt. # 13).

or until February 23, 2026, to file a timely notice of appeal. FED. R. APP. P. 4(a)(1); 28 U.S.C. §

2107(a). And the filing of a timely notice of appeal is jurisdictional. Bowles v. Russell, 551 U.S.

205, 214 (2007); Alva v. Teen Help, 469 F.3d 946, 948 (10th Cir. 2006). Stephens filed the

original notice of appeal on April 9, 2026, and the amended notice of appeal on April 10, 2026.

Dkt. ## 12, 18. Because both were untimely, she asks this Court to reopen the time to appeal under

Federal Rule of Appellate Procedure 4(a)(6). Dkt. # 19, at 8-10. Applying Rule 4(a)(6), the Court

finds that Stephens's request to reopen the time to appeal should be granted. Rule 4(a)(6) permits

a district court to reopen the time to appeal "only if all the following conditions are satisfied:"

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

> (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6). This rule implements 28 U.S.C. § 2107(c) by authorizing district courts

to reopen the thirty-day period for filing an appeal, for a brief fourteen-day period, when the would-

be appellant lacked timely notice of the entry of a judgment or an order. 28 U.S.C. § 2107(c)(1)-

(2); Hamer v. Neighborhood Hous. Servs. of Chicago, 583 U.S. 17, 25 (2007). In support of her

request to reopen the time to appeal, Stephens declares, under penalty of perjury, that she first

received notice of the entry of judgment either on March 23, 2026, through an email notification

system she identifies as CourtListener related to a different habeas action (Case No. 25-CV-285)

or on April 9, 2026, when she "went on to PACER website to look up" the instant case. Dkt. # 19,

at 4-6, 28. Because she did not receive formal notice within twenty-one days after entry of

judgment, the Court finds that Stephens has satisfied the condition in subdivision (a)(6)(A).[3] And, accepting as true that she received only informal notice of the entry of judgment on either March 23, 2026, or April 9, 2026, the Court finds that Stephens has satisfied the condition in subdivision (a)(6)(B) because she filed the notice of appeal within 180 days of entry of judgment.[4] Lastly, the Court finds that no party would be prejudiced by reopening the time to appeal and that Stephens has thus satisfied the condition in subdivision (a)(6)(C).[5] The Court therefore grants Stephens's amended two-part motion, in part, as to her request to reopen the time to appeal, reopens the time to file an appeal for fourteen days from the date of this order, and deems the amended notice of appeal (Dkt. # 18) timely filed. See Parrish v. United States, 605 U.S. 376, 391 (2025) ("When a district court grants reopening to a litigant who has already filed a notice making his intent to appeal clear, no second notice of appeal is required. Instead, the original notice relates forward to the date reopening is granted.").

---

[3] "Because Civil Rule 77(d) requires that notice of the entry of a judgment or order be formally served under Civil Rule 5(b), any notice that is not so served will not operate to preclude a reopening of the time to appeal under new subdivision (a)(6)(A)." FED. R. APP. P. 4(a)(6), advisory committee's note to 2005 amendments.

[4] The condition in Rule 4(a)(6)(B) requires a finding that that Stephens filed the notice of appeal either "within 180 days after the judgment or order [was] entered or within 14 days after [she] receive[d] notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*." FED. R. APP. P. 4(a)(6)(B) (emphasis added). Here, the fourteen-day period would have been the earlier period, but "only formal notice of the entry of judgment or order under Civil Rule 77(d) will trigger the [14]-day period." FED. R. APP. P. 4(a)(6), advisory committee's note to 2005 amendments. Thus, Stephens satisfied this condition by filing the notice of appeal within 180 days of entry of judgment.

[5] The prejudice contemplated in Rule 4(a)(6)(C) "means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." FED. R. APP. P. 4(a)(6), advisory committee's note to 1991 amendment.

### III.    Motion for relief from judgment

Stephens also seeks relief from the judgment under Federal Rule of Civil Procedure 60. Dkt. # 19 at 10-12.  She asserts that relief is warranted under Rule 60(b)(4) because the judgment is void, and under Rule 60(d)(3) based on fraud on the court.  Id.

The filing of a notice of appeal generally divests a district court of jurisdiction over a case except for certain collateral matters.  See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); McKissick v. Yuen, 618 F.3d 1177, 1196 (10th Cir. 2010). Absent a remand, this Court lacks jurisdiction to grant Stephens's Rule 60 motion and vacate the judgment from which she has appealed.  Nonetheless, this Court has authority to entertain and deny the motion.  See Aldrich Enters., Inc. v. United States, 938 F.2d 1134, 1143 (10th Cir. 1991) ("Although it lacked jurisdiction to grant the Rule 60(b)(2) motion due to the appeal . . . the court was free to consider the motion, and the court could then either deny it on the merits, or the court could have notified us of its intention to grant the motion upon proper remand."); Aune v. Reynders, 344 F.2d 835, 841 (10th Cir. 1965) ("In ordinary civil cases the rule is that after an appeal has been taken the district court retains jurisdiction to consider and deny a Rule 60(b) motion and, if it indicates that it will grant the motion, the movant may then ask the Court of Appeals to remand the case so that the district court may act."); FED. R. CIV. P. 62.1(a) (providing court may deny motion for relief that court otherwise lacks authority to grant due to pending appeal).

Liberally construing Stephens's arguments, the Court finds no basis to grant relief under either Rule 60(b)(4) or Rule 60(d)(3).  "Rule 60(b)(4) applies only in the rare instance where a

judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260, 271 (2010). Stephens appears to allege that the judgment is void because it was entered in violation of her right to due process. She asserts that the Court dismissed her hybrid habeas petition/civil rights complaint "without affording her notice, without a jury trial, and without written findings of fact and conclusions of law." Dkt. # 19 at 10. Nothing in the record supports this assertion. Stephens commenced this action in June 2025 by filing the hybrid habeas petition/civil rights complaint and paying the fee necessary to commence a habeas action. Dkt. ## 2, 3. At case opening, Stephens provided the following mailing address: 1964 Ashley River Rd Ste B Unit 80112, Charleston, South Carolina 29407. Dkt. 2 at 1, 112. Stephens included an email address at the end of the pleading. <u>Id.</u> at 112. She also filed two motions "to obtain electronic case filing rights for non-attorneys." Dkt. # 4. But Stephens did not file a written consent form to receive service of pleadings another papers by email, as required by Local Civil Rule 17-1(f). Under that rule, a pro se party may provide the Clerk of Court and all parties with an email address at which service upon the pro se party can be made, but a pro se party who chooses to receive service by email must complete and file a written consent form that is readily available on the court's website. LCvR17-1(f). Because Stephens did not file written consent to receive service by email, the Clerk of Court and all parties served motions and other papers on Stephens by using the mailing address she provided. <u>See</u> FED. R. CIV. P. 5(b)(2)(C) (providing that a paper is served by . . . mailing it to the person's last known address—in which event service is complete upon mailing"). Until mail sent to Stephens was returned to the Clerk of Court on March 9, 2026 (nearly two months after entry of judgment), there was no suggestion in the case record that Stephens lacked notice of any court proceedings. To be fair, Stephens did not respond to the motion to

dismiss that was filed on August 5, 2025. Dkt. # 7. But, twenty-one days after that motion to dismiss was filed, Stephens filed proofs of service. Dkt. # 8. Nothing in the record suggests that Stephens then inquired about the status of her case or otherwise informed the Court that she had not received motions or other papers from the Clerk of Court or any party. Further Stephens did not file a notice of change of address, as required by Local General Rule 2-6 and Local Civil Rule 17-1(h). Rather, the Clerk of Court obtained a new address for Stephens, after her case was dismissed, only by reviewing the original notice of appeal. Dkt. # 12. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). Under the circumstances of this case, the Court finds that serving motions and other papers on Stephens by mailing them to Stephens's last known mailing address was reasonably calculated to apprise Stephens of the progress of her case and to provide her an opportunity to present her objections before entry of judgment. Consequently, the Court concludes that no due process violation rendered the judgment void.

Rule 60(d)(3) permits a court to set aside a judgment that was obtained through fraud on the court. FED. R. CIV. P. 60(d)(3). But "a claim of fraud on the court is difficult to establish" and the party asserting fraud on the court must establish its existence by clear and convincing evidence. Thomas v. Parker, 609 F.3d 1114, 1120 (10th Cir. 2010). "Moreover,

> "fraud on the court," whatever else it embodies, requires a showing that one has acted with an intent to deceive or defraud the court. A proper balance between the interests underlying finality on the one hand and allowing relief due to inequitable conduct on the other makes it essential that there be a showing of conscious wrongdoing—what can properly be characterized as a deliberate scheme to defraud—before relief from a final judgment is appropriate . . . . Thus, when there is no intent to deceive, the fact that misrepresentations were made to a court is not

7

316

of itself a sufficient basis for setting aside a judgment under the guise of "fraud on the court."

United States v. Buck, 281 F.3d 1336, 1342 (10th Cir. 2002) (quoting Robinson v. Audi Aktiengesellschaft, 56 F.3d 1259, 1267 (10th Cir. 1995)).  Stephens alleges a "systematic and coordinated pattern of conduct by Defendants, acting in concert with judicial officers, state agencies, and Bar card attorneys, as described in the Second Amended Federal Claims, constitutes a fraud upon the court vitiating the judgment."  Dkt. # 19, at 11.  She then provides a list of what her "Second Amended Federal Claims documented with particularity," namely, "fabricated and false representations by DHS, CPS, and CSS agents to state and federal courts; forgery of signatures and submission of materially false statements to courts; coordination between judicial officers and opposing parties' attorneys; illegal garnishment of ERISA-protected 401(k) retirement accounts; revocation of Plaintiff's passport in violation of her fundamental right to travel; RICO enterprise conduct among judicial actors, bar card attorneys, and state agencies; [and] forced debtor's prison/contempt proceedings in violation of constitutional prohibitions."  Id. at 11-12.  It is not clear to this Court which, if any, of these allegations refer to the proceedings in this case because Stephens did not file any "Second Amended Federal Claims" in this case.[6]  Regardless, because Stephens presents nothing beyond conclusory allegations in her attempt to establish fraud on the court, the Court concludes there is no basis to grant relief from judgment under Rule 60(d)(3).

For these reasons, the Court denies the amended two-part motion, in part, as to the motion for relief from judgment under Federal Rule of Civil Procedure 60.

---

[6] Stephens appears to be referring to a document she filed in a different civil action that was entitled "Second Amended Federal Claims, Injunctive Relief."  See Dkt. # 19, at 4 (referencing Stephens's July 30, 2025, filing of "Second Amended Federal Claims (Document 19) in Case No. 25-CV-0322-SEH-JFJ").

9

**IT IS THEREFORE ORDERED** that petitioner Linh Tran Stephens's amended two-part motion (Dkt. # 19) is **granted in part**, as to the motion to reopen time to appeal under Federal Rule of Appellate Procedure 4(a)(6), and **denied in part**, as to the motion for relief from judgment under Federal Rule of Civil Procedure 60.  Stephens's original two-part motion (Dkt. # 13) is **denied as moot**.

**IT IS FURTHER ORDERED** that the period to file an appeal is **reopened** for fourteen days from the date of this order and the amended notice of appeal (Dkt. # 18) is deemed timely.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **send**, electronically, a copy of this order to the United States Court of Appeals for the Tenth Circuit, regarding **Case No. 26-5040**.

**DATED** this 18th day of May, 2026.

Claire V. Eagan
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

9

318

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

LINH TRAN STEPHENS,                          )
                                             )
              **Petitioner,**                    )
                                             )
v.                                           )    **Case No. 25-CV-0286-CVE-MTS**
                                             )
STATE OF OKLAHOMA, et al.,                   )
                                             )
              **Respondents.**                  )

**ORDER**

This closed civil action is before the Court on petitioner's motion for leave to appeal <u>in forma pauperis</u>. Dkt. # 22. Petitioner seeks leave to appeal, in Case No. 26-5040, without prepayment of the $605 appellate docketing and filing fees. <u>Id.</u> "[T]o succeed on [t]his motion, [petitioner] must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." <u>DeBardeleben v. Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991). Based on representations in the motion for leave to appeal in forma pauperis, the Court finds that petitioner lacks sufficient funds to prepay the required fees. Nonetheless, the Court finds nothing in the notice of appeal or any other portion of the record to suggest "the existence of a reasoned, nonfrivolous argument on the law and facts" that petitioner could present on appeal. The Court therefore denies the motion for leave to appeal <u>in forma pauperis</u>. On or before June 18, 2026, petitioner shall either: (1) pay the $605 appellate docketing and filing fees to the Clerk of Court for the district court or (2) renew her request to proceed without prepayment of the fees by filing a motion for leave to appeal <u>in forma pauperis</u> in the United States Court of Appeals for the Tenth Circuit, in accordance with Federal Rule of Appellate Procedure 24(a)(5).

2

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to appeal ~~in forma~~ ~~pauperis~~ (Dkt. # 22) is **denied**.  On or before **June 18, 2026**, petitioner shall either (1) **pay** the $605 appellate docketing and filing fees to the Clerk of Court for the district court or (2) **file** a motion for leave to appeal in forma pauperis in the United States Court of Appeals for the Tenth Circuit, in accordance with Federal Rule of Appellate Procedure 24(a)(5).

**IT IS FURTHER ORDERED** that the Clerk of Court shall **send**, electronically, a copy of this order to the United States Court of Appeals for the Tenth Circuit, regarding **Case No. 26-5040**.

**DATED** this 19th day of May, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

2